**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:17-cv-00256-MR**

| | |
|---|---|
| **SHIRLEY TETER,** ) </br> ) </br>       **Plaintiff,** ) </br> ) </br>       vs. ) </br> ) </br> **PROJECT VERITAS ACTION FUND,** ) </br> **PROJECT VERITAS, and JAMES E.** ) </br> **O'KEEFE, III,** ) </br> ) </br>       **Defendants.** ) </br> _____ ) | **O R D E R** |

**THIS MATTER** comes before the Court upon the Defendants' Motion to Dismiss and Motion to Strike [Doc. 16].

The present action is one of two actions filed in this Court arising from an alleged incident that occurred between the Plaintiff Shirley Teter ("Teter") and Richard Lamar Campbell ("Campbell") outside of a political rally in Asheville, North Carolina, on September 12, 2016. [See also Civil Case No. 1:17-cv-00129-MR]. In the present action, Teter asserts claims for defamation, libel, and slander and unfair and deceptive trade practices against the Defendants Project Veritas Action Fund, Project Veritas, and James E. O'Keefe, III, arising from their publication and dissemination of videos of the alleged incident between Campbell and Teter. In the other

case, Campbell v. Teter, et al., No. 1:17-cv-00129-MR, Campbell asserts claims of assault and battery, malicious prosecution, and defamation against Teter.  Teter, in turn, asserts counterclaims for assault and battery, defamation, libel and slander against Campbell.  Additionally, Campbell asserts claims of libel and slander per se, libel and slander per quod, and negligence against Defendant Sinclair Communications, LLC, arising from its publication of news stories and interviews about the alleged incident.

The parties in both of these actions present allegations that give rise to starkly divergent inferences.  Such divergence appears to be much greater than that found in the ordinary case, and it appears that the scenarios presented by the parties in their pleadings are so in conflict as to present alternate realities.  Each party apparently knows so little about the actions of the opposing parties that gave rise to the events complained of, that the resulting allegations are scant and vague, even though they give rise to inferences that are duly plausible.  The defendants in these respective cases nonetheless now move to conclusively dismiss the claims asserted against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Furthermore, the claims and defenses asserted in these cases, as well as the arguments raised in the motions to dismiss, raise significant First Amendment issues.  Addressing such issues through arguments about the

plausibility of inferences, however, is not a process likely to lead to a just and correct result regarding such a weighty subject matter. Such issues should be presented based on evidence, not on conjecture or on inferences drawn from mere allegations. Thus, discovery is necessary. In addition, the Court is troubled by what could be construed to be inconsistent legal positions taken by some parties. Such concerns can likely be eliminated when the parties are addressing evidence rather than mere allegations and inferences. For all of these reasons, the Defendants' Motion to Dismiss is denied.

The Defendants also move to strike certain allegations from Teter's Complaint. Upon review of the Complaint, for the same reasons as set forth above, the Court does not find the allegations complained of to be so "immaterial, impertinent, or scandalous" as to require being stricken. See Fed. R. Civ. P. 12(f). Accordingly, the Defendants' Motion to Strike is also denied.

Finally, it appears that the continued prosecution of these actions separately would create the risk of inconsistent verdicts, rulings, and results. Accordingly, the Court will direct the parties to address the question of whether this action should be consolidated with Civil Case No. 1:17-cv-00129-MR for further proceedings, including discovery, motions, and if necessary, trial.

**IT IS, THEREFORE, ORDERED** that the Defendants' Motion to Dismiss and Motion to Strike [Doc. 16] are both **DENIED**.

**IT IS FURTHER ORDERED** that, within fourteen (14) days of the entry of this Order, the parties shall submit a memorandum, not to exceed five (5) pages, addressing whether consolidation of this matter with <u>Campbell v. Teter, et al.</u>, Civil Case No. 1:17-cv-00129-MR, is appropriate.

**IT IS FURTHER ORDERED** that the deadline for conducting an initial attorneys' conference is hereby **STAYED** until the Court addresses the issue of consolidation.

**IT IS SO ORDERED.**  Signed: February 23, 2018

Martin Reidinger
United States District Judge