IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Case No: 1:17 cv 00129; 1:17 cv 00256

| | |
|---|---|
| RICHARD L. CAMPBELL,<br><br>    Plaintiff,<br><br>v.<br><br>SHIRLEY TETER and SINCLAIR COMMUNICATIONS, INC,<br><br>    Defendants.<br><br>SHIRLEY TETER,<br><br>    Plaintiff,<br><br>v.<br><br>PROJECT VERITAS ACTION FUND et al.,<br><br>    Defendants. | **SHIRLEY TETER'S RESPONSES TO PLAINTIFF/ COUNTER-CLAIM DEFENDANT RICHARD L CAMPBELL'S REQUESTS FOR ADMISSION** |

Defendant Shirley Teter ("Ms. Teter"), through counsel, hereby responds to Plaintiff / Counter-Claim Defendant Campbell's First Set of Requests for Admission, pursuant to Rule 36 of the Federal Rules of Civil Procedure, as follows:

### REQUESTS FOR ADMISSION

1. Admit that prior to any physical altercation with Plaintiff, you followed Plaintiff for several feet.

   **RESPONSE:** Denied.

2. Admit that prior to any physical altercation with Plaintiff, you made physical contact upon Plaintiff's body.

EXHIBIT 5

**RESPONSE:** Admitted that Ms. Teter touched Mr. Campbell's shoulder. Except as expressly admitted, denied.

3. Admit that at the time you made physical contact upon Plaintiff's body, Plaintiff was walking away from you.

    **RESPONSE:** Admitted that Ms. Teter touched Mr. Campbell's shoulder. Except as expressly admitted, denied.

4. Admit that you encouraged law enforcement to arrest Plaintiff.

    **RESPONSE:** Admitted.

5. Admit that you did not disclose to law enforcement that you had followed Plaintiff and made physical contact upon Plaintiff's body.

    **RESPONSE:** Objection. This Request for Admission fails to comply with Rule 36(a)(2) in that the matters are not set forth separately. Subject to this objection, denied.

6. Admit that your cell phone (828) 620-8216 was a government issued track phone and that you did not incur any out of pocket expenses in procuring the same.

    **RESPONSE:** Objection. This Request for Admission fails to comply with Rule 36(a)(2) in that the matters are not set forth separately. Subject to this objection, denied.

7. Admit that you voluntarily provided an interview on September 13, 2016 with the Asheville Citizen Times, said article attached as Exhibit A.

    **RESPONSE:** Admitted that Ms. Teter responded to interview questions by the Asheville Citizen Times at the organization's request. Except as expressly admitted herein, denied.

8. Admit that on September 13, 2016, you voluntarily provided an interview with WLOS, said interview being attached as Exhibit B.

    **RESPONSE:** Admitted that Ms. Teter responded to interview questions by WLOS at the organization's request. Except as expressly admitted herein, denied.

9. Admit that after the Trump rally incident, you voluntarily provided an interview with Randy Bernard for the purpose of creating a video for dissemination by Moveon.org.

    **RESPONSE:** Denied.

10. Admit that after the Trump rally, you voluntarily provided an interview with Lesley Boyd and that your statements were published in an internet publication, "Letters from the Left," said interview being attached as Exhibit C.

   **RESPONSE:** Objection. This Request for Admission fails to comply with Rule 36(a)(2) in that the matters are not set forth separately. Subject to this objection, it is admitted that Ms. Teter responded to interview questions from Lesley Boyd at Ms. Boyd's request. Except as expressly admitted herein, denied.

11. Admit that you voluntarily provided a second interview with WLOS on or about September 15, 2016, said interview being attached as Exhibit D.

   **RESPONSE:** Admitted that Ms. Teter responded to interview questions by WLOS at the organization's request. Except as expressly admitted herein, denied.

12. Admit that you voluntarily provided a second interview with the Asheville Citizen Times on or about September 15, 2016, said interview being attached as Exhibit E.

   **RESPONSE:** Admitted that Ms. Teter responded to interview questions by the Asheville Citizen Times at the organization's request. Except as expressly admitted herein, denied.

13. Admit that you voluntarily made the statements to WLOS reporter Evan Donovan contained in Exhibit F.

   **RESPONSE:** Denied.

14. Admit that after the Trump rally incident, you authorized Moveon.org to disseminate the email attached as Exhibit G.

   **RESPONSE:** Denied.

15. Admit that after the Trump rally incident, you voluntarily provided an interview with the New York Times, attached as Exhibit H.

   **RESPONSE:** Admitted that Ms. Teter responded to interview questions by the New York Times at the organization's request. Except as expressly admitted herein, denied.

16. Admit that you voluntarily provided a third interview with WLOS on or about October 20, 2016, attached as Exhibit I.

   **RESPONSE:** Admitted that Ms. Teter responded to interview questions by WLOS at the organization's request. Except as expressly admitted herein, denied.

17.     Admit that you voluntarily provided a third interview with the Asheville Citizen Times on or about May 18, 2017, attached as Exhibit J.

**RESPONSE:** Admitted that Ms. Teter responded to interview questions by the Asheville Citizen Times at the organization's request. Except as expressly admitted herein, denied.

18.     Admit that you authorized Mr. Joel Jacobson to create and publish an internet-based fundraising campaign attached as Exhibit K.

**RESPONSE:** Denied.

19.     Admit that you in fact made the statements attributed to you in Exhibits A-F, H-J.

**RESPONSE:** Objection. This Request for Admission fails to comply with Rule 36(a)(2) in that the matters are not set forth separately. Subject to this objection, denied.

20.     Admit that your allegations regarding Plaintiff were widely disseminated in the media or before September 14, 2016.

**RESPONSE:** Admitted that Ms. Teter's allegations were disseminated. Except as expressly admitted herein, denied.


### REQUESTS FOR ADMISSION REGARDING AUTHENTICATION

21.     Admit that video produced in Plaintiff's Initial Disclosures identified as "video of Moveon.org" and labeled "moveon.mp4" is authentic and depicts an accurate reproduction of the occurrence of the event portrayed.

**RESPONSE:** Objection. This Request for Admission fails to comply with Rule 36(a)(2) in that the matters are not set forth separately. Ms. Teter did not create, produce, or distribute this video, she cannot truthfully admit or deny this Request for Admission. Subject to this objection, denied for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof. The deposition(s) of MoveOn.org should provide the necessary authentication.

21[sic].     Admit that video produced in Plaintiff's Initial Disclosures titled "video made by William Fiesser" and labeled "Freissenvideo.mp4" is authentic and depicts an accurate reproduction of the occurrence of the event portrayed.

**RESPONSE:** Objection. This Request for Admission fails to comply with Rule 36(a)(2) in that the matters are not set forth separately. Ms. Teter did not create, produce, or distribute this video, she cannot truthfully admit or deny this Request for

Admission. Subject to this objection, denied for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof. The deposition of Mr. Feisser should provide the necessary authentication.

22[sic]. Admit that the video you produced in your discovery responses titled "Video- Poor Lady Punched at Trump rally" is authentic and depicts an accurate reproduction of the occurrence of the event portrayed.

**RESPONSE:** Objection. This Request for Admission fails to comply with Rule 36(a)(2) in that the matters are not set forth separately. Ms. Teter did not create, produce, or distribute this video, she cannot truthfully admit or deny this Request for Admission. Subject to this objection, denied for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof. The deposition of Ms. Huelbig should provide the necessary authentication.

23[sic]. Admit that the video you produced in your discovery responses titled "Chicago Police Man Altercation" is authentic and depicts an accurate reproduction of the occurrence of the event portrayed.

**RESPONSE:** Objection. This Request for Admission fails to comply with Rule 36(a)(2) in that the matters are not set forth separately. Ms. Teter did not create, produce, or distribute this video, she cannot truthfully admit or deny this Request for Admission. Subject to this objection, denied for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof. The deposition of Kenneth Moore should provide the necessary authentication.

24[sic]. Admit that the news articles identified in Plaintiff's Discovery responses and Bates Stamped "newsreports00001-newsreports 00022" are authentic and that these documents fairly represent what was actually displayed on these internet sites.

**RESPONSE:** Objection. This Request for Admission fails to comply with Rule 36(a)(2) in that the matters are not set forth separately. Ms. Teter did not create, produce, or distribute these news reports, she cannot truthfully admit or deny this Request for Admission. Subject to this objection, denied for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

25[sic]. Admit that the news articles identified in Plaintiff's Initial Discovery disclosures and Bates Stamped "Campbell.NewsArticles 00001- Campell.NewsArticles 0000533" are authentic and that these documents fairly represent what was actually displayed on these internet sites.

**RESPONSE:** Objection. This Request for Admission fails to comply with Rule 36(a)(2) in that the matters are not set forth separately. Ms. Teter did not create, produce, or distribute these news reports, she cannot truthfully admit or deny this Request for Admission. Subject to this objection, denied for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

26[sic]. Admit that the website comments identified in Plaintiffs Initial Discovery disclosures and Bates Stamped "Campbell.screenBBS00001 to Campbell.screenBBS.00005" are authentic and that these documents fairly represent what was actually displayed on these internet sites.

**RESPONSE:** Objection. This Request for Admission fails to comply with Rule 36(a)(2) in that the matters are not set forth separately. Ms. Teter did not create, produce, or distribute these comments, she cannot truthfully admit or deny this Request for Admission. Subject to this objection, denied for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

27[sic]. Admit that the website comments identified in Plaintiff's Initial Discovery disclosures and Bates Stamped "Campbell.screenDISQUS00001 to Campbell.screenDISQUS.000010" are authentic and that these documents fairly represent what was actually displayed on these internet sites.

**RESPONSE:** Objection. This Request for Admission fails to comply with Rule 36(a)(2) in that the matters are not set forth separately. Ms. Teter did not create, produce, or distribute these comments, she cannot truthfully admit or deny this Request for Admission. Subject to this objection, denied for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

28[sic]. Admit that the website comments identified in Plaintiffs Initial Discovery disclosures and Bates Stamped "Campbell.screenHuffPost00001 to Campbell.screenHuffPost.000010" are authentic and that these documents fairly represent what was actually displayed on these internet sites.

**RESPONSE:** Objection. This Request for Admission fails to comply with Rule 36(a)(2) in that the matters are not set forth separately. Ms. Teter did not create, produce, or distribute these news reports, she cannot truthfully admit or deny this Request for Admission. Subject to this objection, denied for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

29[sic]. Admit that the website comments identified in Plaintiffs Initial Discovery disclosures and Bates Stamped "Campbell.screenRawstory00001 to Campbell.screenRawstory.000015" are authentic and that these documents fairly represent what was actually displayed on these internet sites.

**RESPONSE:** Objection. This Request for Admission fails to comply with Rule 36(a)(2) in that the matters are not set forth separately. Ms. Teter did not create, produce, or distribute these news reports, she cannot truthfully admit or deny this Request for Admission. Subject to this objection, denied for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

30[sic]. Admit that the internet screen shots identified in Plaintiffs Initial Discovery disclosures and Bates Stamped "Campbell.screenWP.000001 to Campbell.screenWP000018" are

authentic and that these documents fairly represent what was actually displayed on these internet sites.

**RESPONSE:** Objection. This Request for Admission fails to comply with Rule 36(a)(2) in that the matters are not set forth separately. Ms. Teter did not create, produce, or distribute these screen shots, she cannot truthfully admit or deny this Request for Admission. Subject to this objection, denied for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

31[sic]. Admit that the internet screen shots identified in Plaintiffs Initial Discovery disclosures and Bates Stamped "Campbell.screenPetitions.000001 to Campbell.sereenPetitionsWP000006" are authentic and that these documents fairly represent what was actually displayed on these internet sites.

**RESPONSE:** Objection. This Request for Admission fails to comply with Rule 36(a)(2) in that the matters are not set forth separately. Ms. Teter did not create, produce, or distribute these screen shots, she cannot truthfully admit or deny this Request for Admission. Subject to this objection, denied for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

32[sic]. Admit that the video previously produced in response to Plaintiff's Initial Production supplement, titled "gougevideo.mp4" is authentic and depicts an accurate reproduction of the occurrence of the event portrayed.

**RESPONSE:** Objection. This Request for Admission fails to comply with Rule 36(a)(2) in that the matters are not set forth separately. Ms. Teter did not create, produce, or distribute this video, she cannot truthfully admit or deny this Request for Admission. Subject to this objection, denied for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

33[sic]. Admit that the photos of Defendant Teter identified in Plaintiff's Initial Discovery disclosures and Bates Stamped "Campbell.Teterphotos.000001 to Campbell.Teterphotos.0000010" are authentic and fairly and accurately represent the image of Defendant Teter.

**RESPONSE:** Objection. This Request for Admission fails to comply with Rule 36(a)(2) in that the matters are not set forth separately. Ms. Teter did not create, produce, or distribute these photographs, she cannot truthfully admit or deny this Request for Admission. Subject to this objection, the photographs appear to accurately represent the image of Ms. Teter. Except as expressly admitted herein, denied for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

34[sic]. Admit that the photos of Defendant Teter previously produced via email on August 27, 2018 titled "teterwithsign2.jpg" and "teterwithsign.jpg" are authentic and fairly and accurately represent images of Defendant Teter.

> **RESPONSE:** Objection. This Request for Admission fails to comply with Rule 36(a)(2) in that the matters are not set forth separately. Ms. Teter did not create, produce, or distribute these photographs, she cannot truthfully admit or deny this Request for Admission. Subject to this objection, the photographs appear to accurately represent the image of Ms. Teter. Except as expressly admitted herein, denied for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

35[sic]. Admit that the medical records of Defendant Teter you produced in response to Plaintiff's First Request for Production #2 are authentic and true and accurate copies of Defendant Teter's medical records.

> **RESPONSE:** Admitted.

36[sic]. Admit that the medical records of Defendant Teter you produced in response to Plaintiff's First Request for Production #4 are authentic and are true and accurate copies of defendant Teter's medical records.

> **RESPONSE:** Admitted.

37[sic]. Admit that the phone records of Defendant Teter you produced in response to Plaintiff's First Request for Production #20 are authentic and true and accurate copies.

> **RESPONSE:** Admitted.

38[sic]. Admit that the medical records of Defendant Teter you produced in response to Plaintiff's First Request for Production #2 are authentic and are true and accurate copies.

> **RESPONSE:** Admitted.

39[sic]. Admit that the records you produced in response to Plaintiff's Frist Request for Production #24 are authentic and are true and accurate copies.

> **RESPONSE:** Admitted.

40[sic]. Admit that the medical records of Defendant Teter you produced in response to Plaintiff's First Request for Production #3 are authentic and are true and accurate copies.

> **RESPONSE:** Admitted.

41[sic]. Admit that the video identified in Plaintiff's Initial Disclosures as "Video of WLOS stories" and identified as "wlos report9152016.mp4" is authentic and depicts an accurate reproduction of the occurrence of the event portrayed.

> **RESPONSE:** Objection. This Request for Admission fails to comply with Rule 36(a)(2) in that the matters are not set forth separately. Ms. Teter did not create, produce, or distribute this video, she cannot truthfully admit or deny this Request for Admission. Subject to this objection, denied for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

42[sic]. Admit that the video identified in Plaintiff's Initial Disclosures as "Video of WLOS stories" and identified as "wlos.mp4" is authentic and depicts an accurate reproduction of the occurrence of the event portrayed.

> **RESPONSE:** Objection. This Request for Admission fails to comply with Rule 36(a)(2) in that the matters are not set forth separately. Ms. Teter did not create, produce, or distribute this video, she cannot truthfully admit or deny this Request for Admission. Subject to this objection, denied for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

43[sic]. Admit that the video identified in Plaintiff's Initial Disclosures as "Video of WLOS stories" and identified as"wlos 1 stinterview.mp4" is authentic and depicts an accurate reproduction of the occurrence of the event portrayed.

> **RESPONSE:** Objection. This Request for Admission fails to comply with Rule 36(a)(2) in that the matters are not set forth separately. Ms. Teter did not create, produce, or distribute this video, she cannot truthfully admit or deny this Request for Admission. Subject to this objection, denied for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

44[sic]. Admit that the video identified in Plaintiff's Initial Disclosures as "Video of WLOS stories" and identified as "WLOS1ststory.mp4" is authentic and depicts an accurate reproduction of the occurrence of the event portrayed.

> **RESPONSE:** Objection. This Request for Admission fails to comply with Rule 36(a)(2) in that the matters are not set forth separately. Ms. Teter did not create, produce, or distribute this video, she cannot truthfully admit or deny this Request for Admission. Subject to this objection, denied for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

45[sic]. Admit that the video identified in Plaintiff's Initial Disclosures as "Video of WLOS stories" and identified as "WLOSProjectVeritasstory.mp4" is authentic and depicts an accurate reproduction of the occurrence of the event portrayed.

> **RESPONSE:** Objection. This Request for Admission fails to comply with Rule 36(a)(2) in that the matters are not set forth separately. Ms. Teter did not create, produce, or distribute this video, she cannot truthfully admit or deny this Request for Admission. Subject to this objection, denied for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

46[sic]. Admit that the video identified in Plaintiff's Initial Disclosures as "Video of WLOS stories" and identified as "wlosstory2" is authentic and depicts an accurate reproduction of the occurrence of the event portrayed.

**RESPONSE:** Objection. This Request for Admission fails to comply with Rule 36(a)(2) in that the matters are not set forth separately. Ms. Teter did not create, produce, or distribute this video, she cannot truthfully admit or deny this Request for Admission. Subject to this objection, denied for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

47[sic]. Admit that the video identified in Plaintiff's Initial Disclosures as "Video from various news outlets" and identified as "LATimes.mp4" is authentic and depicts an accurate reproduction of the occurrence of the event portrayed.

**RESPONSE:** Objection. This Request for Admission fails to comply with Rule 36(a)(2) in that the matters are not set forth separately. Ms. Teter did not create, produce, or distribute this video, she cannot truthfully admit or deny this Request for Admission. Subject to this objection, denied for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

48[sic]. Admit that the video identified in Plaintiff's Initial Disclosures as "Video from various news outlets" and identified as "theadvocate.mp4" is authentic and depicts an accurate reproduction of the occurrence of the event portrayed.

**RESPONSE:** Objection. This Request for Admission fails to comply with Rule 36(a)(2) in that the matters are not set forth separately. Ms. Teter did not create, produce, or distribute this video, she cannot truthfully admit or deny this Request for Admission. Subject to this objection, denied for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

49[sic]. Admit that the video identified in Plaintiff's Initial Disclosures as "Video from various news outlets" and identified as "yty.mp4" is authentic and depicts an accurate reproduction of the occurrence of the event portrayed.

**RESPONSE:** Objection. This Request for Admission fails to comply with Rule 36(a)(2) in that the matters are not set forth separately. Ms. Teter did not create, produce, or distribute this video, she cannot truthfully admit or deny this Request for Admission. Subject to this objection, denied for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

50[sic]. Admit that the attached Exhibit A is authentic and that it is in fact what it purports to be, a copy of the Asheville Citizen Times news article titled "69-year-old woman punched at Trump rally".

**RESPONSE:** Objection. This Request for Admission fails to comply with Rule 36(a)(2) in that the matters are not set forth separately. Ms. Teter did not create,

produce, or distribute this article, she cannot truthfully admit or deny this Request for Admission. Subject to this objection, denied for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

51[sic]. Admit that the attached Exhibit B is authentic and that it is in fact what it purports to be, a copy of the WLOS news article titled "69-year old woman punched in face by Trump supporter outside NC rally".

**RESPONSE**: Objection. This Request for Admission fails to comply with Rule 36(a)(2) in that the matters are not set forth separately. Ms. Teter did not create, produce, or distribute this article, she cannot truthfully admit or deny this Request for Admission. Subject to this objection, denied for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

52[sic]. Admit that the attached Exhibit C is authentic and that it is in fact what it purports to be, a copy of the Letters from the Left news article titled "A Trump protest turns violent".

**RESPONSE**: Objection. This Request for Admission fails to comply with Rule 36(a)(2) in that the matters are not set forth separately. Ms. Teter did not create, produce, or distribute this article, she cannot truthfully admit or deny this Request for Admission. Subject to this objection, denied for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

53[sic]. Admit that the attached Exhibit D is authentic and that it is in fact what it purports to be, a copy of the WLOS news article titled "Lawyer for man accused of attacking woman at Trump rally claims she's lying".

**RESPONSE**: Objection. This Request for Admission fails to comply with Rule 36(a)(2) in that the matters are not set forth separately. Ms. Teter did not create, produce, or distribute this article, she cannot truthfully admit or deny this Request for Admission. Subject to this objection, denied for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

54[sic]. Admit that the attached Exhibit E is authentic and that it is in fact what it purports to be, a copy of the Asheville Citizen Times news article titled "Lawyer rebuts woman's story of being punched after Trump rally".

**RESPONSE**: Objection. This Request for Admission fails to comply with Rule 36(a)(2) in that the matters are not set forth separately. Ms. Teter did not create, produce, or distribute this article, she cannot truthfully admit or deny this Request for Admission. Subject to this objection, denied for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

55[sic]. Admit that the attached Exhibit F is authentic and that it is in fact what it purports to be, a copy of interview notes of WLOS reporter Evan Donovan with Defendant Teter.

**RESPONSE:** Objection. This Request for Admission fails to comply with Rule 36(a)(2) in that the matters are not set forth separately. Ms. Teter did not create, produce, or distribute this article, she cannot truthfully admit or deny this Request for Admission. Subject to this objection, denied for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

56[sic]. Admit that the attached Exhibit G is authentic and that it is in fact what it purports to be, a copy of the email disseminated by Moveon.org regarding Defendant Teter's allegations.

**RESPONSE:** Objection. This Request for Admission fails to comply with Rule 36(a)(2) in that the matters are not set forth separately. Ms. Teter did not create, produce, or distribute this article, she cannot truthfully admit or deny this Request for Admission. Subject to this objection, denied for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

57[sic]. Admit that the attached Exhibit H is authentic and that it is in fact what it purports to be, a copy of the New York Times news article titled "Videos Put Democrats on Defensive About Dirty Tricks".

**RESPONSE:** Objection. This Request for Admission fails to comply with Rule 36(a)(2) in that the matters are not set forth separately. Ms. Teter did not create, produce, or distribute this article, she cannot truthfully admit or deny this Request for Admission. Subject to this objection, denied for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

58[sic]. Admit that the attached Exhibit I is authentic and that it is in fact what it purports to be, a copy of the WLOS news article titled "Undercover video claims Asheville woman punched at Trump rally was planted by DNC".

**RESPONSE:** Objection. This Request for Admission fails to comply with Rule 36(a)(2) in that the matters are not set forth separately. Ms. Teter did not create, produce, or distribute this article, she cannot truthfully admit or deny this Request for Admission. Subject to this objection, denied for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

59[sic]. Admit that the attached Exhibit J is authentic and that it is in fact what it purports to be, a copy of the Asheville Citizen Times news article titled "Asheville Trump rally attendee sues protestor, WLOS-TV for libel".

**RESPONSE:** Objection. This Request for Admission fails to comply with Rule 36(a)(2) in that the matters are not set forth separately. Ms. Teter did not create, produce, or distribute this article, she cannot truthfully admit or deny this Request for Admission. Subject to this objection, denied for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

60[sic]. Admit that the attached Exhibit K is authentic and that it is in fact what it purports to be, a copy of the "Shirley Teter Defense Fund" internet page created by Joel Jacobson.

> **RESPONSE**: Objection. This Request for Admission fails to comply with Rule 36(a)(2) in that the matters are not set forth separately. Ms. Teter did not create, produce, or distribute this internet page, she cannot truthfully admit or deny this Request for Admission. Subject to this objection, denied for lack of knowledge or information sufficient to form a belief as to the truth or falsity thereof.

This 26th day of November, 2018.

        Respectfully submitted,

        **ELLIS & WINTERS LLP**

        By: /s/ Jonathan D. Sasser
          Jonathan D. Sasser
          N.C. State Bar No. 10028
          Preetha Suresh Rini
          N.C. State Bar No. 51022
          Post Office Box 33550
          Raleigh, North Carolina 27636
          Phone: 919-865-7000
          Fax: 919-865-7010
          Email: jon.sasser@elliswinters.com
             jeremy.falcone@elliswinters.com
             preetha.sureshrini@elliswinters.com

        **CRITCHFIELD, CRITCHFIELD & JOHNSTON, LTD.**

        By: /s/ Ralph Streza
          Ralph Streza
          4996 Foote Road
          Medina, Ohio 44256
          Phone: 330-723-6404
          Fax: 330-721-7644
          Email: streza@ccj.com

        *Counsel for Plaintiff, Defendant, and Counter-Plaintiff Shirley Teter*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 26th day of November, 2018, the foregoing was served upon the individuals listed below by depositing a copy thereof in the U. S. mail, postage prepaid, first class, addressed as follows:

Todd King
Attorney at Law
2907 Providence Road, #200
P.O. Box 30787
Charlotte, NC 28211
tak@cshlaw.com
*Attorney for Richard L. Campbell*

Ruth C. Smith
William E. Loose
The Law Offices of Ruth C. Smith
68 N. Market St.
Asheville, NC 28801
ruth@mywncattorney.com
billloose@skyrunner.net
*Attorneys for Richard L. Campbell*

James A. Dean
Michael Montecalvo
Womble Bond Dickinson (US) LLP
One West Fourth Street
Winston-Salem, NC 27101
jamie.dean@wbd-us.com
michael.montecalvo@wbd-us.com
*Attorneys for Project Veritas, Project Veritas Action Fund, and James E. O'Keefe, III*

/s/ Jonathan D. Sasser
Jonathan D. Sasser