# EXHIBIT 13



# Charitable Solicitation Licensing Division Annual Report

## July 1, 2015 through June 30, 2016

**North Carolina Department of the Secretary of State**

**Elaine F. Marshall, Secretary**

**Charitable Solicitation Licensing Division**
**P.O. Box 29622**
**Raleigh, NC 27626-0622**
**Phone: 919-814-5400**
**Email: csl@sosnc.gov**
**www.sosnc.gov**

# 2015 - 2016 Charitable Solicitation Licensing Annual Report
## North Carolina Department of the Secretary of State

# Table of Contents

**Introduction:**     Message from the Secretary

                        Mission Statement and Contact Information

**Section One:**     Executive Summary of Professional Solicitor Activities

                        1A: North Carolina Data Sorted by Solicitor Name

                        1B: North Carolina Data Sorted by Charity Name

                        1C: National Data Sorted by Solicitor Name

                        1D: National Data Sorted by Charity Name

**Section Two:**     Charitable/Sponsor Organizations Current Registry

**Section Three:**     Exempt Organizations Registry

**Section Four:**     Professional Fundraisers Current Registry

                        4A: Fundraising Consultants Registry

                        4B: Solicitors Registry

**Section Five:**     Solicitors Contract Report

**Section Six:**     Charitable/Sponsor Organizations Filing Audited Financial Statements

**Section Seven:**     Investigation Statistics Report

                        Complaints with Violations Report

                        Enforcement Actions Report

**Appendices:**     Appendix A: North Carolina General Statute 131F

                        Appendix B: Charitable/Sponsor Organization Application

                        Appendix C: Fundraising Consultant Application

                        Appendix D: Solicitor Application

                        Appendix E: Enforcement Complaint Form and Instructions



*State of North Carolina*
*Department of the Secretary of State*

ELAINE F. MARSHALL
SECRETARY OF STATE

November 2016

As we embark on the season of giving, the North Carolina Department of the Secretary of State, Charitable Solicitation Licensing (CSL) Division is issuing the 2015-2016 **Charitable Solicitation Licensing Division Annual Report**. The Annual Report includes financial information related specifically to those charities and non-profits using a professional fundraiser and otherwise required by law to register with the Department of the Secretary of State.

North Carolinians responded to solicitations from professional fundraisers in the amount of $35,431,047.84. This past year donated dollars of $20,600,216.59 went directly to the charity for which the campaign was being conducted, resulting in an average 58.14% return to the charity for each dollar donated. In contrast, national solicitation campaigns that included North Carolina citizens that were reported to our office reflected $689,302,699.20 in gross dollars donated, with $400,037,420.21 or 58.04% of each donated dollar going to the charitable organization. Giving is down this year both nationally and in North Carolina. Reasons for the decrease are the withdrawal from and the reduction in the number of solicitation contracts by solicitors in North Carolina.

Another reason for the decrease was last year's unusual number of groups that did not easily fit into the traditional connotation of "charity" that is usually associated with this report, but were subject to the same reportring requirements. Most of these groups identified were connected to civic issues or economic development, amounts from solicitation contracts added significantly to last year's report, and had no filings for this year's report.

A new bright spot this year was the May 2015 introduction of online filing. The CSL Division received about one quarter of the charitable or sponsor organizations license applications electronically (http://www.sosnc.gov/CSL/). The Department remains committed to making sure consumers have easy access to information that helps to make informed giving decisions. The CSL Enforcement Unit continued its focus on bringing charities and professional fundraisers into compliance with our solicitation laws. When an organization is identified as noncompliant, our Department informs the organization of the legal requirements and works to bring the organization into compliance.

Each year at this time, I am humbled by the continued generosity of North Carolinians, even during trying economic times. I thank you for your incredible support of the many charities working to serve our citizens and our State.

Yours truly,

*Elaine F. Marshall*

Elaine F. Marshall

PO BOX 29622 • Raleigh, NC 27626-0622

**Mission Statement**

The mission of the North Carolina Department of the Secretary of State is to serve and protect the citizens, the business community, and governmental agencies by facilitating business activities, by fighting fraud, by providing accurate and timely information, and by preserving documents and records.

The purpose of the Charitable Solicitation Licensing Division is to maintain a registry of charitable and sponsor organizations licensed to solicit donations within the state. In addition, the Division licenses professionals who fundraise on behalf of charitable or sponsor organizations. The Division also responds to consumer concerns regarding charitable solicitations and works to enforce the Charitable Solicitation Law on behalf of all North Carolinians.

The Charitable Solicitation Licensing Annual Report is published by the Charitable Solicitation Licensing Division to serve as a resource for North Carolina citizens as they strive to make educated decisions for their charitable dollars.


**Contact Information for the
Charitable Solicitation Licensing Division (CSL)**

Post Office Box 29622
Raleigh, North Carolina 27626-0622
919-814-5400
1-888-830-4989 NC Residents Toll
Free csl@sosnc.gov
www.sosnc.gov


Gail L Eluwa, Director
Angelia Boone-Hicks, Licensing & Filing Division Supervisor
Verlyn Chesson Porte, Attorney and Enforcement Supervisor
Jason Ricks, Investigator
Jeanette Blount, Senior Document Examiner, Licensing & Filing
Jennifer L. Dupree, Document Examiner, Enforcement
Sarai Brodie, Document Examiner, Licensing & Filing
Andrea Borden, Document Examiner, Licensing & Filing
Donald Cox, Program Assistant


The North Carolina Department of the Secretary of State does not discriminate on the basis of race, color, national origin, sex, religion, age, or disability in the employment or the provision of services.

# Section Seven:

# Enforcement Report

A function of the Charitable Solicitation Licensing Division (CSL) of the North Carolina Department of the Secretary of State is to enforce the Charitable Solicitation Act found at Chapter 131F of the North Carolina General Statutes and the related Rules found in Chapter 11 of Title 18 of the North Carolina Administrative Code. Enforcement actions are taken on behalf of the citizens of North Carolina in the public interest. In response to internal leads and concerns and inquiries from the public and the media, the CSL Enforcement Unit conducts investigations to determine whether violations of the Charitable Solicitation Act and relevant Rules have occurred. Areas of investigation include, but are not limited to, appropriate public disclosure of a charitable solicitation; how charitable organizations and the professional fundraising professionals they employ solicit charitable contributions; solicitations made by charitable organizations without a valid, current license; contractual relationships entered into by unlicensed professional fundraisers; and whether solicited funds are being used for the purpose(s) represented by the charity and expected by the public.

This section of the Annual Report includes the following information for the current reporting period: 1) overall investigation statistics for the Enforcement Unit and 2) a grid outlining possible statutory violations and the number of complaints per violation received by the CSL Division; with a summary of CSL enforcement actions completed and the current status of investigated organizations.

**INVESTIGATION STATISTICS OF CHARITABLE SOLICITATION LICENSING (CSL) DIVISION**
**Cases Closed July 1, 2015 through June 30, 2016**

**NUMBER OF**
**INVESTIGATIONS**

| | |
|---|---|
| **40** | **Enforcement Action Completed** |
| | Issued advisory letter, Letter of Concern, Order to Cease and Desist, Order assessing a monetary penalty, Investigative subpoena, or Settlement Agreement, etc. |
| **26** | **Ongoing** |
| | Period for appeal of Administrative Order to the Office of Administrative Hearings (OAH) has not expired, in settlement negotiations, awaiting issuance of Administrative Order, Administrative Order has been appealed to OAH, or investigation in progress will continue into next reporting period. |
| **8** | **Exemption** |
| | Entity provided evidence that met exemption criteria per N.C.G.S. §131F-3; therefore, no enforcement action taken. |
| **31** | **Violation Corrected by Entity** |
| | Entity came into compliance upon receipt of written notice of violation. |
| **2** | **No Violation** |
| | Upon evaluation of investigative findings, entity found not to be in violation of N.C.G.S. §131F. |
| **3** | **Other Closures** |
| | Entity no longer in operation, entity's operator(s) could not be located, subject matter jurisdiction was lacking, referred to another state or federal agency with appropriate jurisdiction. |

_____

**110** **Total Number of Investigations Completed for the Period**

Case 1:17-cv-00256-MR   Document 43-14   Filed 01/22/19   Page 7 of 74

**STATUTORY VIOLATION STATISTICS OF CHARITABLE SOLICITATION LICENSING DIVISION**
**Cases Closed July 1, 2015 through June 30, 2016**

**NUMBER OF VIOLATIONS**

**N.C. Gen. Stat. §131F-1**

Violation of statutory intent to protect the public by requiring full                    **1**
disclosure by persons who solicit contributions from the public of the
purposes for which the contributions are solicited and how the
contributions are used and to prohibit deception, fraud, and
misrepresentation in the solicitation and reporting of contributions.

**N.C. Gen. Stat. §131F-10**
Failure of for profit collection receptacle owner to display required disclosure          **2**
language.

**N.C. Gen. Stat. § 131F-20**

    **(1)** Violating or refusing to comply with                        **30**
    requirements of the statute.

    Failure to exist as a "person" as defined by §131F-2(16).               **0**

    Failure to obtain license prior to entering into contract with professional   **0**
    fundraiser as required by §131F-20(3).

    Failure of a charitable organization                                    **10**
    (or sponsor or person) to obtain or renew
    license as required by §131F-5.

**STATUTORY VIOLATION STATISTICS OF CHARITABLE SOLICITATION LICENSING DIVISION**
**Cases Closed July 1, 2015 through June 30, 2016**

| | |
|---|---|
| Failure to request extension of time for renewal and/or to file appropriate documentation under §131F-5(c) and 6(b). | **5** |
| Failure to provide proof of legal existence §131F-6(a)(12)(c). | **0** |
| Failure to make disclosures required under §131F-9(b). | **0** |
| Failure to make the collection receptacle disclosure required under §131F-9(d). | **2** |
| Failure of fundraising consultant to be licensed under §131F-15. | **1** |
| Failure of fundraising consultant to provide proof of legal existence §131F-15(b)(2). | **0** |
| Failure of fundraising consultant to file contracts as required under §131F-15(d) and/or performing any service before filing the contracts. | **1** |
| Failure of fundraising consultant to file change in information with Department within seven working days after the change occurred under §131F-15(g). | **0** |
| Failure of solicitor to be licensed under §131F-16. | **2** |

**STATUTORY VIOLATION STATISTICS OF CHARITABLE SOLICITATION LICENSING DIVISION**
**Cases Closed July 1, 2015 through June 30, 2016**

Failure of solicitor to have and file the bond or the alternative required under §131F-16(d)/(d1).                    **0**

Failure of solicitor to file a solicitation notice as required under §131F-16(f).                    **1**

Failure of solicitor to comply with the contract requirements under §131F-16(g).                    **1**

Failure of solicitor to comply with the financial report requirements under §131F-16(h).                    **0**

Failure of solicitor to comply with the handling of contributions requirements under §131F-16(i).                    **0**

Failure of solicitor to comply with the records requirements of §131F-16(j).                    **1**

Failure of solicitor to comply with the ticket record requirements of §131F-16(k).                    **0**

Failure of solicitor to provide timely records to the Department under §131F-16(f).                    **1**

Failure of solicitor to provide information changes required under §131F-16(m).                    **0**

Failure of solicitor to comply with disclosure requirements of §131F-17.                    **0**

Case 1:17-cv-00256-MR   Document 43-14   Filed 01/22/19   Page 10 of 74

**STATUTORY VIOLATION STATISTICS OF CHARITABLE SOLICITATION LICENSING DIVISION**
**Cases Closed July 1, 2015 through June 30, 2016**

Failure of coventurer to comply with the requirements **0**
of §131F-18.

(**2**) Acting as a fundraising consultant or solicitor **0**
after a license expiration, suspension, or revocation.

Fundraising consultant acting without a **0**
license under §131F-15.

Solicitor acting without a license under §131F-16. **0**

(**3**) Entering into a contract with or employing an unlicensed **0**
solicitor or fundraising consultant.

(**4**) Knowingly filing false or misleading information in **0**
documents submitted to the Department of the Secretary of
State (SOS) or in response to SOS or Attorney General requests.

(**5**) Making misrepresentations or misleading statements **0**
regarding sponsorship or endorsement by someone who has not given
written consent for his/her name to be used.

(**6**) Representing that a contribution is for a particular **0**
organization or sponsor or using an emblem, device, or printed
matter associated with an organization or sponsor without the
written consent of that organization or sponsor.

(**7**) Using a name, symbol, emblem, device, service **0**

mark, or statement that is so close to that of another organization
or sponsor that it would mislead the public.

**(8)** Falsely stating to be a member/representative of                                                    **0**
an organization or sponsor or that one is a member/representative
of law enforcement or emergency services employees.

**(9)** Misrepresenting or misleading anyone to believe that                                                 **1**
the person on whose behalf a solicitation/sale is conducted is a
charitable organization or sponsor or that proceeds from the
solicitation or sale will be used for charitable or sponsor purposes.

**(10)** Representing that an organization or sponsor will                                                   **0**
receive greater financial benefits than what has been filed with the
Department or what has been agreed to by the parties.

**(11)** Using or exploiting the fact of registration or report                                             **0**
filings to lead any person to believe that the filings are an
endorsement by the State of North Carolina.

**(12)** Making misrepresentations or misleading statements                                                 **0**
that contributing to or displaying stickers, emblems, or the like
will entitle a person to special treatment by law enforcement or
emergency service employees.

**(13)** Wearing the uniform of an emergency service employee                                               **0**

or law enforcement officer or while on duty to solicit contributions
except for a charitable organization or sponsor or for the benefit of
personnel killed or injured in the line of duty or their families.

**(14)** Soliciting contributions using statements that failure to                    **0**
contribute will result in a reduced level of law enforcement services to
the person being solicited.

**(15)** Employing in a solicitation a device or scheme intended                      **0**
to defraud or to obtain a contribution by deception, false pretense,
misrepresentation, or false promise.

**(16)** Notifying any person that he/she has won a prize, received                   **0**
an award, or is eligible to receive anything of value if that person is
required to make a purchase, pay any money, or submit to a promotion effort.

 **(17)** Failing to provide complete and timely payment of proceeds                 **0**
from a campaign or sales promotion to a charitable organization or sponsor.

**(18)** Failing to apply contributions in a manner substantially                    **1**
consistent with the solicitation.

**(19)** Failing to identify the professional relationship to the                    **0**
person for whom the solicitation is being made under §131F-20.

**(20)** Sending anyone a writing which simulates or resembles                        **0**
an invoice unless the intended recipient has actually contracted for

Case 1:17-cv-00256-MR   Document 43-14   Filed 01/22/19   Page 13 of 74

goods, property, or services from the organization or solicitor who sent
the writing under §131F-20.

### N.C. Gen. Stat. §131F-23

| | |
|---|---|
| Violated or is operating in violation of any of the provisions of this Chapter or of the rules adopted or orders issued under this Chapter under §131F-23(d)(1). | **11** |
| Made a false statement in an application, statement, or report required to be filed under this Chapter under §131F-23(d)(2). | **0** |
| Refused or failed, after notice, to produce any records or to disclose any information required to be disclosed under this Chapter or the rules adopted by the Department under §131F-23(d)(3). | **5** |
| Made a false statement in response to any request or investigation by the Department or the Attorney General under §131F-23(d)(4). | **0** |

### 18 NCAC 11.0503(c)

| | |
|---|---|
| Charitable organization that planned no solicitation of contributions in State upon license expiration failed to timely file financial report with Department. | **0** |

| | |
|---|---|
| **Total Violations** | **76** |

Case 1:17-cv-00256-MR   Document 43-14   Filed 01/22/19   Page 14 of 74

# Summary of Enforcement Actions: Administrative Orders

| Entity | Date Opened | Violation(s) | Enforcement Action | Date of Action(s) | Status as of 6/30/16 |
|---|---|---|---|---|---|
| Custom Fundraising Solution of Raleigh | 8/16/2013 | NCGS 131F-16, soliciting contributions without a current, valid solicitor's license; NCGS 131F-20(1), violate or fail to comply with statutory requirements; and NCGS 131F-23(d)(1), operating in violation of provisions under this Chapter. | Order assessing $6,000 Administrative Penalty and Cease and Desist solicitor activities. | 6/25/2015 | Case appealed to OAH; Consent agreement entered on 1/20/2016, including reduced penalty of $3000.00; renewed license valid until 3/31/2017. |
| Cindy's Hope Chest | 1/27/2014 | NCGS 131F-5, soliciting contributions without current, valid charitable solicitation license; NCGS 131F-20(1), violate or fail to comply with statutory requirements; and NCGS 131F-23(d)(1), operating in violation of Orders issued under this Chapter. | Order assessing $1,000 Administrative Penalty and Cease and Desist soliciting contributions until licensed. | 8/5/2014 | Consent agreement entered on 2/8/2016, including reduced penalty of $500.00; renewed license valid until 5/15/2017. |
| Home Fires Burning | 2/18/2014 | NCGS 131F-5, soliciting contributions without current, valid charitable solicitation license; NCGS 131F-20(1), violate or fail to comply with statutory requirements; and NCGS 131F-23(d)(3), failure to respond or provide requested records. | Order assessing $1,000 Administrative Penalty and Cease and Desist soliciting contributions until licensed. Subsequent Order to enforce prior Order assessing $1000 Administrative Penalty | 4/1/2014; 6/23/2014 | Litigation pending. |

Case 1:17-cv-00256-MR   Document 43-14   Filed 01/22/19   Page 15 of 74

# Summary of Enforcement Actions: Administrative Orders

| Entity | Date Opened | Violation(s) | Enforcement Action | Date of Action(s) | Status as of 6/30/16 |
|---|---|---|---|---|---|
| World Hope Recycling, Inc. | 2/26/2014 | NCGS 131F-10, maintaining collection receptacles without the mandatory disclosure language; NCGS 131F-20(1), violate or fail to comply with statutory requirements; and NCGS 131F-23(d)(1), operating in violation of Orders issued under this Chapter. | Order assessing $7,000 Administrative Penalty and Cease and Desist soliciting contributions until collection receptacles display the mandatory disclosure language. | 6/8/2016 | Ongoing, unpaid penalty. |
| Go Events & Timing, LLC | 3/4/2014 | NCGS 131F-16(g), failure to submit a contract for solicitor services;  NCGS 131F-16(f), failure to submit a Notice of Solicitation Campaign at least five (5) days prior to the beginning date of solicitation campaign in North Carolina; and  NCGS 131F-23(d)(3), failure to respond or provide requested records. | Order assessing $1,000 Administrative Penalty for failure to comply with statutory requirements | 3/7/2014; | Consent agreement entered on 2/11/2016, including reduced penalty of $500.00.; renewed license valid until 3/31/2016. |
| Action Donation Services | 6/14/2014 | NCGS 131F-16, soliciting contributions without a current, valid solicitation license; NCGS 131F-20(1), violate or fail to comply with statutory requirements; and NCGS 131F-23(d)(1), operating in violation of provisions under this Chapter. | Order assessing $1,000 Administrative Penalty and Cease and Desist solicitor activities. | 6/19/2014 | Litigation pending. |

Case 1:17-cv-00256-MR   Document 43-14   Filed 01/22/19   Page 16 of 74

# Summary of Enforcement Actions: Administrative Orders

| Entity | Date Opened | Violation(s) | Enforcement Action | Date of Action(s) | Status as of 6/30/16 |
|---|---|---|---|---|---|
| The International Orphan Resource Center, Inc. | 6/16/2014 | NCGS 131F-5, soliciting contributions without current, valid charitable solicitation license; NCGS 131F-20(1), violate or fail to comply with statutory requirements; and NCGS 131F-23(d)(3), failure to respond or provide requested records. | Order assessing $1,000 Administrative Penalty and Cease and Desist soliciting contributions until licensed. Subsequent Order to enforce prior Order assessing $1000 Administrative Penalty | 2/13/2015; 4/4/2016 | Ongoing settlement negotiations. |
| Reins From Above Therapeutic Riding Center, Inc. | 6/17/2014 | NCGS 131F-5, soliciting contributions without current, valid charitable solicitation license; NCGS 131F-20(1), violate or fail to comply with statutory requirements; and NCGS 131F-23(d)(3), failure to respond or provide requested records. | Order assessing $1,000 Administrative Penalty and Cease and Desist soliciting contributions until licensed. | 8/5/2014 | Litigation pending. |
| Campaign Solutions | 7/3/2014 | NCGS 131F-20(1), violate or fail to comply with statutory requirements; NCGS §131F-15, acting as a fundraising consultant on behalf of a charitable organization in North Carolina without holding a valid fundraising consultant license; and NCGS 131F-23(d)(3), failure to respond or provide requested records. | Order assessing $1,000 Administrative Penalty and Cease and Desist fundraising activities. | 7/24/2014 | Litigation pending. |

Case 1:17-cv-00256-MR   Document 43-14   Filed 01/22/19   Page 17 of 74

# Summary of Enforcement Actions: Administrative Orders

| Entity | Date Opened | Violation(s) | Enforcement Action | Date of Action(s) | Status as of 6/30/16 |
|---|---|---|---|---|---|
| Fathers Against Violence and Repeat-Offenders DBA FAVAR Ministries | 9/16/2014 | NCGS 131F-5, soliciting contributions without current, valid charitable solicitation license; NCGS 131F-20(1), violate or fail to comply with statutory requirements; and NCGS 131F-23(d)(3), failure to respond or provide requested records. | Order assessing $1,000 Administrative Penalty and Cease and Desist soliciting contributions until licensed. | 10/20/2014 | Litigation pending. |
| American Pet Association for the Protection of Companion Animals | 10/23/2014 | NCGS 131F-5, soliciting contributions without current, valid charitable solicitation license; NCGS 131F-20(1), violate or fail to comply with statutory requirements; and NCGS 131F-23(d)(3), failure to respond or provide requested records. | Order assessing $1,000 Administrative Penalty and Cease and Desist soliciting contributions until licensed. | 12/29/2015 | Ongoing, unpaid penalty. |
| Save a Pet Rescue Group of Iredell County | 3/30/2015 | NCGS 131F-5, soliciting contributions without current, valid charitable solicitation license; NCGS 131F-20(1), violate or fail to comply with statutory requirements; and NCGS 131F-23(d)(1), operating in violation of the provisions of this Chapter. | Order assessing $1,000 Administrative Penalty and Cease and Desist soliciting contributions until licensed. | 3/1/2016 | Consent agreement entered on 3/7/2016, including reduced penalty of $500.00; renewed license valid until 5/15/2016. |

Case 1:17-cv-00256-MR   Document 43-14   Filed 01/22/19   Page 18 of 74

# Summary of Enforcement Actions: Administrative Orders

| Entity | Date Opened | Violation(s) | Enforcement Action | Date of Action(s) | Status as of 6/30/16 |
|---|---|---|---|---|---|
| Friends of Franklin County Cancer Center, Inc. | 4/7/2015 | NCGS 131F-5, soliciting contributions without current, valid charitable solicitation license; NCGS 131F-20(1), violate or fail to comply with statutory requirements; and NCGS 131F-23(d)(3), failure to respond or provide requested records. | Order assessing $1,000 Administrative Penalty and Cease and Desist soliciting contributions until licensed. Subsequent Order to enforce prior Order assessing $1000 Administrative Penalty | 7/22/2015; 2/17/2016 | Litigation pending. |
| Speak Up Magazine, Inc. | 4/15/2015 | NCGS 131F-5, soliciting contributions without current, valid charitable solicitation license;  NCGS 131F-20(1), violate or fail to comply with statutory requirements; and NCGS 131F-23(d)(3), failure to respond or provide requested records. | Order assessing $1,000 Administrative Penalty and Cease and Desist soliciting contributions until licensed. | 7/23/2015 | Consent agreement entered on 4/11/2016, including reduced penalty of $500.00; renewed license valid until 11/15/2016. |
| Project Veritas | 5/6/2015 | NCGS 131F-20(1), violate or fail to comply with statutory requirements; and NCGS 131F-23(d)(2), inaccurate statement made in an application or report required to be filed under this Chapter. | Order assessing $4,000 Administrative Penalty and Cease and Desist soliciting contributions until licensed. | 5/11/2015 | Consent agreement entered on 10/14/2015, including reduced penalty of $3000.00; renewed license valid until 8/15/2016. |

Case 1:17-cv-00256-MR   Document 43-14   Filed 01/22/19   Page 19 of 74

# Summary of Enforcement Actions: Administrative Orders

| Entity | Date Opened | Violation(s) | Enforcement Action | Date of Action(s) | Status as of 6/30/16 |
|---|---|---|---|---|---|
| Paws Ranch Equine Rescue, Inc. | 5/7/2015 | NCGS 131F-5, soliciting contributions without current, valid charitable solicitation license; NCGS 131F-20(1), violate or fail to comply with statutory requirements; and NCGS 131F-23(d)(3), failure to respond or provide requested records. | Order assessing $1,000 Administrative Penalty and Cease and Desist soliciting contributions until licensed. | 12/10/2015 | Litigation pending. |
| Angel Ark Foundation | 5/7/2015 | NCGS 131F-5, soliciting contributions without current, valid charitable solicitation license; NCGS 131F-20(1), violate or fail to comply with statutory requirements; and NCGS 131F-23(d)(3), failure to respond or provide requested records. | Order assessing $1,000 Administrative Penalty and Cease and Desist soliciting contributions until licensed. Subsequent Order to enforce prior Order assessing $1000 Administrative Penalty | 7/23/2015; 3/29/2016 | Litigation pending. |
| Kids of Childhood Cancer | 5/8/2015 | NCGS 131F-5, soliciting contributions without current, valid charitable solicitation license; NCGS 131F-20(1), violate or fail to comply with statutory requirements; and NCGS 131F-23(d)(3), failure to respond or provide requested records. | Order assessing $1,000 Administrative Penalty and Cease and Desist soliciting contributions until licensed. Subsequent Order to enforce prior Order assessing $1000 Administrative Penalty | 7/31/2015; 3/30/2016 | Ongoing compliance issue, penalty paid. |

Case 1:17-cv-00256-MR   Document 43-14   Filed 01/22/19   Page 20 of 74

# Summary of Enforcement Actions: Administrative Orders

| Entity | Date Opened | Violation(s) | Enforcement Action | Date of Action(s) | Status as of 6/30/16 |
|---|---|---|---|---|---|
| Lazy Cat Rescue | 5/8/2015 | NCGS 131F-5, soliciting contributions without current, valid charitable solicitation license; NCGS 131F-20(1), violate or fail to comply with statutory requirements; and NCGS 131F-23(d)(3), failure to respond or provide requested records. | Order assessing $1,000 Administrative Penalty and Cease and Desist soliciting contributions until licensed. Subsequent Order to enforce prior Order assessing $1000 Administrative Penalty | 7/31/2015; 5/30/2016 | Consent agreement entered on 4/25/2016, including reduced penalty of $1000.00; withdrew registration. |
| Southern Investigative Reporting Foundation | 5/11/2015 | NCGS 131F-5, soliciting contributions without current, valid charitable solicitation license; NCGS 131F-20(1), violate or fail to comply with statutory requirements; and NCGS 131F-23(d)(3), failure to respond or provide requested records. | Order assessing $1,000 Administrative Penalty and Cease and Desist soliciting contributions until licensed. | 8/4/2015 | $1000.00 penalty paid on 1/29/2016; renewed license valid until 7/15/2016 |
| Where Hope Lives Humane Society | 5/15/2016 | NCGS 131F-5, soliciting contributions without current, valid charitable solicitation license; NCGS 131F-20(1), violate or fail to comply with statutory requirements; and NCGS 131F-23(d)(3), failure to respond or provide requested records. | Order assessing $1,000 Administrative Penalty and Cease and Desist soliciting contributions until licensed. | 7/31/2015 | Litigation pending. |

Case 1:17-cv-00256-MR   Document 43-14   Filed 01/22/19   Page 21 of 74

# Summary of Enforcement Actions: Administrative Orders

| Entity | Date Opened | Violation(s) | Enforcement Action | Date of Action(s) | Status as of 6/30/16 |
|--------|-------------|--------------|--------------------|--------------------|----------------------|
| Cape Fear Flyers NC, Inc. | 5/19/2015 | NCGS 131F-5, soliciting contributions without current, valid charitable solicitation license; NCGS 131F-20(1), violate or fail to comply with statutory requirements; and NCGS 131F-23(d)(3), failure to respond or provide requested records. | Order assessing $1,000 Administrative Penalty and Cease and Desist soliciting contributions until licensed. | 12/10/2015 | Consent agreement entered on 6/20/2016, including reduced penalty of $500.00; renewed license valid until 5/15/2017. |
| Randolph Fellowship Home, Inc. | 5/20/2015 | NCGS 131F-5, soliciting contributions without current, valid charitable solicitation license after notice; NCGS 131F-20(1), violate or fail to comply with statutory requirements; and NCGS 131F-23(d)(3), failure to respond or provide requested records. | Order assessing $2,000 Administrative Penalty and Cease and Desist soliciting contributions until licensed. | 4/15/2016 | Consent agreement entered on 5/20/2016, including reduced penalty of $1000.00; renewed license valid until 11/15/2016. |
| Cancer Fund of America, Inc. et al. | 5/20/2015 | NCGS 131F-23, violated provisions of the Chapter; and NCGS 75-1.1, engaged in unfair and deceptive trade practice. | FTC and multistate court action filed to obtain damages, restitution, and other compensation on behalf of citizens, and other relief as the court may deem appropriate. | 5/18/2015 | Consent agreement entered on 4/1/2016. |

Case 1:17-cv-00256-MR   Document 43-14   Filed 01/22/19   Page 22 of 74

# Summary of Enforcement Actions: Administrative Orders

| Entity | Date Opened | Violation(s) | Enforcement Action | Date of Action(s) | Status as of 6/30/16 |
|--------|-------------|--------------|--------------------|--------------------|----------------------|
| Operation Coming Home Foundation, Inc. | 6/16/2015 | NCGS 131F-5, soliciting contributions without current, valid charitable solicitation license; NCGS 131F-20(1, violate or fail to comply with statutory requirements; and NCGS 131F-23(d)(3), failure to respond or provide requested records. | Order assessing $1,000 Administrative Penalty and Cease and Desist soliciting contributions until licensed. | 2/17/2016 | $1000.00 penalty paid on 4/18/2016; renewed license valid until 5/15/2017. |
| The Arc of Wilson County, Inc. | 8/5/2015 | NCGS 131F-5, soliciting contributions without current, valid charitable solicitation license; NCGS 131F-20(1), violate or fail to comply with statutory requirements; and NCGS 131F-23(d)(3), failure to respond or provide requested records. | Order assessing $1,000 Administrative Penalty and Cease and Desist soliciting contributions until licensed. | 1/20/2016 | Ongoing compliance issue, penalty paid. |
| Jonathan's Outreach Network Services, Inc. | 8/31/2015 | NCGS 131F-5, soliciting contributions without current, valid charitable solicitation license; NCGS 131F-20(1), violate or fail to comply with statutory requirements; and NCGS 131F-23(d)(3), failure to respond or provide requested records. | Order assessing $1,000 Administrative Penalty and Cease and Desist soliciting contributions until licensed. | 1/29/2016 | Case appealed to OAH; awaiting hearing. |

Case 1:17-cv-00256-MR   Document 43-14   Filed 01/22/19   Page 23 of 74

# Summary of Enforcement Actions: Administrative Orders

| Entity | Date Opened | Violation(s) | Enforcement Action | Date of Action(s) | Status as of 6/30/16 |
|---|---|---|---|---|---|
| Colonial Capital Humane Society, Inc. | 9/4/2015 | NCGS 131F-5, soliciting contributions without current, valid charitable solicitation license; NCGS 131F-20(1), violate or fail to comply with statutory requirements; and NCGS 131F-23(d)(3), failure to respond or provide requested records. | Order assessing $1,000 Administrative Penalty and Cease and Desist soliciting contributions until licensed. | 1/29/2016 | Consent agreement entered on 5/9/2016, including reduced penalty of $500.00; renewed license valid until 7/15/2016. |
| Great Dane Rescue of the Carolinas | 9/8/2015 | NCGS 131F-5, soliciting contributions without current, valid charitable solicitation license; NCGS 131F-20(1), violate or fail to comply with statutory requirements; and NCGS 131F-23(d)(3), failure to respond or provide requested records. | Order assessing $1,000 Administrative Penalty and Cease and Desist soliciting contributions until licensed. | 2/1/2016 | Ongoing, unpaid penalty. |
| Mitchell County Animal Rescue, Inc. | 9/15/15 | NCGS 131F-5. soliciting contributions without current, valid charitable solicitation license; NCGS 131F-20(1), violate or fail to comply with statutory requirements; and NCGS 131F-23(d)(3), failure to respond or provide requested records. | Order assessing $1,000 Administrative Penalty and Cease and Desist soliciting contributions until licensed. | 7/31/2015 | Litigation pending. |

Case 1:17-cv-00256-MR   Document 43-14   Filed 01/22/19   Page 24 of 74

# Summary of Enforcement Actions: Administrative Orders

| Entity | Date Opened | Violation(s) | Enforcement Action | Date of Action(s) | Status as of 6/30/16 |
|---|---|---|---|---|---|
| NC Yorkie Rescue, Inc. | 9/28/2015 | NCGS 131F-5, soliciting contributions without current, valid charitable solicitation license; NCGS 131F-20(1), violate or fail to comply with statutory requirements; and NCGS 131F-23(d)(3), failure to respond or provide requested records. | Order assessing $1,000 Administrative Penalty and Cease and Desist soliciting contributions until licensed. | 2/4/2016 | Ongoing, unpaid penalty. |
| United States Equine Rescue League, Inc. | 10/2/2015 | NCGS 131F-5 soliciting contributions without current, valid charitable solicitation license; NCGS 131F-20(1), violate or fail to comply with statutory requirements; and NCGS 131F-23(d)(3), failure to respond or provide requested records. | Order assessing $1,000 Administrative Penalty and Cease and Desist soliciting contributions until licensed. | 2/4/2016 | Ongoing, unpaid penalty. |
| Accelerate Brain Cancer Cure, Inc. | 10/21/2015 | NCGS 131F-5 soliciting contributions without current, valid charitable solicitation license; NCGS 131F-20(1), violate or fail to comply with statutory requirements; and NCGS 131F-23(d)(3), failure to respond or provide requested records. | Order assessing $1,000 Administrative Penalty and Cease and Desist soliciting contributions until licensed. | 2/12/2016 | $1000.00 penalty paid on 6/12/2016. |

Case 1:17-cv-00256-MR   Document 43-14   Filed 01/22/19   Page 25 of 74

# Summary of Enforcement Actions: Administrative Orders

| Entity | Date Opened | Violation(s) | Enforcement Action | Date of Action(s) | Status as of 6/30/16 |
|---|---|---|---|---|---|
| New Beginnings Center | 12/8/2015 | NCGS 131F-5 soliciting contributions without current, valid charitable solicitation license; NCGS 131F-20(1), violate or fail to comply with statutory requirements; and NCGS 131F-23(d)(3), failure to respond or provide requested records. | Order assessing $1,000 Administrative Penalty and Cease and Desist soliciting contributions until licensed. | 2/16/2016 | Consent agreement entered on 6/23/2016, including reduced penalty of $500.00; withdrew registration. |
| Winston-Salem Professional Firefighters Association | 12/29/2015 | NCGS 131F-5 soliciting contributions without current, valid charitable solicitation license; NCGS 131F-20(1), violate or fail to comply with statutory requirements; and NCGS 131F-23(d)(3), failure to respond or provide requested records. | Order assessing $1,000 Administrative Penalty and Cease and Desist soliciting contributions until licensed. | 2/22/2016 | $1000.00 penalty paid on 4/18/2016; renewed license valid until 9/15/2016. |
| North Carolina Therapeutic Riding Center | 1/5/2016 | NCGS 131F-5 soliciting contributions without current, valid charitable solicitation license; NCGS 131F-20(1), violate or fail to comply with statutory requirements; and NCGS 131F-23(d)(3), failure to respond or provide requested records. | Order assessing $1,000 Administrative Penalty and Cease and Desist soliciting contributions until licensed. | 2/18/2016 | Litigation pending. |

Case 1:17-cv-00256-MR   Document 43-14   Filed 01/22/19   Page 26 of 74

# Summary of Enforcement Actions: Administrative Orders

| Entity | Date Opened | Violation(s) | Enforcement Action | Date of Action(s) | Status as of 6/30/16 |
|--------|-------------|--------------|--------------------|--------------------|----------------------|
| American Dream Crafter, LLC | 1/14/2016 | NCGS 131F-16, soliciting contributions without a current, valid solicitor's license; NCGS 131F-20(1), violate or fail to comply with statutory requirements; and NCGS 131F-23(d)(1), operating in violation of provisions under this Chapter. | Order assessing $1,000 Administrative Penalty. | 2/18/2016 | Case appealed to OAH; awaiting hearing |
| Humane Society of Richmond County, Inc. | 1/15/2016 | NCGS 131F-5, soliciting contributions without current, valid charitable solicitation license; NCGS 131F-20(1), violate or fail to comply with statutory requirements; and NCGS 131F-23(d)(3), failure to respond or provide requested records. | Order assessing $1,000 Administrative Penalty and Cease and Desist soliciting contributions until licensed. | 2/18/2016 | $1000.00 penalty paid on 4/18/2016; renewed license valid until 11/15/2016. |
| Thomas Davis Defending Dreams Foundation, Inc. | 3/18/2016 | NCGS 131F-5, soliciting contributions without current, valid charitable solicitation license; NCGS 131F-20(1), violate or fail to comply with statutory requirements; and NCGS 131F-23(d)(3), failure to respond or provide requested records. | Order assessing $1,000 Administrative Penalty and Cease and Desist soliciting contributions until licensed. | 6/20/2016 | Ongoing, unpaid penalty. |

Case 1:17-cv-00256-MR   Document 43-14   Filed 01/22/19   Page 27 of 74

# Summary of Enforcement Actions: Administrative Orders

| Entity | Date Opened | Violation(s) | Enforcement Action | Date of Action(s) | Status as of 6/30/16 |
|---|---|---|---|---|---|
| Keep Durham Beautiful, Inc. | 3/21/2016 | NCGS 131F-5, soliciting contributions without current, valid charitable solicitation license; NCGS 131F-20(1), violate or fail to comply with statutory requirements; and NCGS 131F-23(d)(3), failure to respond or provide requested records. | Order assessing $1,000 Administrative Penalty and Cease and Desist soliciting contributions until licensed. | 6/20/2016 | Ongoing, unpaid penalty. |
| Edgecombe-Nash Humane Society, Inc. | 3/21/2016 | NCGS 131F-5, soliciting contributions without current, valid charitable solicitation license; NCGS 131F-20(1), violate or fail to comply with statutory requirements; and NCGS 131F-23(d)(3), failure to respond or provide requested records. | Order assessing $1,000 Administrative Penalty and Cease and Desist soliciting contributions until licensed. | 6/21/2016 | Ongoing, unpaid penalty. |
| Me Fine Foundation, Inc. | 3/22/2016 | NCGS 131F-5, soliciting contributions without current, valid charitable solicitation license; NCGS 131F-20(1), violate or fail to comply with statutory requirements; and NCGS 131F-23(d)(3), failure to respond or provide requested records. | Order assessing $1,000 Administrative Penalty and Cease and Desist soliciting contributions until licensed. | 5/9/2016 | Ongoing, unpaid penalty. |

Case 1:17-cv-00256-MR   Document 43-14   Filed 01/22/19   Page 28 of 74

# Summary of Enforcement Actions: Administrative Orders

| Entity | Date Opened | Violation(s) | Enforcement Action | Date of Action(s) | Status as of 6/30/16 |
|---|---|---|---|---|---|
| Roanoke Chowan Humane Society | 3/23/2016 | NCGS 131F-5 soliciting contributions without current, valid charitable solicitation license; NCGS 131F-20(1), violate or fail to comply with statutory requirements; and NCGS 131F-23(d)(3), failure to respond or provide requested records. | Order assessing $1,000 Administrative Penalty and Cease and Desist soliciting contributions until licensed. | 6/21/2016 | Ongoing, unpaid penalty. |
| A Leg to Stand On | 3/23/2016 | NCGS 131F-5, soliciting contributions without current, valid charitable solicitation license; NCGS 131F-20(1), violate or fail to comply with statutory requirements; and NCGS 131F-23(d)(3), failure to respond or provide requested records. | Order assessing $1,000 Administrative Penalty and Cease and Desist soliciting contributions until licensed. | 6/21/2016 | Ongoing, unpaid penalty. |
| I Am My Sister | 3/28/2016 | NCGS 131F-5, soliciting contributions without current, valid charitable solicitation license; NCGS 131F-20(1), violate or fail to comply with statutory requirements; and NCGS 131F-23(d)(3), failure to respond or provide requested records. | Order assessing $1,000 Administrative Penalty and Cease and Desist soliciting contributions until licensed. | 6/21/2016 | Ongoing, unpaid penalty. |

Case 1:17-cv-00256-MR   Document 43-14   Filed 01/22/19   Page 29 of 74

# Summary of Enforcement Actions: Administrative Orders

| Entity | Date Opened | Violation(s) | Enforcement Action | Date of Action(s) | Status as of 6/30/16 |
|---|---|---|---|---|---|
| BridgeWay Associates NP | 3/30/2016 | NCGS 131F-16, failed to comply with licensing provision. | Denied application and refused to license. | 5/18/2016 | Case appealed to OAH; dismissed by Administrative Law Judge at hearing pursuant to NCGS 131F-16(e). |
| Purfect Purbaby Rescue | 6/17/16 | NCGS 131F-5, soliciting contributions without current, valid charitable solicitation license; NCGS 131F-20(1), violate or fail to comply with statutory requirements; and NCGS 131F-23(d)(3), failure to respond or provide requested records. | Order assessing $1,000 Administrative Penalty and Cease and Desist soliciting contributions until licensed. | 6/23/2016 | Ongoing, unpaid penalty. |

Case 1:17-cv-00256-MR   Document 43-14   Filed 01/22/19   Page 30 of 74

# Appendices

# Appendix A:

# North Carolina General Statute Chapter 131F

The Purpose of Chapter 131F of the North Carolina General Statutes (N.C.G.S.) as stated by the North Carolina General Assembly, in the full text of the law follows:

The General Assembly recognizes the right of persons or organizations to conduct solicitation activities. It is the intent of the General Assembly to protect the public by requiring full disclosure by persons who solicit contributions from the public for the purposes for which the contributions are solicited and how the contributions are actually used. It is the intent of the General Assembly to prohibit deception, fraud, and misrepresentation in the solicitation and reporting of contributions.

This section of the Charitable Solicitation Licensing Annual Report provides the public with the full content of Chapter 131F. The activities of the Charitable Solicitation Licensing Section of the Department of the Secretary of State function under this Law.

## Preface

This document presents the full text of North Carolina's statutes and administrative rules regulating organizations, businesses, and persons that solicit contributions from North Carolina residents through use of charitable appeals.

### Sources for updated information

The North Carolina General Assembly website at **www.ncga.state.nc.us/** maintains and updates a downloadable version of Chapter 131F of the North Carolina General Statutes.

The Office of Administrative Hearings website at **www.oah.state.nc.us/** maintains and updates a downloadable version of Chapter 11 of Title 18 of the North Carolina Administrative Code.

## I. Statute Reference: Chapter 131F. Solicitation of Contributions.

*This version of Chapter 131F omits article headings and historical footnotes.*

### § 131F-1. Purpose.

The General Assembly recognizes the right of persons or organizations to conduct solicitation activities. It is the intent of the General Assembly to protect the public by requiring full disclosure by persons who solicit contributions from the public of the purposes for which the contributions are solicited and how the contributions are actually used. It is the intent of the General Assembly to prohibit deception, fraud, and misrepresentation in the solicitation and reporting of contributions.

### § 131F-2. Definitions.

The following definitions apply in this Chapter:

(1) "Association" means any voluntary statewide organization of persons for common ends especially as in an organized group working together or periodically meeting because of common interests, beliefs, or professions. These associations may serve charitable organizations including environmental, health, educational, humane, patriotic, scientific, artistic, social welfare, and civic.

(2) "Charitable" means for a benevolent purpose, including environmental, health, educational, humane, patriotic, scientific, artistic, social welfare, and civic.

(3) "Charitable organization" means any person who has or holds out as having a section 501(c)(3) tax exempt determination by the Internal Revenue Service and operates for a charitable purpose, or a person who is or holds himself out to be established for a charitable or civic purpose; or a person who employs a charitable or civic appeal as the basis of a solicitation, or employs an appeal that suggests there is a charitable or civic purpose for the appeal. "Charitable organization" includes a chapter, branch, area office, or similar affiliate soliciting contributions within the State for a charitable organization which has its principal place of business outside the State.

CSL Contact Information:                                                    ISSUED: September 20, 2012
Agency Internet Site:  www.sosnc.gov  Electronic Mail: csl@sosnc.gov
Telephone: (919) 807-2214 - Toll free for NC residents: 1-888-830-4989
Facsimile:  (919) 807-2220                                                        **Page 1 of 28**

Case 1:17-cv-00256-MR   Document 43-14   Filed 01/22/19   Page 33 of 74

(4)     "Charitable sales promotion" means an advertising or sales campaign that represents that the purchase or use of goods or services offered by a coventurer is to benefit a charitable organization. The provision of advertising services alone to a charitable organization does not constitute a charitable sales promotion.

(4a)    "Collection Receptacle" means an unattended box, bin, canister, or other similar container used for the solicitation and collection of clothing and household goods and other miscellaneous items.

(5)     "Contribution" means a promise, pledge, grant of any money or property, financial assistance, or any other thing of value in response to a solicitation. "Contribution" includes, in the case of a charitable organization or sponsor offering a good or service to the public, the excess of the price at which the charitable organization or sponsor or any person acting on behalf of the charitable organization or sponsor sells the good or service to the public over the fair market value of the good or service. "Contribution" does not include bona fide fees, dues, or assessments paid by members if the membership is not conferred solely as consideration for making a contribution in response to a solicitation. "Contribution" does not include funds obtained by a charitable organization or sponsor under government grants or contracts.

(6)     "Coventurer" means any person who, for compensation, conducts a charitable sales promotion or a sponsor sales promotion, other than in connection with the solicitation of contributions.

(7)     "Department" means the Department of the Secretary of State.

(8)     "Emergency service employees" means employees who are firefighters, ambulance drivers, emergency medical technicians, or paramedics.

(9)     "Federated fund-raising organization" means a federation of independent charitable organizations which have voluntarily joined together, including a united way, united arts fund, or community chest, for the purpose of raising and distributing contributions and where membership does not confer operating authority and control of the individual organization upon the federated group organization.

(10)    "Fund-raising consultant" means any person who meets all of the following:

    a.      Is retained by a charitable organization or sponsor for a fixed fee or rate under a written agreement to plan, manage, conduct, consult, or prepare material for the solicitation of contributions in this State.

    b.      Does not solicit contributions or employ, procure, or engage any person to solicit contributions.

    c.      Does not at any time have custody or control of contributions.

(11)    "Fund-raising costs" means those costs incurred in inducing others to make contributions to a charitable organization or sponsor for which the contributors will receive no direct economic benefit. Fund-raising costs include salaries, rent, acquiring and obtaining mailing lists, printing, mailing, all direct and indirect costs of soliciting, and the cost of unsolicited merchandise sent to encourage contributions.

CSL Contact Information:                                                        ISSUED: September 20, 2012
Agency Internet Site:  www.sosnc.gov  Electronic Mail: csl@sosnc.gov
Telephone: (919) 807-2214 - Toll free for NC residents: 1-888-830-4989
Facsimile:  (919) 807-2220                                                    **Page 2 of 28**

Case 1:17-cv-00256-MR   Document 43-14   Filed 01/22/19   Page 34 of 74

(12) "Law enforcement officers" means persons who are elected, appointed, or employed by the State or any political subdivision of the State and who meet either of the following:

    a.    Are vested with the authority to bear arms and make arrests and have primary responsibility to prevent and detect crime or enforce the criminal, traffic, or highway laws of the State.

    b.    Have responsibility for supervision, protection, care, custody, or control of inmates within a correctional institution.

(12a) "Maintenance" means to keep in working order in order to ensure that something continues to work properly and includes regular checks and the completion of any required repairs and adjustments.

(13) "Membership" means the relationship of a person to an organization that entitles that person to the privileges, professional standing, honors, or other direct benefits of the organization in addition to the right to vote, elect officers, and hold office in the organization.

(14) "Owner" means any person who has a direct or indirect interest in any fund-raising consultant or solicitor.

(15) "Parent organization" means that part of a charitable organization or sponsor which coordinates, supervises, or exercises control over policy, fund-raising, and expenditures, or assists or advises one or more chapters, branches, or affiliates of a charitable organization or sponsor.

(16) "Person" means any individual, organization, trust, foundation, association, group, entity, partnership, corporation, society, or any combination of these acting as a unit.

(17) "Religious institution" means any church, ecclesiastical, or denominational organization, or any established physical place for worship in this State at which nonprofit religious services and activities are regularly conducted, and any bona fide religious groups that do not maintain specific places of worship. "Religious institution" includes any separate group or corporation that forms an integral part of a religious institution that is exempt from federal income tax under the provisions of section 501(c)(3) of the Internal Revenue Code, and that is primarily supported by funds solicited inside its own membership or congregation.

(18) "Solicitation" means a request, directly or indirectly, for money, property, financial assistance, or any other thing of value on the plea or representation that it will be used for a charitable or sponsor purpose or will benefit a charitable organization or sponsor. "Solicitation" may occur by any of the following methods:

    a.    Any oral or written request.

    b.    Any announcement to the press, radio, or television, by telephone or telegraph, or by any other communication device.

    c.    Distributing, posting, or publishing any handbill, written advertisement, or other publication that directly or by implication seeks to obtain any contribution.

CSL Contact Information:                              ISSUED: September 20, 2012
Agency Internet Site:  www.sosnc.gov  Electronic Mail: csl@sosnc.gov
Telephone: (919) 807-2214 - Toll free for NC residents: 1-888-830-4989
Facsimile:  (919) 807-2220

**Page 3 of 28**

> d.     Selling or offering or attempting to sell any good, service, chance, right, or any thing of value to benefit a charitable organization or sponsor.
>
> e.     Placing or maintaining a collection receptacle in public view for the purpose of collecting donated clothing, household items, and other items for resale.
>
> The selling or offering or attempting to sell is a "solicitation" whether or not the person making the solicitation receives any contribution. It is not a "solicitation" when a person applies for a grant or an award to the government or to an organization that is exempt from federal income taxation under section 501(a) of the Internal Revenue Code and described in section 501(c) of the Internal Revenue Code.

(19)     "Solicitor" means any person who, for compensation, does not qualify as a fund-raising consultant and does either of the following:

> a.     Performs any service, including the employment or engagement of other persons or services, to solicit contributions for a charitable organization or sponsor.
>
> b.     Plans, conducts, manages, consults, whether directly or indirectly, in connection with the solicitation of contributions for a charitable organization or sponsor.

(20)     "Sponsor" means a person who is or holds out to others as soliciting contributions by the use of any name that implies affiliation with emergency service employees or law enforcement officers and who is not a charitable organization. "Sponsor" includes a chapter, branch, or affiliate that has its principal place of business outside the State, if this chapter, branch, or affiliate solicits or holds out to be soliciting contributions in this State.

(21)     "Sponsor purpose" means any program or endeavor performed to benefit emergency service employees or law enforcement officers.

(22)     "Sponsor sales promotion" means an advertising or sales campaign conducted by a coventurer who represents that the purchase or use of goods or services offered by the coventurer will be used for a sponsor purpose or donated to a sponsor. The provision of advertising services alone to a sponsor does not constitute a sponsor sales promotion.

## § 131F-3. Exemptions.

The following are exempt from the provisions of this Chapter:

(1)     Any person who solicits charitable contributions for a religious institution.

(2)     Solicitation of charitable contributions by the federal, State, or local government, or any of their agencies.

(3)     Any person who receives less than twenty-five thousand dollars ($25,000) in contributions in any calendar year and does not provide compensation to any officer, trustee, organizer, incorporator, fund-raiser, or solicitor.

(4)     Any educational institution, the curriculum of which, in whole or in part, is registered, approved, or accredited by the Southern Association of Colleges

CSL Contact Information:                          ISSUED: September 20, 2012
Agency Internet Site:   www.sosnc.gov   Electronic Mail: csl@sosnc.gov
Telephone: (919) 807-2214 - Toll free for NC residents: 1-888-830-4989
Facsimile: (919) 807-2220                                       **Page 4 of 28**

Case 1:17-cv-00256-MR    Document 43-14    Filed 01/22/19    Page 36 of 74

and Schools or an equivalent regional accrediting body, any educational institution in compliance with Article 39 of Chapter 115C of the General Statutes, any foundation or department having an established identity with any of these educational institutions, and any organization with a membership that is composed solely of 20 or more educational institutions as defined in this Chapter.

(5)     Any hospital licensed pursuant to Article 5 of Chapter 131E or Article 2 of Chapter 122C of the General Statutes and any foundation or department having an established identity with that hospital if the governing board of the hospital, authorizes the solicitation and receives an accounting of the funds collected and expended.

(6)     Any noncommercial radio or television station.

(7)     A qualified community trust as provided in 26 C.F.R. § 1.170A-9(e)(10) through (e)(14).

(8)     A bona fide volunteer or bona fide employee or salaried officer of a charitable organization or sponsor.

(9)     An attorney, investment counselor, or banker who advises a person to make a charitable contribution.

(10)    A volunteer fire department, REACT (Radio Emergency Associated Communications Teams), rescue squad, or emergency medical service.

(11)    A Young Men's Christian Association or a Young Women's Christian Association.

(12)    A nonprofit continuing care facility licensed under Article 64 of Chapter 58 of the General Statutes.

(13)    Any tax exempt nonprofit fire or emergency medical service organization involved in the sale of goods or services that does not ask for a donation.

## § 131F-4.  Reserved for future codification purposes.

## § 131F-5.  Licensure of charitable organizations and sponsors required.

(a)     License Required. – Unless exempted under G.S. 131F-3, a charitable organization, sponsor, or person that intends to solicit contributions in this State, to have funds solicited on its behalf, or to participate in a charitable sales promotion or sponsor sales promotion shall obtain a license by filing an application with the Department, obtaining approval of that application by the Department, and paying the applicable fee.

(b)     Departmental Review. – The Department shall examine each application filed by a charitable organization or sponsor and shall determine whether the licensing requirements are satisfied. If the Department determines that the requirements are not satisfied, the Department shall notify the charitable organization or sponsor within 10 days after its receipt of the application. If the Department does not notify the charitable organization or sponsor within 10 days, the application is deemed to be approved and the license shall be granted. Within seven days after receipt of a notification that the requirements are not satisfied, the charitable organization or sponsor may file a petition for a contested case. The State has the burden of proof in the contested case. The contested case hearing must be held within seven days after the

CSL Contact Information:                                                                    ISSUED: September 20, 2012
Agency Internet Site:  www.sosnc.gov  Electronic Mail: csl@sosnc.gov
Telephone: (919) 807-2214 - Toll free for NC residents: 1-888-830-4989
Facsimile:  (919) 807-2220                                                          **Page 5 of 28**

Case 1:17-cv-00256-MR   Document 43-14   Filed 01/22/19   Page 37 of 74

petition is filed. A recommended decision must be made within three days of the hearing. A final decision must be made within two days after the recommended decision. The contested case hearing proceedings shall be conducted in accordance with Chapter 150B of the General Statutes except that the time limits and provisions set forth in this section shall prevail to the extent of any conflict. The applicant shall be permitted to continue to operate or continue operations pending judicial review of the Department's denial of the application. The Department shall make rules regarding the custody and control of any funds collected during the review period and disposal of such funds in the event the denial of the application is affirmed on appeal.

(c)     License Renewal. – The license shall be renewed on an annual basis. Any change in information from the original application for a license shall be filed annually on or before the fifteenth day of the fifth calendar month after the close of each fiscal year in which the charitable organization or sponsor solicited in this State, or by the date of any applicable extension of the federal filing date, whichever is later, provided that extensions given under this section shall not exceed three months after the initial renewal date or eight months after the conclusion of the year for which financial information is due at the time of renewal. A charitable organization or sponsor whose federal filing date has been extended shall, within seven days after receipt, forward a copy of the document granting the extension to the Department.

(d)     Extension of Time. – For good cause shown, the Department may extend the time for the license renewal and the annual filing of updated information for a period not to exceed 60 days, during which time the previous license shall remain in effect.


## § 131F-6.  Information required for licensure.

(a)     Initial Information Required. – The initial application for a license for a charitable organization or sponsor shall be submitted on a form provided by the Department, signed under oath by the treasurer or chief fiscal officer of the charitable organization or sponsor, and shall include the following:

(1)     The name of the charitable organization or sponsor, the purpose for which it is organized, the name under which it intends to solicit contributions, and the purpose for which the contributions to be solicited will be used.

(2)     The principal street address and telephone number of the charitable organization or sponsor and the street address and telephone numbers of any offices in this State or, if the charitable organization or sponsor does not maintain an office in this State, the name, street address, and telephone number of the person who has custody of its financial records. The parent organization that files a consolidated registration statement under G.S. 131F-7 on behalf of its chapters, branches, or affiliates shall additionally provide the street addresses and telephone numbers of all of its locations in this State.

(3)     The names and street addresses of the officers, directors, trustees, and the salaried executive personnel.

(4)     The date when the charitable organization's or sponsor's fiscal year ends.

(5)     A list or description of the major program activities.

(6)     The names, street addresses, and telephone numbers of the individuals or officers who have final responsibility for the custody of the contributions and who will be responsible for the final distribution of the contributions.

CSL Contact Information:                                                                ISSUED: September 20, 2012
Agency Internet Site:  www.sosnc.gov  Electronic Mail: csl@sosnc.gov
Telephone: (919) 807-2214 - Toll free for NC residents: 1-888-830-4989
Facsimile:  (919) 807-2220                                                          **Page 6 of 28**

(7)     The name of the individuals or officers who are in charge of any solicitation activities.

(8)     A financial report for the immediately preceding fiscal year upon a form provided by the Department. The report shall include the following:

    a.     The balance sheet.

    b.     A statement of support, revenue, and expenses, and any change in the fund balance.

    c.     Repealed by Session Laws 1995 (Regular Session, 1996), c. 748, s. 1.3.

    d.     A statement of expenses in the following categories:

        1.     Program.

        2.     Management and general.

        3.     Fund-raising.

(9)     In substitution for the information described in subdivisions (3), (4), (5), (6), and (8) of this subsection, a charitable organization or sponsor may submit, at the time the application is filed, a copy of its Internal Revenue Service Form 990 and Schedule A filed for the preceding fiscal year, or a copy of its Form 990-EZ filed for the preceding fiscal year.

(10)    A charitable organization or sponsor may include a financial report which has been audited by an independent certified public accountant or an audit with opinion by an independent certified public accountant. In the event that a charitable organization or sponsor elects to file this, this optional filing shall be noted in the Department's annual report submitted under G.S. 131F-30.

(11)    A newly organized charitable organization or sponsor with no financial history shall file a budget for the current fiscal year.

(12)    A statement indicating all of the following:

    a.     Whether or not the charitable organization or sponsor is authorized by any other state to solicit contributions.

    b.     Whether or not the charitable organization or sponsor or any of its officers, directors, trustees, or salaried executive personnel have been enjoined in any jurisdiction from soliciting contributions or have been found to have engaged in unlawful practices in the solicitation of contributions or administration of charitable assets.

    c.     Whether or not the charitable organization or sponsor has had its authority denied, suspended, or revoked by any governmental agency, together with the reasons for the denial, suspension, or revocation.

    d.     Whether or not the charitable organization or sponsor has voluntarily entered into an assurance of voluntary compliance or agreement similar to that set forth in G.S. 131F-24(c), together with a copy of that agreement.

(13)    The names, street addresses, and telephone numbers of any solicitor, fund-raising consultant, or coventurer who is acting or has agreed to act on behalf of the charitable organization or sponsor, together with a statement setting forth the specific terms of the arrangements for salaries, bonuses,

CSL Contact Information:                                                                              ISSUED: September 20, 2012
Agency Internet Site:  www.sosnc.gov  Electronic Mail: csl@sosnc.gov
Telephone: (919) 807-2214 - Toll free for NC residents: 1-888-830-4989
Facsimile:  (919) 807-2220                                                                      **Page 7 of 28**

Case 1:17-cv-00256-MR   Document 43-14   Filed 01/22/19   Page 39 of 74

commissions, expenses, or other compensation to be paid the fund-raising consultant, solicitor, or coventurer, and the amounts received from each of them, if any.

(14) With initial licensing only, when and where the organization was established, the tax-exempt status of the organization, and a copy of any federal tax exemption determination letter. If the charitable organization or sponsor has not received a federal tax exemption determination letter at the time of initial licensing, a copy of the determination shall be filed with the Department within 30 days after receipt of the determination by the charitable organization or sponsor. If the organization is subsequently notified by the Internal Revenue Service of any challenge to its continued entitlement to federal tax exemption, the charitable organization or sponsor shall notify the Department of this fact within 30 days after receipt.

(b)     Renewal Information Required. – A license shall be renewed on an annual basis. The charitable organization or sponsor shall submit any changes in the information submitted from the initial application.

## § 131F-7.  Consolidated application and renewal.

(a)     Election to File Consolidated Application. – Each chapter, branch, member, or affiliate of a parent organization or association that is required to obtain a license under G.S. 131F-5 shall either file a separate application or shall report the required information to its parent organization or association. The parent organization or association may then file, on a form provided by the Department, a consolidated application for the parent organization or association and its chapters, branches, members, and affiliates located in this State.

(b)     Consolidated Financial Information. – If all contributions received by chapters, branches, or affiliates are remitted directly into the parent organization's centralized accounting system from which all disbursements are made, the parent organization may submit one consolidated financial report as part of the application on a form provided by the Department.

(c)     Renewal Information. – The parent organization or association may file the information required for a renewal of a license in a consolidated form provided by the Department.

## § 131F-8.  License fees.

(a)     Required Fees. – Except as provided in subsections (b) and (c) of this section, every charitable organization or sponsor shall pay the following fees with each license application:

(1) Fifty dollars ($50.00), if the contributions received for the last fiscal year were less than one hundred thousand dollars ($100,000).

(2) One hundred dollars ($100.00), if the contributions received for the last fiscal year were one hundred thousand dollars ($100,000) or more, but less than two hundred thousand dollars ($200,000).

(3) Two hundred dollars ($200.00), if the contributions received for the last fiscal year were two hundred thousand dollars ($200,000) or more.

(b)     Exemption. – A licensed charitable organization or sponsor that received less than five thousand dollars ($5,000) in the last calendar or fiscal year shall not pay a fee.

CSL Contact Information:                                                                      ISSUED: September 20, 2012
Agency Internet Site:  www.sosnc.gov  Electronic Mail: csl@sosnc.gov
Telephone: (919) 807-2214 - Toll free for NC residents: 1-888-830-4989
Facsimile:  (919) 807-2220                                                                    **Page 8 of 28**

(c)    Parent Organization. – A parent organization or association filing on behalf of one or more chapters, branches, members, or affiliates shall pay a single license fee for itself and its other chapters, branches, members, or affiliates. These license fees shall be imposed as follows:

    (1)    One hundred dollars ($100.00) for a parent organization or association and one to five chapters, branches, members, or affiliates.

    (2)    Two hundred dollars ($200.00) for a parent organization or association and 6 to 10 chapters, branches, members, or affiliates.

    (3)    Two hundred fifty dollars ($250.00) for a parent organization or association and 11 to 15 chapters, branches, members, or affiliates.

    (4)    Four hundred dollars ($400.00) for a parent organization or association and 16 or more chapters, branches, members, or affiliates.

(d)    Late Filing. – A charitable organization or sponsor which fails to file the renewal information by the due date may be assessed an additional fee for the late filing. The late filing fee shall be established by rule of the Department and shall not exceed twenty-five dollars ($25.00) for each month or part of a month after the date on which the information was due to be filed or after the period of extension granted for the filing.

### § 131F-9.  Disclosure requirements of charitable organizations and sponsors.

(a)    Contributions for Expressed Purpose. – A charitable organization or sponsor shall solicit contributions only for the purpose expressed in its application and may apply contributions only in a manner substantially consistent with that purpose.

(b)    Disclosures. – A charitable organization or sponsor soliciting in this State shall include all of the following disclosures at the point of solicitation:

    (1)    The name of the charitable organization and state of the principal place of business of the charitable organization or sponsor.

    (2)    A description of the purpose for which the solicitation is being made.

    (3)    Upon request, the name and either the address or telephone number of a representative to whom inquiries could be addressed.

    (4)    Upon request, the amount of the contribution which may be deducted as a charitable contribution under federal income tax laws.

    (5)    Upon request, the source from which a written financial statement may be obtained. The financial statement shall be for the immediate past fiscal year and shall be consistent with G.S. 131F-6. The written financial statement shall be provided within 14 days after the request and shall state the purpose for which funds are raised, the total amount of all contributions raised, the total costs and expenses incurred in raising contributions, the total amount of contributions dedicated to the stated purpose or disbursed for the stated purpose, and whether the services of another person or organization have been contracted to conduct solicitation activities.

(c)    Printed Disclosure. – Every charitable organization or sponsor that is required to obtain a license under G.S. 131F-5 shall conspicuously display in type of a minimum size nine points, the following statement on every printed solicitation, written confirmation, receipt, or reminder of a contribution:

CSL Contact Information:                                                                                    ISSUED: September 20, 2012
Agency Internet Site:  www.sosnc.gov  Electronic Mail: csl@sosnc.gov
Telephone: (919) 807-2214 - Toll free for NC residents: 1-888-830-4989
Facsimile:  (919) 807-2220                                                                               **Page 9 of 28**

Case 1:17-cv-00256-MR   Document 43-14   Filed 01/22/19   Page 41 of 74

"Financial information about this organization and a copy of its license are available from the State Solicitation Licensing Branch at [telephone number]. The license is not an endorsement by the State."

The statement shall be made conspicuous by use of one or more of the following: underlining, a border, or bold type. When the solicitation consists of more than one piece, the statement shall be displayed prominently in the solicitation materials, but not necessarily on every page.

(d)     Collection Receptacle Disclosure. – Any person who is required to obtain a license under any provision of this Chapter and who is soliciting donated clothing, household items, and other items for resale through the use of a collection receptacle shall display on all sides of each collection receptacle a permanent sign or label with the name of the charitable organization or sponsor for whom the solicitation is made and the phone number or electronic mail address of a contact at the charitable organization or sponsor.  The sign or label shall be placed on all sides of the collection receptacle with the required information printed in letters that are no less than three inches in height and no less than one-half inch in width and in a color that contrasts with the color of the collection receptacle so that the sign or label is clearly visible.  Upon request, the charitable organization or sponsor must provide the donor with documentation of its tax exempt status and license issued under this Chapter.

## § 131F-10.   Disclosure requirements for other organizations.

 Any person who is not a charitable organization or sponsor and who places or maintains a collection receptacle in public view for the purpose of collecting donated clothing, household items, and other items for resale shall display on all sides of each collection receptacle a permanent sign or label with the phone number or electronic mail address of a contact for the person and the following statement:  "This is not a charity.   Donations made here support a for-profit business and are not tax deductible."  The sign or label shall be placed on all sides of the collection receptacle with the required information printed in letters that are no less than three inches in height and no less than one-half inch in width and in a color that contrasts with the color of the collection receptacle so that the sign or label is clearly visible.  Upon request, the person must provide the donor with documentation of its license issued under this Chapter.

## §§ 131F-11 through 131F-14.   Reserved for future codification purposes.

## § 131F-15.   License required for fund-raising consultant.

(a)     License Required. – Unless exempted under G.S. 131F-3, a person shall not act as a fund-raising consultant in this State unless that person has obtained a license from the Department.

(b)     License Application. – Applications for a license or renewal of a license shall be submitted on a form provided by the Department, shall be signed under oath, and shall include the following:

      (1)     The street address and telephone number of the principal place of business of the applicant and any street addresses of business locations in this State if the principal place of business is located outside this State.

      (2)     The form of the applicant's business.

CSL Contact Information:                                                                           ISSUED: September 20, 2012
Agency Internet Site:  www.sosnc.gov  Electronic Mail: csl@sosnc.gov
Telephone: (919) 807-2214 - Toll free for NC residents: 1-888-830-4989
Facsimile:  (919) 807-2220                                                                   **Page 10 of 28**

Case 1:17-cv-00256-MR   Document 43-14   Filed 01/22/19   Page 42 of 74

(3)     The names and residence addresses of all officers, directors, and owners.

(4)     Whether any of the owners, directors, officers, or employees of the applicant are related as parent, child, spouse, or sibling to any of the following individuals:

    a.     Other directors, officers, owners, or employees of the applicant.

    b.     Any officer, director, trustee, or employee of any charitable organization or sponsor under contract to the applicant.

    c.     Any supplier or vendor providing goods or services to any charitable organization or sponsor under contract to the applicant.

(5)     Whether the applicant or any of the applicant's officers, directors, employees, or owners have, within the last five years, been convicted of any felony, or of any misdemeanor arising from the conduct of a solicitation for a charitable organization or sponsor or charitable or sponsor purpose, or been enjoined from violating a charitable solicitation law in this or any other state.

(c)     Fees. – The application for an initial or renewal license shall be accompanied by a license fee of two hundred dollars ($200.00). A fund-raising consultant that is a partnership or corporation may obtain a license for and pay a single fee on behalf of all of its partners, members, officers, directors, agents, and employees. In that case, the names and street addresses of all of the officers, employees, and agents of the fund-raising consultant and all other persons with whom the fund-raising consultant has contracted to work under its direction shall be listed in the license application. Each license is valid for one year or a part of one year and expires on March 31 of each year. The license may be renewed on or before March 31 of each year for additional one-year periods upon application to the Department and payment of the license fee.

(d)     Contracts. – Every contract or agreement between a fund-raising consultant and a charitable organization or sponsor shall be in writing, signed by two authorized officials of the charitable organization or sponsor, and filed by the fund-raising consultant with the Department at least five days prior to the performance of any service by the fund-raising consultant. Solicitation under the contract or agreement shall not begin before the filing of the contract or agreement. The contract shall contain all of the following provisions:

(1)     A statement of the charitable purpose or sponsor purpose for which the solicitation campaign is being conducted.

(2)     A statement of the respective obligations of the fund-raising consultant and the charitable organization or sponsor.

(3)     A clear statement of the fee that will be paid to the fund-raising consultant.

(4)     The effective and termination dates.

(5)     A statement that the fund-raising consultant shall not, at any time, have control or custody of contributions.

(e)     Departmental Review. – The Department shall examine each application or renewal filed by a fund-raising consultant and determine whether the requirements are satisfied. If the Department determines that the requirements are not satisfied, the Department shall notify the fund-raising consultant within 10 days after its receipt of the application or renewal. If the Department does not respond within 10 days, the license is deemed approved. Within seven days after receipt of a notification that the license requirements are not satisfied, the applicant may file a petition for a contested case. The State has the burden of proof in the contested case. The

CSL Contact Information:                                                                                 ISSUED: September 20, 2012
Agency Internet Site:  www.sosnc.gov  Electronic Mail: csl@sosnc.gov
Telephone: (919) 807-2214 - Toll free for NC residents: 1-888-830-4989
Facsimile:  (919) 807-2220

**Page 11 of 28**

contested case hearing must be held within seven days after the petition is filed. A recommended decision must be made within three days of the hearing. A final decision must be made within two days after the recommended decision. The contested case hearing proceedings shall be conducted in accordance with Chapter 150B of the General Statutes, except that the time limits and provisions set forth in this section shall prevail to the extent of any conflict. The applicant shall be permitted to continue to operate or continue operations pending judicial review of the Department's denial of the application. The Department shall make rules regarding the custody and control of any funds collected during the review period and disposal of such funds in the event the denial of the application is affirmed on appeal.

(f)     Fund. – All license fees shall be paid to the Department and deposited into the Solicitation of Contributions Fund to be used to pay the costs incurred in administering and enforcing this Chapter.

(g)     Change in Information. – Unless otherwise provided, any material change in information filed with the Department pursuant to this section shall be reported in writing to the Department within seven working days after the change occurred.

## § 131F-16.  License required for solicitors.

(a)     Licensure Required. – Unless exempted under G.S. 131F-3, a person shall not act as a solicitor in this State unless that person has obtained a license from the Department and paid the applicable fees.

(b)     Applications. – Applications for a license or renewal of a license shall be submitted on a form provided by the Department, shall be signed under oath, and shall include the following information:

     (1)     The street address and telephone number of the principal place of business of the applicant and any North Carolina street addresses if the principal place of business is located outside this State.

     (2)     The form of the applicant's business.

     (3)     The place and date when the applicant, if other than an individual, was legally established.

     (4)     The names and residence addresses of all officers, directors, and owners.

     (5)     A statement as to whether any of the owners, directors, officers, or employees of the applicant are related as parent, spouse, child, or sibling to:

          a.     Any other directors, officers, owners, or employees of the applicant.

          b.     Any officer, director, trustee, or employee of any charitable organization or sponsor under contract to the applicant.

          c.     Any supplier or vendor providing goods or services to any charitable organization or sponsor under contract to the applicant.

     (6)     A statement as to whether the applicant or any of the directors, officers, persons with a controlling interest in the applicant, or employees or agents involved in solicitation have been convicted, within the last five years, of any felony, or of a misdemeanor arising from the conduct of a solicitation for any charitable organization or sponsor or charitable or sponsor purpose, or been enjoined from violating a charitable solicitation law in this or any other state.

     (7)     The names of all persons in charge of any solicitation activity.

CSL Contact Information:                                       ISSUED: September 20, 2012
Agency Internet Site:  www.sosnc.gov  Electronic Mail: csl@sosnc.gov
Telephone: (919) 807-2214 - Toll free for NC residents: 1-888-830-4989
Facsimile:  (919) 807-2220                                    **Page 12 of 28**

Case 1:17-cv-00256-MR   Document 43-14   Filed 01/22/19   Page 44 of 74

(c)      Fees. – The application for an initial or renewal license shall be accompanied by a fee of two hundred dollars ($200.00). A solicitor that is a partnership or corporation may register for and pay a single fee on behalf of all of the partners, members, officers, directors, agents, and employees. In that case, the names and street addresses of all the officers, employees, and agents of the solicitor and all other persons with whom the solicitor has contracted to work under this solicitor's direction, including solicitors, shall be listed in the license application or furnished to the Department within five days after the date of employment or contractual arrangement. Each license is valid for one year or a part of one year and expires on March 31 of each year. The license may be renewed on or before March 31 of each year for an additional one-year period upon application to the Department and payment of the license fee.

(d)      Bond. – A solicitor shall, at the time of application or renewal of the license, file with and have approved by the Department a bond with a surety authorized to do business in this State and to which the solicitor is the principal obligor. The amount of the bond shall be determined as follows:

(1)      Twenty thousand dollars ($20,000), if the contributions received for the last fiscal year were less than one hundred thousand dollars ($100,000).

(2)      Thirty thousand dollars ($30,000), if the contributions received for the last fiscal year were at least one hundred thousand dollars ($100,000) but less than two hundred thousand dollars ($200,000).

(3)      Fifty thousand dollars ($50,000), if the contributions received for the last fiscal year were at least two hundred thousand dollars ($200,000).

The solicitor shall maintain the bond in effect as long as the license is in effect. The liability of the surety under the bond shall not exceed an all-time aggregate liability of fifty thousand dollars ($50,000). The bond, which may be in the form of a rider to a larger blanket liability bond, shall be payable to the State and to any person who may have a cause of action against the principal obligor of the bond for any liability arising out of a violation by the obligor of any provision of this Chapter or any rule adopted under this Chapter.

(d1)      In lieu of the bond required under subsection (d) of this section, a solicitor may submit a certificate of deposit in the amount as for a bond pursuant to subsection (d) of this section. The certificate of deposit shall be payable to the State and unrestrictively endorsed to the Department; or, in the case of a negotiable certificate of deposit, unrestrictively endorsed to the Department; or, in the case of a nonnegotiable certificate of deposit, assigned to the Department in a form satisfactory to the Department. Access to the certificate of deposit in favor of the State is subject to the same conditions as for a bond under subsection (d) of this section and shall extend for a period not less than four years after the solicitor ceases activities that are subject to this Chapter. The Department shall deliver to the State Treasurer certificates of deposit submitted under this section.

(e)      Departmental Review. – The Department shall examine each application filed by a solicitor. If the Department determines that the requirements are not satisfied, the Department shall notify the solicitor within 10 days after its receipt of the application. If the Department does not respond within 10 days, the license is deemed approved. Within seven days after receipt of a notification that the requirements are not satisfied, the applicant may request a hearing. The state shall bear the burden of proof at such hearing. The hearing shall be held within seven days after receipt of the request. Any recommended order, if one is issued, shall be rendered within three

CSL Contact Information:                                                    ISSUED: September 20, 2012
Agency Internet Site:  www.sosnc.gov  Electronic Mail: csl@sosnc.gov
Telephone: (919) 807-2214 - Toll free for NC residents: 1-888-830-4989
Facsimile:  (919) 807-2220                                                    **Page 13 of 28**

**Case 1:17-cv-00256-MR   Document 43-14   Filed 01/22/19   Page 45 of 74**

days after the hearing. The final order shall then be issued within two days after the recommended order. If there is no recommended order, the final order shall be issued within five days after the hearing. The proceedings shall be conducted in accordance with Chapter 150B of the General Statutes, except that the time limits and provision set forth in this subsection prevail to the extent of any conflict. The applicant shall be permitted to continue to operate or continue operations pending judicial review of the Department's denial of the application. The Department shall make rules regarding the custody and control of any funds collected during the review period and disposal of such funds in the event the denial of the application is affirmed on appeal.

(f) Solicitation Notice. – No less than five days before commencing any solicitation campaign or event, the solicitor shall file with the Department a solicitation notice on a form provided by the Department. The notice shall be signed and sworn to by the contracting officer of the solicitor and shall include:

 (1) A description of the solicitation event or campaign.
 (2) Each location and telephone number from which the solicitation is to be conducted.
 (3) The legal name and residence address of each person responsible for directing and supervising the conduct of the campaign.
 (4) A statement as to whether the solicitor will, at any time, have custody of contributions.
 (5) The account number and location of each bank account where receipts from the campaign are to be deposited.
 (6) A full and fair description of the charitable or sponsor program for which the solicitation campaign is being carried out as provided in the contract between the solicitor and the charitable organization or sponsor.
 (7) The fund-raising methods to be used.
 (8) A copy of the contract executed in accordance with subsection (g) of this section.

(g) Contracts. – Each contract or agreement between a solicitor and a charitable organization or sponsor for each solicitation campaign shall be in writing, shall be signed by two authorized officials of the charitable organization or sponsor, one of whom shall be a member of the organization's governing body and one of whom shall be the authorized contracting officer for the solicitor. Each contract or agreement shall contain all of the following provisions:

 (1) A statement of the charitable or sponsor purpose and program for which the solicitation campaign is being conducted.
 (2) A statement of the respective obligations of the solicitor and the charitable organization or sponsor.
 (3) A statement of the guaranteed minimum percentage of the gross receipts from contributions which will be remitted to the charitable organization or sponsor. If the solicitation involves the sale of goods, services, or tickets to a fund-raising event, the percentage of the purchase price which will be remitted to the charitable organization or sponsor. Any stated percentage shall exclude any amount which the charitable organization or sponsor shall pay as fund-raising costs.

CSL Contact Information:           ISSUED: September 20, 2012
Agency Internet Site: www.sosnc.gov Electronic Mail: csl@sosnc.gov
Telephone: (919) 807-2214 - Toll free for NC residents: 1-888-830-4989
Facsimile: (919) 807-2220           **Page 14 of 28**

Case 1:17-cv-00256-MR Document 43-14 Filed 01/22/19 Page 46 of 74

(4)     A statement of the percentage of the gross revenue for which the solicitor shall be compensated. If the compensation of the professional solicitor is not contingent upon the number of contributions or the amount of revenue received, the compensation shall be expressed as a reasonable estimate of the percentage of the gross revenue, and the contract shall clearly disclose the assumptions upon which the estimate is based. The stated assumptions shall be based upon all of the relevant facts known to the solicitor regarding the solicitation to be conducted by the solicitor.

(5)     The effective and termination dates of the contract.

(h)     Financial Report. – Within 90 days after a solicitation campaign has been completed and on the anniversary of the commencement of a solicitation campaign lasting more than one year, the solicitor shall provide to the charitable organization or sponsor and file with the Department a financial report of the campaign, including the gross revenue received, an itemization of all expenses incurred, and the fixed percentage of the gross revenue that the charitable organization or sponsor received as a benefit from the solicitation campaign. The report shall be completed on a form provided by the Department and shall be signed by an authorized official of the solicitor who shall certify under oath that the report is true and correct.

(i)     Handling of Contributions. – Each contribution collected by or in the custody of the solicitor shall be solely in the name of the charitable organization or sponsor on whose behalf the contribution was solicited. Not later than two days after receipt of each contribution, the solicitor shall deposit the entire amount of the contribution in an account at a bank or other federally insured financial institution, which account shall be in the name of that charitable organization or sponsor. The charitable organization or sponsor shall have sole control of all withdrawals from the account and the solicitor shall not be given the authority to withdraw any deposited funds from the account.

(j)     Records of Solicitors. – During each solicitation campaign, and for not less than three years after its completion, the solicitor shall maintain the following records:

(1)     The date and amount of each contribution received and the name, address, and telephone number of each contributor.

(2)     The name and residence street address of each employee, agent, and any other person, however designated, who is involved in the solicitation, the amount of compensation paid to each, and the dates on which the payments were made.

(3)     A record of all contributions that at any time are in the custody of the solicitor.

(4)     A record of all expenses incurred by the solicitor for the payment of which the solicitor is liable.

(5)     A record of all expenses incurred by the solicitor for the payment of which the charitable organization or sponsor is liable.

(6)     The location of each bank or financial institution in which the solicitor has deposited revenue from the solicitation campaign and the account number of each account in which the deposits were made.

(7)     A copy of each pitch sheet or solicitation script used during the completed solicitation campaign.

CSL Contact Information:                                                                       ISSUED: September 20, 2012
Agency Internet Site:  www.sosnc.gov  Electronic Mail: csl@sosnc.gov
Telephone: (919) 807-2214 - Toll free for NC residents: 1-888-830-4989
Facsimile:  (919) 807-2220                                                                     **Page 15 of 28**

Case 1:17-cv-00256-MR   Document 43-14   Filed 01/22/19   Page 47 of 74

    (8)    If a refund of a contribution has been requested, the name and address of each person requesting the refund. If a refund was made, the amount and the date it was made.

(k)    Records of Tickets. – If the solicitor sells tickets to any event and represents that the tickets will be donated for use by another person, the solicitor shall maintain for at least three years the following records:

    (1)    The name and address of each contributor who purchases or donates tickets and the number of tickets purchased or donated by the contributor.

    (2)    The name and address of each organization that receives the donated tickets for the use of others, and the number of tickets received by the organization.

(l)    Review of Records. – Any of the records described in this section shall be made available to the Department upon request and shall be furnished within 10 days after the request.

(m)    Change in Information. – Unless otherwise provided in this Chapter, any change in any information filed with the Department under this section shall be reported in writing to the Department within seven days after the change occurs.

(n)    License Rescinded. – Any person licensed as a solicitor shall permanently lose that person's license if it is determined that that person, any officer or director thereof, any person with a ten percent (10%) or greater interest therein, or any person the solicitor employs, engages, or procures to solicit for compensation, has been convicted in the last five years of a crime arising from the conduct of a solicitation for a charitable organization or sponsor or a charitable purpose or sponsor purpose.

## § 131F-17. Disclosure requirements of solicitors.

(a)    General Disclosures. – A solicitor shall comply with the following disclosures:

    (1)    Prior to orally requesting a contribution or along with a written request for a contribution, a solicitor shall clearly disclose:

        a.    The name of the solicitor as on file with the Department.

        b.    If the individual acting on behalf of the solicitor identifies himself by name, the individual's legal name.

        c.    That the caller is a paid solicitor.

    (2)    In the case of a solicitation campaign conducted orally, whether by telephone or otherwise, any written confirmation, receipt, or reminder sent to any person who has contributed or has pledged to contribute, shall include a clear disclosure of the information required under subdivision (1) of this subsection.

    (3)    In addition to the information required by subdivision (1) of this subsection, any written confirmation, receipt, or reminder of contribution made pursuant to an oral solicitation and any written solicitation shall conspicuously state in type of a minimum of nine points:

        "Financial information about the solicitor and a copy of its license are available from the State Solicitation Licensing Branch at [telephone number]. The license is not an endorsement by the State."

        The statement shall be made conspicuous by use of one or more of the following: underlining, a border, or bold type. When the solicitation materials

CSL Contact Information:                       ISSUED: September 20, 2012
Agency Internet Site:  www.sosnc.gov  Electronic Mail: csl@sosnc.gov
Telephone: (919) 807-2214 - Toll free for NC residents: 1-888-830-4989
Facsimile:  (919) 807-2220                         **Page 16 of 28**

consist of more than one piece, the statement shall be displayed prominently in the solicitation materials, but not necessarily on every page.

    (4)    If requested by the person being solicited, the solicitor shall inform that person, in writing, within 14 days of the request, of the fixed percentage of the gross revenue or the reasonable estimate of the percentage of the gross revenue that the charitable organization or sponsor will receive as a benefit from the solicitation campaign.

    (5)    If requested by the person being solicited, the solicitor shall inform that person, in writing, within 14 days of the request, of the percentage of the contribution which may be deducted as a charitable contribution under federal income tax laws.

    (b)    Tickets. – A solicitor shall not represent that tickets to any event will be donated for use by another person, unless:

    (1)    The solicitor has the written commitments from persons stating that they will accept donated tickets and specifying the number of tickets they are willing to accept.

    (2)    The written commitments are filed with the Department prior to any solicitation.

The contributions solicited for donated tickets shall not be more than the amount representing the number of ticket commitments received from persons and filed with the Department. At least seven days before the date of the event, the solicitor shall give all donated tickets to each person that made the written commitment to accept them.

## § 131F-18.  Requirements of coventurers.

    (a)    Written Consent. – Prior to the commencement of any charitable sales promotion or sponsor sales promotion in this State conducted by a coventurer on behalf of a charitable organization or sponsor, the coventurer shall obtain the written consent of the charitable organization or sponsor whose name will be used during the charitable sales promotion or sponsor sales promotion.

    (b)    Rules. – The Department may adopt rules requiring disclosure in advertising for a charitable sales promotion or sponsor sales promotion of information relating to the portion or amount that will benefit the charitable organization or sponsor or the charitable purpose or sponsor purpose.

    (c)    Final Accounting. – A final accounting for each charitable sales promotion or sponsor sales promotion shall be prepared by the coventurer following completion. The final accounting shall be provided to the charitable organization or sponsor on whose behalf the sales promotion was conducted within 10 days after a request by the charitable organization or sponsor. The final accounting shall be kept by the coventurer for a period of three years, unless the coventurer and the charitable organization or sponsor mutually agree that the accounting should be kept by the charitable organization or sponsor instead of the coventurer. A copy of the final accounting shall be provided to the Department no later than 10 days after the Department requests it.

## § 131F-19.  Reserved for future codification purposes.

CSL Contact Information:                                              ISSUED: September 20, 2012
Agency Internet Site:  www.sosnc.gov  Electronic Mail: csl@sosnc.gov
Telephone: (919) 807-2214 - Toll free for NC residents: 1-888-830-4989
Facsimile:  (919) 807-2220                                                **Page 17 of 28**

Case 1:17-cv-00256-MR   Document 43-14   Filed 01/22/19   Page 49 of 74

## § 131F-20.  Prohibited acts.

It is unlawful for any person to:

(1)    Violate or fail to comply with the requirements of this Chapter.

(2)    Act as a fund-raising consultant or solicitor after the expiration, suspension, or revocation of that person's license.

(3)    Enter into any contract or agreement with or employ a fund-raising consultant or solicitor unless that fund-raising consultant or solicitor is licensed by the Department.

(4)    Knowingly file false or misleading information in any document required to be filed with the Department or in response to any request or investigation by the Department or the Attorney General.

(5)    Make misrepresentations or misleading statements to the effect that any other person sponsors or endorses the solicitation, approves of its purpose, or is connected therewith, when that person has not given written consent to the use of that person's name.

(6)    Represent that a contribution is for or on behalf of a charitable organization or sponsor, or to use any emblem, device, or printed matter belonging to or associated with a charitable organization or sponsor, without first being authorized in writing to do so by the charitable organization or sponsor.

(7)    Use a name, symbol, emblem, device, service mark, or statement so closely related or similar to that used by another charitable organization or sponsor that the use would mislead the public.

(8)    Falsely state that the person is a member of or a representative of a charitable organization or sponsor or falsely state or represent that the person is a member of or represents law enforcement officers or emergency service employees.

(9)    Misrepresent or mislead anyone by any manner, means, practice, or device to believe that the person on whose behalf the solicitation or sale is being conducted is a charitable organization or sponsor, or that any of the proceeds of the solicitation or sale will be used for charitable or sponsor purposes.

(10)   Represent that a charitable organization or sponsor will receive a fixed or estimated percentage of the gross revenue from a solicitation campaign greater than that identified in filings with the Department under this Chapter, or that a charitable organization or sponsor will receive an actual or estimated dollar amount or percentage per unit of goods or services purchased or used in the charitable or sponsor sales promotion that is greater than that agreed to by the coventurer and the charitable organization or sponsor.

(11)   Use or exploit the fact of registration or the filing of any report with any governmental agency to lead any person to believe that the registration in any manner constitutes an endorsement or approval by the State. However, use of the statement required in G.S. 131F-9(c) or G.S. 131F-17(a)(3) is not a prohibited use or exploitation.

(12)   Make misrepresentations or misleading statements to the effect that the donation of a contribution or the display of any sticker, emblem, or insignia

CSL Contact Information:                                                                              ISSUED: September 20, 2012
Agency Internet Site:  www.sosnc.gov  Electronic Mail: csl@sosnc.gov
Telephone: (919) 807-2214 - Toll free for NC residents: 1-888-830-4989
Facsimile:  (919) 807-2220                                                               **Page 18 of 28**

Case 1:17-cv-00256-MR   Document 43-14   Filed 01/22/19   Page 50 of 74

offered to contributors shall entitle a person to any special treatment by emergency service employees or law enforcement officers in the performance of their official duties.

(13)  Solicit contributions from another person while wearing the uniform of an emergency service employee or law enforcement officer, or while on duty as an emergency service employee or law enforcement officer, except where the solicitation is for a charitable organization or sponsor or except when soliciting contributions to benefit an emergency service employee or law enforcement officer who has been injured in the line of duty or to benefit the family or dependents of an emergency service employee or law enforcement officer who has been killed in the line of duty.

(14)  Solicit contributions on behalf of another person using any statement that the failure to make a contribution shall result in a reduced level of law enforcement services being provided to the public or the person solicited.

(15)  Employ in any solicitation any device or scheme to defraud or to obtain a contribution by means of any deception, false pretense, misrepresentation, or false promise.

(16)  Notify any other person by any means, as part of an advertising scheme or plan, that the other person has won a prize, received an award, or has been selected or is eligible to receive anything of value if the other person is required to purchase goods or services, pay any money to participate in, or submit to a promotion effort.

(17)  Fail to provide complete and timely payment to a charitable organization or sponsor of the proceeds from a solicitation campaign or a charitable or sponsor sales promotion.

(18)  Fail to apply contributions in a manner substantially consistent with the solicitation.

(19)  Fail to identify the professional relationship to the person for whom the solicitation is being made.

(20)  To send to any person a writing which simulates or resembles an invoice unless the intended recipient has contracted for goods, property, or services from the charitable organization or solicitor who sends the writing.

### § 131F-21.  Violation as deceptive or unfair trade practice.

Any person who commits an act or practice that violates any provision of this Chapter engages in an unfair trade practice in violation of G.S. 75-1.1.

### § 131F-22.  Criminal penalties.

Except as otherwise provided in this Chapter and in addition to any administrative or civil penalties, any person who willfully and knowingly violates a provision of this Chapter commits a Class 1 misdemeanor.

CSL Contact Information:                                                                      ISSUED: September 20, 2012
Agency Internet Site:  www.sosnc.gov  Electronic Mail: csl@sosnc.gov
Telephone: (919) 807-2214 - Toll free for NC residents: 1-888-830-4989
Facsimile:  (919) 807-2220                                                                           **Page 19 of 28**

## § 131F-23. Enforcement.

(a)    Investigation. – The Department may conduct an investigation of any person whenever there is an allegation or appearance, either upon complaint or otherwise, that a violation of this Chapter or of any rule adopted or of any order issued pursuant to this Chapter has occurred or is about to occur.

(b)    Subpoena Power. – The Department may issue and serve subpoenas and subpoenas duces tecum to compel the attendance of witnesses and the production of all books, accounts, records, and other documents and materials relevant to an examination or investigation. The Department, or its duly authorized representative, may administer oaths and affirmations to any person.

(c)    Court Action. – In the event of substantial noncompliance with a subpoena or subpoena duces tecum issued or caused to be issued by the Department, the Department may petition the superior court of the county in which the person subpoenaed resides or has the principal place of business for an order requiring the subpoenaed person to appear and testify and to produce any books, accounts, records, and other documents as are specified in the subpoena duces tecum. The court may grant injunctive relief restraining the person from collecting contributions and any other relief, including the restraint by injunction or appointment of a receiver, or any transfer, pledge, assignment, or other disposition of the person's assets, or any concealment, alteration, destruction, or other disposition of subpoenaed books, accounts, records, or other documents and materials as the court deems appropriate, until the person or organization has fully complied with the subpoena or subpoena duces tecum and the Department has completed its investigation or examination. The court may also order the person to produce a financial statement that has been audited by an independent certified public accountant. Costs incurred by the Department to obtain an order granting, in whole or in part, a petition for enforcement of a subpoena or subpoena duces tecum shall be taxed against the subpoenaed person and failure to comply with the order shall be contempt of court.

(d)    Violations. – The Department may enter an order imposing one or more of the penalties set forth in subsection (e) of this section if the Department finds that a charitable organization, sponsor, fund-raising consultant, or solicitor, or their officers, agents, directors, or employees have engaged in any of the following acts:

  (1)    Violated or is operating in violation of any of the provisions of this Chapter or of the rules adopted or orders issued under this Chapter.

  (2)    Made a false statement in an application, statement, or report required to be filed under this Chapter.

  (3)    Refused or failed, after notice, to produce any records or to disclose any information required to be disclosed under this Chapter or the rules adopted by the Department.

  (4)    Made a false statement in response to any request or investigation by the Department or the Attorney General.

(e)    Penalties. – Upon a finding as set forth in subsection (d) of this section, the Department may enter an order as follows:

  (1)    Imposing an administrative penalty not to exceed one thousand dollars ($1,000) for each act or omission which constitutes a violation of this Chapter or a rule or an order.

CSL Contact Information:                                                               ISSUED: September 20, 2012
Agency Internet Site:  www.sosnc.gov  Electronic Mail: csl@sosnc.gov
Telephone: (919) 807-2214 - Toll free for NC residents: 1-888-830-4989
Facsimile:  (919) 807-2220                                                        **Page 20 of 28**

Case 1:17-cv-00256-MR   Document 43-14   Filed 01/22/19   Page 52 of 74

(2)     Issuing a cease and desist order that directs that the person cease and desist specified fund-raising activities.

(3)     Refusing to register or cancelling or suspending a registration.

(4)     Placing the registrant on probation for a period of time, subject to such conditions as the Department may specify.

(5)     Issuing of a letter of concern.

(6)     Cancelling an exemption granted under G.S. 131F-3.

(f)     Procedures. – Except as otherwise provided in this section, the administrative proceedings which could result in the entry of an order imposing any of the penalties specified in subsection (e) of this section are governed by Chapter 150B of the General Statutes.

(g)     Disposition of Penalties. – The clear proceeds of penalties provided for in subsection (e) of this section shall be remitted to the Civil Penalty and Forfeiture Fund in accordance with G.S. 115C-457.2.

## § 131F-24.  Civil remedies and enforcement.

(a)     Civil Remedies. – In addition to other remedies authorized by law, the Attorney General may bring a civil action in superior court to enforce this Chapter. Upon a finding that any person has violated this Chapter, a court may make any necessary order or enter a judgment, including a temporary or permanent injunction, a declaratory judgment, the appointment of a master or receiver, the sequestration of assets, the reimbursement of persons from whom contributions have been unlawfully solicited, the distribution of contributions in accordance with the charitable or sponsor purpose expressed in the registration statement or in accordance with the representations made to the person solicited, the reimbursement of the Department for attorneys' fees and costs, including investigative costs, and any other equitable relief the court finds appropriate. Upon a finding that any person has violated any provision of this Chapter, a court may enter an order imposing a civil penalty in an amount not to exceed ten thousand dollars ($10,000) per violation.

The clear proceeds of penalties imposed pursuant to this subsection shall be remitted to the Civil Penalty and Forfeiture Fund in accordance with G.S. 115C-457.2.

(b)     Attorney General. – The Attorney General may conduct any investigation necessary to bring a civil action under this section, including administering oaths and affirmations, subpoenaing witnesses or material, and collecting evidence.

(c)     Voluntary Compliance. – The Attorney General may terminate an investigation or an action upon acceptance of a person's written assurance of voluntary compliance with this Chapter. Acceptance of an assurance may be conditioned on commitment to reimburse donors or to take other appropriate corrective action. An assurance is not evidence of a prior violation of any of this Chapter. Unless an assurance has been rescinded by agreement of the parties or voided by a court for good cause, subsequent failure to comply with the terms of an assurance is prima facie evidence of a violation of this Chapter.

## §§ 131F-25 through 131F-29.  Reserved for future codification purposes.

## § 131F-30.  Public information; annual report.

CSL Contact Information:                                                                              ISSUED: September 20, 2012
Agency Internet Site:  www.sosnc.gov  Electronic Mail: csl@sosnc.gov
Telephone: (919) 807-2214 - Toll free for NC residents: 1-888-830-4989
Facsimile:  (919) 807-2220                                                                          **Page 21 of 28**

Case 1:17-cv-00256-MR   Document 43-14   Filed 01/22/19   Page 53 of 74

(a)     Public Information Program. – The Department shall develop a public information program to further the purposes of this Chapter. The purpose of the program is to help the public recognize unlawful, misleading, deceptive, or fraudulent solicitations and make knowledgeable, informed decisions concerning contributions.

(b)     Information to Be Included. – The program shall include information concerning:

(1)     The laws governing solicitations, including licensing and disclosure requirements, prohibited acts, and penalties.

(2)     The means by which the public can report suspected violations or file a complaint.

(3)     Any other information the Department believes will assist the public in making knowledgeable and informed decisions concerning contributions.

(c)     Annual Report. – The Department shall prepare an annual report to be submitted to the Governor, the President of the Senate, and the Speaker of the House of Representatives and to be made available to the public by publishing it on the Department's web site, summarizing the information filed under this Chapter which the Department determines will assist the public in making informed and knowledgeable decisions concerning contributions. The report shall include the following:

(1)     A list of complaints filed for which violations were found to have occurred in each of the following categories: charitable organizations, sponsors, solicitors, and fund-raising consultants.

(2)     A list of the number of investigations by the Department, enforcement actions commenced under this Chapter, and the disposition of those actions.

(3)     A list of those charitable organizations and sponsors that have voluntarily submitted an audited financial statement pursuant to G.S. 131F-6(a)(10) or an audit with an opinion prepared by an independent certified public accountant.

(4)     A list of all solicitors licensed under this Chapter and the fixed percentage of the gross revenue that the charitable organization or sponsor will receive as a benefit from the solicitation campaign, the reasonable estimate of the percentage of the gross revenue that the charitable organization or sponsor will receive as a benefit from the solicitation campaign, or the guaranteed minimum percentage of the gross revenue that the charitable solicitation or sponsor will receive as a benefit from the solicitation campaign as provided in the contract between the solicitor and the charitable organization or sponsor, whichever of these three amounts is least. This list shall appear in order of percentages, from lowest to highest.

(d)     Each year immediately following the submission of the report under subsection (c) of this section, the Secretary of State shall issue that report as a press release to all print and electronic news media that provide general coverage.

## § 131F-31.  Contributions solicited for, or accepted by or on behalf of, a named individual.

(a)     Trust Account Required. – Contributions solicited for, or accepted by or on behalf of, a named individual shall be deposited in a trust account opened by a trustee named in a properly established trust document.

CSL Contact Information:                                                                     ISSUED: September 20, 2012
Agency Internet Site:  www.sosnc.gov  Electronic Mail: csl@sosnc.gov
Telephone: (919) 807-2214 - Toll free for NC residents: 1-888-830-4989
Facsimile:  (919) 807-2220                                                          **Page 22 of 28**

(b)    Use of Trust Funds. – Contributions deposited in the trust fund may be used only for the purpose for which the contributions were solicited; if the contributions are no longer needed for the purpose for which they were solicited, they may be used for another similar charitable purpose. The trustee may disburse funds from the trust account only after making a written record verifying the purpose for which the funds will be used accompanied by documentation of the identity of the payee and the justification for the payment. The Trustee shall retain these records for each disbursement from the trust account for a period of three years after the disbursement.

### § 131F-32.  Records.

Each charitable organization, sponsor, fund-raising consultant, and solicitor shall keep, for a period of at least three years, true and accurate records as to their activities in the State. The records shall be made available to the Department for inspection and shall be furnished no later than 10 days after the request was made.

### § 131F-33.  Rule-making authority.

The Department shall have the authority to adopt rules necessary for the implementation of this Chapter or to prevent false or deceptive statements or conduct in the solicitation of charitable contributions.

---

## II.   Administrative Rule Reference:  Chapter 11 of Title 18 of the North Carolina Administrative Code

*This version retains original spelling errors, includes only currently valid rules, and omits historical footnotes and repealed provisions.*

## CHAPTER 11 - THE SOLICITATION LICENSING PROGRAM

### 18 NCAC 11 .0104    DEFINITIONS

(a)  Terms defined in G.S. 131F-2 shall have the same meaning for the purpose of this Section as they do in the statute.

(b)  "The Act" means an Act to rewrite the Charitable Solicitation Act, G.S. 131F-1 et. seq.

(c)  "Advertising material" means printed requests for contributions but does not include tapes, records, films, slides, trailers, or other similar nonprinted items.

(d)  "Audit or finance committee" means a group of three or more persons who serve on the organization's governing board and of which the majority are neither officers nor employees of the organization.  A chief function of this committee shall be the review of the organization's financial statement.

(e)  "Compensation" means salaries, wages, fees, commissions, benefits, or any other remuneration or valuable consideration.

(f)  "Emergency medical service" means an organization which provides services pursuant to Article 56 of Chapter 143 of the North Carolina General Statutes.

CSL Contact Information:                                                               ISSUED: September 20, 2012
Agency Internet Site:  www.sosnc.gov  Electronic Mail: csl@sosnc.gov
Telephone: (919) 807-2214 - Toll free for NC residents: 1-888-830-4989
Facsimile:  (919) 807-2220                                                        **Page 23 of 28**

(g) "Family" means parent, grandparent, child, brother, sister, grandchild, spouse, son-in-law, daughter-in-law, mother-in-law, father-in-law, brother-in-law, sister-in-law, aunt, uncle or cousin.

(h) "Fiscal year" means the twelve months period which a charitable organization or sponsor uses as its accounting year.

(i) "Foundation" means an incorporated body which holds status with the IRS as a foundation and is authorized to receive financial support from, and render financial support to, other persons for charitable purposes.

(j) "Initial application" means the first application filed by a person required to be licensed on or after January 1, 1995.

(k) "Instructional unit" means a department or school or an educational institution.

(l) "IRS" means the U. S. Internal Revenue Service.

(m) "Purpose of the organization" means the program services an organization performs.

(n) "Rescue squad" means meeting the eligibility requirements of N.C. Association of Rescue and Emergency Medical Services, Inc. and as defined in G.S. 58-87-5.

(o) "Salaried employee" means a person who has an employer-employee relationship which can be demonstrated by, but not limited to, the following:

      (1)    The withholding from the employee's salary for income taxes;

      (2)    The withholding from the employee's salary for F.I.C.A. taxes; and

      (3)    The granting of employees benefits such as insurance and leave time.

(p) "Solicitor consultant" means a solicitor as defined in G.S. 131F-2(19) except that neither the solicitor consultant nor his employees ever receives, handles, or controls funds raised for a charitable organization or sponsor.

(q) "Volunteer fire department" means certified by the North Carolina Department of Insurance as required by G.S. 58-87-1.

## 18 NCAC 11 .0205   FOUNDATIONS AND INSTRUCTIONAL UNITS

A foundation or instructional unit shall be considered to have an established identity with an educational institution if the relationship between the trustees of the educational institution and the foundation or instructional unit meets one of the following criteria:

      (1)    The trustees have granted written authorization for the solicitation by the foundation or instructional unit;

      (2)    The trustees have final authority over the financial affairs of the foundation or instructional unit;

      (3)    The trustees have final authority over the disbursement of the contributions solicited by the foundation or instructional unit;

      (4)    The trustees have authorized the incorporation of receipts and disbursements of the contributions as a part of the educational institution's financial statement; or

      (5)    The trustees grant academic credit for instructional programs of the instructional unit.

## 18 NCAC 11 .0305   PERSONS SUBJECT TO LICENSURE

(a)  Any person subject to licensure under G.S. 131F-5, 131F-15, or 131F-16 shall file an application with the Department on forms provided by the Department prior to soliciting.

CSL Contact Information:                                           ISSUED: September 20, 2012
Agency Internet Site:  www.sosnc.gov  Electronic Mail: csl@sosnc.gov
Telephone: (919) 807-2214 - Toll free for NC residents: 1-888-830-4989
Facsimile:  (919) 807-2220                                           **Page 24 of 28**

(b)  If the Department identifies a person who has failed to comply with Paragraph (a) of this Rule, the Department shall send, by certified mail, to such person all forms relevant to licensure and a notice which advises the person of the unlawful solicitation.

(c)  Upon receipt of an application to solicit charitable funds  in North Carolina, the Department shall examine all submitted information.  The Department shall retain the right to investigate any application to assure that true and full disclosure has been made.

(d)  Any license issued to a charitable organization or a sponsor shall indicate the type of organization as defined by the IRS through its various exempt determination codes as follows:

> (1)  501(c)(1) - Congressional organization or federal credit union
> (2)  501(c)(3) - Charitable organization
> (3)  501(c)(4) - Civic organization
> (4)  501(c)(5) - Labor organization, union
> (5)  501(c)(6) - Business league
> (6)  501(c)(7) - Social club
> (7)  501(c)(8) - Fraternal beneficiary
> (8)  501(c)(10) - Domestic fraternal organization
> (9)  501(c)(19) - Armed forces organization; or, any other designation by the IRS.

(e)  A charitable organization or sponsor which elects not to file for IRS Tax Exempt Determination may be licensed as a "Non Tax Exempt Entity" provided it meets all other requirements for licensure.  In addition, the charitable organization or sponsor shall provide disclosure in its solicitations that the charitable organization or sponsor is a non tax exempt entity and that donations are not tax deductible.

(f)  At least 65 days prior to the expiration of a license, the Department shall send each licensee a renewal application form.

(g)  Any charitable organization or sponsor which fails to file the renewal information by the due date shall be assessed a late filing fee of twenty five dollars ($25.00) for each month or part of a month after the due date on which the renewal information was due to be filed or after the period of extension granted for the filing.

## 18 NCAC 11 .0306    INCOMPLETE APPLICATION

An applicant who fails to respond to any question, to provide any required information, or to submit the proper fee shall not be licensed.

## 18 NCAC 11 .0308    FEDERATED FUND-RAISING ORGANIZATIONS

(a)  A Federated Fund-Raising Organization (FFRO), unless exempt under G.S. 131F-3, shall file an application which identifies member agencies of the FFRO.  The identification of the member agencies shall include the licensure status of the member agencies.

(b)  If a member agency is exempt from licensure under G.S. 131F-3, the FFRO shall state the name of the exempt member agency, the amount allocated by the FFRO to the member agency during the previous fiscal year, and the reasons why the member agency is exempt, based on information submitted by the member agency to the FFRO.  This information shall be furnished as a part of the FFRO's application for a license to solicit.

(c)  If a member agency is subject to licensure under the provisions of G.S. 131F the FFRO shall include the name and address of the member agency, the name of the executive in charge, the

CSL Contact Information:                                                    ISSUED: September 20, 2012
Agency Internet Site:  www.sosnc.gov  Electronic Mail: csl@sosnc.gov
Telephone: (919) 807-2214 - Toll free for NC residents: 1-888-830-4989
Facsimile:  (919) 807-2220                                            **Page 25 of 28**

Case 1:17-cv-00256-MR   Document 43-14   Filed 01/22/19   Page 57 of 74

phone number, and the amount allocated by the FFRO to the member agency during the previous fiscal year. This information shall be furnished as a part of the FFRO's application for a license to solicit.

## 18 NCAC 11 .0405   UNCOLLECTIBLE FEES

If any applicant remits a fee in the form of a check or other instrument which is uncollectible from the paying institution, the Department shall notify the applicant of the nonpayment. If full payment of the fee is not received within 15 days of the notice, the Department shall proceed with denial of the application or revocation of the license.

## 18 NCAC 11 .0503   FINANCIAL INFORMATION OF CHARITABLE ORGANIZATIONS

(a)  A charitable organization or sponsor shall maintain financial records.
(b)  Any person subject to licensure under G.S. 131F-5, 131F-15 and 131F-16 shall maintain accurate financial records. The financial records shall include total support and revenue on a gross basis and an itemization of all actual fund-raising expenses. Financial records shall be retained for a period of at least three years after the license period to which they relate.
(c)  A charitable organization or a sponsor who plans no solicitation of contributions in the State upon the expiration of its license shall file, with the Department, a financial report within 90 days of the expiration date of the license.
(d)  The charitable organization or sponsor's assets shall not be commingled with those of any other person.

## 18 NCAC 11 .0504   ACCOUNTING BY SOLICITORS

Within 90 days from the conclusion of a solicitation for which a solicitor has been retained, the solicitor shall provide to the Department an accounting of all monies received, pledged, and disbursed. The accounting shall be on a form prescribed by the Department. Solicitor's expense information is required and may be accompanied by a statement from a certified public accountant verifying its accuracy. The accounting shall be labeled as "verified" or "unverified" and shall be available for inspection in the Charitable Solicitation Licensing Office.

## 18 NCAC 11 .0505   CHARITABLE SALES PROMOTION - COVENTURE

(a)  Prior to a charitable sales promotion or coventure by a charitable organization or sponsor, the charitable organization or sponsor shall obtain the following:

    (1)    A license as required under G.S. 131F-5, unless exempt from licensure under G.S. 131F-3; and

    (2)    An agreement with the sales promotions or coventurer which shall include the projected amounts of gross sales, the projected sales for each vending unit, the charitable organization or sponsor's share per unit, and the charitable organization or sponsor's projected total dollar share.

(b)  Upon the conclusion of the charitable sales promotion or coventure, the charitable organization or sponsor shall provide to the Department an accounting of the items set forth in Subparagraph (a)(2) of this Rule. In lieu of a separate accounting to the Department, the

CSL Contact Information:
Agency Internet Site:  www.sosnc.gov  Electronic Mail: csl@sosnc.gov
Telephone: (919) 807-2214 - Toll free for NC residents: 1-888-830-4989
Facsimile:  (919) 807-2220

ISSUED: September 20, 2012

**Page 26 of 28**

Case 1:17-cv-00256-MR   Document 43-14   Filed 01/22/19   Page 58 of 74

charitable organization or sponsor may incorporate the accounting into the financial report filed pursuant to Rule .0503 (b) of this Section.

## 18 NCAC 11 .0506    SIMPLIFIED REPORTING FOR CERTAIN ORGANIZATIONS

(a)  A charitable organization or sponsor which has total support and revenue for the preceding fiscal year of less than one hundred thousand dollars ($100,000) may elect to file its financial statement as required by G.S. 131F-6(8) or 131F-6(9).  A financial statement filed pursuant to G.S. 131F-6(8) shall be signed by three members of the audit or finance committee.

(b)  A charitable organization or sponsor which has total support and revenue for the preceding fiscal year of one hundred thousand dollars ($100,000) but less than two hundred fifty thousand dollars ($250,000) shall provide a copy of a compilation performed and signed by an independent public accountant and a copy of the IRS Form 990.

(c)  A charitable organization or sponsor which has total support and revenue for the preceding fiscal year of two hundred fifty thousand dollars ($250,000) or more shall provide an audit by a certified public accountant and a copy of IRS Form 990.

## 18 NCAC 11 .0607    LICENSE YEAR

(a)  A license year for a charitable organization or sponsor shall begin on the 15th day of the fifth month after the end of the fiscal year.  The Department shall grant a different license year upon receipt of written notification of fiscal year change.

(b)  A license shall be issued to any charitable organization or sponsor for less than a year when the charitable organization or sponsor files an application for licensure after the 15th of the fifth month of the end of the charitable organization or sponsor's fiscal year.

## 18 NCAC 11 .0608    NONTRANSFERABILITY OF LICENSE

(a)  The license issued to any person subject to G.S. 131F shall not be transferable.

(b)  Upon receipt of documentation of a name change of a licensed person, the Department shall issue, without cost to the licensee, a new license.

(c)  Upon request, any charitable organization or sponsor licensed under the provisions of G.S. 131F shall be provided an additional copy of its license free of charge.

## 18 NCAC 11 .0705    SOLICITATION VIOLATIONS AND REQUIREMENTS

(a)  Any person, subject to licensure under G.S. 131F et. seq., who promises to produce an event and fails to do so or has not produced the event within 60 days following the scheduled event shall offer of a full refund to the purchaser.

(b)  Any person, subject to licensure under G.S. 131F et. seq. who offers a publication or item for sale who has not produced the publication or item for sale within 60 days of the promised delivery date shall offer of a full refund to the purchaser.

(c)  Any person subject to licensure under G.S. 131F et. seq. shall avoid all acts in solicitations that would cause any person to suffer actual damages.

(d)  A charitable organization or sponsor shall issue to each unpaid volunteer solicitor or salaried employee a printed authorization or other identification and shall instruct that it be shown in all solicitations by such solicitor or employee.

CSL Contact Information:                                                                      ISSUED: September 20, 2012
Agency Internet Site:  www.sosnc.gov  Electronic Mail: csl@sosnc.gov
Telephone: (919) 807-2214 - Toll free for NC residents: 1-888-830-4989
Facsimile:  (919) 807-2220                                                                      **Page 27 of 28**

(e)  When a solicitor or solicitor counsel sells tickets to an event where the seats are specifically identified, the solicitor or solicitor counsel shall not sell duplicate tickets for the same seat.

(f)  When a solicitor or solicitor counsel sells tickets for an event where the seats are not specifically identified, the solicitor counsel shall not sell tickets in excess of 10% of the seating capacity for the event.

(g)  When a solicitor or solicitor counsel has sold tickets an event and the purchaser cannot be seated at a scheduled performance of the event, the solicitor or solicitor counsel shall offer to the purchaser the option of either guaranteed seating at another performance of a full refund.

CSL Contact Information:                                                                ISSUED: September 20, 2012
Agency Internet Site:  www.sosnc.gov  Electronic Mail: csl@sosnc.gov
Telephone: (919) 807-2214 - Toll free for NC residents: 1-888-830-4989
Facsimile:  (919) 807-2220                                                          **Page 28 of 28**

Case 1:17-cv-00256-MR   Document 43-14   Filed 01/22/19   Page 60 of 74

# Appendix B:

# Application
# Charitable or Sponsor Organization

Unless exempted under N.C.G.S. 131F-3, a charitable or sponsor organization that intends to solicit contributions in the State, have funds solicited on its behalf, or participate in a charitable sales promotion or sponsor sales promotion shall obtain a license by filing an application with the Department and paying the applicable fee.

Following is the Application Form used by charitable or sponsor organizations seeking to obtain a solicitation license in North Carolina.

Organizations already holding a license must renew their license annually by filing an application to update their registration.

All forms included in this Report, and additional forms used by the Department, are available on the Department's website at www.sosnc.com.

**North Carolina Department of the Secretary of State**

**Charitable Solicitation Licensing Division**
**PO Box 29622**
**Raleigh, NC  27626-0622**
**Phone:  919-807-2214   NC only Toll Free: 1-888-830-4989   Email: csl@sosnc.gov    Website: www.sosnc.com**

**Solicitation License Application**
**Charitable or Sponsor Organization**
**REVISED June 1, 2014**

**If applicant received less than $25,000 in N.C.G.S. §131F-2(5) contributions in immediate preceding fiscal year and does not compensate any officer, trustee, organizer, incorporator, fundraiser, or solicitor, applicant may be eligible for exemption and may file "Request for Exemption Under 131F-3(3)" and submit supporting documentation.  This Form is available at http://www.secretary.state.nc.us/csl/Download.aspx and may be filed in lieu of the application.**

1. Check appropriate box: ☐ Initial Application        ☐ Renewal Application

2. N.C. Charitable Solicitation License Number:_____(renewal applicants only)

3. Legal Name of Applicant Organization:_____

4. Principal Street Address:_____

5. City: _____ State: _____ Zip Code: _____

6. Mailing address **(may not be third party filer):**_____

7. Telephone number: _____

8. Email address **(may not be third party filer)**:_____

9. Applicant's Website:  _____

10. List all other NC locations:

    Street address(es):_____

    Telephone number(s):_____

11. Charitable purpose for which applicant is organized:_____

_____

12. Charitable purpose for which solicited contributions will be used:_____

_____

13. Major program activities of applicant:_____

14. Applicant's Fiscal Year End Date: (month/day)_____

15. Has applicant received a federal tax exemption determination letter? ☐ Yes      ☐ No

    IRS Tax Exemption Code: _____ (e.g. 501(c)(3) or other code included on IRS Tax Exempt Determination letter)

If yes, applicant must provide a copy of their "IRS Tax Exempt Determination" letter to the Department with this application or upon receipt to obtain a tax exempt license.  Once submitted, the Department will keep the applicant's letter on file.

16. Applicant's State of Establishment:_____ Applicant's Date of Establishment:_____

    **For non-NC corporations:** Provide either of the following to verify the applicant's current legal existence:

        1. Certificate of Existence or Certificate of Good Standing from state of incorporation dated no more than six months prior to date of signing of application, **or**
        2. Actual webpage screenshot found on a publicly accessible regulatory authority website dated no more than thirty (30) days prior to the date the license application was signed that includes the following elements:
- Exact name of the entity as it appears on the license application; and
- Language clearly verifying its status as a corporation in good standing in the state of  incorporation (i.e. "current" or "active"); and
- Date the information was printed on the face of the document.

    **For non incorporated applicants:** Copy of stamped certificate of "doing business as" or "assumed name" filed with local Register of Deeds must be filed with application.

**The following items MUST be included with your application package: PLEASE ATTACH**

17. List of all names used by applicant in the solicitation of contributions. All names must be legally registered and documentation of legal registration of all names in state where registered must be filed with application._____

18. List of all states where applicant is authorized to solicit contributions._____

19. List of names and street addresses of directors, officers, trustees, and salaried executive personnel for <u>current</u> fiscal year.  (The applicant's street address may be used.)_____

20. List of names of individuals or officers in charge of any solicitation activities._____

21. List of names, street addresses, and telephone numbers of individuals or officers who have final responsibility for custody and/or final distribution of contributions._____

22. Name, street address, and telephone number of individual who has custody of applicant's financial records (if applicant does not maintain an office in North Carolina)._____

23. **Financial information:**  Include with the application at least one of the following documents with financial information for the immediate <u>preceding</u> fiscal year.  Check all documents that are included with this application.

☐ IRS Form 990 or 990-EZ (with dated signature of authorized official)    ☐ Audited Financial Statement    ☐ NC Annual Financial Report Form

**Note: Schedule A is required with the Form 990**                    (available at www.secretary.state.nc.us/csl/Download.aspx)
**Note: IRS e-postcard (Form 990-N) is not sufficient to satisfy the financial information requirement.**

**For newly established applicants** with no financial history, a proposed budget for the <u>current</u> fiscal year including projected revenues and expenses must be submitted.

24. **Contract(s) information:**  Does applicant intend to enter into, presently have, or had within the last 12 month period a contract(s) with any person who qualifies as a fundraising consultant, solicitor, or coventurer?

☐ Yes, intend to enter or presently have        ☐ Yes, had an active contract within the last 12 months        ☐ No

If yes, for EACH applicable Contractual Agreement or active contract within the last 12 months, attach a completed NC Fundraising Disclosure Form. **(available at www.secretary.state.nc.us/csl/Download.aspx)**

25. **Consolidated Application information:**  Is applicant applying as a parent organization for one or more subordinate organization(s) (chapter, branch, member or affiliate) located in North Carolina?
☐ Yes.       ☐ No.

If yes, attach a list of applicant's subordinate organization(s), include for each subordinate: (1) organization's full legal name, (2) for non-incorporated applicants, copy of stamped certificate of "doing business as" or "assumed name" filed with local Register of Deeds), (3) address for each NC location, (4) contact person for each NC location, and (5) telephone number for each NC location.

If yes, attach appropriate parent and subordinate organization(s) financial information in accordance with instructions in Question 23.

26. **Federated Fundraising Organization information:**  Is applicant a United Way, United Arts Fund, community chest, or other federation of independent charitable organizations which have voluntarily joined together for the purpose of raising and distributing contributions and where membership does not confer operating authority and control of the individual group organization upon the federated group organization?
☐ Yes.       ☐ No.

If yes, attach a list of applicant's member agencies that complies with the following requirements:

    A. For each NC member agency exempt from license requirements, the agency name, why the agency is exempt (a statutory cite is sufficient), and the amount allocated by the applicant to the member agency during the immediate preceding fiscal year.

    B. For each NC member agency subject to license requirements, provide the agency's charitable solicitation license number assigned by the Department, the agency name, the agency address, the name of the executive in charge of the member agency, the agency telephone number, and the amount allocated by the applicant to the licensed member agency during the immediate preceding fiscal year.

27. Does applicant compensate (in any capacity) any officer, trustee, organizer, or incorporator?
☐ Yes.       ☐ No.

28. Has applicant or any of its officers, directors, trustees, or salaried executive personnel been enjoined from soliciting contributions in any jurisdiction? ☐ Yes. ☐ No. If Yes, attach an explanatory statement.

29. Has applicant or any of its officers, directors, trustees, or salaried executive personnel been found to have engaged in unlawful practices in the solicitation of contributions or the administration of charitable assets in any jurisdiction?
☐ Yes. ☐ No.
If Yes, attach an explanatory statement.

30. Has applicant had its authority denied, suspended, or revoked by any governmental agency?
☐ Yes. ☐ No.
If yes, attach an explanatory statement including the reason(s) for each denial, suspension, or revocation.

31. Has applicant entered into any assurance of voluntary compliance or similar agreement in any jurisdiction?
☐ Yes. ☐ No.
If yes, attach one (1) copy of each agreement.

32. **Calculation of License Fee:**
Amount of N.C.G.S. §131F-2(5) contributions received in immediate preceding fiscal year: $_____
If applicant received less than $5,000, there is no license fee.
If applicant is required to have a license and received $5,000 but less than $100,000 in immediate preceding fiscal year: **$50.00**
If applicant received more than $100,000, but less than $200,000 in immediate preceding fiscal year: **$100.00**
If applicant received more than $200,000 in immediate preceding fiscal year: **$200.00**

Calculated license fee amount:                                                                    $_____

Calculation of Late Fee: $25.00 per month following expiration of last license or extension
calculated on the fifteenth day of each month past the due date.                + $_____

**Total fee amount attached to this application:**                              **$_____**

**MAKE CHECK PAYABLE TO: NORTH CAROLINA DEPARTMENT OF THE SECRETARY OF STATE**

33. **APPLICANT SIGNATURE: To be signed in the presence of a Notary Public who has administered the following oath:**

I swear or affirm that I am the **Treasurer** or **Chief Fiscal Officer (CFO)** of the applicant charitable or sponsor organization, and that the information furnished in this application and all supplemental forms, reports, documents, and attachments are true and correct to the best of my knowledge under penalty of perjury.

Signature: _____

Signer's Name (Print): _____

Signer's Title (Print): _____

**NOTARIZATION**:

In County_____State_____

Sworn to and subscribed before me this the _____ day of _____ in the year of _____.

Notary Public's Signature: _____

Notary Public's Name (Print): _____

Date Notary Public's Commission Expires: _____
Please place notary stamp or seal imprint beside or below this line:

34. **Third Party Filer Contact Information (optional):**
Name:_____Telephone Number:_____
Email address:_____

# Appendix C:

# Application
# Fundraising Consultant

Unless exempted under N.C.G.S. 131F-3, a person shall not act as a fundraising consultant in this State unless that person has obtained a license from the Department and paid the applicable fee.

Following is the Application Form used by a fundraising consultant seeking to obtain a license in North Carolina.

Consultants already holding a license must file a Renewal Application on an annual basis.

All forms included in this Report, and additional forms used by the Department, are available on the Department's website at www.sosnc.com.

North Carolina Department of the Secretary of State
Charitable Solicitation Licensing Division
P.O. Box 29622
Raleigh, NC 27626-0622
Telephone: 919-807-2214

**1. Application Type:** ☐ Initial   ☐ Renewal

**2. Applicant's Full Business Legal Name:**

**3. Applicant's Principal Telephone Number:**

**4. Applicant's Principal Street Address:**

City:                                State:                        Zip Code:

**5. Applicant's Mailing Address:**

City:                                State:                        Zip Code:

**6. Applicant's Internet Site Address:**

**7. Applicant's  Contact Person Email Address:**

**8. Legal Form of Applicant's Business:**

☐ Sole Proprietor/Individual          ☐ Corporation                  ☐ General Partnership

☐ Limited Liability Corporation      ☐ Limited Liability Partnership      ☐ Other _____

**9. Applicant's State of Establishment:**

**10. Applicant's Date of Establishment:**

**11. For non-NC corporations:** Provide either of the following to verify the applicant's current legal existence:

> 1. Certificate of Existence or Certificate of Good Standing from state of incorporation dated no more than six months prior to date of signing of application, or

> 2. Actual webpage screenshot found on a publicly accessible regulatory authority website dated no more than thirty (30) days prior to the date the license application was signed that includes the following elements:
> - Exact name of the entity as it appears on the license application; and
> - Language clearly verifying its status as a corporation in good standing in the state of  incorporation (i.e. "current" or "active"); and
> - Date the information was printed on the face of the document.

**For non incorporated applicants:** Copy of stamped certificate of "doing business as" or "assumed name" filed with local Register of Deeds must be filed with application.

**12.** If Applicant's principal place of business is located <u>outside</u> North Carolina, ATTACH list of street addresses of any applicant offices located in North Carolina.          ATTACHMENT 12 included?   ☐ Yes  ☐ No NC office

**13.** Are ANY of applicant's' owners, directors, officers, or employees RELATED as parent, spouse, child, or sibling to ANY of applicant's other directors, officers, owners, or employees?                                                                                      ☐ Yes ☐ No
If answer is YES, attach a brief written explanation.          ATTACHMENT 13 included?      ☐ Yes

**14.** Are ANY of applicant's' owners, directors, officers, or employees RELATED as parent, spouse, child, or sibling to ANY officer, director, trustee, or employee of any charitable organization or sponsor under contract with applicant?                                    ☐ Yes ☐ No
If answer is YES, attach a brief written explanation.          ATTACHMENT 14 included?      ☐ Yes

**15.** Are ANY of applicant's' owners, directors, officers, or employees RELATED as parent, spouse, child, or sibling to ANY supplier or vendor providing goods or  services to any charitable organization or sponsor under contract with the applicant?          ☐ Yes ☐ No
If answer is YES, attach a brief written explanation.          ATTACHMENT 15 included?      ☐ Yes

**16.** Within the last five (5) years, has the applicant, or any of the applicant's directors, officers, employees, agents, or persons with a controlling interest in the applicant been convicted of ANY felony?                                                            ☐ Yes  ☐ No
If answer is YES, attach a brief written explanation.          ATTACHMENT 16 included?      ☐ Yes

**17.** Within the last five (5) years, has the applicant, or any of the applicant's directors, officers, employees, agents, or persons with a controlling interest in the applicant been convicted of ANY misdemeanor arising from the conduct of a solicitation for ANY charitable organization or sponsor OR charitable or sponsor purpose?                                                                                    ☐ Yes  ☐ No
If answer is YES, attach a brief written explanation.          ATTACHMENT 17 included?      ☐ Yes

**18.** Within the last five (5) years, has the applicant, or any of the applicant's directors, officers, employees, agents, or persons with a controlling interest in the applicant been enjoined from violating ANY charitable solicitation law in this or ANY other state?   ☐ Yes  ☐ No
If answer is YES, attach a brief written explanation.          ATTACHMENT 18 included?      ☐ Yes

North Carolina Department of the Secretary of State
Charitable Solicitation Licensing Division
P.O. Box 29622
Raleigh, NC 27626-0622
Telephone: 919-807-2214

**Fund-Raising Consultant
License Application**

Form Issue Date: 10/21/2003   Revised 010/04/13

**Page 2 of 2**

**19.** ATTACH a list of the NAMES and PHYSICAL RESIDENCE ADDRESSES of ALL of applicant's directors, officers, and owners. This section must be completed for sole proprietorships, partnerships, and corporations of all types.

ATTACHMENT 19 included? ☐ Yes

**20.** ATTACH the required fee of two hundred dollars ($200.00) (make check payable to: NC Department of the Secretary of State).

ATTACHMENT 20 (FEE) included? ☐ Yes

**21.** Does applicant intend to cover multiple individuals with single license? ☐ Yes ☐ No

If YES, ATTACH list containing names and street addresses for ALL officers, employees, and agents of the applicant, as well as all other individuals contracted to work under applicant's direction. ATTACHMENT 21 included?: ☐ Yes

**22. Applicant's signature:**

I do hereby swear or affirm that the information furnished in this application and all supplemental forms, reports, documents, and attachments are true and correct to the best of my knowledge under penalty of perjury.

I do further swear or affirm that this applicant meets the requirements of G.S. §131F-2(10) for acquiring and maintaining a North Carolina fund-raising consultant license in that this applicant:

  a.  is retained by a charitable organization or sponsor for a fixed fee or rate under a written agreement to plan, manage, conduct, consult, or prepare material for the solicitation of contributions in the State of North Carolina; and

  b.  does not solicit contributions or employ, procure, or engage any person to solicit contributions; and

  c.  does not at any time have custody or control of contributions.

Signature: _____

| | |
|---|---|
| | Signer's Name (Print): |
| | Signer's Title (Print): |

**23. Notarization:** The following is for a notary public to place you under oath and then notarize YOUR signature:

(County)_____ (State)_____
County and State in which oath or affirmation taken

| | |
|---|---|
| **Notary Stamp or Seal goes Here ↓** | Sworn to and subscribed before me this the (e.g., 1st): |
| | Day of (e.g., May):    In the year of (e.g., 2013): |
| | Notary Public's Signature: |
| | Notary Public's Name (Print): |
| | Date Notary Public's Commission Expires: |

**OPTIONAL APPLICANT/THIRD PARTY CONTACT INFORMATION**

| | |
|---|---|
| Contact Person Name: | Contact Person Title: |
| Contact Person Business/Firm Name: | Contact Person's Electronic Mail Address: |
| Contact Person's Telephone Number: | Contact Person's Facsimile Number: |

# Appendix D:

# Application
# Solicitor

Unless exempted under N.C.G.S. 131F-3, a person shall not act as a solicitor in this State unless that person has obtained a license from the Department and paid the applicable fees.

Following is the Application Form used by a solicitor seeking to obtain a license in North Carolina.

Solicitors already holding a license must file a Renewal Application on an annual basis.

All forms included in this Report, and additional forms used by the Department, are available on the Department's website at www.sosnc.com.

North Carolina Department of the Secretary of State
Charitable Solicitation Licensing Division
P.O. Box 29622
Raleigh, NC 27626-0622
Telephone: 919-807-2214



**1. Application Type:** ☐ Initial ☐ Renewal

**2. Applicant's Full Business Legal Name:**

**3. Applicant's Principal Telephone Number:**

**4. Applicant's Principal Street Address:**

City: State: Zip Code:

**5. Applicant's Mailing Address:**

City: State: Zip Code:

**6. Applicant's Internet Site Address:**

**7. Applicant's Contact Person Email Address:**

**8. Legal Form of Applicant's Business:**

☐ **Sole Proprietor / Individual** ☐ **Corporation** ☐ **General Partnership**

☐ **Limited Liability Corporation** ☐ **Limited Liability Partnership** ☐ **Other** _____

**9. Applicant's State of Establishment:** **10. Applicant's Date of Establishment:**

**11. For non-NC corporations:** Provide <u>either</u> of the following to verify the applicant's current legal existence:

    1. Certificate of Existence or Certificate of Good Standing from state of incorporation dated no more than six months prior to date of signing of application, <u>or</u>

    2. Actual webpage screenshot found on a publicly accessible regulatory authority website dated no more than thirty (30) prior to the date the license application was signed that includes the following elements:
- Exact name of the entity as it appears on the license application; and
- Language clearly verifying its status as a corporation in good standing in the state of incorporation (i.e. "current" or "active"); and
- Date the information was printed on the face of the document.

**For non incorporated applicants:** Copy of stamped certificate of "doing business as" or "assumed name" filed with local Register of Deeds must be filed with application.

**12. If applicant's principal place of business is located <u>outside</u> North Carolina, ATTACH list of street addresses of any applicant offices located in North Carolina.** ATTACHMENT 12 included? ☐ Yes ☐ No NC Offices

**13. Are ANY of applicant's' owners, directors, officers, or employees RELATED as parent, spouse, child, or sibling to ANY of applicant's other directors, officers, owners, or employees?** ☐ Yes ☐ No

    If answer is YES, attach a brief written explanation. ATTACHMENT 13 included? ☐ Yes

**14. Are ANY of applicant's' owners, directors, officers, or employees RELATED as parent, spouse, child, or sibling to ANY officer, director, trustee, or employee of any charitable organization or sponsor under contract with applicant?** ☐ Yes ☐ No

    If answer is YES, attach a brief written explanation ATTACHMENT 14 included? ☐ Yes

**15. Are ANY of applicant's' owners, directors, officers, or employees RELATED as parent, spouse, child, or sibling to ANY supplier or vendor providing goods or services to any charitable organization or sponsor under contract with the applicant?** ☐ Yes ☐ No

    If answer is YES, attach a brief written explanation. ATTACHMENT 15 included? ☐ Yes

**16. Within the last five (5) years, has the applicant, or any of the applicant's directors, officers, employees, agents, or persons with a controlling interest in the applicant: been convicted of ANY felony?** ☐ Yes ☐ No

    If answer is YES, attach a brief written explanation. ATTACHMENT 16 included? ☐ Yes

**17. Within the last five (5) years, has the applicant, or any of the applicant's directors, officers, employees, agents, or persons with a controlling interest in the applicant been convicted of ANY misdemeanor arising from the conduct of a solicitation for ANY charitable organization or sponsor OR charitable or sponsor purpose?** ☐ Yes ☐ No

    If answer is YES, attach a brief written explanation. ATTACHMENT 17 included? ☐ Yes

North Carolina Department of the Secretary of State
Charitable Solicitation Licensing Division
P.O. Box 29622
Raleigh, NC 27626-0622
Telephone: 919-807-2214



**Solicitor
License Application**

Form Issue Date: 10/22/2003 Revised 10/4/2013
**Page 2 of 2**

**18.** Within the last five (5) years, has the applicant, or any of the applicant's directors, officers, employees, agents, or persons with a controlling interest in the applicant been enjoined from violating ANY charitable solicitation law in this or ANY other state?

☐ Yes  ☐ No

If answer is YES, attach a brief written explanation.                    ATTACHMENT 18 included?  ☐ Yes

**19.** ATTACH a list of the NAMES and PHYSICAL RESIDENCE ADDRESSES of ALL of applicant's officers, directors, and owners. This section must be completed for sole proprietorships, partnerships, and corporations of all types.

ATTACHMENT 19 included?  ☐ Yes

**20.** ATTACH a list of the NAMES of ALL persons in charge of ANY solicitation activity.

ATTACHMENT 20 included?  ☐ Yes

**21.** ATTACH the required fee of two hundred dollars ($200.00) (make check payable to: NC Department of the Secretary of State).

ATTACHMENT 21 (FEE) included?  ☐ Yes

**22.** If Partnership or Corporation, does applicant intend to cover multiple individuals with single license?

☐ Yes  ☐ No

If YES, ATTACH list containing names and street addresses for ALL partners, members, officers, directors, employees, and agents of the applicant, as well as all other individuals contracted to work under applicant's direction.

ATTACHMENT 22 included?:  ☐ Yes

**23.** ATTACH appropriate BOND or other surety required by N.C.G.S. 131F-16(d) in the appropriate amount as follows:

| Contributions received in last fiscal year | Required Bond Amount |
|---|---|
| Up to $100,000 | $20,000 |
| Up to $200,000 | $30,000 |
| $200,000 and over | $50,000 |

ATTACHMENT 23 (BOND) included?  ☐ Yes

**24.** Applicant's signature:

I do hereby swear or affirm that the information furnished in this application and all supplemental forms, reports, documents, and attachments are true and correct to the best of my knowledge under penalty of perjury.

Signature: _____

| | Signer's Name (Print): |
| | Signer's Title (Print): |

**25.** Notarization: The following is for a notary public to place you under oath and then notarize YOUR signature:

(County)_____(State)_____

County and State in which oath or affirmation taken

Notary Stamp or Seal goes Here ↓

| | Sworn to and subscribed before me this the (e.g., 1st): |
| | Day of (e.g., May): | In the year of (e.g., 2013): |
| | Notary Public's Signature: |
| | Notary Public's Name (Print): |
| | Date Notary Public's Commission Expires: |

| **OPTIONAL APPLICANT/THIRD PARTY CONTACT INFORMATION** | |
|---|---|
| Contact Person Name: | Contact Person Title: |
| Contact Business/Firm Name: | Contact Person's Electronic Mail Address: |
| Contact Person's Telephone Number: | Contact Person's Facsimile Number: |

# Appendix E:

# Enforcement
# Complaint Form

Individuals with a concern about a solicitation they have received from a charitable organization or sponsor or from a professional fundraiser acting on behalf of a charitable organization or sponsor are asked to document their concern using the Complaint Form provided by the Department.  The completed form should be submitted to the Department, along with any accompanying documentation and materials, via postal mail, fax or email, whichever is most appropriate.

A sample of the Department's Complaint Form and instructions for completing the form follows.

All forms included in this Report, and additional forms used by the Department, are available on the Department's website at www.sosnc.com.

## North Carolina Department of the Secretary of State
## Charitable Solicitation Licensing Division

## Complaint Form

**Please type or print clearly**

**COMPLAINANT INFORMATION**

Name _____

Address _____

City _____ State _____ Zip _____

Phone: Home ( ) _____ Business ( ) _____

Email: _____

**\*Note:  Public Information.  Do not complete if you prefer to be anonymous.**

**COMPLAINT INFORMATION AND/OR ORGANIZATION/INDIVIDUAL**
**\*Please provide all available information.**

Name _____

Address _____

City _____

State (or Canadian Province)_____ Zip (or Postal Code) _____

Phone Number ( ) _____ Fax Number ( ) _____

Email _____ Website _____

Contact Person or
Representative _____

**TELL US ABOUT YOUR COMPLAINT**
Please be as specific as possible.

Date of Occurrence _____

_____

_____

_____

_____

_____

_____

**(Attach additional sheets if necessary.)**

Page 1 of 2

**TELL US ABOUT YOUR COMPLAINT (continued).** If you need more space attach additional sheets.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Attach a copy (not originals) of all documents in your possession that relate to your complaint. Documents provided to this office may become public record.   Possible documents include:**

| | | |
|---|---|---|
| ▪ Printed solicitations | ▪ Flyers/Placards | ▪ Acknowledgements |
| ▪ Brochures | ▪ Invoices | ▪ Cancelled Checks |
| ▪ Newspaper Advertisements | ▪ Your Notes | ▪ Cancelled Money Orders |
| ▪ Letters from the company  (including envelopes) | ▪ Receipts | ▪ Credit Card Statements |

**The information I have provided is true and accurate to the best of my knowledge.**

**YOUR
SIGNATURE**  _____  **DATE** _____

**MAIL TO:**         NC DEPARTMENT OF THE SECRETARY OF STATE
                CHARITABLE SOLICITATION LICENSING DIVISION
                JASON RICKS, INVESTIGATOR
                PO BOX 29622
                RALEIGH, NC 27626-0622

**EMAIL TO:**   csl@sosnc.gov

**FAX TO:**        (919) 807-2220

## North Carolina Department of the Secretary of State
## Charitable Solicitation Licensing Division


## Complaint Filing Instructions


The mission of the North Carolina Department of Secretary of State is to serve and protect citizens, the business community and governmental agencies by facilitating business activities, by providing accurate and timely information and by preserving documents and records.

The Charitable Solicitation Licensing Division (CSL) enforces violations of charitable solicitation laws found in Chapter 131F of the North Carolina General Statutes. In performing this duty, CSL may act on complaints received from the public and also possesses authority to investigate potential violations on its own initiative. The Division shares enforcement authority under Chapter 131F with the North Carolina Attorney General's Office which possesses separate and independent authority to investigate violations of Chapter 131F.

**CSL performs three explicit statutory duties:**

• We license certain organization and persons that solicit North Carolina residents for charitable contributions;
• We investigate violations of the Charitable Solicitations Act, N.C.G.S. Chapter 131F;
• We provide information for consumer and public use concerning charitable solicitations, solicitation fraud, and related consumer information.

**Charitable Solicitation Act**

A copy of the Charitable Solicitation Act can be found on our website www.sosnc.gov. Click on Charitable Solicitations and then on Downloads.  Scroll down until you see NC Solicitation Law and Rules.

To file a complaint please complete the attached form providing as much detail as possible.  The completed form may be sent to this office via e-mail at csl@sosnc.gov, by fax to (919) 807-2220, or by mail to:

North Carolina Department of the Secretary of State
Charitable Solicitations Licensing Division
Jason Ricks, Investigator
P.O. Box 29622
Raleigh, NC  27626-0622

**Contact Information:**

Toll Free Telephone Number for North Carolina Residents:  1 (888) 830-4989

Jason Ricks, Investigator                          Jennifer Dupree, Document Examiner
CSL Enforcement Section                         CSL Enforcement Section
(919) 807-2211                                        (919) 807-2248
jricks@sosnc.gov                                     jdupree@sosnc.gov

**Fraud and/or Embezzlement**

If you suspect fraud and/or embezzlement within a nonprofit organization, please contact local law enforcement or the District Attorney's office for the county in which the alleged fraud or embezzlement occurred.

**Attorney General's Office**

You may also file a complaint with the Attorney General's Office via their website www.ncdoj.com.  Click on Contact Us and complete the on-line form.  You may also send correspondence to the Attorney General's office at:

NC Department of Justice
Consumer Protection Section
9001 Mail Service Center
Raleigh, North Carolina 27699-9000