# EXHIBIT 43

TracFone Wireless, Inc.  
TracFone Wireless, Inc.  
ATTN: Legal Department  
9700 Northwest 112th Avenue  
MIAMI FL 33178

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s). **ALL information should be verified by you.**

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

Item: 2018-1439

| # | Field | Value |
|---|---|---|
| 1. | Client Entity: | TracFone Wireless, Inc. |
| 2. | Title of Action: | Shirley Teter vs. Project Veritas Action Fund, et al. |
| 3. | Document(s) Served: | Law Firm Letter<br>Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises, etc.<br>Exhibit A |
| 4. | Court/Agency: | United States District Court |
| 5. | State Served: | North Carolina |
| 6. | Case Number: | 1:17-CV-00256-MR-DLH |
| 7. | Case Type: | |
| 8. | Method of Service: | Regular Mail |
| 9. | Date Received: | Monday 12/10/2018 |
| 10. | Date to Client: | Tuesday 12/11/2018 |
| 11. | # Days When Answer Due: | 1 |
| | Answer Due Date: | 12/11/2018 |
| 12. | SOP Sender:<br>(Name, City, State, and Phone Number) | Michael Montecalvo<br>Winston-Salem, NC<br>(336) 721-3770 |
| 13. | Shipped to Client By: | Email Only with PDF Link |
| 14. | Tracking Number: | Not Applicable |
| 15. | Handled By: | 341 |
| 16. | Notes: | Please note the Due Date referenced in the document is 12/11/2018 |

CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of service in their records matches the Date Received.

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective. It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

11380 Prosperity Farms Road #221E, Palm Beach Gardens, FL 33410   Tel: (561) 694-8107   Fax: (561) 694-1639  
www.CorporateCreations.com

Case 1:17-cv-00256-MR   Document 43-44   Filed 01/22/19   Page 2 of 13



womblebonddickinson.com

**WOMBLE BOND DICKINSON**

Womble Bond Dickinson (US) LLP

Michael Montecalvo
Direct Dial: (336) 721-3770
Direct Fax: (336) 726-6912
Email: michael.montecalvo@wbd-us.com

One West Fourth Street
Winston-Salem, NC 27101

t: 336.721.3600
f: 336.721.3660

December 5, 2018

Tracfone Wireless, Inc.
c/o Corporate Creations Network, Inc.
15720 Brixham Hill Avenue, #300
Charlotte, NC 28277
Fax: (305) 715-6932
Email: subpoenacompliance@tracfone.com

Tracfone Wireless, Inc.
Subpoena Compliance
9700 NW 112th Avenue, Miami, FL 33178
Fax: (305) 715-6932
Email: subpoenacompliance@tracfone.com

Re: *Shirley Teter v. Project Veritas Action Fund, Project Veritas, and James E. O'Keefe, III*, In the United States District Court for the Western District of North Carolina, Civil Action No. 1:17-CV-00256-MR-DLH

Dear Records Custodian and Tracfone Wireless:

I represent Project Veritas Action Fund, Project Veritas, and James E. O'Keefe, III in a lawsuit filed by Shirley Teter, currently pending in federal court in the Western District of North Carolina. I am enclosing a subpoena requesting certain phone records related to phone number (906) 360-3475, owned by Shirley Ann Teter. The records requested are set forth in Exhibit A, attached to the subpoena. I am also enclosing a release signed by Ms. Teter.

Your compliance is requested by Tuesday, December 11, 2018, by 10:00 a.m. Production by fax to (336) 726-6912, or by email to Michael.Montecalvo@wbd-us.com is preferred. Please call me at (336) 721-3770 if you have any questions or would like to discuss this subpoena.

Yours truly,

Michael Montecalvo

MM/acg
Enclosures

Womble Bond Dickinson (US) LLP is a member of Womble Bond Dickinson (International) Limited, which consists of independent and autonomous law firms providing services in the US, the UK, and elsewhere around the world. Each Womble Bond Dickinson entity is a separate legal entity and is not responsible for the acts or omissions of, nor can bind or obligate, another Womble Bond Dickinson entity. Womble Bond Dickinson (International) Limited does not practice law. Please see www.womblebonddickinson.com/legal notices for further details.

I, Shirley Ann Teter, owned a Samsung Tracfone in 2015 and 2016. I no longer have that phone after I acquired a Tracfone I own now. The phone number for the Tracfone I no longer possess was (906) 360-3475. Because I no longer have the Tracfone, I can not identify the serial number of the phone.

I need promptly the history and records of the calls made and received by phone number (906) 360-3475 for the period July 1, 2016 through December 31, 2016, but I understand from speaking with a Tracfone records employee that a sworn statement is needed from me stating that I no longer possess the phone. I also understand that unless the records are subpoenaed, it takes at least 30 days for the records to be produced by Tracfone.

The history records for the period I referenced are claimed to be relevant and possibly informative in two lawsuits pending in the Western District of North Carolina federal court. This sworn statement will be submitted with a subpoena issued from that court, by lawyers from one or more of the following law firms: Womble Bond Dickinson; Cranfill, Sumner and Hartzog, LLP; Ellis & Winters LLP; and, or, Critchfield, Critchfield & Johnston, LTD. I consent to any of these lawyers using this statement.

My current address is 1 Battle Square, Apt 401, Asheville, North Carolina, 28801. I currently own and use a Tracfone that I bought in December 2016 and the phone number for that phone is (828) 620-8216. This phone number is provided to assist Tracfone identify me and possibly find my history and records for the Tracfone with phone number (906) 360-3475.

My former address is 319 Pine St., Marquette, Michigan, 49855. I purchased the phone originally while residing at the Michigan address, but I moved to Asheville in 2014 and possibly used the phone through December 2016.

These statements are true to the best of my knowledge and memory.

_Shirley Ann Teter_  12-3-18
Shirley Ann Teter           Date

Sworn to and subscribed in my presence this 3rd day of December, 2018.

_Michele L Medford_
Notary Public

MICHELE L MEDFORD
Notary Public, North Carolina
Haywood County
My Commission Expires
10/20/21

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of North Carolina

| | |
|---|---|
| Shirley Teter ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 1:17-CV-00256-MR-DLH |
| Project Veritas Action Fund, Project Veritas, ) | |
| and James O'Keefe, III ) | |
| *Defendant* ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Tracfone Wireless, Inc., c/o Corporate Creations Network, Inc., 15720 Brixham Hill Avenue, #300, Charlotte NC 28277

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Exhibit A.

| Place: Womble Bond Dickinson (US) LLP<br>301 S. College Street, Suite 3500<br>Charlotte, NC 28202 | Date and Time:<br>12/11/2018 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/05/2018

*CLERK OF COURT*

OR _____/s/_____

*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Project Veritas, Project Veritas Action Fund and James O'Keefe, III , who issues or requests this subpoena, are:
Michael Montecalvo, Womble Bond Dickinson (US) LLP, One W. 4th Street, Winston-Salem, NC 27101; (336) 721-3770

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 1:17-CV-00256-MR-DLH

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Case 1:17-cv-00256-MR   Document 43-44   Filed 01/22/19   Page 7 of 13

## EXHIBIT A

With respect to phone number (906) 360-3475, owned by Shirley Ann Teter (DOB 1/27/48), residing at any of the following addresses: 319 Pine Street, Marquette, MI 49855; 75 Haywood Street, Apt. 210, Asheville, NC 28801; 1 Battle Square, Apt. 401, Asheville, NC 28801:

1. All call history from July 1, 2016, through December 31, 2016;
2. All text messaging history from July 1, 2016, through December 31, 2016;
3. All billing and payment information from July 1, 2016, through December 31, 2016.

DEC 1 0 2018



**Call Detail**

ESN:
MDN: 9063603475
Dialed Number:
Call Start Date: 7/1/2016
Call End Date: 12/31/2016

| ESN | MDN | Dialed Number | Call Date & Time | Call Direction | Origin SID | To State | From City | Called City | Local Minutes | LD Minutes | Roaming | Roaming LD | SMSMT | SMSMO | MMSMT | MMSMO | Total KB | Units |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | | | | | |

**NO RECORDS FOUND**



Definition of Terms used in CDR Report:

1) **CDR** – Call Detail Record.

2) **Date & Time** – Information correlates to the handset's location where the call was placed.

3) **MDN** – (Mobile Dialing Number) Mobile number of phone within a wireless carrier's network.

4) **Dialed Number** – Phone number linking to the MDN at the time of the call.

5) **ESN** – (Electronic Serial Number) Unique identification number embedded in a wireless CDMA phone by the manufacturer.

6) **IMEI** – (International Mobile Equipment Identifier) The ESN for a GSM handset.

7) **Call Direction** – *Incoming* call made to the handset or *Outgoing* call made from the handset.

8) **Origin SID** – The source from where the call is placed. SID is a grouping of cell towers.

9) **From City** – The city from which the call was placed in conjunction with Call Direction.

10) **Called City** – The location to which the call was placed in conjunction with Call Direction.

11) **To State** – The state to which the call was placed.

12) **Local Minutes** – Minutes used for a local call.

13) **LD Minutes** – Long Distance minutes used for a call.

14) **Roaming** – When a subscriber is using the resources of a network outside of his own.

15) **Roaming LD** - When a subscriber is using the resources of a network outside of his own while outside of the network's home country.

16) **SMSMT** - Incoming text message. TracFone has no access to the message content.

17) **SMSMO** – Outgoing text message. TracFone has no access to the message content.

18) **MMSMT –** Incoming Multimedia message. TracFone has no access to the message content

19) **MMSMO** – Outgoing Multimedia message. TracFone has no access to the message content

20) **Total KB**- Data Usage. Example: Internet usage.

21) **Units** – A cash derivative from which TracFone deducts usage.

**Responses to Frequently Asked Questions:**

- TracFone is a prepaid phone service. Customer information is not required upon activation and may be provided at the sole discretion of the customer.

- TracFone provides service on a month-to-month prepaid basis. If a customer fails to maintain active service each month, his service will be terminated and the phone number may be reassigned to a new customer.

- The SID (grouping of cell towers) and cell tower locations are managed by each underlying carrier. Information pertaining to a handset's location or sector orientation must be requested from the respective carrier.

- TracFone does not have access to customer's voice mail or text message content.

- TracFone provides CDRs as they pertain to our business. Requests directed to other carriers may provide additional information. For example, if a call is placed to a TracFone handset while it is turned off and the call is routed to voicemail, the TracFone CDRs may not show the transaction because the phone is not in use. The underlying carrier may nevertheless have a record of this transaction.

**IMPORTANT NOTICE:** **Calls that are less than15 seconds will not normally appear on the call records.** Call detail information for some incoming and outgoing calls may also not be available due to network limitations of the underlying carrier**.**
**TracFone is headquartered in Miami, Florida. If a records custodian's testimony will be required to authenticate records, we require a minimum of 2 week's notice and fully pre-paid travel arrangements.**



**Subpoena Compliance**

Subpoena's, Court Orders and Search Warrants requesting TracFone customer's records may be transmitted as follows:

TracFone Wireless, Inc.
Attention: Subpoena Compliance
9700 NW 112 Ave
Miami FL 33178

TracFone Wireless, Inc. will process, complete, and return Law Enforcement requests in the form of Subpoenas, Search Warrants or Court Orders within 14 to 30 business days (excluding weekends and Holidays). All Cell Site/Tower/GPS Location Information, Wiretaps, Intercepts, Title lll Requests should be directed to the respective carrier. For any additional questions or information please contact Subpoena Compliance:

Subpoena Compliance: 800-810-7094
Subpoena Compliance Fax: 305-715-6932
Subpoena Compliance E-mail: subpoenacompliance@tracfone.com

PLEASE NOTE: All Subpoenas and Court Orders MUST be addressed to TracFone Wireless, Inc. if it is a Simple Mobile number, please have it made out to TracFone Wireless, Inc. d/b/a Simple Mobile. If you will require live testimony from our records custodian, our office requires a minimum of two-week's notice in addition to pre-paid travel arrangements, Park & Fly parking fees. . Non federal or non Florida based subpoenas requesting the custodian to testify, will need a COURT ORDER signed by the judge with the verbiage stating that "**TracFone Wireless is a material witness**".

**Service upon Registered Agent:**
Corporate Creations, Inc., as Registered Agent for TracFone Wireless, Inc (all Simple Mobile numbers needs to be made out to TracFone Wireless, Inc. d/b/a Simple Mobile)
Contact Number: 561-694-8107
Examples: divorce cases, business disputes, Immigration and all other non-criminal subpoenas.

**E911 Exigent Circumstances**
E911/Exigent Hotline Number: 800-820-8632
E911/Exigent Fax Number: 800-544-3669
*** Please note on any forms faxed if you have already received the necessary information***

**Expedite Service**
**Subpoena Compliance Expedite Fax (fees apply): 305-715-6995**
**Subpoena Compliance Expedite Email Address (fees apply): expeditedsubpoena@tracfone.com**

**Please include a cover page with contact information and indicate the selected expedite method**

- **Same Day Expedite**: All requests marked "Same Day Expedite" (**with properly completed CALEA form**) will be processed within 24 business hours (excluding weekends and holidays). All Expedite request with Same Day turnaround time will be charged at a higher rate.
- **7-14 Day expedite**: All requests marked "**Please Expedite**" (with properly completed CALEA form) will be processed within 7-14 business days (excluding weekends and holidays).



# EXPEDITED REQUESTS FEES

**7-14 Day Expedite Fee:**
Subscriber information only:  $25
Call records only (last 60 days):  $30 + $20 per month for each additional month
Call records for a single month (excluding above fees): $20 per month
Subscriber information and Call records (last 60 days):  $55
Expedites that require certificate or affidavit, add additional fee of $40

**Same Day Expedite Fees:**
Subscriber information only:  $50
Call records only (last 60 days):  $60 + $40 per month for each additional month
Call records for a single month (excluding above fees): $40 per month
Subscriber information and Call records (last 60 days): $110
Expedites that require certificate or affidavit, add additional fee of $80.

**Additional Fees:**
Certificates/Affidavits for Non-Expedited request:  $20
Records requiring mailing:  $0.25 per printed page plus cost of shipment
Research Fee per SIM look-up:  $10 ($20 for expedited requests; $40 for same day)
Research Fee per PIN look-up:  $5 ($10 for expedited requests; $20 for same day)
Re-up Subscribers Account:  $75

*For records needed to be overnight, please provide your FedEx account number. If FedEx information is not provided, TracFone Wireless, Inc. will bill Agency for charges.*