EXHIBIT 5

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Case No: 1:17 cv 00129; 1:17 cv 00256

| | |
|---|---|
| RICHARD L. CAMPBELL, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SHIRLEY TETER and SINCLAIR ) <br> COMMUNICATIONS, LLC, ) <br> ) <br> Defendants. ) <br> ) <br> SHIRLEY TETER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PROJECT VERITAS ACTION FUND, ) <br> PROJECT VERITAS, and JAMES E. ) <br> O'KEEFE, III, ) <br> ) <br> Defendants. ) | SHIRLEY TETER'S RESPONSE TO <br> PROJECT VERITAS ACTION FUND'S <br> FIRST SET OF INTERROGATORIES <br> AND REQUESTS FOR PRODUCTION |

Defendant Shirley Teter ("Ms. Teter"), through counsel, hereby responds to Project Veritas Action Fund's First Set of Interrogatories and Requests for Production of Documents, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, as follows:

**GENERAL RESPONSES AND OBJECTIONS**

1. Ms. Teter objects to the discovery to the extent that it seeks information or the production of documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privilege, immunity, or exemption recognized by law. Furthermore, any production of privileged or otherwise protected information is inadvertent and shall not constitute a waiver of any claim or privilege or other protection. Ms. Teter reserves the right to

demand both that Plaintiff return such inadvertently produced documents and cease any use of the documents in this litigation. These rights are and will be reserved through and including trial.

2. Ms. Teter has made reasonable efforts to respond to the discovery, and Ms. Teter's responses are based on her understanding and interpretation of each request. Further, Ms. Teter's discovery and investigation is ongoing. Accordingly, Ms. Teter reserves the right to supplement or amend her responses or objections.

3. Ms. Teter objects to the discovery to the extent that it seeks information or documents that are not in Ms. Teter's possession, custody, or control.

4. Ms. Teter objects to interrogatories that call for a narrative response and that are more appropriately addressed by deposition testimony. Such questions are unduly burdensome and oppressive.

5. Ms. Teter's responses to this discovery are made subject to and without waiving, or intending to waive, the objection noted above

## INTERROGATORIES

1. Set forth all "out of pocket expenses and other damages" you contend you incurred as a result of Defendants' conduct, as alleged in Paragraph 61 of your Complaint.

**RESPONSE: I incurred approximately $125.00 in expenses related to terminating a telephone "landline" and establishing cell service.**

2. List every political candidate, political party, political action committee, political advocacy organization, or non-profit for which you have been employed or volunteered, including the nature and dates of your work.

**RESPONSE: I volunteered for President Obama's 2008 presidential campaign. I worked on the phone.**

3. Identify and describe every communication you had with a news outlet, reporter, media member, website, organization, or publication of any nature concerning the Altercation or one or more of the Defendants.

**RESPONSE: I don't recall, but I was interviewed by Channel 13 and the Asheville newspaper.**

4. List each article, report, post, or other publication relating to the Altercation, specifically indicating those for which you provided content.

**RESPONSE: I don't recall any beyond those described in interrogatory No. 3.**

5. Identify and describe every communication between you and Democracy Partners.

**RESPONSE: None of which I am aware. By way of further response, I was receiving phone calls for a period of time after the event, but I told the individuals who called that I was not interested in talking.**

6. Identify and describe every communication between you and Americans United for Change.

**RESPONSE: None of which I am aware. By way of further response, I was receiving phone calls for a period of time after the event, but I told the individuals who called that I was not interested in talking.**

7. Identify and describe each communication you had with any witness to the Altercation.

**RESPONSE: I spoke with witnesses at the September 16th rally. I also contacted those witnesses identified in my initial disclosures to inquire if they had been contacted by the District Attorney's office. None of them had been contacted. I also made contact with one witness who made a video at the time of the altercation.**

8. Identify and describe every communication between you and the Democratic National Committee or any other political campaign, politician, political party, political

action committee, or political organization concerning the Altercation or one or more of the Defendants.

**RESPONSE: None.**


9. For the period from January 1, 1996 to the present, list each political rally, protest, meeting, or event you attended.

**RESPONSE: I attended a democratic campaign event in Marquette, MI about 11 years ago, and I also protested outside the Trump rally in Asheville, NC.**


10. Identify all "social media" accounts you have established from January 1, 2007 to the present. For the purposes of this Interrogatory, "social media" includes Facebook, MySpace, Snapchat, Twitter, YouTube, Instagram, LinkedIn, Pinterest and any electronic communication where messages or pictures are exchanged.

**RESPONSE: None.**


11. Identify all jobs you have held (both paid and volunteer) from January 1, 1996 to present by naming each employer, job title and dates of employment.

**RESPONSE: While this Interrogatory is overbroad and burdensome, the occupations were few. I was self-employed in Phoenix, Arizona, I was employed at Reeds Market in Crosslake MN and I worked on the 2000 Census in Crow Wing County, MN.**


12. Identify and describe all communications between you and any individual identified in your Rule 26 Initial Disclosures concerning the Altercation, your damages or one or more of the Defendants.

**RESPONSE: OBJECTION. This interrogatory is overbroad, ambiguous and burdensome. Without waiving any objection, and preserving the right to give a thorough response in deposition or at trial, I cannot remember every communication between myself and the persons listed in my initial disclosures or others. The communications ranged from the physical pain and suffering and mental and emotional suffering during the moments at the time of the altercation and since, to the mental and emotional suffering caused by the Veritas' defendants' publication of Videos I and II as well as the impact on my reputation caused by the Veritas' videos. I supplement my initial discloses with this response to identify my sister, Carol Martinson, my granddaughter Shea Wendell**

Jacobson, some residents in my senior living complex, people who recognized me on the street and frequenter at a local coffee shop, whose names I will provide.

13. Identify each physician, psychologist, psychiatrist, counselor, or other medical professional who has seen and/or treated you from January 1, 1996 to present, including the dates when you were seen and/or treated by each.

**RESPONSE: OBJECTION. This interrogatory seeks to discover irrelevant medical history and/or treatment which is completely unrelated to the issues in this litigation in violation of my right to privacy. To require my entire 22 year medical history is not reasonably calculated to lead to the discovery of admissible evidence, and is overbroad. Without waiving these objections, my attorneys will gather and produce relevant records for a relevant time period. These doctors are:**
**Dr. Burdumoon (phonetic), based in Marquette**
**Dr. Danek – (906) 225-3912,**
**Dr. Marter – (906) 225-3870**
**Dr. Edward – (906) 225-3853**
**Dr. Ryan Brang - (906) 225-3864**
**Dr. Donley – (828) 255-7783**
**Dr. Paul Midkiff – (828) 258-8681**

14. List each phone number you have used from January 1, 2016 to the present.
**RESPONSE: 828-620-8216, 828-424-7579**

15. List each email address you have used from January 1, 2016 to the present.

**RESPONSE: Heavensdoor064@yahoo.com. At one time, I also had an email address Heavensdoor064@gmail.com, but I did not like the Gmail system and used the Yahoo address instead. I also had an email address tetershirley254@yahoo.com.**

16. Set forth the brand, model, and serial number for each device you have used to send or receive text messages or emails or access the internet from January 1, 2016 to the present.

**RESPONSE: I did not own the Samsung Tracfone and Samsung Tablet on January 1, 2016 – but acquired it in the fall of 2016 after the Veritas' videos. I use these devices for accessing the internet. I also use the Tracfone for text messaging.**

**I also have an HP computer but use it only for online shopping.**

17. Other than comments posted on www.youtube.com, identify and describe each communication relating to the Altercation or PVAF's reporting that you received and that you considered to be a threat.

**RESPONSE: Some residents in the senior community where I live, who had heard and believed what they heard on YouTube and possibly off of Social Media sources. I was being called a paid protestor, bird dog, and bitch by people on the street who recognized me.**

**At one time, I also went online to view the reaction to the videos and the comments got me so upset that I had to stop reading them.**

18. From January 1, 2016 to the present, list each of your sources of income, including the dates and amounts of each payment received from each source.

**RESPONSE: SS and SSI. The amounts are not relevant.**

19. Identify each person who has offered to assist in paying your legal expenses or legal costs relating to this matter or the suit filed against you by Richard Campbell.

**RESPONSE: My son assisted me with $150 of the $300 fee charged by one lawyer. Other than that, none.**

20. Identify every person who knew you prior to the alleged defamation who has communicated to you, whether directly or indirectly, that he or she thought less of you or otherwise had a diminished opinion of you as a result of the alleged defamation.

**RESPONSE: My sister told me I had it coming and we haven't spoken since; my granddaughter I haven't spoken to or heard from since; the people who frequented the café I used to frequent for coffee. I was insulted and no longer go there, unless I'm with someone else (not often at all). Members of my living community have mentioned their opinions about the videos, including one incident where I was trapped on an elevator with a woman who was insulting me based on the information she had read online.**

## REQUESTS FOR PRODUCTION

1. All documents identified or referenced in your answers to the foregoing interrogatories.

**RESPONSE: See the documents that have been produced and are being produced.**

2. All documents you referred to or relied upon to answer the foregoing interrogatories.

**RESPONSE: None.**

3. All documents described or identified in your Rule 26(a) initial disclosures and not previously produced.

**RESPONSE: My attorneys are gathering relevant medical records that were identified, but not produced with my initial disclosures.**

4. Your engagement letter or other documents evidencing the terms of your engagement with Ellis & Winters, LLC.

**RESPONSE: OBJECTION: My communications with my lawyers are protected by the attorney-client privilege, are not relevant, likely to lead to the discovery of admissible evidence, and not discoverable.**

By way of further response, I am interpreting this request as though it sought information regarding my communications with Ellis & Winters LLP, not Ellis & Winters LLC.

5. Your engagement letter or other documents evidencing the terms of your engagement with Critchfield, Critchfield, and Johnston, Ltd.

**RESPONSE: OBJECTION:** My communications with my lawyers are protected by the attorney-client privilege, are not relevant, likely to lead to the discovery of admissible evidence, and not discoverable.

6. All statements of witnesses to the Altercation.

**RESPONSE:** My attorneys have disclosed all "statements" that I possessed. I have not received any written statement from any witness.

7. All your statements concerning the Altercation or Project Veritas Action Fund's reporting.

**RESPONSE:** In my initial disclosures, my attorneys have disclosed my statements I made to news reporters or which were captured on video by people at the rally. I have no other statements.

8. All notes, diary entries, photographs, or recordings of or relating to the Altercation.

**RESPONSE:** In my initial disclosures, my attorneys have disclosed these documents or things. I have no other documents or things.

9. From January 1, 1996 to present, records relating to any treatment you received from a physician, psychologist, psychiatrist, counselor, or other medical professional.

**RESPONSE: OBJECTION:** This request seeks to discover irrelevant medical history and/or treatment which is completely unrelated to the issues in this litigation in violation of my right to privacy. To require my entire 22 year medical history is not reasonably calculated to lead to the discovery of admissible evidence, and is overbroad. Without waiving these objections, my attorneys will gather and produce relevant records for a relevant time period.

10. For inspection and copying, all phones, tablets, computers, or other devices you used to send or receive text messages or emails or access the internet from January 1, 2016 to the present.

**RESPONSE: If the parties agree that inspection of the others' computers and devices is appropriate, then upon reasonable notice, I will make these devices available for a reasonable time for inspection.**

11. All documents evidencing a communication between you and Democracy Partners.

**RESPONSE: None.**

12. All documents evidencing a communication between you and Americans United for Change.

**RESPONSE: None.**

13. All documents evidencing a communication between you and any individual identified in your Rule 26 initial disclosures concerning the Altercation or one or more of the Defendants.

**RESPONSE: None, other than those produced with the initial disclosures.**

14. All documents evidencing a communication between you and any witness to the Altercation concerning the Altercation or one or more of the Defendants.

**RESPONSE: None, other than those produced with the initial disclosures.**

15. All documents evidencing a communication between you and any reporter, writer, journalist, blogger, videographer, photographer, publisher, editor, or other media member concerning the Altercation or one or more of the Defendants.

**RESPONSE: None, other than those produced with the initial disclosures.**

16. All statements, accounts, posts, letters, reports, or other documents you authored or for which you provided content concerning the Altercation or one or more of the Defendants. For purposes of this Request, you should include any civil or criminal proceedings, grand jury proceedings, fact-finding proceedings, investigations or other legal proceedings.

**RESPONSE: None, other than those produced with the initial disclosures.**

17. Telephone records showing incoming and outgoing calls to/from any telephone you used for the period from September 1, 2016 to the present.

**RESPONSE: I currently have a government issued track phone that does not provide records. I will try to contact my landline telephone company for records in the designated time frame.**

18. All text messages concerning the Altercation or one or more of the Defendants.

**RESPONSE: OBJECTION: This request seeks my communications with my attorneys, which are protected by the attorney-client privilege. Otherwise, none.**

19. All emails concerning the Altercation or one or more of the Defendants, including without limitation all emails containing one or more of the following search terms (including singular and plural variants):

  a. Richard Campbell or Richard or Campbell

    b. Project Veritas or Project or Veritas or PV or PVAF
    c. James O'Keefe or James or O'Keefe or OKeefe
    d. Defamation
    e. Libel
    f. Slander
    g. Democracy Partners or Democracy or Partners or DP
    h. Americans United for Change or Americans or United or Change or AUC
    i. Bird dog or bird dogging or bird dogged
    j. Scott Foval or Scott or Foval
    k. Robert Creamer or Robert or Creamer
    l. Donald Trump or Donald or Trump
    m. President
    n. Rally
    o. Protest
    p. MoveOn
    q. News
    r. Reporter
    s. Video
    t. YouTube
    u. Threat
    v. Safe or safety
    w. Jaw
    x. Rib
    y. Elect or election
    z. Punch or punched
    aa. Cold-cock or cold-cocked
    bb. District Attorney or district or attorney or lawyer
    cc. Charges or charged or charge
    dd. Police
    ee. Officer
    ff. Doctor
    gg. Emergency room or emergency or ER

**RESPONSE: Non-privileged, responsive documents are being produced.**

20. All news reports, articles, videos, posts, or other publications concerning the Altercation.

**RESPONSE: None, other than those produced with the initial disclosures.**

21. Transaction histories for each of your checking or savings accounts from January 1, 2016 to the present.

RESPONSE: My attorneys will produce accessible records from Asheville Mountain Credit Union.

22. All drafts, notes, and other documents relating to your September 16, 2016 post on www.moveon.org.

RESPONSE: I did not make any post on moveon.org. The first time I learned about this issue was when the District Attorney told me that he had a copy of a letter that was supposedly written by me. It was not.

23. All communications relating to your September 16, 2016 post on www.moveon.org .

RESPONSE: I did not make any post on moveon.org. The first time I learned about this issue was when the District Attorney told me that he had a copy of a letter that was supposedly written by me. It was not.

24. All your communications with MoveOn, any political action committee, or any other political advocacy group concerning the Altercation or one or more of the Defendants.

RESPONSE: None, but I received a sympathy card from them, which I cannot locate.

25. All documents evidencing an offer of assistance relating to the payment of your legal fees in this action or the action filed by Richard Campbell.

RESPONSE: Responsive documents are being produced.

26. Copies of all your prescriptions from January 1, 2016 to the present.

RESPONSE: My attorneys will produce relevant records from B&B Pharmacy.

27. All documents concerning reputational harm you allegedly suffered as a result of the actions of any defendant in Case No. 1:17-cv-00256-MR-DLH.

**RESPONSE:** None, except those specifically identified in the legal complaint filed by my attorneys against the Veritas defendants and in the counterclaim they filed against Mr. Campbell, which you possess.

28. All documents concerning any speech, address, interview or oral presentation you made at any public meeting, forum, panel, debate or event from January 1, 2016 to the present.

**RESPONSE:** None.

This 24th day of July, 2018.

Respectfully submitted,

**ELLIS & WINTERS, LLC**

By: /s/Jonathan D. Sasser
    Jonathan D. Sasser (NC S. Ct. #10028)
    4131 Parklake Ave., Suite 400
    Raleigh, NC 27612
    Phone: 919-865-7002
    Fax: 919-865-7010
    Email: jon.sasser@elliswinters.com

**CRITCHFIELD, CRITCHFIELD & JOHNSTON, LTD.**

By: /s/ Ralph Streza
    Ralph Streza (OH S. Ct. #0017694)
    4996 Foote Road
    Medina, Ohio 44256
    Phone: 330-723-6404
    Fax: 330-721-7644
    Email: streza@ccj.com

*Counsel for Plaintiff, Defendant and Counter – Plaintiff Shirley Teter*

# VERIFICATION

STATE OF NORTH CAROLINA

COUNTY OF __Haywood__

Shirley Teter, first being duly sworn, deposes and says that the factual statements made in response to the interrogatories served by Project Veritas Action Fund are true and correct to the best of her knowledge.

_Shirley A. Teter_
Shirley Teter

Sworn to and subscribed before me,

this 10th day of July, 2018.

_Michele Medford_
Notary Public

Name: __Michele L Medford__

Notary No.: _____

Commission Expires: __Oct. 20, 2021__

10/20/21

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 24th day of June, 2018, the foregoing was served upon the individuals listed below by depositing a copy thereof in the U. S. mail, postage prepaid, first class, addressed as follows:

Chad Russell Bowman
Ballard Spahr, LLP
1909 K Street, NW
12th Floor
Washington, DC 20006-1157
bowmanchad@ballardspahr.com
*Attorney for Sinclair Communications, LLC*

Isaac Noyes Northup, Jr.
Hall Booth Smith, P.C.
123 Biltmore Ave
Asheville, NC 28801
inorthup@hallboothsmith.com
*Attorney for Sinclair Communications, LLC*

Al-Amyn Sumar
Ballard Spahr LLP
1675 Broadway, 19th Floor
New York, NY 10019
sumara@ballardspahr.com
*Attorney for Sinclair Communications, LLC*

William E. Loose
68 North Market Street
Asheville, NC 28801
billloose@skyrunner.net
*Attorney for Richard L. Campbell*

Ruth C. Smith
The Law Offices of Ruth C. Smith
68 N. Market St.
Asheville, NC 28801
ruth@mywncattorney.com
*Attorney for Richard L. Campbell*

James A. Dean
Michael Montecalvo
Womble Bond Dickinson (US) LLP
One West Fourth Street
Winston-Salem, NC 27101
jamie.dean@wbd-us.com
michael.montecalvo@wbd-us.com
*Attorney for Project Veritas, Project Veritas A(
and James E. O'Keefe, III*

/s/ Jonathan D. Sasser
Jonathan D. Sasser