

```
 1              UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF NORTH CAROLINA
 2                     ASHEVILLE DIVISION
              No.  1:17 cv 00129; 1:17 cv 00256
 3

 4    RICHARD L. CAMPBELL,
           Plaintiff,
 5    vs.
      SHIRLEY TETER and SINCLAIR
 6    COMMUNICATIONS, LLC,
           Defendants.
 7

 8    SHIRLEY TETER,
           Plaintiff,
 9    vs.
      PROJECT VERITAS ACTION FUND,
10    PROJECT VERITAS, and JAMES
      E. O'KEEFE, III,
11         Defendants.

12

13

14

15

16          Videotaped Deposition of CHRISTIAN LEE

17       HARTSOCK, at 12400 Wilshire Boulevard, Suite 700,

18       Los Angeles, California, beginning at 10:28 a.m.,

19       and ending at 5:27 p.m. on Thursday, November 15,

20       2018, before MICHELE URBINA, Certified Shorthand

21       Reporter No. 9635.

22

23

24

25
```

```
 1   APPEARANCES:

 2   For Plaintiff Shirley Teter:
          ELLIS & WINTERS, LLC
 3        BY:  JONATHAN D. SASSER, ESQUIRE
          PREETHA SURESH RINI (Via Speakerphone)
 4        Attorneys at Law
          4131 Parklake Avenue, Suite 400
 5        Raleigh, North Carolina 27612
          (919) 865-7002
 6        jon.sasser@elliswinters.com

 7


 8   For Defendants Project Veritas Action Fund, Project
     Veritas, James E. O'Keefe, and The Deponent:
 9        WOMBLE BOND DICKINSON (US) LLP
          BY:  JAMES A. DEAN, ESQUIRE
10        MICHAEL MONTECALVO (Via Speakerphone)
          Attorneys at Law
11        One West Fourth Street
          Winston-Salem, North Carolina 27101
12        (336) 721-3770
          jamie.dean@wbd-us.com
13        michael.montecalvo@wbd-us.com

14


15   For Plaintiff Richard L. Campbell:
          CRANFILL SUMNER & HARTZOG LLP
16        BY:  TODD A. KING, ESQUIRE
          Attorney at Law
17        2907 Providence Road, Suite 200
          Charlotte, North Carolina 28211
18        (704) 940-3417
          tak@cshlaw.com
19        (Appearance Via Speakerphone)

20


21   Videographer:

22        CASEY HOWELL

23


24


25
```

1 the question?
2     Q     What about Mr. Foval seemed worth
3 investigating?
4     A     Before I -- before I met him or after I met
5 him?
6     Q     After you met him.
7     A     After I met him?  His stated proximity to
8 the Clinton campaign and the DNC.
9     Q     You believed he was close?
10     A     Yes.
11     Q     Before you met him, had you had any interest
12 in investigating Mr. Foval?
13     A     No.
14     Q     All right.  Let me show you a little bit
15 more of this tape, or this video.
16         The video is, what, 16 minutes long, a
17 little over 16 minutes long?
18     A     No.  It's 15 minutes and 12 seconds it
19 appears -- or at least that's what is remaining.
20         THE REPORTER:  I just want to put on the
21 record, I am having a hard time hearing it.
22         (Discussion off the record.)
23         (Video playing.)
24 BY MR. SASSER:
25     Q     Okay.  Who is that?

1  said.  We were reporting what he -- what we were
2  learning from him.
3           What he was telling -- we were reporting
4  what he was telling us.
5      Q    Were you concerned -- did you ever think
6  about asking Ms. Teter whether he was talking about
7  her?
8      A    Not that I recall.
9      Q    Why not?
10     A    The -- we were reporting what Scott Foval
11 was telling us, and -- about what -- I didn't imagine
12 that one of the birddoggers would want to admit to
13 what he was already admitting -- we did not have a
14 relationship with Shirley Teter.  I had a relationship
15 with Scott Foval.  We had a relationship with Bob
16 Creamer.
17     Q    But a journalist would actually ask the
18 person whether what they were writing about him was
19 true or not and give them an opportunity to comment;
20 wouldn't they?
21          MR. DEAN:  Object to the form.
22          THE WITNESS:  I don't -- I don't -- I don't
23 exactly know how to -- what is your question?
24 BY MR. SASSER:
25     Q    But a journalist would have an obligation to

1
2            I, the undersigned, a Certified Shorthand
3    Reporter of the State of California, do hereby
4    certify:
5            That the foregoing proceedings were taken
6    before me at the time and place herein set forth; that
7    any witnesses in the foregoing proceedings, prior to
8    testifying, were placed under oath; that a verbatim
9    record of the proceedings was made by me using machine
10   shorthand which was thereafter transcribed under my
11   direction; further, that the foregoing is an accurate
12   transcription thereof.
13           I further certify that I am neither
14   financially interested in the action nor a relative or
15   employee of any attorney of any of the parties.
16           IN WITNESS WHEREOF, I have this date
17   subscribed my name.       *Michele Urbina*
18
19                         _____
20                         MICHELE URBINA
21                         CSR NO. 9635
22
23
24
25