**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:17-cv-00256-MR**

| | |
|---|---|
| SHIRLEY TETER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>PROJECT VERITAS ACTION FUND, )<br>PROJECT VERITAS, and JAMES E. )<br>O'KEEFE, III, )<br>)<br>Defendants. )<br>_____) | **O R D E R** |

**THIS MATTER** comes before the Court upon the Plaintiff's Motion to Seal [Doc. 44].

The Plaintiff moves for leave to file under seal certain materials submitted by the Plaintiff in opposition to the Defendants' Motion for Summary Judgment. Specifically, the Plaintiff moves for leave to file under seal: (1) three pages from her personal medical records, which are attached to her response as Exhibits 36, 37, and 38 [Doc. 45]; and (2) the entire deposition transcript of the Defendant James E. O'Keefe, III [Doc. 46]. The Plaintiff further indicates that the Defendants consent to the Plaintiff's motion to seal. [Doc. 44]. The Defendants, however, have filed a response to the Plaintiff's motion to seal, arguing that the filing of the entire deposition

transcript violates the Local Rules and, further, that that the deposition pages cited by the Plaintiff are already in the public docket. [Doc. 53]. The Plaintiff has a filed a reply, arguing that the full transcript provides "needed context." [Doc. 55 at 2].

The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records filed in civil and criminal proceedings. Doe v. Public Citizen, 749 F.3d 246, 265 (4th Cir. 2014). "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" Id. at 265-66 (quoting in part Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)). The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" Id. at 266 (quoting in part In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)).

When presented with a motion to seal, the law of this Circuit requires this Court to: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific

reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the Plaintiff's motion. The Plaintiff filed her motion on January 22, 2019, and it has been accessible to the public through the Court's electronic case filing system since that time.

With respect to Exhibits 36, 37, and 38, the Plaintiff has demonstrated that these exhibits reference the Plaintiff's protected health information, and that the public's right of access to such information is substantially outweighed by the compelling interest in protecting the details of such information from public disclosure.[1] Having considered less drastic alternatives to sealing the documents, the Court concludes that sealing of these exhibits is narrowly tailored to serve the interest of protecting the confidential and sensitive nature of these materials.

---

[1] The Plaintiff does not explain why the filing of this confidential information is necessary to oppose the Defendants' Motion for Summary Judgment. Nevertheless, in light of their confidential nature, the Court will allow these documents to be sealed, at least at the summary judgment stage of these proceedings. The Plaintiff is advised, however, that if this information forms a material basis for the relief she seeks from the Defendants, these documents may be subjected to unsealing if offered as exhibits at trial.

With respect to Defendant O'Keefe's deposition, the Plaintiff's filing violates Local Civil Rule 26.2, which provides that materials filed in support of a motion or response thereto "shall be limited to those portions of the material directly necessary to support or oppose the motion…." LCvR 26.2. The Court further notes that the portions of the O'Keefe transcript that the Plaintiff cites in her brief are already included on the public docket. [See Doc. 43-3].[2] While the Plaintiff argues that the entire deposition is necessary for "context," the Court notes that the parties have already filed over 1,100 pages of exhibits in support of their summary judgment briefs. The Court requires no further context from the parties.

For these reasons, the Plaintiff's filing of the entire O'Keefe deposition transcript is stricken. With the transcript stricken, the Plaintiff's motion to seal this particular exhibit is moot.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Seal [Doc. 44] is **GRANTED IN PART** and **DENIED IN PART**. Specifically, Exhibits 36, 37, and 38 [Doc. 45] to the Plaintiff's Response to the Defendants' Motion for Summary Judgment shall be filed under seal until

---

[2] The Defendants notes that the Plaintiff cites to pages 178-80 of the deposition in her brief but that these pages appear to have been inadvertently omitted from the excerpts the Plaintiff filed publicly with her response. If the Plaintiff wishes the Court to consider these pages, the Plaintiff should supplement the record accordingly.

further Order of this Court.  The Plaintiff's request to seal the deposition of Defendant O'Keefe is **DENIED AS MOOT**, and the O'Keefe deposition [Doc. 46] is hereby **STRICKEN** from the record.

    **IT IS SO ORDERED.**

Signed: March 4, 2019

Martin Reidinger
United States District Judge