# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:17-cv-00256-MR

| | |
|---|---|
| SHIRLEY TETER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| PROJECT VERITAS ACTION FUND, ) | |
| PROJECT VERITAS, and JAMES E. ) | |
| O'KEEFE, III, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court upon the Plaintiff's Motion to Seal [Doc. 48].

The Plaintiff moves for leave to file under seal certain materials submitted by the Plaintiff in opposition to the Defendants' Motion for Summary Judgment. Specifically, the Plaintiff moves for leave to file under seal three exhibits that were emails produced by the Defendant during discovery [Docs. 43-35, 43-45, 43-47]. As grounds for sealing, the Plaintiff notes that the Defendants have asserted that some of the information contained in these exhibits is "Confidential" as that term is defined in the Consent Protective Order. [Doc. 48].

The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records filed in civil and criminal proceedings. Doe v. Public Citizen, 749 F.3d 246, 265 (4th Cir. 2014). "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" Id. at 265-66 (quoting in part Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)). The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" Id. at 266 (quoting in part In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)).

When presented with a motion to seal, the law of this Circuit requires this Court to: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the Plaintiff's motion. The Plaintiff filed her motion on January 28, 2019, and it has been accessible to the public through the Court's electronic case filing system since that time.

The emails at issue were sent by the Defendant James E. O'Keefe, III. The information claimed to be confidential are the names and email addresses of the emails' recipients. The fact that counsel may have designated this information confidential during discovery does not necessarily require sealing when such material is filed in the record. See Legal Newsline v. Garlock Sealing Techs. LLC, 518 B.R. 358, 363 (W.D.N.C. 2014) ("Protective orders serve legitimate purposes in both expediting discovery and protecting trade secrets, proprietary information, privileged communications, and personally sensitive data from inadvertent disclosure during the process of discovery; however, the confidentiality afforded under a Protective Order to discovery materials does not automatically extend to documents submitted to the court.").

It is ultimately up to the Court, not the parties, to decide whether materials that are filed in the record of this case should be shielded from public scrutiny. The Plaintiff's motion to seal, however, fails to provide

sufficient grounds upon which the Court can make such a decision with respect to these particular exhibits.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Seal [Doc. 48] is **DENIED**. The parties shall have seven (7) days from the entry of this Order to meet and confer regarding these exhibits, to renew the motion to seal or to withdraw the provisionally sealed exhibits from the record. If the motion to seal is not renewed or the provisionally sealed materials are not withdrawn within seven (7) days, the exhibits shall be unsealed.

**IT IS SO ORDERED.**

Signed: March 4, 2019

Martin Reidinger
United States District Judge