# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:17-cv-00256-MR

| | |
|---|---|
| SHIRELY TETER, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> PROJECT VERITAS ACTION FUND, ) <br> PROJECT VERITAS, and JAMES E. ) <br> O'KEEFE, III, ) <br> ) <br> Defendants. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** comes before the Court upon the Defendants' Motion to Seal Exhibit 11 to Reply in Support of Motion to Exclude [Doc. 59]. The Plaintiff consents to the Defendants' motion. [Doc. 60].

The Defendants move for leave to file under seal Exhibit 11 to their reply in support of their Motion to Strike or Exclude. [Doc. 59]. The referenced exhibit is comprised of records of the Plaintiff's neuro feedback therapy, portions of which the Plaintiff previously moved to file under seal.

The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records filed in civil and criminal proceedings. Doe v. Public Citizen, 749 F.3d 246, 265 (4th Cir. 2014). "The common-law presumptive right of access

extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" Id. at 265-66 (quoting in part Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)). The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" Id. at 266 (quoting in part In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)).

When presented with a motion to seal, the law of this Circuit requires this Court to: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the Defendants' motion. The Defendants filed their motion on February 26, 2019, and it has been accessible to the public through the Court's electronic case filing system since that time. Further, the parties have demonstrated that this exhibit references the

Plaintiff's protected health information, and that the public's right of access to such information is substantially outweighed by the compelling interest in protecting the details of such information from public disclosure.

Having considered less drastic alternatives to sealing the documents, the Court concludes that sealing of these exhibits is narrowly tailored to serve the interest of protecting the confidential and sensitive nature of these materials.

**IT IS, THEREFORE, ORDERED** that the Defendants' Motion to Seal Exhibit 11 to Reply in Support of Motion to Exclude [Doc. 59] is **GRANTED**, and Exhibit 11 to the Defendants' Reply in support of their Motion to Strike or Exclude shall be filed under seal until further Order of this Court.

**IT IS SO ORDERED.**

Signed: March 4, 2019

Martin Reidinger
United States District Judge