IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:17-cv-00256-MR

SHIRLEY TETER,               )
                             )
            Plaintiff,       )
                             )
     vs.                     )     **O R D E R**
                             )
PROJECT VERITAS ACTION FUND, )
PROJECT VERITAS, and JAMES E.)
O'KEEFE, III,                )
                             )
            Defendants.      )
_____)

**THIS MATTER** comes before the Court upon the Defendants' Renewed Motion to Seal Exhibits 34 and 46 to Plaintiff's Response in Opposition to Summary Judgment [Doc. 66].

The Plaintiff originally brought a motion to seal several exhibits filed in support of her response to the Defendants' summary judgment motion. [Doc. 48]. The Plaintiff's original motion was denied without prejudice with leave to renew after consulting with counsel for the Defendants. The Defendants now renew the Plaintiff's motion, at least with respect to two of the exhibits. Specifically, the Defendants seek to seal the names and email addresses of confidential advisors and a donor that are contained in Exhibits 34 and 46. The parties agree that the specific identities of the recipients of

these emails are not material to this litigation and that sealing would protect these non-parties' privacy interests. [Doc. 66 at 3 n.1].

The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records filed in civil and criminal proceedings. Doe v. Public Citizen, 749 F.3d 246, 265 (4th Cir. 2014). "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" Id. at 265-66 (quoting in part Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)). The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" Id. at 266 (quoting in part In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)).

When presented with a motion to seal, the law of this Circuit requires this Court to: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents

and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the Defendants' motion. The Plaintiff filed her original motion to seal these exhibits on January 28, 2019, and it has been accessible to the public through the Court's electronic case filing system since that time. Further, the parties have demonstrated that these exhibits reference non-parties, whose identities and email addresses are not material to the present litigation, and that the public's right of access to such information is substantially outweighed by the compelling interest in protecting the details of such information from public disclosure.

Having considered less drastic alternatives to sealing the documents, the Court concludes that sealing of these exhibits is narrowly tailored to serve the interest of protecting the confidential and sensitive nature of these materials. The Court will direct the parties to file redacted versions of Exhibits 34 and 46 on the public record. The sealed, unredacted versions of these Exhibits shall remain in the record.

**IT IS, THEREFORE, ORDERED** that the Defendants' Renewed Motion to Seal Exhibits 34 and 46 to Plaintiff's Response in Opposition to Summary Judgment [Doc. 66] is **GRANTED**, and Exhibits 34 and 46 shall remain filed

under seal until further Order of this Court. The parties shall file redacted versions of Exhibits 34 and 46 on the public docket within seven (7) days of the entry of this Order.

**IT IS SO ORDERED.**

Signed: March 18, 2019

Martin Reidinger
United States District Judge