# EXHIBIT 4

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Case No: 1:17 cv 00129; 1:17 cv 00256

| | |
|---|---|
| RICHARD L. CAMPBELL, | ) |
| Plaintiff, | ) |
| v. | ) |
| SHIRLEY TETER and SINCLAIR COMMUNICATIONS, LLC, | ) **SHIRLEY TETER'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANTS JAMES O'KEEFE, PROJECT VERITAS AND PROJECT VERITAS ACTION FUND** |
| Defendants. | ) |
| SHIRLEY TETER, | ) |
| Plaintiff, | ) |
| v. | ) |
| PROJECT VERITAS ACTION FUND, PROJECT VERITAS, and JAMES E. O'KEEFE, III, | ) |
| Defendants. | ) |

In accordance with Rule 34 of the Federal Rules of Civil Procedure, the Plaintiff, Defendant and Counter – Plaintiff in these consolidated actions, Shirley Teter, requests that Defendants James O'Keefe, Project Veritas and Project Veritas Action Fund (collectively, jointly and individually) ("Defendants"), produce the requested documents within 30 days after service of these requests.

1

## DEFINITIONS & INSTRUCTIONS

A. The information sought in these discovery requests shall include information within the knowledge, possession, control or access of Defendants, their agents, employees or any person acting as a representative or on their behalf, regardless of whether any such person is now acting as such. In the event Defendants once possessed any requested document but no long possesses the document, you are you explain the reason(s) you no longer possess the document, as instructed more completely in paragraph (B)(2) below.

B. As used herein, the term "Documents" means any medium upon which intelligence or information is recorded, or from which intelligence or information can be reported, including Electronic Documents, which is or has been at any time in the possession, custody or control of Defendants, their agents, accountants, or attorneys, regardless of by whom prepared, including, but without limiting the generality of the foregoing, all letters, telegrams, agreements, notes to files, inter-office communications, reports, computer memory, disks or other information storage media or devices, memoranda, video recordings, audio recordings, mechanical or electronic recordings or transcripts, memoranda of conversations, telephonic or otherwise, and of meetings or conferences, studies, calculations, quotations, offers, inquiries, bulletins, circulars, statements, manuals, summaries, newsletters, compilations, mailing lists, photographs, negatives, slides, movies, articles, announcements, newspaper clippings, advertisements, proof sheets, books, records, tables, books of account, ledgers, vouchers, bank checks, invoices, bills, receipts, opinions, studies, analyses, acknowledgments and reports, and any draft of any of the foregoing.

1. If the document has been prepared in several copies, or additional copies have been made, and the copies are not identical (or which, by reason of subsequent modification

2

of a copy by the addition of notations, or other modifications, including, but not limited to, underlining, showing of blind copies, crossing out, initialing, comments, signatures, documents attached, clipped or stapled or referring thereto, etc., are no longer identical), then each non-identical copy is a separate document.

      2.     If any document was, but is no longer, in the possession or custody, or subject to the control of Defendants, their attorneys or agents, then they shall state separately for each such document: (i) whether it is missing or lost, has been destroyed, has been transferred (voluntarily or involuntarily) to others, or otherwise disposed of; (ii) the circumstances surrounding any authorization for such destruction, transfer or disposition; (iii) the date of such destruction, transfer or disposition; (iv) the document's present location if it is still in existence; and (v) the present and/or last known custodian of the document.

      3.     Electronic Documents shall be produced in an electronic, multi-page TIFF format that reflects how the source document would have appeared if printed out to a printer attached to a computer viewing the file, with an accompanying "load file" that includes objective coding, OCR, and all discoverable metadata that includes at a minimum starting production number, ending production number, document type, document creation date, creator/author, date last modified, and revision history. Additionally, for e-mail, the "load file" shall also include any recipient(s) including cc and bcc, date sent, and starting production number for each attachment to an e-mail.

## REQUEST FOR PRODUCTION OF DOCUMENTS

Produce for inspection and copying the following:

1. All Documents and tangible things described in correspondence from Jonathan Sasser, dated June 14, 2017, copies of which are attached for convenient reference.
   **RESPONSE:**

3

2. All Documents related to the scripts for the video *Rigging the Election – Video I: Clinton Campaign and DNC Incite Violence at Trump Rallies* (hereafter referred to as Video I) described in paragraph 23 of the Complaint.
   **RESPONSE:**

3. All Documents related to the drafts of scripts for Video I.
   **RESPONSE:**

4. All Documents related to the scripts for the video *Shirley Teter Changes Her Story After Release of Project Veritas Action Videos* (hereafter referred to as Video II) described in Paragraph 42 of the Complaint.
   **RESPONSE:**

5. All Documents related to the drafts of scripts for Video II.
   **RESPONSE:**

6. All Documents provided to the Wisconsin Attorney General relating to Video I or Video II.
   **RESPONSE:**

7. All Documents describing the dates the video interviews of Scott Foval or Robert Cramer were made that are presented in Video I and Video II.
   **RESPONSE:**

8. All Documents identifying the undercover operatives who visited the offices of Americans United for Change to conduct the interviews of Scott Foval that are presented in Video I and Video II.
   **RESPONSE:**

9. All Documents identifying the undercover operatives who visited the offices of Democracy Partners to conduct the interviews of Scott Foval that are presented in Video I and Video II.
   **RESPONSE:**

10. All Documents reflecting the complete, unedited interviews of Scott Foval.
    **RESPONSE:**


11. All unedited and/or raw footage recorded in connection with Video I.
    **RESPONSE:**


12. All unedited and/or raw footage recorded in connection with Video II.
    **RESPONSE:**


13. All Documents notifying anyone employed by or affiliated with Defendants that Shirley Teter was interviewed after publication of Video I which led to the production and publication of Video II.
    **RESPONSE:**


14. All Documents related to the production and publication of Video I, including documents relating to the purported purpose and premise of the video.
    **RESPONSE:**


15. All Documents related to the production and publication of Video II, including documents relating to the purported purpose and premise of the video.
    **RESPONSE:**


16. All Documents describing the effort to confirm that plaintiff Shirley Teter "was one of our activists" as published in Video I and Video II.
    **RESPONSE:**


17. All Documents that demonstrate the truth of the statement that plaintiff Shirley Teter "was one of our activists" as published in Video I and Video II.
    **RESPONSE:**


18. All Documents describing the effort to confirm that plaintiff Shirley Teter was paid by Americans United for Change to birddog, as that phrase is used in Video I and Video II.
    **RESPONSE:**

19. All Documents that demonstrate the truth of the statement that plaintiff Shirley Teter was paid by Americans United for Change to birddog, as that phrase is used in Video I and Video II.
   **RESPONSE:**


20. All Documents describing the effort to confirm that plaintiff Shirley Teter was mentally ill or homeless.
    **RESPONSE:**


21. All Documents that demonstrate the truth of the statement that plaintiff Shirley Teter was mentally ill or homeless.
    **RESPONSE:**


22. All Documents describing the effort to confirm that plaintiff Shirley Teter attended the rally on September 12, 2016 on behalf of Americans United for Change.
    **RESPONSE:**


23. All Documents that demonstrate the truth of the statement that plaintiff Shirley Teter attended the rally on September 12, 2016 on behalf of Americans United for Change.
    **RESPONSE:**


24. All Documents describing the effort to investigate Shirley Teter between September 12, 2016 and the publication of Video II.
    **RESPONSE:**


25. All Documents containing information about Defendants' policies to review comments published on its YouTube websites in response to Video I and Video II.
    **RESPONSE:**


26. All Documents containing information about distribution of Video I and Video II to outlets other than YouTube for possible or actual publication.
    **RESPONSE:**


27. All Documents describing the money donations received by any Defendant for 6 months after publication of Videos I and II.

**RESPONSE:**

28. All Documents describing the money donations received by any Defendant at any time since publication of Videos I and II that were related to or resulting from Videos I and II.
    **RESPONSE:**

29. All Documents in any Defendant's possession that includinge any assertions, allegations, conclusions, or findings by the New York Attorney General regarding its investigation into the charitable status of any Defendant.
    **RESPONSE:**

30. All Documents that relate to this lawsuit sent to or received by third parties since the lawsuit was filed.
    **RESPONSE:**

31. All Documents that relate to Videos I and II sent to or received by third parties since the lawsuit was filed.
    **RESPONSE:**

32. All Documents that relate to Videos I and II sent to or received by third parties since those videos were published on YouTube.
    **RESPONSE:**

33. All Documents related to a video entitled "A Message From James O'Keefe: A Stack of Frivolous Lawsuits" published on or about September 18, 2017 (hereafter referred to as Video III).
    **RESPONSE:**

34. All Documents describing the money donations received by any Defendant related to or resulting from the publication or content of Video III.
    **RESPONSE:**

35. All Documents related to the scripts for Video III, including any drafts of the scripts for Video III.
    **RESPONSE:**

7

36. All Documents related to the production and publication of Video III, including documents relating to the purported purpose and premise of the video.
**RESPONSE:**


37. All Documents describing or evidencing a "conspiracy" related to the filing and prosecution of this lawsuit as stated at 3:05 – 3:12 of Video III.
**RESPONSE:**


38. All Documents describing Defendants exposing "for what it is" the filing and prosecution of this lawsuit as stated at 4:08 – 4:12 of Video III.
**RESPONSE:**


39. All Documents that relate to Video III sent to or received by third parties since that video was published on YouTube.
**RESPONSE:**


40. All Documents containing communications from or to third parties that related to including Shirley Teter in Video I.
**RESPONSE:**


41. All Documents containing the ethical standards Defendants follow in producing video journals.
**RESPONSE:**


42. All Documents relating to Defendants' policy of not "putting words in peoples' mouths".
**RESPONSE:**


43. All Documents relating to helping the campaign for Donald Trump dated before publication of Video II.
**RESPONSE:**

8

44. All Documents listing the donors to Project Veritas or Project Veritas Action Fund for the two year period beginning one year before the publication of Video II, and ending one year after the publication of Video II.
**RESPONSE**


45. All Documents produced by Defendants in the arbitration proceeding against Gemini Insurance relating to this lawsuit or Shirley Teter.
**RESPONSE:**


46. All Documents related to the misdemeanor of entering a federal building under false pretenses to which Defendant James O'Keefe pled guilty in January 2010.
**RESPONSE:**


47. All Documents provided to Breitbart News Network relating to Videos I, II, or III.
**RESPONSE:**


48. All Documents sent or received from third parties requesting information on plaintiff Shirley Teter.
**RESPONSE:**

This 1st day of June, 2018.

                              Respectfully submitted,

                              **ELLIS & WINTERS, LLC**

By: /s/Jonathan D. Sasser
       Jonathan D. Sasser (NC S. Ct. #10028)
       4131 Parklake Ave., Suite 400
       Raleigh, NC 27612
       Phone: 919-865-7002
       Fax: 919-865-7010
       Email: jon.sasser@elliswinters.com


**CRITCHFIELD, CRITCHFIELD & JOHNSTON, LTD.**

By: /s/ Ralph Streza
       Ralph Streza (OH S. Ct. #0017694)
       4996 Foote Road
       Medina, Ohio 44256
       Phone: 330-723-6404
       Fax: 330-721-7644
       Email: streza@ccj.com

       *Counsel for Plaintiff, Defendant*
       *and Counter – Plaintiff Shirley Teter*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 1st day of June, 2018, the foregoing was served upon the individuals listed below by depositing a copy thereof in the U. S. mail, postage prepaid, first class, addressed as follows:

Chad Russell Bowman
Ballard Spahr, LLP
1909 K Street, NW
12th Floor
Washington, DC 20006-1157
bowmanchad@ballardspahr.com
*Attorney for Sinclair Communications, LLC*

Isaac Noyes Northup, Jr.
Hall Booth Smith, P.C.
123 Biltmore Ave
Asheville, NC 28801
inorthup@hallboothsmith.com
*Attorney for Sinclair Communications, LLC*

Al-Amyn Sumar
Ballard Spahr LLP
1675 Broadway, 19th Floor
New York, NY 10019
sumara@ballardspahr.com
*Attorney for Sinclair Communications, LLC*

William E. Loose
68 North Market Street
Asheville, NC 28801
billloose@skyrunner.net
*Attorney for Richard L. Campbell*

Ruth C. Smith
The Law Offices of Ruth C. Smith
68 N. Market St.
Asheville, NC 28801
ruth@mywncattorney.com
*Attorney for Richard L. Campbell*

James A. Dean
Michael Montecalvo
Womble Bond Dickinson (US) LLP
One West Fourth Street
Winston-Salem, NC 27101
jamie.dean@wbd-us.com
mmontecalvo@wbd-us.com
*Attorney for Project Veritas, Project Veritas Action Fund, and James E. O'Keefe, III*

/s/ Jonathan D. Sasser
Jonathan D. Sasser



**ELLIS & WINTERS**

Writer's E-mail Address:
jon.sasser@elliswinters.com

Writer's Direct Phone:
(919) 865-7002

June 14, 2017

<u>VIA U.S. POSTAL SERVICE</u>

James O'Keefe
c/o Project Veritas
1214 W Boston Post Road
No. 148
Mamaroneck, NY 10543

   RE:  **Request to Preserve Records**

Dear Mr. O'Keefe:

  This firm represents Shirley Teter of Asheville, North Carolina. As you may be aware, a federal lawsuit has recently been filed against her. Ms. Teter was the subject of a video report issued by Project Veritas, narrated by you, alleging that she was planted by the Democratic National Committee at a September 2016 Donald Trump campaign rally in Asheville. As shown in paragraph 53 of the attached complaint, the lawsuit alleges that Ms. Teter made defamatory statements about Richard L. Campbell to WLOS News 13, a local news channel in Asheville, in response to your report.

  As a potential witness in this matter, please retain and preserve all hard copies of emails, letters, correspondence, notes, or other documentation relating to any report involving Ms. Teter or Mr. Campbell. In addition, please retain all electronically stored information related to this matter and ensure that such electronically stored information is not destroyed or modified.

  Other information that you may possess and should be preserved includes:

- All video footage captured, obtained, edited, and/or considered for inclusion in the production of any videos relating to Ms. Teter or Mr. Campbell.

- Any and all documents provided to or otherwise shared with persons filmed during the production and filming process of any videos relating to Ms. Teter or Mr. Campbell, including, but not limited to, any notes, scripts, or outlines.

TEL 919.865.7000
FAX 919.865.7010

MAILING ADDRESS
Post Office Box 33550
Raleigh, North Carolina 27636

STREET ADDRESS
4131 Parklake Avenue, Suite 400
Raleigh, North Carolina 27612  www.elliswinters.com

Ellis&Winters LLP

James O' Keefe
June 14, 2017
Page 2

- All written or recorded comments relating to Shirley Teter or Richard Campbell received after the publication of the video report.

- All written or recorded correspondence related to the production of the video report.

To further clarify, in addition to collecting hard copies of documents where appropriate, I ask that you preserve any relevant electronic data, even if you have printed hard copies from such electronic records, as well as the hard copy/paper records. Please preserve and do not alter, delete, modify or destroy any documents or other electronic information related to or falling within the above categories, including but not limited to emails, calendar entries, documents stored on your laptop and/or desktop or any home computers, on a cellular phone (e.g., iPhone, Blackberry, etc.), tablet (e.g., iPad, Galaxy, etc.), or other storage devices including, CDs, DVDs, thumb drives, documents existing on any network or shared drives, video or phone records, paper files, and any other electronic files that may exist regarding this matter.

Please be inclusive, and if you have any doubts about whether a document may be included within the scope of this matter, please preserve the document. Please contact me if you have any questions about the preservation of these materials.

There is no need to send me any documents at this time. For now, simply preserve all materials related to this matter as described above, and I or someone from my office will follow-up with you at a later date to collect any documents that you have.

Again, do not hesitate to contact me with any questions. Thank you in advance for your cooperation.

Sincerely,

Jonathan D. Sasser

Ellis&Winters LLP



**ELLIS & WINTERS**

Writer's E-mail Address:  
jon.sasser@elliswinters.com

Writer's Direct Phone:  
(919) 865-7002

June 14, 2017

VIA U.S. POSTAL SERVICE

James O'Keefe  
151 Fenimore Road, Apt 35A  
Mamaroneck, NY 10543

    RE:    **Request to Preserve Records**

Dear Mr. O'Keefe:

    This firm represents Shirley Teter of Asheville, North Carolina. As you may be aware, a federal lawsuit has recently been filed against her. Ms. Teter was the subject of a video report issued by Project Veritas, narrated by you, alleging that she was planted by the Democratic National Committee at a September 2016 Donald Trump campaign rally in Asheville. As shown in paragraph 53 of the attached complaint, the lawsuit alleges that Ms. Teter made defamatory statements about Richard L. Campbell to WLOS News 13, a local news channel in Asheville, in response to your report.

    As a potential witness in this matter, please retain and preserve all hard copies of emails, letters, correspondence, notes, or other documentation relating to any report involving Ms. Teter or Mr. Campbell. In addition, please retain all electronically stored information related to this matter and ensure that such electronically stored information is not destroyed or modified.

    Other information that you may possess and should be preserved includes:

- All video footage captured, obtained, edited, and/or considered for inclusion in the production of any videos relating to Ms. Teter or Mr. Campbell.

- Any and all documents provided to or otherwise shared with persons filmed during the production and filming process of any videos relating to Ms. Teter or Mr. Campbell, including, but not limited to, any notes, scripts, or outlines.

- All written or recorded comments relating to Shirley Teter or Richard Campbell received after the publication of the video report.

TEL 919.865.7000  
FAX 919.865.7010

MAILING ADDRESS  
Post Office Box 33550  
Raleigh, North Carolina 27636

STREET ADDRESS  
4131 Parklake Avenue, Suite 400  
Raleigh, North Carolina 27612   www.elliswinters.com

Ellis&Winters LLP

- All written or recorded comments relating to Shirley Teter or Richard Campbell received after the publication of the video report.

- All written or recorded correspondence related to the production of the video report.

To further clarify, in addition to collecting hard copies of documents where appropriate, I ask that you preserve any relevant electronic data, even if you have printed hard copies from such electronic records, as well as the hard copy/paper records. Please preserve and do not alter, delete, modify or destroy any documents or other electronic information related to or falling within the above categories, including but not limited to emails, calendar entries, documents stored on your laptop and/or desktop or any home computers, on a cellular phone (e.g., iPhone, Blackberry, etc.), tablet (e.g., iPad, Galaxy, etc.), or other storage devices including, CDs, DVDs, thumb drives, documents existing on any network or shared drives, video or phone records, paper files, and any other electronic files that may exist regarding this matter.

Please be inclusive, and if you have any doubts about whether a document may be included within the scope of this matter, please preserve the document. Please contact me if you have any questions about the preservation of these materials.

There is no need to send me any documents at this time. For now, simply preserve all materials related to this matter as described above, and I or someone from my office will follow-up with you at a later date to collect any documents that you have.

Again, do not hesitate to contact me with any questions. Thank you in advance for your cooperation.

Sincerely,

Jonathan D. Sasser

Ellis&Winters LLP