# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
Civil Action No. 1:17-cv-00256-MR-DLH

| | |
|---|---|
| SHIRLEY TETER,<br><br>        Plaintiff,<br><br>    vs.<br><br>PROJECT VERITAS ACTION FUND,<br>PROJECT VERITAS, and JAMES E.<br>O'KEEFE, III,<br><br><br>        Defendants. | **PROPOSED JURY<br>INSTRUCTIONS** |

Defendants Project Veritas Action Fund, Project Veritas, and James E. O'Keefe, III, through their undersigned counsel, offer the following proposed jury instructions, subject to revision based upon the evidence presented and rulings made before and during trial:

## Set 1: Libel Per Quod (Public Figure)

| Instruction No. | Name |
|---|---|
| 1. | Libel Per Quod (Public Figure) |
| 2. | Actual Malice |
| 3. | Actual Damages |
| 4. | Punitive Damages |

Case 1:17-cv-00256-MR   Document 95   Filed 05/02/19   Page 2 of 71

# INSTRUCTION NO. 1

## Libel Per Quod (Public Figure)[1]

The first issue reads:

> "Did the defendant libel the plaintiff?"

A libelous statement is one which tends to subject a person to ridicule, contempt or disgrace.

On this issue the burden of proof is on the plaintiff to prove six things by the greater weight of the evidence. The greater weight of the evidence does not refer to the quantity of the evidence, but rather to the quality and convincing force of the evidence. It means that you must be persuaded, considering all of the evidence, that the necessary facts are more likely than not to exist. These six things are:

First, that the defendant printed the following statement about the plaintiff:

(Quote the alleged statement)

Second, that the defendant published the statement. "Published" means that the defendant knowingly distributed the statement so that it reached one or more persons other than the plaintiff.

Third, that the statement was false.

Fourth, that the defendant intended the statement to subject the plaintiff to ridicule, contempt or disgrace.

Fifth, that the person other than the plaintiff to whom the statement was published reasonably understood the statement to subject the plaintiff to ridicule, contempt or disgrace.

_____

[1] The proposed instruction is based upon North Carolina Pattern Jury Instructions for Civil Cases (June 2018), ("N.C.P.I.") Instruction 806.62. (Appx. pp. 16-20) However, the portion of the model instruction concerning actual malice has been removed and included in a separate instruction.

Sixth, that the plaintiff, as a result of the publication, suffered a monetary or economic loss.

Finally, as to this issue on which the plaintiff has the burden of proof, if you find, by the greater weight of the evidence, that the defendant printed the following statement about the plaintiff: (Quote the alleged statement), that the defendant published the statement, that the statement was false, that the defendant intended the statement to subject the plaintiff to ridicule, contempt or disgrace, that the person to whom the statement was published reasonably understood the statement to subject the plaintiff to ridicule, contempt or disgrace, and that the plaintiff, as a result of the publication, suffered a monetary or economic loss, then it would be your duty to answer this issue "Yes" in favor of the plaintiff.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the defendant.

4

# INSTRUCTION NO. 2

## Actual Malice

The second issue reads:

"Did the defendant publish the libelous statement or statements with actual malice?

You will answer this issue only if you have answered the first issue "Yes") in favor of the plaintiff.

On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by clear, strong and convincing evidence, that the defendant published the libelous statement with actual malice.[1]

Members of the jury, you will note that the plaintiff's burden of proof as to the first issue was by the greater weight of the evidence. However, as to this second issue, the Plaintiff's burden of proof is by clear, strong and convincing evidence.[2]

Clear, strong and convincing evidence is evidence which, in its character and weight, establishes what the plaintiff seeks to prove in a clear, strong and convincing fashion. You shall interpret and apply the words "clear," "strong" and "convincing" in accordance with their commonly understood and accepted meanings in everyday speech.[3]

Actual malice means that, at the time of the publication of the libelous statement, the defendant either knew that the statement was false or acted with reckless disregard of whether the statement was false. Reckless disregard means that, at the time of the publication, the defendant had serious doubts about whether the statement was true.[4] In other words, to find that Defendant acted with actual

---

[1] N.C.P.I. 806.85 (Appx. pp. 29-30).
[2] N.C.P.I. 806.62 (Appx. pp. 16-20) .
[3] N.C.P.I. 806.62 (Appx. pp. 16-20) , 806.85 (Appx. pp. 29-30).
[4] N.C.P.I. 806.62 (Appx. pp. 16-20) , 806.85 (Appx. pp. 29-30).

5

malice, you must find that the Defendant either knew the statement was false or had a high degree of subjective awareness that the statement was probably false.[5]

Whether the Defendant acted with actual malice depends on the Defendant's subjective state of mind concerning the truth or falsity of the statements.[6] Thus, the failure to observe journalistic norms or standards[7] or to adequately investigate or check the accuracy of libelous statements[8] does not prove actual malice. Nor is actual malice proven by evidence of any financial or political motive Defendant might have had to publish the statements.[9] Finally, actual malice cannot be proven by evidence that Defendant harbored ill-will towards Plaintiff or was insensitive to the effect its publication would have on Plaintiff's reputation.[10] Again, I instruct you that actual malice means that the Defendant either knew the libelous statement was false or had serious doubts about whether the statement was true.

Finally, as to this issue on which the plaintiff has the burden of proof, if you find, by clear, strong and convincing evidence, that the defendant acted with actual malice, then it would be your duty to answer this issue "Yes" in favor of the plaintiff.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the defendant.

---

[5] *Hatfill v. The New York Times Co.*, 532 F.3d 312, 317 (4th Cir. 2008); *Carr v. Forbes, Inc.*, 259 F.3d 273, 282 (4th Cir. 2001).

[6] *Reuber v. Food Chem. News, Inc.*, 925 F.2d 703, 714 (4th Cir. 1991).

[7] *Id*. at 711-12; *Harte–Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657, 665-66 (1989).

[8] *Hatfill v. The New York Times Co.*, 532 F.3d 312, 317 (4th Cir. 2008); *Reuber*, 925 F.2d at 715; *Carr v. Forbes, Inc.*, 259 F.3d 273, 283 (4th Cir. 2001).

[9] *Reuber*, 925 F.2d at 715-16; *Harte-Hanks*, 491 U.S. at 665, 667.

[10] *Reuber*, 925 F.2d at 715-16; *Harte-Hanks*, 491 U.S. at 666.

6

# INSTRUCTION NO. 3

## Actual Damages[1]

The third issue reads:

"What amount of actual damages is the plaintiff entitled to recover?"

You will answer this issue only if you have answered Issue Numbers 1 and 2 "Yes" in favor of the plaintiff.

The burden of proof on this issue is on the plaintiff to prove by the greater weight of the evidence that, as a result of the defendant's publication of the libelous statement, the plaintiff suffered actual damages. Actual damages include pecuniary damages and actual harm damages.

Pecuniary damages are tangible monetary losses, such as lost income, medical expenses, or other direct financial harm. You may award pecuniary damages to the extent you find the plaintiff has suffered such tangible monetary losses. Emotional distress and mental suffering alone do not prove monetary loss.

Actual harm damages include such things as impairment of reputation and standing in the community, personal humiliation, and mental anguish and suffering. You may award actual harm damages to the extent you find the plaintiff has suffered such actual injury.

As to this issue, I instruct you that you are to base your decision on the rules of law with respect to actual damages that I have given you and that you are not required to accept the amount of damages suggested by the parties or their attorneys. You should remember that you are not seeking to punish either party, and you are not awarding or withholding anything on the basis of sympathy or pity.

Finally as to this issue on which the plaintiff has the burden of proof, if you find by the greater weight of the evidence that the plaintiff suffered actual damages as a result of the defendant's publication of the libelous statement, then it would be your duty to answer this issue in favor of the plaintiff and to write in the blank space

---

[1] *See* N.C.P.I. 806.84 (Appx. pp. 27-28).

Case 1:17-cv-00256-MR   Document 95   Filed 05/02/19   Page 7 of 71

provided the monetary amount of such actual damages you find the plaintiff has suffered.

If, on the other hand, you do not find that the plaintiff has suffered actual damages, then it would be your duty to answer this issue in favor of the defendant and write a "Zero" in the blank space provided.

## INSTRUCTION NO. 4

## Punitive Damages[1]

The fourth issue reads:

"What amount of punitive damages, if any, does the jury in its discretion award to the plaintiff?"

You are to answer this issue only if you have answered Issue Numbers 1 and 2 "Yes" in favor of the plaintiff and entered a number greater than $0 in response to Issue Number 3.[2]

Whether to award punitive damages is a matter within the sound discretion of the jury. Punitive damages are not awarded for the purpose of compensating the plaintiff for his injury, nor are they awarded as a matter of right.

If you decide, in your discretion, to award punitive damages, any amount you award must bear a rational relationship to the sum reasonably needed to punish the defendant for egregiously wrongful acts committed against the plaintiff and to deter the defendant and others from committing similar wrongful acts. In making this determination, you may consider only that evidence which relates to

- The reprehensibility of the defendant's motives and conduct;

- The likelihood, at the relevant time, of serious harm to the plaintiff or others similarly situated;

- The degree of the defendant's awareness of the probable consequences of its conduct; and

- The actual damages suffered by the plaintiff.

Finally, if you determine, in your discretion, to award punitive damages, then you may award to the plaintiff an amount which bears a rational relationship to the sum reasonably needed to punish the defendant for egregiously wrongful acts and to

---

[1] See N.C.P.I. 810.98 (Appx. pp. 31-33).
[2] N.C. Gen. Stat. § 1D-15.

9

deter the defendant and others from committing similar wrongful acts. That amount should be written in the space provided on the verdict sheet.

If, on the other hand, you determine, in your discretion, not to award the plaintiff any amount of punitive damages, then you should write the word "None" in the space provided on the verdict sheet.

**Set 2 (in the alternative): Libel Per Quod**
**(Private Figure, Issue of Public Concern)**

| Instruction No. | Name |
|---|---|
| 1. | Defamation Per Quod (Private Figure, Matter of Public Concern) |
| 2. | Actual Damages |
| 3. | Actual Malice |
| 4. | Punitive Damages |

## INSTRUCTION NO. 1

## Libel Per Quod (Private Figure, Matter of Public Concern)[1]

The first issue reads:

> "Did the defendant libel the plaintiff?"

A libelous statement is one which tends to subject a person to ridicule, contempt or disgrace.

On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, seven things:

First, that the defendant printed the following statement about the plaintiff:

(Quote the alleged statement)

Second, that the defendant published the statement. "Published" means that the defendant knowingly distributed the statement.

Third, that the statement was false.

Fourth, that the defendant intended the statement to subject the plaintiff to ridicule, contempt or disgrace.

Fifth, that the person other than the plaintiff to whom the statement was published reasonably understood the statement to subject the plaintiff to ridicule, contempt or disgrace.

Sixth, that, at the time of the publication, the defendant either knew the statement was false or failed to exercise ordinary care in order to determine whether the statement was false. Ordinary care is that degree of care that a reasonable and

---

[1] *See* North Carolina Pattern Jury Instructions for Civil Cases (June 2018), ("N.C.P.I.") Instruction 806.61. (Appx. pp. 11-15.)

Case 1:17-cv-00256-MR    Document 95    Filed 05/02/19    Page 12 of 71

prudent person in the same or similar circumstances would have used in order to determine whether the statement was false.

Seventh, that the plaintiff, as a result of the publication, suffered a monetary or economic loss.

Finally, as to this issue on which the plaintiff has the burden of proof, if you find, by the greater weight of the evidence, that the defendant printed the following statement about the plaintiff: (Quote the alleged statement), that the defendant published the statement, that the statement was false, that the defendant intended the statement to subject the plaintiff to ridicule, contempt or disgrace, that the person to whom the statement was published reasonably understood the statement to subject the plaintiff to ridicule, contempt or disgrace, that, at the time of the publication, the defendant either knew the statement was false or failed to exercise ordinary care in order to determine whether the statement was false, and that the plaintiff, as a result of the publication, suffered a monetary or economic loss, then it would be your duty to answer this issue "Yes" in favor of the plaintiff.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the defendant.

13

# INSTRUCTION NO. 2

## Actual Damages[1]

The second issue reads:

"What amount of actual damages is the plaintiff entitled to recover?"

You will answer this issue only if you have answered Issue Number 1 "Yes" in favor of the plaintiff.

The burden of proof on this issue is on the plaintiff to prove by the greater weight of the evidence that, as a result of the defendant's publication of the libelous statement, the plaintiff suffered actual damages. Actual damages include pecuniary damages and actual harm damages.

Pecuniary damages are tangible monetary losses, such as lost income, medical expenses, or other direct financial harm. You may award pecuniary damages to the extent you find the plaintiff has suffered such tangible monetary losses. Emotional distress and mental suffering alone do not prove monetary loss.

Actual harm damages include such things as impairment of reputation and standing in the community, personal humiliation, and mental anguish and suffering. You may award actual harm damages to the extent you find the plaintiff has suffered such actual injury.

As to this issue, I instruct you that you are to base your decision on the rules of law with respect to actual damages that I have given you and that you are not required to accept the amount of damages suggested by the parties or their attorneys. You should remember that you are not seeking to punish either party, and you are not awarding or withholding anything on the basis of sympathy or pity.

Finally as to this issue on which the plaintiff has the burden of proof, if you find by the greater weight of the evidence that the plaintiff suffered actual damages as a result of the defendant's publication of the libelous statement, then it would be your duty to answer this issue in favor of the plaintiff and to write in the blank space

---

[1] *See* N.C.P.I. 806.84 (Appx. pp. 27-28.).

Case 1:17-cv-00256-MR   Document 95   Filed 05/02/19   Page 14 of 71

provided the monetary amount of such actual damages you find the plaintiff has suffered.

If, on the other hand, you do not find that the plaintiff has suffered actual damages, then it would be your duty to answer this issue in favor of the defendant and write a "Zero" in the blank space provided.

# INSTRUCTION NO. 3

## Actual Malice

The third issue reads:

"Did the defendant publish the libelous statement or statements with actual malice?

You are to answer this issue only if you have answered Issue Number 1 "Yes" in favor of the plaintiff and entered a number greater than $0 in response to Issue Number 2.[1]

On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by clear, strong and convincing evidence, that the defendant published the libelous statement with actual malice.[2]

Members of the jury, you will note that the plaintiff's burden of proof as to the first issue was by the greater weight of the evidence. However, as to this third issue, the Plaintiff's burden of proof is by clear, strong and convincing evidence.[3]

Clear, strong and convincing evidence is evidence which, in its character and weight, establishes what the plaintiff seeks to prove in a clear, strong and convincing fashion. You shall interpret and apply the words "clear," "strong" and "convincing" in accordance with their commonly understood and accepted meanings in everyday speech.[4]

Actual malice means that, at the time of the publication of the libelous statement, the defendant either knew that the statement was false or acted with reckless disregard of whether the statement was false. Reckless disregard means that, at the

---

[1] N.C. Gen. Stat. § 1D-15. Because the only effect of finding actual malice in this instruction set is to show the Plaintiff's entitlement to seek punitive damages, there is no reason for the jury to consider this complex issue if Plaintiff has not proven actual damages, which is a prerequisite for punitive damages.

[2] N.C.P.I. 806.85 (Appx. pp. 29-30).

[3] N.C.P.I. 806.62 (Appx. pp. 16-20).

[4] N.C.P.I. 806.62 (Appx. pp. 16-20), 806.85 (Appx. pp. 29-30).

16

time of the publication, the defendant had serious doubts about whether the statement was true.[5] In other words, to find that Defendant acted with actual malice, you must find that the Defendant either knew the statement was false or had a high degree of subjective awareness that the statement was probably false.[6]

Whether the Defendant acted with actual malice depends on the Defendant's subjective state of mind concerning the truth or falsity of the statements.[7] Thus, the failure to observe journalistic norms or standards[8] or to adequately investigate or check the accuracy of libelous statements[9] does not prove actual malice. Nor is actual malice proven by evidence of any financial or political motive Defendant might have had to publish the statements.[10] Finally, actual malice cannot be proven by evidence that Defendant harbored ill-will towards Plaintiff or was insensitive to the effect its publication would have on Plaintiff's reputation.[11] Again, I instruct you that actual malice means that the Defendant either knew the libelous statement was false or had serious doubts about whether the statement was true.

Finally, as to this issue on which the plaintiff has the burden of proof, if you find, by clear, strong and convincing evidence, that the defendant acted with actual malice, then it would be your duty to answer this issue "Yes" in favor of the plaintiff.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the defendant.

---

[5] N.C.P.I. 806.62 (Appx. pp. 16-20), 806.85 (Appx. pp. 29-30).

[6] *Hatfill v. The New York Times Co.*, 532 F.3d 312, 317 (4th Cir. 2008); *Carr v. Forbes, Inc.*, 259 F.3d 273, 282 (4th Cir. 2001).

[7] *Reuber v. Food Chem. News, Inc.*, 925 F.2d 703, 714 (4th Cir. 1991).

[8] *Id*. at 711-12; *Harte–Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657, 665-66 (1989).

[9] *Hatfill v. The New York Times Co.*, 532 F.3d 312, 317 (4th Cir. 2008); *Reuber*, 925 F.2d at 715; *Carr v. Forbes, Inc.*, 259 F.3d 273, 283 (4th Cir. 2001).

[10] *Reuber*, 925 F.2d at 715-16; *Harte-Hanks*, 491 U.S. at 665, 667.

[11] *Reuber*, 925 F.2d at 715-16; *Harte-Hanks*, 491 U.S. at 666.

17

# INSTRUCTION NO. 4

## Punitive Damages[1]

The fourth issue reads:

> "What amount of punitive damages, if any, does the jury in its discretion award to the plaintiff?"

You are to answer this issue only if you have answered Issue Numbers 1 and 3 "Yes" in favor of the plaintiff and entered a number greater than $0 in response to Issue Number 2.[2]

Whether to award punitive damages is a matter within the sound discretion of the jury. Punitive damages are not awarded for the purpose of compensating the plaintiff for his injury, nor are they awarded as a matter of right.

If you decide, in your discretion, to award punitive damages, any amount you award must bear a rational relationship to the sum reasonably needed to punish the defendant for egregiously wrongful acts committed against the plaintiff and to deter the defendant and others from committing similar wrongful acts. In making this determination, you may consider only that evidence which relates to

- The reprehensibility of the defendant's motives and conduct;

- The likelihood, at the relevant time, of serious harm to the plaintiff or others similarly situated;

- The degree of the defendant's awareness of the probable consequences of its conduct; and

- The actual damages suffered by the plaintiff.

Finally, if you determine, in your discretion, to award punitive damages, then you may award to the plaintiff an amount which bears a rational relationship to the sum

---

[1] See N.C.P.I. 810.98 (Appx. pp. 31-33).
[2] N.C. Gen. Stat. § 1D-15.

18

reasonably needed to punish the defendant for egregiously wrongful acts and to deter the defendant and others from committing similar wrongful acts. That amount should be written in the space provided on the verdict sheet.

If, on the other hand, you determine, in your discretion, not to award the plaintiff any amount of punitive damages, then you should write the word "None" in the space provided on the verdict sheet.

**Set 3 (in the alternative): Libel Per Se (Public Figure)**

| Instruction No. | Name |
|---|---|
| 1. | Libel Per Se (Public Figure) |
| 2. | Actual Malice |
| 3. | Presumed Damages |
| 4. | Punitive Damages |

## INSTRUCTION NO. 1

## Libel Per Se (Public Figure)[1]

The first issue reads:

> "Did the defendant libel the plaintiff?"

On this issue the burden of proof is on the plaintiff. The plaintiff must prove three things by the greater weight of the evidence. The greater weight of the evidence does not refer to the quantity of the evidence, but rather to the quality and convincing force of the evidence. It means that you must be persuaded, considering all of the evidence, that the necessary facts are more likely than not to exist. The three things are:

First, that the defendant printed the following statement about the plaintiff:

(Quote the alleged statement)

Second, that the defendant published the statement. "Published" means that the defendant knowingly distributed the statement so that it reached one or more persons other than the plaintiff.

Third, that the statement was false.

Finally, as to this issue on which the plaintiff has the burden of proof, if you find, by the greater weight of the evidence, that the Defendant printed the following statement about the plaintiff: (Quote the alleged statement), that the defendant published the statement, and that the statement was false, then it would be your duty to answer this issue "Yes" in favor of the plaintiff.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the defendant.

---

[1] The proposed instruction is based upon North Carolina Pattern Jury Instructions for Civil Cases (June 2018), ("N.C.P.I.") Instruction 806.53 (Appx. pp. 8-10.) However, the portion of the model instruction concerning actual malice has been removed and included in a separate instruction.

21

# INSTRUCTION NO. 2

## Actual Malice

The second issue reads:

     "Did the defendant publish the libelous statement or statements with actual malice?

You will answer this issue only if you have answered the first issue "Yes") in favor of the plaintiff.

On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by clear, strong and convincing evidence, that the defendant published the libelous statement with actual malice.[1]

Members of the jury, you will note that the plaintiff's burden of proof as to the first issue was by the greater weight of the evidence. However, as to this issue, the Plaintiff's burden of proof is by clear, strong and convincing evidence.[2]

Clear, strong and convincing evidence is evidence which, in its character and weight, establishes what the plaintiff seeks to prove in a clear, strong and convincing fashion. You shall interpret and apply the words "clear," "strong" and "convincing" in accordance with their commonly understood and accepted meanings in everyday speech.[3]

Actual malice means that, at the time of the publication of the libelous statement, the defendant either knew that the statement was false or acted with reckless disregard of whether the statement was false. Reckless disregard means that, at the time of the publication, the defendant had serious doubts about whether the statement was true.[4]

Whether the Defendant acted with actual malice depends on the Defendant's subjective state of mind concerning the truth or falsity of the statements.[5] Thus,

---

[1] N.C.P.I. 806.85 (Appx. pp. 29-30).
[2] N.C.P.I. 806.53 (Appx. pp. 8-10).
[3] N.C.P.I. 806.62 (Appx. pp. 16-20), 806.85 (Appx. pp. 8-10).
[4] N.C.P.I. 806.53 (Appx. pp. 8-10.), 806.85 (Appx. pp. 29-30).
[5] *Reuber v. Food Chem. News, Inc.*, 925 F.2d 703, 714 (4th Cir. 1991).

22

the failure to observe journalistic norms or standards[6] or to adequately investigate or check the accuracy of libelous statements[7] does not prove actual malice. Nor is actual malice proven by evidence of any financial or political motive Defendant might have had to publish the statements.[8] Finally, actual malice cannot be proven by evidence that Defendant harbored ill-will towards Plaintiff or was insensitive to the effect its publication would have on Plaintiff's reputation.[9] Again, I instruct you that actual malice means that the Defendant either knew the libelous statement was false or had serious doubts about whether the statement was true.

Finally, as to this issue on which the plaintiff has the burden of proof, if you find, by clear, strong and convincing evidence, that the defendant acted with actual malice, then it would be your duty to answer this issue "Yes" in favor of the plaintiff.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the defendant.

---

[6] *Id*. at 711-12; *Harte–Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657, 665-66 (1989).

[7] *Hatfill v. The New York Times Co.*, 532 F.3d 312, 317 (4th Cir. 2008); *Reuber*, 925 F.2d at 715; *Carr v. Forbes, Inc.*, 259 F.3d 273, 283 (4th Cir. 2001).

[8] *Reuber*, 925 F.2d at 715-16; *Harte-Hanks*, 491 U.S. at 665, 667.

[9] *Reuber*, 925 F.2d at 715-16; *Harte-Hanks*, 491 U.S. at 666.

23

## INSTRUCTION NO. 3

## Presumed Damages[1]

The third issue reads:

"What amount of presumed damages is the plaintiff entitled to recover?"

You will consider this issue only if you have answered Issue Numbers 1 and 2 "Yes" in favor of the plaintiff.

If you have answered Issue Numbers 1 and 2 "Yes," the plaintiff is entitled to be awarded compensation for presumed damages even without proof of actual damages. Presumed damages are damages that are assumed, without proof, to have occurred to the plaintiff as a result of the publication by the defendant of the libelous statement. Presumed damages include matters such as loss of reputation or standing in the community, mental or physical pain and suffering, inconvenience, or loss of enjoyment which cannot be definitively measured in monetary terms.

Presumed damages arise by inference of law and are not required to be specifically proved by evidence. This means you need not have proof that the plaintiff suffered loss of reputation or standing in the community, mental or physical pain and suffering, inconvenience or loss of enjoyment in order to award him damages for such harm because such harm is presumed by the law when a defendant publishes a libelous statement with the knowledge that it is false or with reckless disregard of whether it is false.

The determination of the amount of presumed damages is not a task which can be completed with mathematical precision and is one which unavoidably includes an element of speculation. The amount of presumed damages is an estimate, however rough, of the probable extent of actual harm, in the form of loss of reputation or standing in the community, mental or physical pain and suffering, and inconvenience or loss of enjoyment which the plaintiff has suffered or will suffer in the future as a result of the defendant's publication of the libelous statement.

---

[1] N.C.P.I. 806.81 (Appx. pp. 21-23).

24

However, any amount you allow as future damages must be reduced to its present value, because a sum received now is equal to a larger sum received in the future.

You may award the plaintiff presumed damages, for example, in a nominal amount, which is a trivial amount such as one dollar, that shows that the plaintiff is entitled to recover from the defendant. You may also, in the exercise of your good judgment and common sense, award the plaintiff presumed damages in an amount that will compensate the plaintiff, as far as money can do, for injury that you find is a direct and natural consequence of the libel of the plaintiff by the defendant.

As to this issue, I instruct you that you are to base your decision on the rules of law with respect to presumed damages that I have given you and that you are not required to accept the amount of damages suggested by the parties or their attorneys. You should remember that you are not seeking to punish either party, and you are not awarding or withholding anything on the basis of sympathy or pity.

Finally as to this issue, if you have answered Issue Numbers 1 and 2 "Yes" in favor of the plaintiff, then you will answer this issue by writing in the blank space provided that amount of presumed damages which you have determined to award the plaintiff under the instructions I have given you.

# INSTRUCTION NO. 4

## Punitive Damages[1]

The fourth issue reads:

> "What amount of punitive damages, if any, does the jury in its discretion award to the plaintiff?"

You are to answer this issue only if you have answered Issue Numbers 1 and 2 "Yes" in favor of the plaintiff.

Whether to award punitive damages is a matter within the sound discretion of the jury. Punitive damages are not awarded for the purpose of compensating the plaintiff for his injury, nor are they awarded as a matter of right.

If you decide, in your discretion, to award punitive damages, any amount you award must bear a rational relationship to the sum reasonably needed to punish the defendant for egregiously wrongful acts committed against the plaintiff and to deter the defendant and others from committing similar wrongful acts. In making this determination, you may consider only that evidence which relates to

- The reprehensibility of the defendant's motives and conduct;

- The likelihood, at the relevant time, of serious harm to the plaintiff or others similarly situated;

- The degree of the defendant's awareness of the probable consequences of its conduct; and

- The actual damages suffered by the plaintiff.

Finally, if you determine, in your discretion, to award punitive damages, then you may award to the plaintiff an amount which bears a rational relationship to the sum reasonably needed to punish the defendant for egregiously wrongful acts and to

---

[1] See N.C.P.I. 810.98 (Appx. pp. 31-33).

Case 1:17-cv-00256-MR   Document 95   Filed 05/02/19   Page 26 of 71

deter the defendant and others from committing similar wrongful acts. That amount should be written in the space provided on the verdict sheet.

If, on the other hand, you determine, in your discretion, not to award the plaintiff any amount of punitive damages, then you should write the word "None" in the space provided on the verdict sheet.

**Set 4 (in the alternative): Libel Per Se**
**(Private Figure, Matter of Public Concern)**

| Instruction No. | Name |
|---|---|
| 1. | Libel Per Se (Private Figure, Matter of Public Concern) |
| 2. | Presumed Damages |
| 3. | Actual Malice |
| 4. | Punitive Damages |

Case 1:17-cv-00256-MR   Document 95   Filed 05/02/19   Page 28 of 71

# INSTRUCTION NO. 1

## Libel Per Se (Private Figure, Matter of Public Concern)[1]

The first issue reads:

"Did the defendant libel the plaintiff?"

On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, four things:

First, that the defendant printed the following statement about the plaintiff:

(Quote the alleged statement)

Second, that the defendant published the statement. "Published" means that the defendant knowingly distributed the statement so that it reached one or more persons other than the plaintiff.

Third, that the statement was false.

Fourth, that, at the time of the publication, the defendant either knew the statement was false or failed to exercise ordinary care in order to determine whether the statement was false. Ordinary care is that degree of care that a reasonable and prudent person in the same or similar circumstances would have used in order to determine whether the statement was false.

Finally, as to this issue on which the plaintiff has the burden of proof, if you find, by the greater weight of the evidence, that the defendant printed the following statement about the plaintiff: (Quote the alleged statement), that the defendant published the statement, that the statement was false, and that, at the time of the publication, the defendant either knew the statement was false or failed to exercise ordinary care in order to determine whether the statement was false, then it would be your duty to answer this issue "Yes" in favor of the plaintiff.

---

[1] North Carolina Pattern Jury Instructions for Civil Cases (June 2018), ("N.C.P.I.") Instruction 806.51 (Appx. pp. 5-7).

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the defendant.

## INSTRUCTION NO. 2

### Presumed Damages[1]

The second issue reads:

"What amount of presumed damages is the plaintiff entitled to recover?"

You will consider this issue only if you have answered Issue Number 1 "Yes" in favor of the plaintiff.

If you have answered Issue Number 1 "Yes," the plaintiff is entitled to be awarded compensation for presumed damages even without proof of actual damages. Presumed damages are damages that are assumed, without proof, to have occurred to the plaintiff as a result of the publication by the defendant of the libelous statement. Presumed damages include matters such as loss of reputation or standing in the community, mental or physical pain and suffering, inconvenience, or loss of enjoyment which cannot be definitively measured in monetary terms.

Presumed damages arise by inference of law and are not required to be specifically proved by evidence. This means you need not have proof that the plaintiff suffered loss of reputation or standing in the community, mental or physical pain and suffering, inconvenience or loss of enjoyment in order to award her damages for such harm because such harm is presumed by the law when a defendant publishes a libelous statement with the knowledge that it is false or with reckless disregard of whether it is false.

The determination of the amount of presumed damages is not a task which can be completed with mathematical precision and is one which unavoidably includes an element of speculation. The amount of presumed damages is an estimate, however rough, of the probable extent of actual harm, in the form of loss of reputation or standing in the community, mental or physical pain and suffering, and inconvenience or loss of enjoyment which the plaintiff has suffered or will suffer in the future as a result of the defendant's publication of the libelous statement.

[1] N.C.P.I. 806.81(Appx. pp. 21-23).

31

However, any amount you allow as future damages must be reduced to its present value, because a sum received now is equal to a larger sum received in the future.

You may award the plaintiff presumed damages, for example, in a nominal amount, which is a trivial amount such as one dollar, that shows that the plaintiff is entitled to recover from the defendant. You may also, in the exercise of your good judgment and common sense, award the plaintiff presumed damages in an amount that will compensate the plaintiff, as far as money can do, for injury that you find is a direct and natural consequence of the libel of the plaintiff by the defendant.

As to this issue, I instruct you that you are to base your decision on the rules of law with respect to presumed damages that I have given you and that you are not required to accept the amount of damages suggested by the parties or their attorneys. You should remember that you are not seeking to punish either party, and you are not awarding or withholding anything on the basis of sympathy or pity.

Finally as to this issue, if you have answered Issue Number 1 "Yes" in favor of the plaintiff, then you will answer this issue by writing in the blank space provided that amount of presumed damages which you have determined to award the plaintiff under the instructions I have given you.

32

# INSTRUCTION NO. 3

## Actual Malice

The second issue reads:

"Did the defendant publish the libelous statement or statements with actual malice?

You will answer this issue only if you have answered the first issue "Yes") in favor of the plaintiff.

On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by clear, strong and convincing evidence, that the defendant published the libelous statement with actual malice.[1]

Members of the jury, you will note that the plaintiff's burden of proof as to the first issue was by the greater weight of the evidence. However, as to this second issue, the Plaintiff's burden of proof is by clear, strong and convincing evidence.[2]

Clear, strong and convincing evidence is evidence which, in its character and weight, establishes what the plaintiff seeks to prove in a clear, strong and convincing fashion. You shall interpret and apply the words "clear," "strong" and "convincing" in accordance with their commonly understood and accepted meanings in everyday speech.[3]

Actual malice means that, at the time of the publication of the libelous statement, the defendant either knew that the statement was false or acted with reckless disregard of whether the statement was false. Reckless disregard means that, at the time of the publication, the defendant had serious doubts about whether the statement was true.[4] In other words, to find that Defendant acted with actual

---

[1] N.C.P.I. 806.85 (Appx. pp. 29-30).
[2] N.C.P.I. 806.62 (Appx. pp. 16-20).
[3] N.C.P.I. 806.62 (Appx. pp. 16-20), 806.85 (Appx. pp. 29-30).
[4] N.C.P.I. 806.62 (Appx. pp. 16-20), 806.85 (Appx. pp. 29-30).

33

malice, you must find that the Defendant either knew the statement was false or had a high degree of subjective awareness that the statement was probably false.[5]

Whether the Defendant acted with actual malice depends on the Defendant's subjective state of mind concerning the truth or falsity of the statements.[6] Thus, the failure to observe journalistic norms or standards[7] or to adequately investigate or check the accuracy of libelous statements[8] does not prove actual malice. Nor is actual malice proven by evidence of any financial or political motive Defendant might have had to publish the statements.[9] Finally, actual malice cannot be proven by evidence that Defendant harbored ill-will towards Plaintiff or was insensitive to the effect its publication would have on Plaintiff's reputation.[10] Again, I instruct you that actual malice means that the Defendant either knew the libelous statement was false or had serious doubts about whether the statement was true.

Finally, as to this issue on which the plaintiff has the burden of proof, if you find, by clear, strong and convincing evidence, that the defendant acted with actual malice, then it would be your duty to answer this issue "Yes" in favor of the plaintiff.

---

[5] *Hatfill v. The New York Times Co.*, 532 F.3d 312, 317 (4th Cir. 2008); *Carr v. Forbes, Inc.*, 259 F.3d 273, 282 (4th Cir. 2001).

[6] *Reuber v. Food Chem. News, Inc.*, 925 F.2d 703, 714 (4th Cir. 1991).

[7] *Id*. at 711-12; *Harte–Hanks Commc'ns, Inc. v. Connaughton*, 491 U.S. 657, 665-66 (1989).

[8] *Hatfill v. The New York Times Co.*, 532 F.3d 312, 317 (4th Cir. 2008); *Reuber*, 925 F.2d at 715; *Carr v. Forbes, Inc.*, 259 F.3d 273, 283 (4th Cir. 2001).

[9] *Reuber*, 925 F.2d at 715-16; *Harte-Hanks*, 491 U.S. at 665, 667.

[10] *Reuber*, 925 F.2d at 715-16; *Harte-Hanks*, 491 U.S. at 666.

34

# INSTRUCTION NO. 4

## Punitive Damages[1]

The fourth issue reads:

> "What amount of punitive damages, if any, does the jury in its discretion award to the plaintiff?"

You are to answer this issue only if you have answered Issue Numbers 1 and 3 "Yes" in favor of the plaintiff.

Whether to award punitive damages is a matter within the sound discretion of the jury. Punitive damages are not awarded for the purpose of compensating the plaintiff for his injury, nor are they awarded as a matter of right.

If you decide, in your discretion, to award punitive damages, any amount you award must bear a rational relationship to the sum reasonably needed to punish the defendant for egregiously wrongful acts committed against the plaintiff and to deter the defendant and others from committing similar wrongful acts. In making this determination, you may consider only that evidence which relates to

- The reprehensibility of the defendant's motives and conduct;

- The likelihood, at the relevant time, of serious harm to the plaintiff or others similarly situated;

- The degree of the defendant's awareness of the probable consequences of its conduct; and

- The actual damages suffered by the plaintiff.

Finally, if you determine, in your discretion, to award punitive damages, then you may award to the plaintiff an amount which bears a rational relationship to the sum reasonably needed to punish the defendant for egregiously wrongful acts and to

---

[1] See N.C.P.I. 810.98 (Appx. pp. 31-33).

35

deter the defendant and others from committing similar wrongful acts. That amount should be written in the space provided on the verdict sheet.

If, on the other hand, you determine, in your discretion, not to award the plaintiff any amount of punitive damages, then you should write the word "None" in the space provided on the verdict sheet.

Respectfully submitted, this the 2ⁿᵈ day of May, 2019.

/s/ Michael Montecalvo
Michael Montecalvo
N.C. Bar No. 24943

/s/ James A. Dean
James A. Dean
N.C. Bar No. 39623
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, NC  27101
Telephone: (336) 721-3600
E-Mail:  michael.montecalvo@wbd-us.com
E-Mail:  jamie.dean@wbd-us.com

*Attorneys for Project Veritas Action Fund,*
*Project Veritas, and James E. O'Keefe, III*

37

# **APPENDIX**

**NC Pattern Jury Inst. - Civ. 806.40**

**North Carolina Pattern Jury Instructions for Civil Cases** June 2018

**Part IV. Miscellaneous Torts**

**Chapter 9. Defamation.**
Committee on Pattern Jury Instructions

806.40 Defamation--Preface. (Adopted December 2016)

**806.40 DEFAMATION--PREFACE.** *(This document has attachments. See Instruction References.)*

>    *Note Well: Libel, which generally involves written statements, and slander, which generally involves spoken statements, are complex torts. The elements vary depending upon how the claim is classified for common law and for constitutional purposes. The following brief summary of this complicated topic is recommended reading prior to commencing the trial of any defamation claim.*

A defamatory statement is one which is false and which is communicated to a person or persons other than the person defamed, thereby causing injury to the person defamed. Libel actionable *per se*, libel actionable *per quod*, slander actionable *per se* and slander actionable *per quod* are all distinct varieties of defamation under the common law.

In the landmark decision of *New York Times v. Sullivan*, the United States Supreme Court began to alter the common law rule by providing First Amendment protection to certain speech. Subsequent cases established three general types of defamation claims- those involving private figures in matters not of public concern, those involving private figures in matters of public concern, and those involving public figures or public officials.

The trial judge must, as a matter of law, determine the classification of a particular defamation claim for both common law and constitutional purposes. Once such classification has been determined, differing fault levels for both liability and damages apply.

In the first category of cases, those involving private figures in matters not of public concern, the fault level to establish liability is negligence. Similarly, in cases involving private figures in matters of public concern, the fault level for liability is also negligence. However, for cases involving public figures or public officials, the liability fault level is actual malice.

The question of damages adds further layers of complexity to defamation cases. Cases actionable *per se*, for example, may involve three different kinds of """"""compensatory" damages:

>    1. *Pecuniary/Special Damages.* If a plaintiff seeks recovery for an actual monetary loss (such as lost income), such damages are described as pecuniary or special damages. These damages are subject to specific pleading and proof requirements and are one form of "actual damage."

>    2. *Actual Harm Damages.* As defined by the U.S. Supreme Court, actual harm damages include "impairment

of reputation and standing in the community, personal humiliation, and mental anguish and suffering." These damages must be proved by competent evidence and are also a form of "actual damage."

3. *Nonproven/Presumed Damages*. Presumed damages may include "mental or physical pain and suffering, inconvenience, or loss of enjoyment which cannot be definitively measured in monetary terms." At common law and in certain circumstances dependent upon the type of plaintiff and the subject of the case, these damages may be presumed without particularized proof and may be nominal or in a substantial amount if so determined by the trier of fact.

For defamation cases that are not actionable *per se*, that is middle-tier libel and defamation actionable *per quod*, only the first two categories of damages (pecuniary/special damages and actual harm) are available. Plaintiffs in these cases cannot recover nonproven/ presumed damages, but rather must prove actual damages as an element of the claim.

4. *Punitive Damages*. In addition to the foregoing categories of damages, a plaintiff may seek punitive damages if *he* can satisfy the proof requirements for the type of plaintiff and speech involved in the case.

As with the issue of liability, the standards for awarding particular types of damages may implicate constitutional principles and vary according to the type of plaintiff and whether or not the speech at issue involves a matter of public concern.

In cases of defamation actionable *per se*, the common law historically allowed a presumption of malice and reputational damages, at least nominally, without specific proof of actual injury. Further, with reference to punitive damages, the North Carolina rule has been that such damages are allowed only upon a showing that the plaintiff sustained actual damages and that the defendant's conduct was malicious, wanton, or recklessly indifferent to the truth and the plaintiff's rights.

Under current U.S. Supreme Court jurisprudence, however, in the case of a public figure or public official, the element of publication with actual malice must be proven, not only to establish liability, but also to recover presumed and punitive damages. Thus, in a defamation case actionable *per se*, once a public figure plaintiff proves liability under the actual malice standard, that plaintiff will be able to seek presumed and punitive damages without proving an additional damages fault standard and, if proof of actual damage in the form of pecuniary damages or actual harm damages is presented, may seek such damages as well.

In contrast, a private figure plaintiff in a case actionable *per se* involving either a matter of private or public concern may establish liability based upon a negligence standard. In both instances, an actual damage award is available upon the presentation of evidence supporting such an award. However, in a public matter claim, the private figure plaintiff must establish actual malice in order to receive presumed and punitive damages, but in a private matter claim may receive presumed and punitive damages absent a showing of actual malice. Notwithstanding, with regard to punitive damages, a private figure/private matter plaintiff seeking such damages currently must also satisfy the following statutory provisions:

N.C. Gen. Stat. § 1D-15. Standards for recovery of punitive damages.

(a) Punitive damages may be awarded only if the claimant proves that the defendant is liable for compensatory damages and that one of the following aggravating factors was present and was related to the injury for which compensatory damages were awarded:

(1) Fraud.

(2) Malice.

(3) Willful or wanton conduct.

(b) The claimant must prove the existence of an aggravating factor by clear and convincing evidence.

In cases actionable *per se* involving a public figure or official or in private plaintiff/not matter of public concern cases, the presumption of actual damages upon the appropriate fault showing suffices for the showing of actual damages required to seek punitive damages.

In matters actionable *per quod*, punitive damages are available to public figure plaintiffs without an additional showing, to private plaintiffs in a public matter on a showing of actual malice, and to private plaintiffs in a private matter on a showing which satisfies the statutory criteria.

Finally, media defendants receive certain statutory protection from punitive damages awards.

> *NOTE WELL: The charts that follow are incorporated into this preface, but are printed on single pages for convenience of use.*

The first two charts summarize the foregoing recitation of the differing fault levels for both liability and damages in defamation cases:

|  | **Matter Actionable *Per Se*: Private Figure/Not Matter of Public Concern (*Libel-806.50 Slander-806.65*)** | **Matter Actionable *Per Se*: Private Figure / Matter of Public Concern (*Libel-806.51 Slander-806.66*)** | **Matter Actionable *Per Se*: Public Official or Figure (Libel-806.53 Slander-806.67** |
|---|---|---|---|
| Liability | Negligence | Negligence | Actual Malice |
| **Presumed Damages** | No additional proof needed--presumed damage available upon liability showing of negligence | Actual Malice | No additional proof needed--showing of actual malice suffices |
| **Actual Harm/Special Damages** | Available if proved by the greater weight of the evidence | Available if proved by the greater weight of the evidence | Available if proved by the greater weight of the evidence |
| **Punitive Damages** | Available upon showing of statutory criteria set out in N.C. Gen. Stat. § 1D-15. | Available only upon showing of actual malice | No additional proof needed--liability showing of actual malice suffices |
|  | **Matter Actionable *Per Quod*: Private Figure/Not Matter of Public Concern (*Libel-806.60*** | **Matter Actionable *Per Quod*: Private Figure/Matter of Public Concern (*Libel-806.61*** | **Matter Actionable *Per Quod*: Public Official or Figure (*Libel-806.62 Slander-806.72*)** |

|  | *Slander-806.70)* | *Slander-806.71)* | |
|---|---|---|---|
| **Liability** | Negligence | Negligence | Actual Malice |
| **Presumed Damages** | Not Available | Not Available | Not Available |
| **Actual/Special Damages** | Available-However, proof of special damages required in order to establish liability | Available-However, proof of special damages required in order to establish liability | Available-However, proof of special damages required in order to establish liability |
| **Punitive Damages** | Available upon showing of statutory criteria set out in N.C. Gen. Stat. § 1D-15. | Available only upon a showing of actual malice | No additional proof needed--liability showing of actual malice suffices |

The last chart shows instruction combinations in various types of defamation cases:

| | Nonproven/ Presumed Damages | Pecuniary/Special Damages | Actual Harm | Punitive Damages |
|---|---|---|---|---|
| **Private Figure/Not Matter of Public Concern** | | | | |
| Defamation Actionable Per Se | 806.81 | 806.84 | 806.84 | 810.96 & 810.98-- standard punitive damage PJIs (including statutory fault standards) |
| Middle Tier Libel/Defamation Actionable Per Quod | Not Available | 806.84 | 806.84 | 810.96 & 810.98--standard punitive damage PJIs (including statutory fault standards) |
| **Private Figure/Matter of Public Concern** | | | | |
| Defamation Actionable Per Se | 806.82 | 806.84 | 806.84 | 806.85, followed by 810.98--standard punitive damages PJI (excluding statutory fault standards) |
| Middle Tier Libel/Defamation Actionable Per Quod | Not Available | 806.84 | 806.84 | 806.85, followed by 810.98--standard punitive damages PJI (excluding statutory fault standards) |
| **Public Figure or Public Official** | | | | |
| Defamation Actionable Per Se | 806.83 | 806.84 | 806.84 | 810.98--Standard punitive damages PJI (excluding statutory fault standards) |
| Middle Tier Libel/Defamation Actionable Per Quod | Not Available | 806.84 | 806.84 | 810.98--Standard punitive damages PJI (excluding statutory fault standards) |

Copyright 2017. School of Government, The University of North Carolina at Chapel Hill. Prepared in cooperation with the North Carolina Conference of Superior Court Judges Committee on pattern Jury Instructions and the North Carolina Administrative Office of the Courts

## NC Pattern Jury Inst. - Civ. 806.51

**North Carolina Pattern Jury Instructions for Civil Cases**  June 2018

**Part IV. Miscellaneous Torts**

**Chapter 9. Defamation.**
Committee on Pattern Jury Instructions

806.51 Defamation--Libel Actionable Per Se--Private Figure--Matter of Public Concern.

**(Adopted June 2011)**

*NOTE WELL: This instruction[1] applies when the trial judge has determined as a matter of law[2] that: (1) the statement is libelous[3] on its face;[4] (2) the plaintiff is a private figure and (3) the subject matter of the statement is of public concern.[5]*

*NOTE WELL: A "Yes" answer to this issue entitles the plaintiff to an instruction on actual damages if proof is offered. Presumed and punitive damages are only allowed upon a showing of actual malice. See N.C.P.I. Civil 806.82 & 806.85; see generally N.C.P.I--Civil 806.40, nn.12, 26, 29, 30 and accompanying text.*

The (*state number*) issue reads:

"Did the defendant libel the plaintiff?"

On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, four things:

First, that the defendant [wrote] [printed] [caused to be printed[6] [possessed in [written] [printed] form] the following statement about the plaintiff:

**(***Quote the alleged statement***)**

Second, that the defendant published[7] the statement. "Published" means that the defendant knowingly [communicated[8] the statement] [distributed[9] the statement] [caused the statement to be distributed] so that it reached one or more persons[10] other than the plaintiff. [Communicating the statement] [Distributing the statement] [Causing the statement to be distributed] to the plaintiff alone is not sufficient.[11]

Third, that the statement was false.[12]

Fourth, that, at the time of the publication, the defendant either knew the statement was false or failed to exercise ordinary care in order to determine whether the statement was false.[13] Ordinary care is that degree of care that a reasonable and prudent person in the same or similar circumstances would have used in order to determine whether the statement was false.

Finally, as to this issue on which the plaintiff has the burden of proof, if you find, by the greater weight of the evidence, that the defendant [wrote] [printed] [caused to be printed] [possessed in [written] [printed] form] the following statement about the plaintiff: *(Quote the alleged statement)*, that the defendant published the statement, that the statement was false, and that,

WESTLAW   © 2019 Thomson Reuters. No claim to original U.S. Government Works.

at the time of the publication, the defendant either knew the statement was false or failed to exercise ordinary care in order to determine whether the statement was false, then it would be your duty to answer this issue "Yes" in favor of the plaintiff.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the defendant.

Copyright 2017. School of Government, The University of North Carolina at Chapel Hill. Prepared in cooperation with the North Carolina Conference of Superior Court Judges Committee on Pattern Jury Instructions and the North Carolina Administrative Office of the Courts

Footnotes

[1] For an introduction to this category of defamation, *see* N.C.P.I.-- Civil 806.40 ("Defamation--Preface") nn.4, 9-10 and accompanying text.

[2] *See Broughton v. McClatchy Newspapers, Inc.,* 161 N.C. App. 20, 26, 588 S.E.2d 20, 26 (2003) ("Whether a publication is deemed libelous *per se* is a question of law to be determined by the court."); *see also* N.C.P.I.--Civil 806.40 ("Defamation--Preface"), n.11.

[3] "Under the well established common law of North Carolina, a libel *per se* is a publication by writing, printing, signs or pictures which, when considered alone without innuendo, colloquium or explanatory circumstances: (1) charges that a person has committed an infamous crime; (2) charges a person with having an infectious disease; (3) tends to impeach a person in that person's trade or profession; or (4) otherwise tends to subject one to ridicule, contempt or disgrace." *Renwick v. News & Observer Publishing Co.*, 310 N.C. 312, 317, 312 S.E.2d 405, 408-09 (citing *Flake v. Greensboro News Co.*, 212 N.C. 780, 787, 195 S.E. 55, 60 (1937)).

[4] *See Griffin v. Holden,* 180 N.C. App. 129, 134, 636 S.E.2d 298, 303 (2006) ("'In determining whether the [statement] is libelous *per se* the [statement] alone must be construed, stripped of all insinuations, innuendo, colloquium and explanatory circumstances. The [statement] must be defamatory on its face "within the four corners thereof" (citations omitted). To be libelous *per se,* defamatory words must generally "be susceptible of but one meaning and of such nature that the court can presume as a matter of law that they tend to disgrace and degrade the party or hold him up to public hatred, contempt or ridicule, or cause him to be shunned and avoided."'" (citations omitted)).

[5] *See Mathis v. Daly,* ___ N.C. App. ___, ___, 695 S.E.2d 807, 811 (2010) (stating that whether speech addresses a matter of public concern will be determined by its context, form and content as evidenced by a reading of the whole record; and that factors tending to show a matter is of public concern include, but are not limited to, national news coverage of the matter and discussion of the matter at government and academic meetings).

[6] *See Renwick,* 310 N.C. at 317, 312 S.E.2d at 408-09 ("Under the well established common law of North Carolina, a libel *per se* is a publication by writing, printing, signs, or pictures."); *see also* Dan B. Dobbs, *The Law of Torts* (2001 ed.), § 408, p. 1141 ("[L]ibel today includes not only writing but all forms of communications embodied in some physical form such as movie film or video tapes . . . . Most communications by computer are no doubt in the category of libel." (citations omitted)), and *Hedgepeth v. Coleman*, 183 N.C. 309, 312, 111 S.E. 517, 519 (1922) (Expert testimony that an unsigned typewritten defamatory paper and a letter, "the authenticity of which the defendant did not dispute, were written by the same person on an Oliver typewriter. This was evidence of a character sufficiently substantial to warrant the jury in finding . . . the defendant . . . responsible for [the] typewritten paper of unavowed authorship.").

[7] "A written dissemination, as suggested by the common meaning of the term 'published,' is not required; the mode of publication of [defamatory matter] is immaterial, and . . . any act by which the defamatory matter is communicated to a third party constitutes publication." 50 Am. Jur.2d, *Libel and Slander* § 235, pp. 568-69 (citations omitted). Communication by means of e-mail or through use of a website are included among "other methods of communication" by which defamatory matter may be published. *Id.* at 573-74.

[8] "A communication is any act by which a person brings an idea to another's attention. A communication may be made by speaking or by writing words or by any other act or combination of actions that result in bringing an idea to another's attention." Pennsylvania Suggested Standard Civil Jury Instructions, PA--JICIV 13.08 ("Defamation--For Cases Involving Private Plaintiffs Where the Matter is not of Public Concern").

9      *See* Dobbs at § 402, p. 1123-24 ("Many persons who deliver, transmit, or facilitate defamation have only the most attenuated or mechanical connection with the defamatory content. Some primary publishers like newspapers are responsible as publishers even for materials prepared by others . . . . [M]any others such as telegraph and telephone companies, libraries and news vendors are regarded as mere transmitters or disseminators rather than publishers. As to these, it seems clear that liability cannot be imposed unless the distributor knows or should know of the defamatory content in the materials he distributes." [In addition,] "[a] federal statute . . . immunizes the Internet users and providers so that they are not responsible for material posted by others"; *see* 47 U.S.C. § 230(c)(1) ("No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider.").

10     "[T]o make out a *prima facie* case for defamation, 'plaintiff must allege and prove that the defendant made false, defamatory statements of or concerning the plaintiff, which were published to a third person, causing injury to the plaintiff's reputation."' *Griffin v. Holden*, 180 N.C. App. 129, 133, 636 S.E.2d 298, 302 (2006) (citation omitted); *Taylor v. Jones Bros. Bakery, Inc.*, 234 N.C. 660, 662, 68 S.E.2d 313, 314 (1951), *overruled on other grounds, Hinson v. Dawson*, 244 N.C. 23, 92 S.E.2d 393 (1956) ("While it is not necessary that the defamatory words be communicated to the public generally, it is necessary that they be communicated to some person or persons other than the person defamed.").

11     South Carolina--Jury Instructions Civil, SC-JICIV 14-6 ("Defamation-Elements"). The instruction continues, "As a general rule, where a person communicates a defamatory statement only to the person defamed and the defamed person then repeats the statement to others, publication of the statement by the person defamed, or 'self-publication,' will not support a defamation action against the originator of the statements . . . . Where the plaintiff himself [published] or, by his acts, caused the [publication] of a defamatory statement to a third person, the plaintiff cannot recover because there is not publication for which [the] defendant can be [responsible]. If the plaintiff consented to or authorized the [publication] of the defamatory statement, he cannot recover . . . ."

12     *See* N.C.P.I.--806.40 ("Defamation--Preface"), n.2.

13     *See Neill Grading & Constr. Co., Inc. v. Lingafelt*, 168 N.C. App. 36, 47, 606 S.E.2d 734, 741 (2005) (holding that "North Carolina's standard of fault for speech regarding a matter of public concern, where the plaintiff is a private individual, is negligence.").

---

**End of Document**

© 2019 Thomson Reuters. No claim to original U.S. Government Works.

Case 1:17-cv-00256-MR   Document 95   Filed 05/02/19   Page 45 of 71

## NC Pattern Jury Inst. - Civ. 806.53

**North Carolina Pattern Jury Instructions for Civil Cases**  June 2018

**Part IV. Miscellaneous Torts**

**Chapter 9. Defamation.**
Committee on Pattern Jury Instructions

806.53 Defamation--Libel Actionable Per Se--Public Figure or Official.[1]

**(Adopted May 2008)**

*Note Well: This instruction applies when the trial judge has determined as a matter of law[2] that: (1) the statement is libelous[3] on its face[4] and (2) the plaintiff is a public figure or public official, as to whom actual malice must be shown.*

The (*state number*) issue reads:

"Did the defendant libel the plaintiff?"

On this issue the burden of proof is on the plaintiff to prove four things. The plaintiff must prove the first three things by the greater weight of the evidence. The greater weight of the evidence does not refer to the quantity of the evidence, but rather to the quality and convincing force of the evidence. It means that you must be persuaded, considering all of the evidence, that the necessary facts are more likely than not to exist. The three things are:

First, that the defendant [wrote] [printed] [caused to be printed[5] [possessed in [written] [printed] form] the following statement about the plaintiff:

*(Quote the alleged statement)*

Second, that the defendant published[6] the statement. "Published" means that the defendant knowingly [communicated[7] the statement] [distributed[8] the statement] [caused the statement to be distributed] so that it reached one or more persons[9] other than the plaintiff. [Communicating the statement] [Distributing the statement] [Causing the statement to be distributed] to the plaintiff alone is not sufficient.[10]

Third, that the statement was false.[11]

Members of the jury, you will note that the plaintiff's burden of proof as to the first three things is by the greater weight of the evidence. However, as to the fourth thing, the plaintiff's burden of proof is by clear, strong and convincing evidence. Clear, strong and convincing evidence is evidence which, in its character and weight, establishes what the plaintiff seeks to prove in a clear, strong and convincing fashion. You shall interpret and apply the words ""clear," "strong" and "convincing" in accordance with their commonly understood and accepted meanings in everyday speech.

Fourth, the plaintiff must prove by clear, strong and convincing evidence that, at the time of the publication, the defendant either knew the statement was false or acted with reckless disregard of whether the statement was false.[12] Reckless disregard means that, at the time of the publication, the defendant had serious doubts about whether the statement was true.[13]

Finally, as to this issue on which the plaintiff has the burden of proof, if you find, by the greater weight of the evidence, that the defendant [wrote] [printed] [caused to be printed] [possessed in [written] [printed] form] the following statement about the plaintiff: *(Quote the alleged statement)*, that the defendant published the statement, and that the statement was false; and if you further find by clear, strong and convincing evidence that, at the time of the publication, the defendant either knew the

statement was false or acted with reckless disregard of whether the statement was false, then it would be your duty to answer this issue "Yes" in favor of the plaintiff.[14]

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the defendant.

Copyright 2017. School of Government, The University of North Carolina at Chapel Hill. Prepared in cooperation with the North Carolina Conference of Superior Court Judges Committee on Pattern Jury Instructions and the North Carolina Administrative Office of the Courts

Footnotes

[1]    For an introduction to this category of defamation, *see* N.C.P.I.-- Civil 806.40 ("Defamation--Preface"), nn.4, 9-10 and accompanying text.

[2]    *See Broughton v. McClatchy Newspapers, Inc.,* 161 N.C. App. 20, 26, 588 S.E.2d 20, 26 (2003) ("Whether a publication is deemed libelous *per se* is a question of law to be determined by the court."); *see also* N.C.P.I.--Civil 806.40 ("Defamation--Preface"), n.11.

[3]    "Under the well established common law of North Carolina, a libel *per se* is a publication by writing, printing, signs or pictures which, when considered alone without innuendo, colloquium or explanatory circumstances: (1) charges that a person has committed an infamous crime; (2) charges a person with having an infectious disease; (3) tends to impeach a person in that person's trade or profession; or (4) otherwise tends to subject one to ridicule, contempt or disgrace." *Renwick v. News & Observer Publishing Co.*, 310 N.C. 312, 317, 312 S.E.2d 405, 408-09 (citing *Flake v. Greensboro News Co.*, 212 N.C. 780, 787, 195 S.E. 55, 60 (1937)).

[4]    *See Griffin v. Holden*, 180 N.C. App. 129, 134, 636 S.E.2d 298, 303 (2006) ("'In determining whether the [statement] is libelous *per se* the [statement] alone must be construed, stripped of all insinuations, innuendo, colloquium and explanatory circumstances. The [statement] must be defamatory on its face "within the four corners thereof" (citations omitted). To be libelous *per se,* defamatory words must generally "be susceptible of but one meaning and of such nature that the court can presume as a matter of law that they tend to disgrace and degrade the party or hold him up to public hatred, contempt or ridicule, or cause him to be shunned and avoided"'" (citations omitted).

[5]    *See Renwick*, 310 N.C. at 317, 312 S.E.2d at 408-09 ("Under the well established common law of North Carolina, a libel *per se* is a publication by writing, printing, signs or pictures."); *see also* Dan B. Dobbs, *The Law of Torts* (2001 ed.), § 408, p. 1141 ("[L]ibel today includes not only writing but all forms of communications embodied in some physical form such as movie film or video tapes . . . . Most communications by computer are no doubt in the category of libel." (citations omitted)), and *Hedgepeth v. Coleman*, 183 N.C. 309, 312, 111 S.E. 517, 519 (1922) (Expert testimony that an unsigned typewritten defamatory paper and a letter, "the authenticity of which the defendant did not dispute, were written by the same person on an Oliver typewriter. This was evidence of a character sufficiently substantial to warrant the jury in finding . . . the defendant . . . responsible for [the] typewritten paper of unavowed authorship.").

[6]    "A written dissemination, as suggested by the common meaning of the term 'published,' is not required; the mode of publication of [defamatory matter] is immaterial, and . . . any act by which the defamatory matter is communicated to a third party constitutes publication." 50 Am. Jur.2d, *Libel and Slander*, § 235, pp. 568-69 (citations omitted). Communication by means of e-mail or through use of a website are included among "other methods of communication" by which defamatory matter may be published. *Id.* at 573-74.

[7]    "A communication is any act by which a person brings an idea to another's attention. A communication may be made by speaking or by writing words or by any other act or combination of actions that result in bringing an idea to another's attention." Pennsylvania Suggested Standard Civil Jury Instructions, Pa. SSJI (CIV) 13.08 ("Defamation--For Cases Involving Private Plaintiffs Where the Matter is not of Public Concern").

[8]    *See* Dobbs at § 402, pp. 1123-24 ("Many persons who deliver, transmit, or facilitate defamation have only the most attenuated or mechanical connection with the defamatory content. Some primary publishers like newspapers are responsible as publishers even for materials prepared by others . . . . [M]any others such as telegraph and telephone companies, libraries and news vendors are regarded as mere transmitters or disseminators rather than publishers. As to these, it seems clear that liability cannot be imposed unless the distributor knows or should know of the defamatory

content in the materials he distributes."

[In addition,] "[a] federal statute . . . immunizes the Internet users and providers so that they are not responsible for material posted by others"; *see* 47 U.S.C. § 230(c)(1) ("No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider.").

9       *Griffin v. Holden*, 180 N.C. App. 129, 133, 636 S.E.2d 298, 302 (2006) ("[T]o make out a *prima facie* case for defamation, 'plaintiff must allege and prove that the defendant made false, defamatory statements of or concerning the plaintiff, which were published to a third person, causing injury to the plaintiff's reputation.'") (citation omitted); *Taylor v. Jones Bros. Bakery, Inc.,* 234 N.C. 660, 662, 68 S.E.2d 313, 314 (1951) *overruled on other grounds, Hinson v. Dawson*, 244 N.C. 23, 92 S.E.2d 393 (1956) ("While it is not necessary that the defamatory words be communicated to the public generally, it is necessary that they be communicated to some person or persons other than the person defamed." (citations omitted)).

10      South Carolina--Jury Instructions Civil, SC-JICIV 14-6 ("Defamation-Elements"). This instruction continues, "as a general rule, where a person communicates a defamatory statement only to the person defamed and the defamed person then repeats the statement to others, publication of the statement by the person defamed, or 'self-publication,' will not support a defamation action against the originator of the statements . . . . Where the plaintiff himself [published] or, by his acts, caused the [publication] of a defamatory statement to a third person, the plaintiff cannot recover because there is not publication for which [the] defendant can be [responsible]. If the plaintiff consented to or authorized the [publication] of the defamatory statement, he cannot recover . . . ."

11      *See* N.C.P.I.--Civil 806.40 ("Defamation--Preface"), n.2

12      This element incorporates the "actual malice" requirement mandated by *New York Times Co. v. Sullivan*, 376 U.S. 254, 279-80, 11 L. Ed.2d 686, 706 (1964). *See* N.C.P.I.--Civil 806.40 ("Defamation--Preface"), n.14.

13      *See Dellinger v. Belk*, 34 N.C. App. 488, 490, 238 S.E.2d 788, 789 (1977) (noting that the U.S. Supreme Court in *Amant v. Thompson,* 390 U.S. 727, 731, 20 L. Ed.2d 262, 267 (1968), "refined the definition of "reckless disregard' to require 'sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication.'"); *see also Barker v. Kimberly-Clark Corp.*, 136 N.C. App. 455, 461, 524 S.E.2d 821, 825 (2000) (actual malice may be shown, *inter alia,* by publication of a defamatory statement "with a high degree of awareness of its probable falsity."), and *Ward v. Turcotte*, 79 N.C. Ap. 458, 461, 339 S.E.2d 444, 446-7 (1986) (citation omitted) ("Actual malice may be found in a reckless disregard for the truth and may be proven by a showing that the defamatory statement was made in bad faith, without probable cause or without checking for truth by the means at hand.").

14      A "Yes" answer to this issue entitles the plaintiff to instructions on presumed damages, actual damages if proof is offered and punitive damages (assuming presumed or actual damages are awarded). Even though a public figure or public official has to prove actual malice to obtain presumed or punitive damages, that standard is incorporated above for the liability consideration and thus will necessarily be met if the jury answers "Yes" on liability. *See* N.C.P.I.--Civil 806.40 ("Defamation--Preface"), nn.14 and 24 and accompanying text.

---

**End of Document**

© 2019 Thomson Reuters. No claim to original U.S. Government Works.

## NC Pattern Jury Inst. - Civ. 806.61

**North Carolina Pattern Jury Instructions for Civil Cases**   June 2018

**Part IV. Miscellaneous Torts**

**Chapter 9. Defamation.**
Committee on Pattern Jury Instructions

806.61 Defamation--Libel Actionable Per Quod--Private Figure--Matter of Public Concern.

**(Adopted June 2011)**

*NOTE WELL: This instruction[1] applies when the trial judge has determined as a matter of law[2] that: (1) the statement is subject to two interpretations, one of which is defamatory and one of which is not; or the statement is not libelous[3] on its face, but is capable of a defamatory meaning when extrinsic evidence is considered;[4] (2) the plaintiff is a private figure and (3) the subject matter of the statement is of public concern.[5]*

*NOTE WELL: A "Yes" answer to this issue entitles a plaintiff to an instruction on actual damages. Punitive damages are allowed only upon a showing of actual malice. See N.C.P.I. Civil--806.85; see generally, N.C.P.I.--Civil 806.40 ("Defamation--Preface"), nn.29 and 30 and accompanying text. Presumed damages are not available. See N.C.P.I.--Civil 806.40 ("Defamation--Preface"), nn.33 and 34 and accompanying text.*

The (*state number*) issue reads:

"Did the defendant libel the plaintiff?"

A libelous statement is one which (*select the appropriate alternative*):

[charges that a person has committed an infamous crime.[6] I instruct you that (*state infamous crime*[7]) is an infamous crime.]

[charges a person with having an infectious disease. I instruct you that [state infectious disease, *i.e.*, HIV/AIDS, syphilis] is an infectious disease.]

[tends to impeach[8] [or prejudice[9]] [or discredit[10]] [or reflect unfavorably upon[11]] a person in that person's trade or profession.]

[tends to subject a person to ridicule, contempt or disgrace.[12]]

On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, seven things:

First, that the defendant [wrote[13] [printed] [caused to be printed] [possessed in [written] [printed] form] the following statement about the plaintiff:

**(*Quote the alleged statement*)**

14 Second, that the defendant published[14] the statement. "Published" means that the defendant knowingly [communicated[15] the statement] [distributed[16] the statement] [caused the statement to be distributed] so that it reached one or more persons[17] other than the plaintiff. [Communicating the statement] [Distributing the statement] [Causing the statement to be distributed] to the plaintiff alone is not sufficient.[18]

Third, that the statement was false.[19]

Fourth, that the defendant intended the statement [to charge the plaintiff with having committed an infamous crime] [charge the plaintiff with having an infectious disease] [impeach the plaintiff in *his* trade or profession] [subject the plaintiff to ridicule, contempt or disgrace].[20]

Fifth, that the person other than the plaintiff to whom the statement was published reasonably understood the statement to [charge the plaintiff with having committed an infamous crime] [charge the plaintiff with having an infectious disease] [impeach the plaintiff in *his* trade or profession] [subject the plaintiff to ridicule, contempt or disgrace].[21]

Sixth, that, at the time of the publication, the defendant either knew the statement was false or failed to exercise ordinary care in order to determine whether the statement was false.[22] Ordinary care is that degree of care that a reasonable and prudent person in the same or similar circumstances would have used in order to determine whether the statement was false.

Seventh, that the plaintiff, as a result of the publication, suffered a monetary or economic loss.[23]

Finally, as to this issue on which the plaintiff has the burden of proof, if you find, by the greater weight of the evidence, that the defendant [wrote] [printed] [caused to be printed] [possessed in [written] [printed] form] the following statement about the plaintiff: *(Quote the alleged statement),* that the defendant published the statement, that the statement was false, that the defendant intended the statement to [charge the plaintiff with having committed an infamous crime] [charge the plaintiff with having an infectious disease] [impeach the plaintiff in *his* trade or profession] [subject the plaintiff to ridicule, contempt or disgrace], that the person to whom the statement was published reasonably understood the statement to [charge the plaintiff with having committed an infamous crime] [charge the plaintiff with having an infectious disease] [impeach the plaintiff in *his* trade or profession] [subject the plaintiff to ridicule, contempt or disgrace], that, at the time of the publication, the defendant either knew the statement was false or failed to exercise ordinary care in order to determine whether the statement was false, and that the plaintiff, as a result of the publication, suffered a monetary or economic loss, then it would be your duty to answer this issue "Yes" in favor of the plaintiff.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the defendant.

Copyright 2017. School of Government, The University of North Carolina at Chapel Hill. Prepared in cooperation with the North Carolina Conference of Superior Court Judges Committee on Pattern Jury Instructions and the North Carolina Administrative Office of the Courts

Footnotes

1          For an introduction to this category of defamation, *see* N.C.P.I.-- Civil 806.40 ("Defamation--Preface") nn.4-5 and accompanying text.

2          *See Bell v. Simmons,* 247 N.C. 488, 495, 101 S.E.2d 383, 388 (1958) ("It is noted: '(1) The court determines whether a communication is capable of a defamatory meaning. (2) The jury determines whether a communication, capable of a defamatory meaning, was so understood by its recipient.'" (quoting *Restatement of the Law of Torts,* § 614)); *see also* N.C.P.I.--Civil 806.40 ("Defamation--Preface"), n.11.

3          "Under the well established common law of North Carolina, a libel *per se* is a publication by writing, printing, signs or pictures which, when considered alone without innuendo, colloquium or explanatory circumstances: (1) charges that a person has committed an infamous crime; (2) charges a person with having an infectious disease; (3) tends to impeach a person in that person's trade or profession; or (4) otherwise tends to subject one to ridicule, contempt or disgrace." *Renwick v. News & Observer Publishing Co.*, 310 N.C. 312, 317, 312 S.E.2d 405, 408-09 (citing *Flake v. Greensboro News Co.*, 212 N.C. 780, 787, 195 S.E. 55, 60 (1937)).

4   Libel actionable *per quod* is comprised of those publications "'which are not obviously defamatory, but which become so when considered in connection with innuendo, colloquium and explanatory circumstances.'" *Ellis v. Northern Star Co.*, 326 N.C. 219, 223, 388 S.E.2d 127, 130 (1990) (quoting *Flake v. Greensboro News Co.*, 212 N.C. at 785, 195 S.E. at 59).

North Carolina also recognizes a "middle-tier libel" when a statement is "susceptible of two reasonable interpretations, one of which is defamatory and the other is not." *Id.* Although middle-tier libel may differ technically from libel actionable *per quod* the instructions for libel actionable *per quod* are appropriate for jury instruction purposes in a middle-tier libel claim.

5   *See Mathis v. Daly*, ___ N.C. App. ___, ___, 695 S.E.2d 807, 811 (2010) (stating that whether speech addresses a matter of public concern will be determined by its context, form and content as evidenced by a reading of the whole record; and that factors tending to show a matter is of public concern include, but are not limited to, national news coverage of the matter, discussion of the matter at government and academic meetings).

6   N.C. Gen. Stat. § 14-3(b) permits punishment of misdemeanors constituting "infamous crimes." However, "[t]he applicable statute . . . and the reported cases leave some lack of certainty as to what crimes may be designated and punished as 'infamous.'" *State v. Keen*, 25 N.C. App. 567, 571, 214 S.E.2d 242, 244 (1975). In addition to those specified in cases decided under the statute, all felonies and certain other crimes qualify as "infamous crimes" for defamation purposes. *See, e.g., State v. Mann*, 317 N.C. 164, 170, 345 S.E.2d 365, 369 (1986) ("A crime is 'infamous' within the meaning of the statute if it is an act of depravity, involves moral turpitude, and reveals a heart devoid of social duties and a mind fatally bent on mischief." (citation omitted), and *Jones v. Brinkley*, 174 N.C. 23, 25, 93 S.E. 372, 374 (1917) (Under an earlier version of N.C. Gen. Stat. § 14-3, "the test is not the nature of the punishment, but the nature of the offense charged. A charge of larceny is actionable *per se*, and 'there is no distinction between grand and petty larceny in this respect.'" (citation omitted)); *see also State v. Surles,* 230 N.C. 272, 283-84, 52 S.E.2d 880, 888 (1949) (Ervin, J., dissenting) ("'At common law, . . . an infamous crime is one whose commission brings infamy upon a convicted person, rendering him unfit and incompetent to testify as a witness, such crimes being treason, felony, and *crimen falsi*. This latter term means any offense involving corrupt deceit, or falsehood by which the public administration of justice may be impeded, such as perjury, subornation of perjury, forgery, bribery of witnesses, conspiracy in procuring non-attendance of witnesses, barratry, counterfeiting, cheating by false weights or measures, and conspiring to accuse an innocent person of crime.'" (quoting Burdick, *Law of Crimes*, § 87)).

7   See n.5 supra.

8   If it is felt necessary to include an explanatory term for "impeach," one or more of the suggested alternatives may be given. See generally, Badame v. Lampke, 242 N.C. 755, 757, 89 S.E. 2d 466, 468 (1955) (The statement "(1) must touch the plaintiff in his special trade or occupation, and (2) must contain an imputation necessarily hurtful in its effect on his business.").

9   See Shreve v. Duke Power Co., 97 N.C. App. 648, 650, 389 S.E.2d 444, 446 (1990).

10  New York Pattern Jury Instruction--Civil 3:34 ("A statement is also defamatory if it tends to discredit the plaintiff in the conduct of (his, her, its) occupation, trade or office.").

11  Maryland Pattern Jury Instruction--Civ 12:11 ("Injurious Falsehood Amounting to Defamation") (defamatory statement includes one which "reflects unfavorably on [a] person's business, reputation, business integrity or on [a] person's profession or business").

12  Renwick, 310 N.C. at 317, 312 S.E.2d at 408-09.

13  Id. ("Under the well established common law of North Carolina, a libel per se is a publication by writing, printing, signs or pictures."); see also Dan B. Dobbs, The Law of Torts (2001 ed.) § 408 at 1141 ("[L]ibel today includes not only writing but all forms of communications embodied in some physical form such as movie film or video tapes . . . . Most communications by computer are no doubt in the category of libel." (citations omitted)), and Hedgepeth v. Coleman, 183 N.C. 309, 312, 111 S.E. 517, 519 (1922) (Expert testimony that an unsigned typewritten defamatory paper and a letter, "the authenticity of which the defendant did not dispute, were written by the same person on an Oliver typewriter . . . . was evidence of a character sufficiently substantial to warrant the jury in finding . . . the defendant . . . responsible for [the] typewritten paper of unavowed authorship.").

14  "A written dissemination, as suggested by the common meaning of the term 'published,' is not required; the mode of publication of [defamatory matter] is immaterial, and . . . any act by which the defamatory matter is communicated to

a third party constitutes publication." 50 Am. Jur. 2d., *Libel and Slander*, § 235, pp. 568-69 (citations omitted). Communication by means of e-mail or through use of a web site are included among "other methods of communication" by which defamatory matter may be published. *Id.* at 573-74.

15     "A communication is any act by which a person brings an idea to another's attention. A communication may be made by speaking or by writing words or by any other act or combination of actions that result in bringing an idea to another's attention." Pennsylvania Suggested Standard Civil Jury Instructions, PA--JICIV 13.08 ("Defamation--For Cases Involving Private Plaintiffs Where the Matter is not of Public Concern").

16     *See* Dobbs, § 402 at 1123-24 ("Many persons who deliver, transmit, or facilitate defamation have only the most attenuated or mechanical connection with the defamatory content. Some primary publishers like newspapers are responsible as publishers even for materials prepared by others . . . . [M]any others such as telegraph and telephone companies, libraries and news vendors are regarded as mere transmitters or disseminators rather than publishers. As to these, it seems clear that liability cannot be imposed unless the distributor knows or should know of the defamatory content in the materials he distributes."
[In addition,] "[a] federal statute . . . immunizes the Internet users and providers so that they are not responsible for material posted by others"; *see* 47 U.S.C. § 230(c)(1) ("No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider.").

17     *Griffin v. Holden*, 180 N.C. App. 129, 133, 636 S.E.2d 298, 302 (2006) ("[T]o make out a *prima facie* case for defamation, 'plaintiff must allege and prove that the defendant made false, defamatory statements of or concerning the plaintiff, which were published to a third person, causing injury to the plaintiff's reputation.'" (citation omitted)); *Taylor v. Jones Bros. Bakery, Inc.,* 234 N.C. 660, 662, 68 S.E.2d 313, 314 (1951) *overruled on other grounds, Hinson v. Dawson*, 244 N.C. 23, 92 S.E.2d 393 (1956) ("While it is not necessary that the defamatory words be communicated to the public generally, it is necessary that they be communicated to some person or persons other than the person defamed." (citations omitted)).

18     South Carolina--Jury Instructions Civil, SC-JICIV 14-6 ("Defamation--Elements"). This instruction continues, "as a general rule, where a person communicates a defamatory statement only to the person defamed and the defamed person then repeats the statement to others, publication of the statement by the person defamed, or 'self-publication,' will not support a defamation action against the originator of the statements . . . . Where the plaintiff himself [published], or by his acts, caused the [publication] of a defamatory statement to a third person, the plaintiff cannot recover because there is not publication for which [the] defendant can be [responsible]. If the plaintiff consented to or authorized the [publication] of the defamatory statement, he cannot recover . . . ."

19     *See* N.C.P.I.--Civil 806.40, ("Defamation--Preface"), n.2.

20     *See Raymond U v. Duke University,* 91 N.C. App. 171, 181, 371 S.E.2d 701, 708 (1988) (Under libel actionable *per quod,* "the publication must have been intended by defendant to be defamatory and had to be understood as such by those to whom it was published."); *Renwick*, 310 N.C. at 316-17, 312 S.E.2d at 408 ("The plaintiff's complaints in these cases failed to bring the editorial complained of within the second class of libel, since it was not alleged that the editorial is susceptible of two meanings, one defamatory, and that the defamatory meaning was intended and was so understood by those to whom the publication was made."); and *Robinson v. Nationwide Ins. Co.*, 273 N.C. 391, 394, 159 S.E.2d 896, 899 (1968) ("Where the words alleged to have been written and published by the defendant concerning the plaintiff are not, upon their face, susceptible only to a defamatory interpretation, the complaint states no cause of action unless it also alleges that a defamatory meaning was intended by the defendant and understood by those to whom the statement is alleged to have been published."); *see also Cathy's Boutique v. Winston-Salem Joint Venture,* 72 N.C. App. 641, 643, 325 S.E.2d 283, 285 (1985) ("a complaint does not state a cause of action [for 'middle-tier' libel] unless it alleges that the defamatory meaning was intended and was so understood by those to whom the publication was made.").

21     *See* n.19 *supra*.

22     *Neill Grading & Constr. Co., Inc. v. Lingafelt*, 168 N.C. App 36, 47, 106 S.E.2d 734, 741 (2005) (holding that "North Carolina's standard of fault for speech regarding a matter of public concern, where the plaintiff is a private individual, is negligence.").

23     *Renwick*, 310 N.C. at 317, 312 S.E.2d at 408 ("The complaints failed to bring the editorial within the third class -- libel per quod -- since it was not alleged that the plaintiff suffered special damages.); *Raymond U*, 91 N.C. App. at 181, 371 S.E.2d at 708 (for publications which are libelous *per quod*, "special damages must be proven"); *Griffin*, 180 N.C. App. at 135, 636 S.E.2d at 303 ("[W]hen a publication is libelous per quod, the injurious character of the words and

some special damage must be pleaded and proved."); *see also Iadanza v. Harper,* 169 N.C. App. 766, 779, 611 S.E.2d 217, 221 (2005)("[S]pecial damages are usually synonymous with pecuniary loss . . . as well as loss of earnings . . . .").

End of Document

© 2019 Thomson Reuters. No claim to original U.S. Government Works.

## NC Pattern Jury Inst. - Civ. 806.62

**North Carolina Pattern Jury Instructions for Civil Cases**   June 2018

**Part IV. Miscellaneous Torts**

**Chapter 9. Defamation.**
Committee on Pattern Jury Instructions

806.62 Defamation--Libel Actionable Per Quod--Public Figure or Official.[1]

**(Adopted May 2008)**

*Note Well: This instruction applies when the trial judge has determined as a matter of law[2] that: (1) the statement is subject to two interpretations, one of which is defamatory and one of which is not; or the statement is not libelous[3] on its face, but is capable of a defamatory meaning when extrinsic evidence is considered[4] and (2) the plaintiff is a public figure or public official, as to whom actual malice must be shown.*

The (*state number*) issue reads:

"Did the defendant libel the plaintiff?"

A libelous statement is one which (*select the appropriate alternative*):

[charges that a person has committed an infamous crime.[5] I instruct you that (*state infamous crime[6]*) is an infamous crime.]

[charges a person with having an infectious disease. I instruct you that [state infectious disease, *i.e.*, HIV/AIDS, syphilis] is an infectious disease.]

[tends to impeach[7] [or prejudice[8]] [or discredit[9]] [or reflect unfavorably upon[10]] a person in that person's trade or profession.]

[tends to subject a person to ridicule, contempt or disgrace.[11]]

On this issue the burden of proof is on the plaintiff to prove seven things. The plaintiff must prove the first six things by the greater weight of the evidence. The greater weight of the evidence does not refer to the quantity of the evidence, but rather to the quality and convincing force of the evidence. It means that you must be persuaded, considering all of the evidence, that the necessary facts are more likely than not to exist. These six things are:

First, that the defendant [wrote] [printed] [caused to be printed[12] [possessed in [written] [printed] form] the following statement about the plaintiff:

**(*Quote the alleged statement*)**

Second, that the defendant published[13] the statement. "Published" means that the defendant knowingly [communicated[14] the statement] [distributed[15] the statement] [caused the statement to be distributed] so that it reached one or more persons[16] other than the plaintiff. [Communicating the statement] [Distributing the statement] [Causing the statement to be distributed] to the plaintiff alone is not sufficient.[17]

Third, that the statement was false.[18]

Fourth, that the defendant intended the statement to [charge the plaintiff with having committed an infamous crime] [charge

the plaintiff with having an infectious disease] [impeach the plaintiff in *his* trade or profession] [subject the plaintiff to ridicule, contempt or disgrace].[19]

Fifth, that the person other than the plaintiff to whom the statement was published reasonably understood the statement to [charge the plaintiff with having committed an infamous crime] [charge the plaintiff with having an infectious disease] [impeach the plaintiff in *his* trade or profession] [subject the plaintiff to ridicule, contempt or disgrace].[20]

Sixth, that the plaintiff, as a result of the publication, suffered a monetary or economic loss.[21]

Members of the jury, you will note that the plaintiff's burden of proof as to the first six things is by the greater weight of the evidence. However, as to the seventh thing, the plaintiff's burden of proof is by clear, strong and convincing evidence. Clear, strong and convincing evidence is evidence which, in its character and weight, establishes what the plaintiff seeks to prove in a clear, strong and convincing fashion. You shall interpret and apply the words ""clear," "strong" and "convincing" in accordance with their commonly understood and accepted meanings in everyday speech.

Seventh, the plaintiff must prove by clear, strong and convincing evidence that, at the time of the publication, the defendant either knew the statement was false or acted with reckless disregard of whether the statement was false.[22] Reckless disregard means that, at the time of the publication, the defendant had serious doubts about whether the statement was true.[23]

Finally, as to this issue on which the plaintiff has the burden of proof, if you find, by the greater weight of the evidence, that the defendant [wrote] [printed] [caused to be printed] [possessed in [written] [printed] form] the following statement about the plaintiff: *(Quote the alleged statement)*, that the defendant published the statement, that the statement was false, that the defendant intended the statement to [charge the plaintiff with having committed an infamous crime] [charge the plaintiff with having an infectious disease] [impeach the plaintiff in *his* trade or profession] [subject the plaintiff to ridicule, contempt or disgrace], that the person to whom the statement was published reasonably understood the statement to [charge the plaintiff with having committed an infamous crime] [charge the plaintiff with having an infectious disease] [impeach the plaintiff in *his* trade or profession] [subject the plaintiff to ridicule, contempt or disgrace], and that the plaintiff, as a result of the publication, suffered a monetary or economic loss; and if you further find by clear, strong and convincing evidence that, at the time of the publication, the defendant either knew the statement was false or acted with reckless disregard of whether the statement was false, then it would be your duty to answer this issue "Yes" in favor of the plaintiff.[24]

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the defendant.

Copyright 2017. School of Government, The University of North Carolina at Chapel Hill. Prepared in cooperation with the North Carolina Conference of Superior Court Judges Committee on Pattern Jury Instructions and the North Carolina Administrative Office of the Courts

Footnotes

[1]     For an introduction to this category of defamation, *see* N.C.P.I. 806.40 ("Defamation--Preface"), nn.5 and 9-10 and accompanying text.

[2]     *See Bell v. Simmons,* 247 N.C. 488, 495, 101 S.E.2d 383, 388 (1958) ("It is noted: '(1) The court determines whether a communication is capable of a defamatory meaning. (2) The jury determines whether a communication, capable of a defamatory meaning, was so understood by its recipient.'" (quoting *Restatement of the Law of Torts,* § 614)); *see also* N.C.P.I.--Civil 806.40 ("Defamation--Preface"), n.11.

[3]     "Under the well established common law of North Carolina, a libel *per se* is a publication by writing, printing, signs or pictures which, when considered alone without innuendo, colloquium or explanatory circumstances: (1) charges that a person has committed an infamous crime; (2) charges a person with having an infectious disease; (3) tends to impeach a person in that person's trade or profession; or (4) otherwise tends to subject one to ridicule, contempt or disgrace." *Renwick v. News & Observer Publishing Co.,* 310 N.C. 312, 317, 312 S.E.2d 405, 408-09 (citing *Flake v. Greensboro News Co.,* 212 N.C. 780, 787, 195 S.E. 55, 60 (1937)).

[4]     Libel actionable *per quod* is comprised of those publications ""which are not obviously defamatory, but which become

so when considered in connection with innuendo, colloquium and explanatory circumstances."' *Ellis v. Northern Star Co.*, 326 N.C. 219, 223, 388 S.E.2d 127, 130 (1990) (quoting *Flake v. Greensboro News Co.*, 212 N.C. 780, 785, 195 S.E. 55, 59 (1937)).

North Carolina also recognizes a "middle-tier libel" when a statement is "susceptible of two reasonable interpretations, one of which is defamatory and the other is not." *Id.* Although middle-tier libel may differ technically from libel actionable *per quod* the instructions for libel actionable *per quod* are appropriate for jury instruction purposes in a middle-tier libel claim.

5    N.C. Gen. Stat. § 14-3(b) permits punishment of misdemeanors constituting "infamous crimes." However, "[t]he applicable statute . . . and the reported cases leave some lack of certainty as to what crimes may be designated and punished as 'infamous.'" *State v. Keen*, 25 N.C. App. 567, 571, 214 S.E.2d 242, 244 (1975). In addition to those specified in cases decided under the statute, all felonies and certain other crimes qualify as "infamous crimes" for defamation purposes. *See, e.g., State v. Mann*, 317 N.C. 164, 170, 345 S.E.2d 365, 369 (1986) ("A crime is 'infamous' within the meaning of the statute if it is an act of depravity, involves moral turpitude, and reveals a heart devoid of social duties and a mind fatally bent on mischief." (citation omitted)), and *Jones v. Brinkley*, 174 N.C. 23, 25, 93 S.E. 372, 374 (1917) (Under an earlier version of N.C. Gen. Stat. § 14-3, "the test is not the nature of the punishment, but the nature of the offense charged. A charge of larceny is actionable *per se*, and 'there is no distinction between grand and petty larceny in this respect.'" (citation omitted)); *see also State v. Surles*, 230 N.C. 272, 283-84, 52 S.E.2d 880, 888 (1949) (Ervin, J., dissenting) ("'At common law, . . . an infamous crime is one whose commission brings infamy upon a convicted person, rendering him unfit and incompetent to testify as a witness, such crimes being treason, felony, and *crimen falsi*. This latter term means any offense involving corrupt deceit, or falsehood by which the public administration of justice may be impeded, such as perjury, subornation of perjury, forgery, bribery of witnesses, conspiracy in procuring nonattendance of witnesses, barratry, counterfeiting, cheating by false weights or measures, and conspiring to accuse an innocent person of crime.'" (quoting Burdick, *Law of Crimes*, § 87)).

6    *See* n.5 *supra.*

7    If it is felt necessary to include an explanatory term for "impeach," one or more of the suggested alternatives may be given. *See, generally, Badame v. Lampke*, 242 N.C. 755, 757, 89 S.E. 2d 466 (1955) (The statement "(1) must touch the plaintiff in his special trade or occupation, and (2) must contain an imputation necessarily hurtful in its effect on his business.")

8    *See Shreve v. Duke Power Co.*, 97 N.C. App. 648, 650, 389 S.E.2d 444, 446 (1990).

9    New York Pattern Jury Instruction--Civil 3:34 ("A statement is also defamatory if it tends to discredit the plaintiff in the conduct of (his, her, its) occupation, trade or office.").

10    Maryland Pattern Jury Instruction--Cv 12:11 ("Injurious Falsehood Amounting to Defamation") (defamatory statement includes one which "reflects unfavorably on [a] person's business, reputation, business integrity or on [a] person's profession or business").

11    *Renwick*, 310 N.C. at 317, 312 S.E.2d at 408-09.

12    *Id.* ("Under the well established common law of North Carolina, a libel *per se* is a publication by writing, printing, signs or pictures."); *see also* Dan B. Dobbs, *The Law of Torts* (2001 ed.) § 408 at 1141 ("[L]ibel today includes not only writing but all forms of communications embodied in some physical form such as movie film or video tapes . . . . Most communications by computer are no doubt in the category of libel." (citations omitted)), and *Hedgepeth v. Coleman*, 183 N.C. 309, 312, 111 S.E. 517, 519 (1922) (Expert testimony that an unsigned typewritten defamatory paper and a letter, "the authenticity of which the defendant did not dispute, were written by the same person on an Oliver typewriter . . . . was evidence of a character sufficiently substantial to warrant the jury in finding . . . the defendant . . . responsible for [the] typewritten paper of unavowed authorship.").

13    "A written dissemination, as suggested by the common meaning of the term 'published,' is not required; the mode of publication of [defamatory matter] is immaterial, and . . . any act by which the defamatory matter is communicated to a third party constitutes publication." 50 Am. Jur. 2d, *Libel and Slander*, § 235, pp. 568-69 (citations omitted).). Communication by means of e-mail or through use of a web site are included among "other methods of communication" by which defamatory matter may be published. *Id.* at 573-74.

14    "A communication is any act by which a person brings an idea to another's attention. A communication may be made by speaking or by writing words or by any other act or combination of actions that result in bringing an idea to another's attention." Pennsylvania Suggested Standard Civil Jury Instructions, PA--JICIV 13.08 ("Defamation--For

Cases Involving Private Plaintiffs Where the Matter is not of Public Concern").

15    *See* Dobbs § 402 at 1123-24 ("Many persons who deliver, transmit, or facilitate defamation have only the most attenuated or mechanical connection with the defamatory content. Some primary publishers like newspapers are responsible as publishers even for materials prepared by others . . . . [M]any others such as telegraph and telephone companies, libraries and news vendors are regarded as mere transmitters or disseminators rather than publishers. As to these, it seems clear that liability cannot be imposed unless the distributor knows or should know of the defamatory content in the materials he distributes."

[In addition,] "[a] federal statute . . . immunizes the Internet users and providers so that they are not responsible for material posted by others"; *see* 47 U.S.C. § 230(c)(1) ("No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider.").

16    *Griffin v. Holden*, 180 N.C. App. 129, 133, 636 S.E.2d 298, 302 (2006) ("[T]o make out a *prima facie* case for defamation, 'plaintiff must allege and prove that the defendant made false, defamatory statements of or concerning the plaintiff, which were published to a third person, causing injury to the plaintiff's reputation.'") (citation omitted; *Taylor v. Jones Bros. Bakery, Inc.,* 234 N.C. 660, 662, 68 S.E.2d 313, 314 (1951) *overruled on other grounds, Hinson v. Dawson*, 244 N.C. 23, 92 S.E.2d 393 (1956) ("While it is not necessary that the defamatory words be communicated to the public generally, it is necessary that they be communicated to some person or persons other than the person defamed." (citations omitted)).

17    South Carolina--Jury Instructions Civil, SC-JICIV 14-6 ("Defamation--Elements"). This instruction continues, "as a general rule, where a person communicates a defamatory statement only to the person defamed and the defamed person then repeats the statement to others, publication of the statement by the person defamed, or 'self-publication,' will not support a defamation action against the originator of the statements . . . . Where the plaintiff himself [published] or, by his acts, caused the [publication] of a defamatory statement to a third person, the plaintiff cannot recover because there is not publication for which [the] defendant can be [responsible]. If the plaintiff consented to or authorized the [publication] of the defamatory statement, he cannot recover . . . ."

18    *See* N.C.P.I.--Civil 806.40, ("Defamation--Preface"), n.2.

19    *See Raymond U v. Duke University,* 91 N.C. App. 171, 181, 371 S.E.2d 701, 708 (1988) (Under libel actionable *per quod,* "the publication must have been intended by defendant to be defamatory and had to be understood as such by those to whom it was published."); *Renwick*, 310 N.C. at 316-17, 312 S.E.2d at 408 ("The plaintiff's complaints in these cases failed to bring the editorial complained of within the second class of libel, since it was not alleged that the editorial is susceptible of two meanings, one defamatory, and that the defamatory meaning was intended and was so understood by those to whom the publication was made."); and *Robinson v. Nationwide Ins. Co.*, 273 N.C. 391, 394, 159 S.E.2d 896, 899 (1968) ("Where the words alleged to have been written and published by the defendant concerning the plaintiff are not, upon their face, susceptible only to a defamatory interpretation, the complaint states no cause of action unless it also alleges that a defamatory meaning was intended by the defendant and understood by those to whom the statement is alleged to have been published."); *see also Cathy's Boutique v. Winston-Salem Joint Venture,* 72 N.C. App. 641, 643, 325 S.E.2d 283, 285 (1985) ("a complaint does not state a cause of action [for 'middle-tier' libel] unless it alleges that the defamatory meaning was intended and was so understood by those to whom the publication was made.").

20    *See* n.19 *supra.*

21    *Renwick*, 310 N.C. at 317, 312 S.E.2d at 408 ("The complaints failed to bring the editorial within the third class -- libel per quod -- since it was not alleged that the plaintiff suffered special damages; *Raymond U*, 91 N.C. App. at 181, 371 S.E.2d at 708 (for publications which are libelous *per quod*, "special damages must be proven"); *Griffin*, 180 N.C. App. at 135, 636 S.E.2d at 303 ("[W]hen a publication is libelous per quod, the injurious character of the words and some special damage must be pleaded and proved."); *see also Iadanza v. Harper,* 169 N.C. App. 766, 779, 611 S.E.2d 217, 221 (2005) ("[S]pecial damages are usually synonymous with pecuniary loss . . . as well as loss of earnings . . . .").

22    This element incorporates the "actual malice" requirement mandated by *New York Times Co. v. Sullivan*, 376 U.S. 254, 279-80 (1964). *See* N.C.P.I.--Civil 806.40 ("Defamation--Preface"), n.14.

23    *See Dellinger v. Belk,* 34 N.C. App. 488, 490, 238 S.E.2d 788, 789 (1977) (noting that the U.S. Supreme Court in *Amant v. Thompson,* 390 U.S. 727, 731 (1968), "refined the definition of 'reckless disregard' to require 'sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication.'"); *see also Barker v. Kimberly-Clark Corp.*, 136 N.C. App. 455, 461, 524 S.E.2d 821, 825 (2000) (actual

malice may be shown, *inter alia,* by publication of a defamatory statement "with a high degree of awareness of its probable falsity."), and *Ward v. Turcotte*, 79 N.C. Ap. 458, 461, 339 S.E.2d 444, 446-7 (1986) (citation omitted) ("Actual malice may be found in a reckless disregard for the truth and may be proven by a showing that the defamatory statement was made in bad faith, without probable cause or without checking for truth by the means at hand.").

[24]    A "Yes" answer to this issue entitles a plaintiff to an instruction on actual damages and punitive damages (assuming actual damages are awarded). Even though a public figure or public official has to prove actual malice to obtain punitive damages, that standard is incorporated above in the liability consideration and thus, will necessarily be present if the jury answers "Yes" on liability. Presumed damages are not available. *See* N.C.P.I.--Civil 806.40 ("Defamation--Preface"), nn.14, 27, 29, 31, 33 and 34 and accompanying text.

---

**End of Document**

© 2019 Thomson Reuters. No claim to original U.S. Government Works.

---

**NC Pattern Jury Inst. - Civ. 806.81**

**North Carolina Pattern Jury Instructions for Civil Cases**  June 2018

**Part IV. Miscellaneous Torts**

**Chapter 9. Defamation.**
Committee on Pattern Jury Instructions

806.81 Defamation Actionable Per Se--Private Figure--Not Matter of Public Concern--Presumed Damages[1]

**(Adopted May 2008)**

The (*state number*) issue reads:

"What amount of presumed damages[2] is the plaintiff entitled to recover?"

You will consider this issue only if you have answered Issue Number (*state issue number*) "Yes" in favor of the plaintiff.

If you have answered Issue Number (*state issue number)* "Yes," the plaintiff is entitled to be awarded compensation for presumed damages even without proof of actual damages. Presumed damages are damages that are assumed, without proof, to have occurred to the plaintiff as a result of the publication by the defendant of the [libelous] [slanderous] statement.[3] Presumed damages include matters such as loss of reputation or standing in the community, mental or physical pain and suffering, inconvenience, or loss of enjoyment which cannot be definitively measured in monetary terms.[4]

Presumed damages arise by inference of law and are not required to be specifically proved by evidence.[5] This means you need not have proof that the plaintiff suffered loss of reputation or standing in the community, mental or physical pain and suffering, inconvenience or loss of enjoyment in order to award *him* damages for such harm because such harm is presumed by the law when a defendant publishes a [libelous] [slanderous] statement with the knowledge that it is false or with reckless disregard of whether it is false.[6]

The determination of the amount of presumed damages is not a task which can be completed with mathematical precision[7] and is one which unavoidably includes an element of speculation. The amount of presumed damages is an estimate, however rough, of the probable extent of harm, in the form of loss of reputation or standing in the community, mental or physical pain and suffering, and inconvenience or loss of enjoyment which the plaintiff has suffered or will suffer in the future as a result of the defendant's publication of the [libelous] [slanderous] statement.[8] However, any amount you allow as future damages must be reduced to its present value, because a sum received now is equal to a larger sum received in the future.

You may award the plaintiff presumed damages, for example, in a nominal amount, which is a trivial amount such as one dollar, that shows that the plaintiff is entitled to recover from the defendant. You may also, in the exercise of your good judgment and common sense,[9] award the plaintiff presumed damages in an amount that will compensate the plaintiff, as far as money can do, for injury that you find is a direct and natural consequence[10] of the [libel] [slander] of the plaintiff by the defendant.

As to this issue, I instruct you that you are to base your decision on the rules of law with respect to presumed damages that I have given you and that you are not required to accept the amount of damages suggested by the parties or their attorneys. You should remember that you are not seeking to punish either party, and you are not awarding or withholding anything on the basis of sympathy or pity.

Finally as to this issue, if you have answered Issue Number *(state issue number)* "Yes" in favor of the plaintiff, then you will answer this issue by writing in the blank space provided that amount of presumed damages which you have determined to

award the plaintiff under the instructions I have given you.

Copyright 2017. School of Government, The University of North Carolina at Chapel Hill. Prepared in cooperation with the North Carolina Conference of Superior Court Judges Committee on Pattern Jury Instructions and the North Carolina Administrative Office of the Courts

Footnotes

[1]     For an introduction to the category of presumed damages in defamation cases, *see* N.C.P.I.--Civil 806.40 ("Defamation--Preface"), nn.20-21, 26, 29-30, 32 and accompanying text.
Note that presumed damages are available only in defamation cases actionable *per se*. Plaintiffs in middle-tier libel cases or defamation cases actionable *per quod* must prove actual damages in order to recover. *See* N.C.P.I.--Civil 806.40 ("Defamation--Preface"), nn.22 and 34 and accompanying text.

[2]     *NOTE WELL:* To date, North Carolina's appellate courts have not addressed the current viability of the common law rule of presumed damages. The Pattern Jury Civil Sub-Committee, upon careful consideration, believes the common law rule applies in North Carolina and that, in the absence of a directive from our appellate courts to the contrary, this instruction should be given when appropriate.
The Committee takes this position particularly in light of the gloss placed by many courts upon the U.S. Supreme Court holdings in *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 349, 41 L.Ed.2d 789, 810 (1974) ("[W]e hold that the States may not permit recovery of presumed or punitive damages . . . when liability is not based on a showing of knowledge of falsity or reckless disregard for the truth."); and *Dun & Bradstreet v. Greenmoss Builders,* 472 U.S. 749, 761, 86 L.Ed.2d 593, 604 (1985) ("In light of the reduced constitutional value of speech involving no matters of public concern, we hold that the state interest adequately supports awards of presumed and punitive damages--even absent a showing of 'actual malice.'"); *see, e.g.,* Kansas Pattern Instructions--Civil 127.50 ("A majority of state courts have held 'where only a private plaintiff and non-media defendant are involved, the common law standard [of damages presumed upon establishment of libel *per se* . . .] does not threaten the free and robust debate of public issues or a meaningful dialogue about self-government, or freedom of the press,' and have refused 'to extend the *Gertz* holding to actions between a private individual and a non-media defendant.'" (citations omitted); *see, generally,* N.C.P.I.--Civil 806.40 ("Defamation-- Preface"), nn.20, 23, 26-27, 29-30 and accompanying text; 28 Am. Jur.2d *Libel and Slander* § 362, p. 758-59 ("[M]any courts have held or recognized that, in actions for libel or slander . . . *per se*, proof of the libel or slander creates a presumption that general or actual damage was sustained, even though it may be incapable of being accurately measured . . . . On the other hand, some courts have taken the position that the doctrine of presumed damages is no longer applicable in libel and slander cases . . . . These courts take the view that such a result is required by decisions of the United States Supreme Court limiting the circumstances under which a plaintiff may recover for defamation."); and Dan B. Dobbs, *Law of Torts* § 422, p. 253 (2007 Supp.) ("The common law rule, which still governs many cases, allows juries to presume that a defamatory publication has caused harm to reputation and then to award substantial sums of money even in the absence of evidence as to any particular amount of damages. However, an award of presumed damages may still be deemed excessive if the defamation is not serious or widespread, and if it appears to cause neither serious reputational nor emotional harm. On the other hand, the presumed damages rule may be headed for extinction. Commentators have attacked it and some states have abandoned it even when the Constitution does not require them to do so." (citations omitted)).

[3]     *See Dun & Bradstreet*, 472 U.S. 749, 760-61, 86 L. Ed.2d at 604 (1985)

[4]     *Iadanza v. Harper*, 169 N.C. App. 766, 779-80, 611 S.E.2d 217, 221 (2005) (citing 22 Am. Jur.2d *Damages* § 42).

[5]     *Brown & Williamson Tobacco Corp. v. Jacobson,* 827 F.2d 1119, 1139 (7th Cir. 1987).

[6]     *See* Pennsylvania Suggested Standard Civil Jury Instructions--Civil 13.08 ("Damages--Defamation") ("If you find that the defendant acted either intentionally or recklessly in publishing the false and defamatory communication, you may presume that the plaintiff suffered both injury to [his] [her] reputation and the emotional distress, mental anguish, and humiliation that would result from such a communication. This means you need not have proof that the plaintiff suffered emotional distress, mental anguish, and humiliation in order to award [him] [her] damages for such harm because such harm is presumed by the law when a defendant publishes a false and defamatory communication with the knowledge that it is false or in reckless disregard of whether it is true or false.").

[7]     New York Pattern Jury Instructions--Civil 3:29 ("Compensatory Damages--Presumed Damages--Neither Actual Harm Nor Special Harm Required") (stating that presumed "damages cannot be proved with mathematical accuracy."); *see*

*also Sunward Corporation v. Dun & Bradstreet, Inc.*, 811 F.2d 511, 588 (10th Cir. 1987) ("Ascertainment of presumed general damages is difficult at best and unavoidably includes an element of speculation."); *cf. Republic Tobacco v. North Atlantic Trading*, 381 F.3d 717, 734 (7th Cir. 2004) ("While we are mindful that under the doctrine of presumed damages a party is not required to show specific loss, there must be some meaningful limit on the magnitude of a jury award when it is arrived at by pure speculation. Presumed damages serve a compensatory function--when such an award is given in a substantial amount to a party who has not demonstrated evidence of concrete loss, it becomes questionable whether the award is serving a different purpose." The court thereupon reduced the trial court's award of $3.36 million in presumed damages to $1 million.).

[8]     *Brown & Williamson,* 827 F.2d at 1138 (quoting Prosser & Keeton on Torts, § 116A, p. 843).

[9]     *See* n.7 *supra*.

[10]    *See Fields v. Bynum*, 156 N.C. 413, 418, 72 S.E. 449, 451 (1911) ( "General damages . . . embrace compensation for those injuries which the law will presume must naturally, proximately, and necessarily result from the utterance of words which are actionable *per se* . . . . Such damages include injury to the feelings and mental suffering endured in consequence. General damages need not be pleaded or proved."); *see also* 50 Am. Jur.2d, *Libel and Slander* § 478 ("Under the common law, . . . general damages are presumed to result from a defamation that is actionable per se, so that recovery may be had of damages naturally and proximately resulting from the defamation even though they are not proved.").

---

**End of Document**      © 2019 Thomson Reuters. No claim to original U.S. Government Works.

**NC Pattern Jury Inst. - Civ. 806.83**

**North Carolina Pattern Jury Instructions for Civil Cases**  June 2018

**Part IV. Miscellaneous Torts**

**Chapter 9. Defamation.**
Committee on Pattern Jury Instructions

806.83 Defamation Actionable Per Se--Public Figure or Official--Presumed Damages[1]

**(Adopted May 2008)**

The (*state number*) issue reads:

"What amount of presumed damages[2] is the plaintiff entitled to recover?"

You will consider this issue only if you have answered Issue Number (*state issue number*) "Yes" in favor of the plaintiff.

If you have answered Issue Number (*state issue number*) "Yes," the plaintiff is entitled to be awarded compensation for presumed damages even without proof of actual damages. Presumed damages are damages that are assumed, without proof, to have occurred to the plaintiff as a result of the publication by the defendant of the [libelous] [slanderous] statement.[3] -Presumed damages include matters such as loss of reputation or standing in the community, mental or physical pain and suffering, inconvenience, or loss of enjoyment which cannot be definitively measured in monetary terms.[4]

Presumed damages arise by inference of law and are not required to be specifically proved by evidence.[5] This means you need not have proof that the plaintiff suffered loss of reputation or standing in the community, mental or physical pain and suffering, inconvenience or loss of enjoyment in order to award *him* damages for such harm because such harm is presumed by the law when a defendant publishes a [libelous] [slanderous] statement with the knowledge that it is false or with reckless disregard of whether it is false.[6]

The determination of the amount of presumed damages is not a task which can be completed with mathematical precision[7] and is one which unavoidably includes an element of speculation. The amount of presumed damages is an estimate, however rough, of the probable extent of actual harm, in the form of loss of reputation or standing in the community, mental or physical pain and suffering, and inconvenience or loss of enjoyment which the plaintiff has suffered or will suffer in the future as a result of the defendant's publication of the [libelous] [slanderous] statement.[8] However, any amount you allow as future damages must be reduced to its present value, because a sum received now is equal to a larger sum received in the future.

You may award the plaintiff presumed damages, for example, in a nominal amount, which is a trivial amount such as one dollar, that shows that the plaintiff is entitled to recover from the defendant. You may also, in the exercise of your good judgment and common sense,[9] award the plaintiff presumed damages in an amount that will compensate the plaintiff, as far as money can do, for injury that you find is a direct and natural consequence[10] of the [libel] [slander] of the plaintiff by the defendant.

As to this issue, I instruct you that you are to base your decision on the rules of law with respect to presumed damages that I have given you and that you are not required to accept the amount of damages suggested by the parties or their attorneys. You should remember that you are not seeking to punish either party, and you are not awarding or withholding anything on the basis of sympathy or pity.

Finally as to this issue, if you have answered Issue Number *(state issue number)* in favor of the plaintiff, then you will answer this issue by writing in the blank space provided that amount of presumed damages which you have determined to award the

plaintiff under the instructions I have given you.

Copyright 2017. School of Government, The University of North Carolina at Chapel Hill. Prepared in cooperation with the North Carolina Conference of Superior Court Judges Committee on Pattern Jury Instructions and the North Carolina Administrative Office of the Courts

Footnotes

1    For an introduction to the category of presumed damages in defamation cases, *see* N.C.P.I.--Civil 806.40 ("Defamation--Preface"), nn.20-21, 26, 29-30, 32 and accompanying text.
Presumed damages are available only in defamation cases actionable *per se*. Plaintiffs in middle-tier libel cases or defamation cases actionable *per quod* must prove actual damages in order to recover. *See* N.C.P.I.--Civil 806.40 ("Defamation--Preface"), nn.22 and 34 and accompanying text.

2    Under *New York Times Co. v. Sullivan*, 376 U.S. 254, 279-80, 11 L.Ed.2d 686, 706 (1964), a public official or public figure plaintiff must prove that the defendant published the statement with actual malice, that is with knowledge that it was false or in reckless disregard of whether it was true or false. Because a public official/public figure plaintiff must prove actual malice for liability purposes (*see* N.C.P.I.--Civil 806.53, Defamation-- Libel Actionable *Per Se*--Public Figure or Official and N.C.P.I.--Civil 806.67, Defamation--Slander Actionable *Per Se*--Public Figure or Official), the jury is not required to find actual malice a second time when considering damages (*cf.* N.C.P.I.--Civil 806.82, Defamation Actionable *Per Se*--Private Figure--Matter of Public Concern--Presumed Damages). *See* N.C.P.I.--Civil 806.40 ("Defamation-- Preface"), n.27 and accompanying text.

3    *Dun & Bradstreet v. Greenmoss Builders*, 472 U.S. 749, 760-61, 86 L.Ed.2d 593, 604 (1985).

4    *Iadanza v. Harper*, 169 N.C. App. 766, 779-80, 611 S.E.2d 217, 221 (2005) (citing 22 Am. Jur.2d § 42).

5    *Brown & Williamson Tobacco Corp. v. Jacobson*, 827 F.2d 1119, 1139 (7th Cir. 1987).

6    Pennsylvania Suggested Standard Civil Jury Instructions--Civil 13.10 ("Damages--Defamation") ("If you find that the defendant acted either intentionally or recklessly in publishing the false and defamatory communication, you may presume that the plaintiff suffered both injury to [his] [her] reputation and the emotional distress, mental anguish, and humiliation that would result from such a communication. This means you need not have proof that the plaintiff suffered emotional distress, mental anguish, and humiliation in order to award [him] [her] damages for such harm because such harm is presumed by the law when a defendant publishes a false and defamatory communication with the knowledge that it is false or in reckless disregard of whether it is true or false.").

7    New York Pattern Jury Instructions--Civil 3:29 ("Compensatory Damages--Presumed Damages--Neither Actual Harm Nor Special Harm Required") ("These damages cannot be proved with mathematical accuracy."); *see also Sunward Corporation v. Dun & Bradstreet, Inc.*, 811 F.2d 511, 588 (10th Cir. 1987) ("Ascertainment of presumed general damages is difficult at best and unavoidably includes an element of speculation."); *cf. Republic Tobacco v. North Atlantic Trading*, 381 F.3d 717, 734 (7th Cir. 2004) ("While we are mindful that under the doctrine of presumed damages a party is not required to show specific loss, there must be some meaningful limit on the magnitude of a jury award when it is arrived at by pure speculation. Presumed damages serve a compensatory function--when such an award is given in a substantial amount to a party who has not demonstrated evidence of concrete loss, it becomes questionable whether the award is serving a different purpose." The court thereupon reduced the trial court's award of $3.36 million in presumed damages to $1 million.).

8    *Brown & Williamson*, 827 F.2d at 1138 (quoting *Prosser & Keeton on Torts*, § 116A, p. 843).

9    *See* n.7 *supra*.

10    *See Fields v. Bynum*, 156 N.C. 413, 418, 72 S.E. 449, 451 (1911) ( "General damages . . . embrace compensation for those injuries which the law will presume must naturally, proximately, and necessarily result from the utterance of words which are actionable *per se* . . . . Such damages include injury to the feelings and mental suffering endured in consequence. General damages need not be pleaded or proved."); *see also* 50 Am. Jur.2d, *Libel and Slander* § 478 ("Under the common law, . . . general damages are presumed to result from a defamation that is actionable per se, so that recovery may be had of damages naturally and proximately resulting from the defamation even though they are not proved." (citations omitted)).

**End of Document**

© 2019 Thomson Reuters. No claim to original U.S. Government Works.

 © 2019 Thomson Reuters. No claim to original U.S. Government Works.

**NC Pattern Jury Inst. - Civ. 806.84**

**North Carolina Pattern Jury Instructions for Civil Cases**  June 2018

**Part IV. Miscellaneous Torts**

**Chapter 9. Defamation.**
Committee on Pattern Jury Instructions

806.84 Defamation--Private Figure--Matter of Public Concern--Actual Damages.[1]

**(Adopted May 2008)**

The (*state number*) issue reads:

"What amount of actual damages is the plaintiff entitled to recover?"

You will answer this issue only if you have answered Issue Number (*state issue number*) "Yes" in favor of the plaintiff.

The burden of proof on this issue is on the plaintiff to prove by the greater weight of the evidence that, as a result of the defendant's publication of the [libelous] [slanderous] statement, the plaintiff suffered actual damages. Actual damages include pecuniary damages and actual harm damages.[2]

Pecuniary damages are tangible monetary losses, such as [lost income] [medical expenses] [or] [other direct financial harm].[3] You may award pecuniary damages to the extent you find the plaintiff has suffered such tangible monetary losses. Emotional distress and mental suffering alone do not prove monetary loss.[4]

Actual harm damages include such things as impairment of reputation and standing in the community, personal humiliation, and mental anguish and suffering.[5] You may award actual harm damages to the extent you find the plaintiff has suffered such actual injury.

[You may compensate the plaintiff only once for any injury.[6] Thus, if you award presumed damages to the plaintiff, you may not award additional amounts to the plaintiff as actual harm damages to the extent you have already awarded the plaintiff presumed damages for the same injury. You may award as actual harm damages only such amount as compensates the plaintiff for injuries that the plaintiff has proved *he* suffered and for which *he* has not otherwise been compensated by your verdict on other damages.[7]]

As to this issue, I instruct you that you are to base your decision on the rules of law with respect to actual damages that I have given you and that you are not required to accept the amount of damages suggested by the parties or their attorneys. You should remember that you are not seeking to punish either party, and you are not awarding or withholding anything on the basis of sympathy or pity.

Finally as to this issue on which the plaintiff has the burden of proof, if you find by the greater weight of the evidence that the plaintiff suffered actual damages as a result of the defendant's publication of the [libelous] [slanderous] statement, then it would be your duty to answer this issue in favor of the plaintiff and to write in the blank space provided the monetary amount of such actual damages you find the plaintiff has suffered.

If, on the other hand, you do not find that the plaintiff has suffered actual damages, then it would be your duty to answer this issue in favor of the defendant and write a "Zero" in the blank space provided.[8]

Copyright 2017. School of Government, The University of North Carolina at Chapel Hill. Prepared in cooperation with the North Carolina Conference of Superior Court Judges Committee on Pattern Jury Instructions and the North Carolina

Administrative Office of the Courts

Footnotes

1         This instruction may be used for all types of defamation involving all types of plaintiffs when the issue of actual damage is to be presented. Because the fault standards for an award of actual damages are, for each type of plaintiff, no more stringent than the fault liability standards for each type of plaintiff, a plaintiff obtaining a "Yes" answer on liability should have established the fault standard necessary for actual damage recovery to the extent that such plaintiff has proved actual damages. *See, generally,* N.C.P.I.--Civil 806.40 ("Defamation--Preface"), nn.7-12 and accompanying text.

2         *See Hawkins v. Hawkins,* 101 N.C. App. 529, 532, 400 S.E.2d 472, 473-75 (1991) (Actual damage defined as "some actual loss, hurt or harm resulting from the illegal invasion of a legal right.").

3         *See Iadanza v. Harper,* 169 N.C. App. 776, 779-80, 611 S.E.2d 217, 221 (2005) ("pecuniary loss" damages include "medical expenses, lost wages, or other direct financial injury.").

4         *Donovan v. Fiumara*, 114 N.C. App. 524, 527, 442 S.E.2d 572, 575 (1994).

5         *Gertz v. Robert Welch Inc.*, 418 U.S. 323, 350, 41 L.Ed.2d 789, 810 (1974).

6         This portion of the instruction should only be given if the jury is also being instructed on presumed damages. *See* N.C.P.I.--Civil 806.81, 806.82 and 806.83.

7         Although some actual harm damages may duplicate categories available as presumed damages, a plaintiff entitled to recover presumed damages might also be able to prove certain harm at a level that the jury might not otherwise presume. Compare *Iadanza v. Harper*, 169 N.C. App. 766, 779-80, 611 S.E.2d 217, 221 (2005) (citing 22 Am. Jur.2d, *Damages* § 42), *with Gertz*, 418 U.S. at 350, 41 L. Ed.2d at 810. In addition, such a plaintiff might be able to prove losses, such as lost wages not available as presumed damages. To the extent a jury is instructed on both presumed and actual damages, there is a danger of improper duplication of damages by the jury that the trial court must take care to avoid.

8         Note that the plaintiff must prove actual harm in order to prove liability for middle-tier libel and defamation actionable *per quod*.

---

**End of Document**                            © 2019 Thomson Reuters. No claim to original U.S. Government Works.

## NC Pattern Jury Inst. - Civ. 806.85

**North Carolina Pattern Jury Instructions for Civil Cases**  June 2018

**Part IV. Miscellaneous Torts**

**Chapter 9. Defamation.**
Committee on Pattern Jury Instructions

806.85 Defamation--Defamation Actionable Per Se--Private Figure--Matter of Public Concern--Punitive Damages[1]

**(Adopted May 2008)**

*Note Well: If a private figure plaintiff in a matter of public concern seeks to recover punitive damages, the following issue must first be answered in the affirmative.[2] If, and only if, this issue is answered "Yes," then the standard punitive damages instruction, N.C.P.I.--Civil 810.98, should be given.*

The (*state number*) issue reads:

"Did the defendant publish the [libelous] [slanderous] statement with actual malice?

You will answer this issue only if you have answered the (*state issue number)* "Yes") in favor of the plaintiff.

On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by clear, strong and convincing evidence, that the defendant published the [libelous] [slanderous] statement with actual malice.[3]

Clear, strong and convincing evidence is evidence which, in its character and weight, establishes what the plaintiff seeks to prove in a clear, strong and convincing fashion. You shall interpret and apply the words "clear," "strong" and "convincing" in accordance with their commonly understood and accepted meanings in everyday speech.

Actual malice means that, at the time of the publication of the [libelous] [slanderous] statement, the defendant either knew that the statement was false or acted with reckless disregard of whether the statement was false.[4] Reckless disregard means that, at the time of the publication, the defendant had serious doubts about whether the statement was true.[5]

Finally, as to this issue on which the plaintiff has the burden of proof, if you find by clear, strong and convincing evidence that the defendant published the [libelous] [slanderous] statement with actual malice, then it would be your duty to answer this issue "Yes" in favor of the plaintiff.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the defendant.

Copyright 2017. School of Government, The University of North Carolina at Chapel Hill. Prepared in cooperation with the North Carolina Conference of Superior Court Judges Committee on Pattern Jury Instructions and the North Carolina Administrative Office of the Courts.

Footnotes

[1]     For private figure plaintiffs in cases not involving matters of public concern, the standard punitive damages instruction may be used without first submitting this instruction, but such plaintiffs must meet the requirements of N.C. Gen. Stat. § 1D-15. *See* N.C.P.I.--Civil 806.40 ("Defamation--Preface"), nn.31-33 and accompanying text. Moreover, because public figure or official plaintiffs must prove actual malice in order to establish liability and thus will have met the applicable standard for punitive damages by establishing liability under the actual malice standard, submission of this instruction prior to submission of the standard punitive damages instruction is likewise not required for public figure

or official plaintiffs. *See* N.C.P.I.--Civil 806.40 ("Defamation--Preface"), nn.27 and 33 and accompanying text.

2     *See Gibby v. Murphy*, 73 N.C. App. 128, 133, 325 S.E.2d 673, 676-77 (1985) (To recover punitive damages a private figure/matter of public concern plaintiff "must prove 'actual malice' on the part of the defendants. Actual malice may be proven by showing that the defendants published the defamatory material with knowledge that it was false, with reckless disregard to the truth, or with a high degree of awareness of its probable falsity.").

3     See N.C. Gen. Stat. § 1D-15 ("Punitive damages may be awarded only if the claimant proves that the defendant is liable for compensatory damages and that one of the following aggravating factors was present and was related to the injury for which compensatory damages were awarded: (1) Fraud[;] (2) *Malice*[; or] (3) Willful or wanton conduct." (emphasis added)). As it relates to constitutional limits on defamation claims, "actual malice" has been defined as publication of a defamatory statement "with 'knowledge that it was false or with reckless disregard of whether it was false or not.'" *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 510, 115 L. Ed. 2d 447, 468 (1991) (quoting *New York Times Co. v. Sullivan*, 376 U.S. 254, 279-280, 11 L. Ed.2d 686, 706 (1964) (emphasis added)). The actual malice standard developed by the U.S. Supreme Court cannot be established by a showing of personal hostility and thus should be distinguished from state common law malice. *Masson*, 501 U.S. at 509-12, 115 L. Ed.2d at 468-69; *Varner v. Bryan*, 113 N.C. App. 697, 704, 440 S.E.2d 295, 299-300 (1994).

4     *See* n.3 *supra*.

5     *See Dellinger v. Belk*, 34 N.C. App. 488, 490, 238 S.E.2d 788, 89 (1977) (noting that the U.S. Supreme Court in *Amant v. Thompson*, 390 U.S. 727, 731, 20 L. Ed.2d 262, 267 (1968), "refined the definition of 'reckless disregard' to require 'sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication.'"); *see also Barker v. Kimberly-Clark Corp.*, 136 N.C. App. 455, 461, 524 S.E.2d 821, 825 (2000) (actual malice may be shown, *inter alia*, by publication of a defamatory statement "with a high degree of awareness of its probable falsity."), and *Ward v. Turcotte*, 79 N.C. Ap. 458, 461, 339 S.E.2d 444, 446-7 (1986) (citation omitted) ("Actual malice may be found in a reckless disregard for the truth and may be proven by a showing that the defamatory statement was made in bad faith, without probable cause or without checking for truth by the means at hand.").

---

**End of Document**              © 2019 Thomson Reuters. No claim to original U.S. Government Works.

**NC Pattern Jury Inst. - Civ. 810.98**

**North Carolina Pattern Jury Instructions for Civil Cases**   June 2018

**Part IV. Miscellaneous Torts**

**Chapter 12. Damages.**
Committee on Pattern Jury Instructions

810.98 Punitive Damages--Issue of Whether to Make Award and Amount of Award.

**(Adopted May 2009)**

*NOTE WELL: Use this instruction in conjunction with claims for relief arising on or after January 1, 1996.[1] For claims for relief arising prior to January 1, 1996, use N.C.P.I.--Civil 810.93 or 810.94, as applicable.*

*ALSO NOTE WELL: Statutory limitations are placed on the amount of punitive damages that may be awarded in all cases (except driving while impaired offenses). N.C. Gen. Stat. § 1D-25(c) specifically directs that the statutory limitations "not be made known to the trier of fact through any means, including voir dire, the introduction into evidence, argument, or instructions to the jury." Thus, it would be error to do so. If the limitations are exceeded by the jury, "the trial court shall reduce the award and enter judgment for punitive damages in the maximum amount." N.C. Gen. Stat. § 1D-25(b) (1996).*

The (*state number*) issue reads:

"What amount of punitive damages, if any, does the jury in its discretion award to the plaintiff?"

You are to answer this issue only if you have answered the (*state number issue*) "Yes" in favor of the plaintiff.

Whether to award punitive damages is a matter within the sound discretion of the jury. Punitive damages are not awarded for the purpose of compensating the plaintiff for *his* [injury] [damage], nor are they awarded as a matter of right.

If you decide, in your discretion, to award punitive damages, any amount you award must bear a rational relationship[2] to the sum reasonably needed to punish the defendant for egregiously wrongful acts committed against the plaintiff[s] and to deter the defendant and others from committing similar wrongful acts.[3] In making this determination, you may consider only that evidence which relates to

[the reprehensibility of the defendant's motives and conduct[4]

[the likelihood, at the relevant time, of serious harm (to the plaintiff or others similarly situated)]

[the degree of the defendant's awareness of the probable consequences of *his* conduct]

[the duration of the defendant's conduct]

[the actual damages suffered by the plaintiff]

[any concealment by the defendant of the facts or consequences of *his* conduct]

[the existence and frequency of any similar past conduct by the defendant]

[whether the defendant profited by the conduct] [the defendant's ability to pay punitive damages, as evidenced by *his* revenues or net worth].[5]

Finally, if you determine, in your discretion, to award punitive damages, then you may award to the plaintiff an amount which bears a rational relationship to the sum reasonably needed to punish the defendant for egregiously wrongful acts and to deter the defendant and others from committing similar wrongful acts. That amount should be written in the space provided on the verdict sheet.

If, on the other hand, you determine, in your discretion, not to award the plaintiff any amount of punitive damages, then you should write the word ""None" in the space provided on the verdict sheet.

Copyright 2017. School of Government, The University of North Carolina at Chapel Hill. Prepared in cooperation with the North Carolina Conference of Superior Court Judges Committee on Pattern Jury Instructions and the North Carolina Administrative Office of the Courts

Footnotes

[1]  N.C. Gen. Stat. § 1D-1 became effective January 1, 1996, displacing common law punitive damages. It applies to all "claims for relief arising on or after that date." 1995 N.C. Sess. Laws 514, § 5.

[2]  To meet due process requirements, jury discretion must be exercised ""within reasonable constraints." *Pacific Mutual Life Insurance Co. v. Haslip*, 499 U.S. 1, 20, 113 L.E.2d 1, 46 (1991). The enactment of N.C. Gen. Stat. § 1D does not obviate the need for this constitutionally mandated standard. Pre-enactment cases also embraced this standard. *See Swinton v. Savoy Realty Co.*, 236 N.C. 723, 725, 73 S.E.2d 785, 787 (1953), *overruled on other grounds, Newton v. Standard Fire Ins. Co.*, 291 N.C. 105, 229 S.E.2d 297 (1976) (stating that "it has been uniformly held with us that punitive damages may be awarded in the sound discretion of the jury *and within reasonable limits*" (emphasis added)) and *Baker v. Winslow*, 184 N.C. 1, 5, 113 S.E. 570, 572 (1922).

[3]  N.C. Gen. Stat. § 1D-35(1) (1996).

[4]  *NOTE WELL*: In *Phillip Morris USA v. Williams*, 549 U.S. 346, 166 L.Ed.2d 940 (2007), the United States Supreme Court observed that "[e]vidence of actual harm to nonparties can help to show that the conduct that harmed the plaintiff also posed a substantial risk of harm to the general public, and so was particularly reprehensible." *Id.* at 355, 166 L.Ed.2d at 949. The Court also "recognize[d] that conduct that risks harm to many is likely more reprehensible than conduct that risks harm to only a few. And a jury consequently may take this fact into account in determining reprehensibility." *Id.* at 357, 166 L.Ed.2d at 951.
Notwithstanding, the Court held that "the Constitution's Due Process Clause forbids a [jury] to use a punitive damages award to punish a defendant for injury that it inflicts upon nonparties or those whom they directly represent, *i.e.*, injury that it inflicts upon those who are, essentially, strangers to the litigation." *Id.* at 353, 166 L.Ed.2d at 948.
The Court concluded by recognizing a practical problem. That is, "[h]ow can we know whether a jury, in taking account of harm caused others under the rubric of reprehensibility, also seeks to *punish* the defendant for having caused injury to others?" *Id.* at 357, 166 L.Ed.2d at 951 (emphasis in original). Without proffering a specific solution, the Court directed that where the "risk of any such confusion occurring . . . is a significant one--because, for instance, of the sort of evidence that was introduced at trial or the kinds of argument the plaintiff made to the jury--a court, upon request, must protect against that risk. Although the States have some flexibility to determine what *kinds* of procedures they will implement, federal constitutional law obligates them to provide *some* form of protection in appropriate cases." *Id.* (emphasis in original).
The Pattern Jury Instruction Civil Subcommittee, after careful deliberation, has interpreted the foregoing to require, "upon request" and "in appropriate cases," that a limiting instruction, such as the following, be given: "Evidence which may tend to show that the defendant's conduct caused harm or created the risk of harm to the general public or to persons who are not a party to this lawsuit, if you find that the evidence does so show, may be considered by you only in your determination of the reprehensibility of the defendant's motives and conduct, and not for any other purpose. You may not award the plaintiff punitive damages in this case to punish the defendant for harm it may have caused to others that are not parties to this lawsuit."

5          N.C. Gen. Stat. § 1D-35(2).

End of Document                                                    © 2019 Thomson Reuters. No claim to original U.S. Government
                                                                                                      Works.