# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## Case No. 1:17-cv-00256-MR

|  |  |  |
|---|---|---|
| | ) | |
| SHIRLEY TETER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | PLAINTIFF SHIRLEY TETER'S |
| v. | ) | PROPOSED JURY INSTRUCTIONS |
| | ) | |
| PROJECT VERITAS ACTION | ) | |
| FUND, PROJECT VERITAS, and | ) | |
| JAMES E. O'KEEFE, III | ) | |
| | ) | |
| Defendants. | ) | |

Comes now Plaintiff Shirley Teter and submits these proposed jury instructions to the Court.  There are two primary legal issues to be resolved by the Court. The first issue is whether the alleged defamation is per se or per quod.  The second issue is whether Ms. Teter was a private figure or a public figure at the time of the alleged defamation.  Accordingly, Ms. Teter has prepared instructions for each of the four possible scenarios.

Libel per se involving a private figure (matter of public concern) ......................2

Libel per se involving a public figure ................................................................14

Libel per quod involving a private figure (matter of public concern) ...............26

Libel per quod involving a public figure ...........................................................39

1

If the Court determines that the jury should be instructed (1) on libel per se and (2) that Ms. Teter is a private figure, then Ms. Teter respectfully requests that the Court use the following set of jury instructions:

DEFAMATION—LIBEL ACTIONABLE *PER SE*
PRIVATE FIGURE—MATTER OF PUBLIC CONCERN

Instruction on Liability (based on N.C.P.I. 806.51) .................................................3

Instruction of Presumed Damages (based on N.C.P.I. 806.82) (Part One) ..............6

Instruction of Presumed Damages (based on N.C.P.I. 806.82) (Part Two) .............9

Instruction on Punitive Damages (based on N.C.P.I. 810.98)...............................12

2

DEFAMATION—LIBEL ACTIONABLE *PER SE*—PRIVATE FIGURE—MATTER OF PUBLIC CONCERN.[1]

The first issue reads:

"Did the defendant libel the plaintiff?"

On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, four things:

First, that the defendant <u>caused to be communicated in one or both of the videotapes on YouTube</u>[2] <u>the</u> following statement <u>or statements</u> about the plaintiff:

<u>VIDEO I:  Rigging the Election - Video I: Clinton Campaign and DNC Incite Violence at Trump Rallies</u>

<u>VIDEO II:  Shirley Teter Changes Her Story After Release of Project Veritas Action Videos</u>

---

[1] Unless otherwise indicated, this instruction is taken verbatim from N.C.P.I.—Civil 806.51; General Civil Volume; Replacement June 2011.  Where text is proposed that is not in those pattern instructions, the text is underlined and a footnote is included per this Court's Order of 5 April 2018 [DE 30] unless the additional text is providing information requested by the pattern instructions (such as the names of the videos) or is changing the singular to the plural or a similar change.

[2] Dan B. Dobbs, <u>The Law of Torts</u> (2d ed. 2011), § 408, p. 1141 ("Libel today includes not only writing but all forms of communication embodied in some physical form such as movie film or video tapes . . . . Most communications by computer are no doubt in the category of libel." (citations omitted) (cited in NCPI – Civil-806.50 n.5).

3

Second, that the defendant published the statement <u>or statements</u>. "Published" means that the defendant knowingly communicated the statement <u>or statements</u> so that it reached one or more persons other than the plaintiff. <u>Communication through use of a web site is a method of communication by which defamatory matter may be published</u>.[3] Communicating the statement <u>or statements</u> to the plaintiff alone is not sufficient.

Third, that the statement <u>or statements</u> was false.

Fourth, that, at the time of the publication, the defendant either knew the statement <u>or statements</u> was false or failed to exercise ordinary care in order to determine whether the statement <u>or statements</u> was false. Ordinary care is that degree of care that a reasonable and prudent person in the same or similar circumstances would have used in order to determine whether the statement <u>or statements</u> was false. <u>Even if you find that the defendant exercised ordinary care at the time of the publication of the videos, if you conclude that the plaintiff subsequently requested a retraction that notified the defendant of the falsity of the publications, that the defendant then failed to confirm the truth of the publications, and that the defendant failed to print an apology and retraction within 10 days of</u>

_____

[3] 50 Am. Jur. 2d., <u>Libel and Slander</u>, § 235, pp. 573-74.

4

the plaintiff's notification, this failure to retract is, itself, sufficient to satisfy the standard that the defendant failed to exercise ordinary care.[4]

Finally, as to this issue on which the plaintiff has the burden of proof, if you find, by the greater weight of the evidence, that the defendant caused to be communicated in one or both of the videotapes on YouTube[5] the following statement or statements about the plaintiff: VIDEO I: Rigging the Election - Video I: Clinton Campaign and DNC Incite Violence at Trump Rallies and VIDEO II: Shirley Teter Changes Her Story After Release of Project Veritas Action Videos, that the defendant published the statement or statements, that the statement or statements was false, and that, at the time of the publication, the defendant either knew the statement or statements was false or failed to exercise ordinary care in order to determine whether the statement or statements was false, then it would be your duty to answer this issue "Yes" in favor of the plaintiff.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the defendants.

---

[4] Araya v. Deep Dive Media, LLC, 966 F. Supp. 2d 582, 601–02 (W.D.N.C. 2013); Clayton v. Branson, 170 N.C. App. 438, 613 S.E.2d 259, 265 (2005); see also N.C. Gen. Stat. § 99-1; N.C. Gen. Stat. § 99-2.

[5] Dan B. Dobbs, The Law of Torts (2d ed. 2011), § 408, p. 1141 ("Libel today includes not only writing but all forms of communication embodied in some physical form such as movie film or video tapes . . . . Most communications by computer are no doubt in the category of libel." (citations omitted) (cited in NCPI – Civil-806.50 n.5).

DEFAMATION ACTIONABLE *PER SE*—PRIVATE FIGURE—MATTER OF PUBLIC CONCERN—PRESUMED DAMAGES (PART ONE REGARDING WHETHER THE STATEMENTS WERE MADE WITH ACTUAL MALICE)[6]

The second issue reads:

"Did the defendant publish the libelous statement <u>or statements</u> with actual malice?"

You will consider this issue only if you have answered Issue Number 1 "Yes" in favor of the plaintiff.

On this issue, the burden of proof is on the plaintiff to prove by clear, strong and convincing evidence that the defendant published the libelous statement <u>or statements</u> with actual malice.

Clear, strong and convincing evidence is evidence that, in its character and weight, establishes what the plaintiff seeks to prove in a clear, strong and convincing fashion. You shall interpret and apply the words "clear," "strong" and

---

[6] Unless otherwise indicated, this instruction is taken verbatim from the portion of N.C.P.I.—Civil 806.82; General Civil Volume; June 2008 that addresses part one of the issue presented in that instruction. For purposes of clarity, Ms. Teter proposes using sequential numbers for the issues rather than having one issue with various subparts. Where text is proposed that is not in those pattern instructions, the text is underlined and a footnote is included per this Court's Order of 5 April 2018 [DE 30] unless the additional text is providing information requested by the pattern instructions (such as the names of the videos) or is changing the singular to the plural or a similar change.

"convincing" in accordance with their commonly understood and accepted meanings in everyday speech.

Actual malice means that, at the time of the publication of a libelous statement, the defendant either knew that the statement was false or acted with reckless disregard of whether the statement was false. Reckless disregard means that, at the time of the publication, the defendant had serious doubts about whether the statement was true. <u>In considering whether the plaintiff acted with reckless disregard, you may consider whether the statement was made in bad faith, without probable cause or without checking for the truth of the statement by the means at hand.[7]</u> <u>You may also consider whether there are obvious reasons to doubt the veracity of the informant or the accuracy of the defendant's reports[8], which might include where the defendant finds apparently reliable information that contradicts its libelous assertions but nonetheless publishes the statement anyway[9].</u> <u>You may also consider whether the defendant made the statement with a high degree of</u>

---

[7] <u>Ward v. Turcotte</u>, 79 N.C. App. 458, 461, 339 S.E.2d 444, 446-47 (1986).

[8] <u>Fitzgerald v. Penthouse Int'l, Ltd.</u>, 691 F.2d 666, 668 (4th Cir. 1982).

[9] <u>Tomblin v. WCHS-TV8</u>, 434 F. App'x 205, 211 (4th Cir. 2011).

awareness of its probably falsity[10] and whether the defendant relied on a single source who the defendant understood might not be trustworthy[11].

As to this issue on which the plaintiff has the burden of proof, if you find by clear, strong and convincing evidence that the defendant published a libelous statement with actual malice, then it would be your duty to write "Yes" in the first blank space provided and then proceed to consider the next issue. On the other hand, if you fail to find by clear, strong and convincing evidence that the defendant published a libelous statement or statements with actual malice, then it would be your duty to write "No" in the first blank space provided and you would not consider the third or fourth issues further.

---

[10] Barker v. Kimberly-Clark Corp., 136 N.C. App. 455, 461, 524 S.E.2d 821, 825 (2000).

[11] Wells v. Liddy, 186 F.3d 505 (4th Cir. 1999), cert. denied, 528 U.S. 1118 (2000).

DEFAMATION ACTIONABLE *PER SE*—PRIVATE FIGURE—MATTER OF PUBLIC CONCERN—PRESUMED DAMAGES (PART TWO REGARDING THE AMOUNT)[12]

The third issue reads:

"What amount of presumed damages is the plaintiff entitled to recover?"

You will consider this issue only if you have answered Issue Number 2 "Yes" in favor of the plaintiff.

If you answered "yes" to the second issue, then the plaintiff is entitled to be awarded compensation for presumed damages even without proof of actual damages. Presumed damages are damages that are assumed, without proof, to have occurred to the plaintiff as a result of the publication by the defendant of a libelous statement. Presumed damages include matters such as loss of reputation or standing in the community, mental or physical pain and suffering, inconvenience, or loss of enjoyment which cannot be definitively measured in monetary terms.

---

[12] Unless otherwise indicated, this instruction is taken verbatim from the portion of N.C.P.I.—Civil 806.82; General Civil Volume; June 2008 that addresses part two of the issue presented in that instruction. For purposes of clarity, Ms. Teter proposes using sequential numbers for the issues rather than having one issue with various subparts. Where text is proposed that is not in those pattern instructions, the text is underlined and a footnote is included per this Court's Order of 5 April 2018 [DE 30] unless the additional text is providing information requested by the pattern instructions (such as the names of the videos) or is changing the singular to the plural or a similar change.

9

Presumed damages arise by inference of law and are not required to be specifically proved by evidence. This means you need not have proof that the plaintiff suffered loss of reputation or standing in the community, mental or physical pain and suffering, inconvenience or loss of enjoyment in order to award her damages for such harm. The law presumes such harm when a defendant publishes a libelous statement with the knowledge that it is false or with reckless disregard of whether it is false.

The determination of the amount of presumed damages is not a task which can be completed with mathematical precision. The amount of presumed damages is an estimate, however rough, of the probable extent of actual harm, in the form of loss of reputation or standing in the community, mental or physical pain and suffering, and inconvenience or loss of enjoyment which the plaintiff has suffered or will suffer in the future as a result of the defendant's publication of a libelous statement. However, any amount you allow as future damages must be reduced to its present value, because a sum received now is equal to a larger sum received in the future.

You may award the plaintiff presumed damages, for example, in a nominal amount, which is a trivial amount such as one dollar, that shows that the plaintiff is entitled to recover from the defendant. You may also, in the exercise of your good judgment and common sense, award the plaintiff presumed damages in an amount

that will compensate the plaintiff, as far as money can do, for injury that you find is a direct and natural consequence of a libel of the plaintiff by the defendant.

I instruct you that you are to base your decision on the rules of law with respect to presumed damages that I have given you and that you are not required to accept the amount of damages suggested by the parties or their attorneys. You should remember that you are not seeking to punish either party, and you are not awarding or withholding anything on the basis of sympathy or pity.

As to this issue, if you answered "yes" to the second issue, then you shall answer this issue by writing in the blank space provided that amount of presumed damages which you have determined to award the plaintiff under the instructions I have given you. However, if you answered "no" to the second issue, then you will not consider whether to award the plaintiff presumed damages and will leave this issue blank.

PUNITIVE DAMAGES--ISSUE OF WHETHER TO MAKE AWARD AND AMOUNT OF AWARD. [13]

The fourth issue reads:

"What amount of punitive damages, if any, does the jury in its discretion award to the plaintiff?"

You are to answer this issue only if you have answered the second issue "Yes" in favor of the plaintiff.

Whether to award punitive damages is a matter within the sound discretion of the jury. Punitive damages are not awarded for the purpose of compensating the plaintiff for her damage, nor are they awarded as a matter of right.

If you decide, in your discretion, to award punitive damages, any amount you award must bear a rational relationship to the sum reasonably needed to punish the defendant for egregiously wrongful acts committed against the plaintiff and to deter the defendant and others from committing similar wrongful acts. In making this determination, you may consider only that evidence which relates to

- the reprehensibility of the defendant's motives and conduct

---

[13] Unless otherwise indicated, this instruction is taken verbatim from N.C.P.I.— Civil 810.98 General Civil Volume; Replacement June 2009. Where text is proposed that is not in those pattern instructions, the text is underlined and a footnote is included per this Court's Order of 5 April 2018 [DE 30] unless the additional text is providing information requested by the pattern instructions (such as the names of the videos) or is changing the singular to the plural or a similar change.

- the likelihood, at the relevant time, of serious harm (to the plaintiff or others similarly situated)

- the degree of the defendants' awareness of the probable consequences of their conduct

- the duration of the defendants' conduct

- the actual damages suffered by the plaintiff

- any concealment by the defendant of the facts or consequences of its conduct

- the existence and frequency of any similar past conduct by the defendants

- whether the defendants profited by the conduct

- the defendants' ability to pay punitive damages, as evidenced by their revenues or net worth.

Finally, if you determine, in your discretion, to award punitive damages, then you may award to the plaintiff an amount which bears a rational relationship to the sum reasonably needed to punish the defendant for egregiously wrongful acts and to deter the defendant and others from committing similar wrongful acts. That amount should be written in the space provided on the verdict sheet.

If, on the other hand, you determine, in your discretion, not to award the plaintiff any amount of punitive damages, then you should write the word "None" in the space provided on the verdict sheet.

If the Court determines that the jury should be instructed (1) on libel per se and (2) that Ms. Teter is a public figure, then Ms. Teter respectfully requests that the Court use the following set of jury instructions:

DEFAMATION--LIBEL
ACTIONABLE PER SE
PUBLIC FIGURE OR OFFICIAL.

Instruction on Liability (based on N.C.P.I. 806.53) .................................................15

Instruction on Actual Malice (based on N.C.P.I. 806.53) ........................................18

Instruction of Presumed Damages (based on N.C.P.I. 806.83) ..............................21

Instruction on Punitive Damages (based on N.C.P.I. 810.98)................................24

14

DEFAMATION--LIBEL ACTIONABLE PER SE--PUBLIC FIGURE OR OFFICIAL (PART ONE AS TO WHETHER THE STATEMENTS ARE LIBELOUS ON THEIR FACE).[14]

The first issue reads:

"Did the defendant libel the plaintiff?"

On this issue the burden of proof is on the plaintiff to prove <u>three</u> things. The plaintiff must prove <u>these</u> three things by the greater weight of the evidence. The greater weight of the evidence does not refer to the quantity of the evidence, but rather to the quality and convincing force of the evidence. It means that you must be persuaded, considering all of the evidence, that the necessary facts are more likely than not to exist. The three things are:

First, that the defendant <u>caused to be communicated in one or both of the videotapes on YouTube</u>[15] the following statement <u>or statements</u> about the plaintiff:

_____

[14] Unless otherwise indicated, this instruction is taken verbatim from the portion of N.C.P.I.--Civil 806.53; General Civil Volume; Replacement June 2008 that addresses whether the statement is libelous on its face. For purposes of clarity, the portion of the instruction that addresses whether there is actual malice is set forth in a separate instruction. Where text is proposed that is not in those pattern instructions, the text is underlined and a footnote is included per this Court's Order of 5 April 2018 [DE 30] unless the additional text is providing information requested by the pattern instructions (such as the names of the videos) or is changing the singular to the plural or a similar change.

[15] Dan B. Dobbs, <u>The Law of Torts</u> (2d ed. 2011), § 408, p. 1141 ("Libel today includes not only writing but all forms of communication embodied in some physical form such as movie film or video tapes . . . . Most communications by computer are no doubt in the category of libel." (citations omitted) (cited in NCPI – Civil-806.50 n.5).

VIDEO I:  Rigging the Election - Video I: Clinton Campaign and DNC Incite Violence at Trump Rallies

VIDEO II:  Shirley Teter Changes Her Story After Release of Project Veritas Action Videos

Second, that the defendant published the statement <u>or statements</u>. "Published" means that the defendant knowingly communicated the statement <u>or statements</u> so that it or they reached one or more persons other than the plaintiff. <u>Communication through use of a web site is a method of communication by which defamatory matter may be published.</u>[16] Communicating the statement <u>or statements</u> to the plaintiff alone is not sufficient.

Third, that the statement <u>or statements</u> was false.

As to this issue on which the plaintiff has the burden of proof, if you find, by the greater weight of the evidence, that the defendant <u>caused to be communicated in one or both of videotapes on YouTube</u>[17] the following statement <u>or statements</u> about the plaintiff: <u>VIDEO I:  Rigging the Election - Video I: Clinton Campaign and DNC Incite Violence at Trump Rallies and VIDEO II:  Shirley Teter Changes</u>

_____

[16] 50 Am. Jur. 2d., <u>Libel and Slander</u>, § 235, pp. 573-74.

[17] Dan B. Dobbs, <u>The Law of Torts</u> (2d ed. 2011), § 408, p. 1141 ("Libel today includes not only writing but all forms of communication embodied in some physical form such as movie film or video tapes . . . . Most communications by computer are no doubt in the category of libel." (citations omitted) (cited in NCPI – Civil-806.50 n.5).

16

Her Story After Release of Project Veritas Action Videos, that the defendant published the statement <u>or statements</u>, and that the statement <u>or statements</u> was false, then it would be your duty to answer this issue "Yes" in favor of the plaintiff. If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the defendant.

DEFAMATION--LIBEL ACTIONABLE PER SE--PUBLIC FIGURE OR OFFICIAL (PART TWO AS TO WHETHER ACTUAL MALICE IS SHOWN).[18]

The second issue reads:

"<u>Did the defendant publish the libelous statement or statements with actual malice?</u>"

<u>As to this issue</u>, the plaintiff's burden of proof is by clear, strong and convincing evidence. Clear, strong and convincing evidence is evidence which, in its character and weight, establishes what the plaintiff seeks to prove in a clear, strong and convincing fashion. You shall interpret and apply the words "clear," "strong" and "convincing" in accordance with their commonly understood and accepted meanings in everyday speech.

The plaintiff must prove by clear, strong and convincing evidence that, at the time of the publication, the defendant either knew the statement <u>or statements</u> was false or acted with reckless disregard of whether the statement <u>or statements</u> was

_____

[18] Unless otherwise indicated, this instruction is taken verbatim from the portion of N.C.P.I.--Civil 806.53; General Civil Volume; Replacement June 2008 that addresses whether actual malice was shown. For purposes of clarity, the portion of the instruction that addresses whether the statement was libelous on its face is set forth separately. Where text is proposed that is not in those pattern instructions, the text is underlined and a footnote is included per this Court's Order of 5 April 2018 [DE 30] unless the additional text is providing information requested by the pattern instructions (such as the names of the videos) or is changing the singular to the plural or a similar change.

Case 1:17-cv-00256-MR   Document 96   Filed 05/02/19   Page 18 of 51

false.  Reckless disregard means that, at the time of the publication, the defendant had serious doubts about whether the statement or statements was true.  In considering whether the plaintiff acted with reckless disregard, you may consider whether the statement or statements was made in bad faith, without probable cause or without checking for the truth of the statement or statements by the means at hand.[19]  You may also consider whether there are obvious reasons to doubt the veracity of the informant or the accuracy of the defendant's reports[20], which might include where the defendant finds apparently reliable information that contradicts its libelous assertions but nonetheless publishes the statement or statements anyway[21].  You may also consider whether the defendant made the statement or statements with a high degree of awareness of its probably falsity[22] and whether the defendant relied on a single source who the defendant understood might not be trustworthy[23].

---

[19] Ward v. Turcotte, 79 N.C. App. 458, 461, 339 S.E.2d 444, 446-47 (1986).

[20] Fitzgerald v. Penthouse Int'l, Ltd., 691 F.2d 666, 668 (4th Cir. 1982).

[21] Tomblin v. WCHS-TV8, 434 F. App'x 205, 211 (4th Cir. 2011).

[22] Barker v. Kimberly-Clark Corp., 136 N.C. App. 455, 461, 524 S.E.2d 821, 825 (2000).

[23] Wells v. Liddy, 186 F.3d 505 (4th Cir. 1999), cert. denied, 528 U.S. 1118 (2000).

19

As to this issue on which the plaintiff has the burden of proof, if you find by clear, strong and convincing evidence that, at the time of the publication, the defendant either knew the statement <u>or statements</u> was false or acted with reckless disregard of whether the statement <u>or statements</u> was false, then it would be your duty to answer this issue "Yes" in favor of the plaintiff. If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the defendant.

20

DEFAMATION ACTIONABLE *PER SE*—PUBLIC FIGURE OR OFFICIAL—
PRESUMED DAMAGES[24]

The third issue reads:

"What amount of presumed damages is the plaintiff entitled to recover?"
You will consider this issue only if you have answered Issue Number 2 "Yes" in
favor of the plaintiff.

If you have answered Issue Number 2 "Yes," the plaintiff is entitled to be
awarded compensation for presumed damages even without proof of actual
damages. Presumed damages are damages that are assumed, without proof, to have
occurred to the plaintiff as a result of the publication by the defendant of a libelous
statement. Presumed damages include matters such as loss of reputation or
standing in the community, mental or physical pain and suffering, inconvenience,
or loss of enjoyment which cannot be definitively measured in monetary terms.

Presumed damages arise by inference of law and are not required to be
specifically proved by evidence. This means you need not have proof that the
plaintiff suffered loss of reputation or standing in the community, mental or

_____

[24] Unless otherwise indicated, this instruction is taken verbatim from N.C.P.I.--
Civil 806.83; General Civil Volume; June 2008. Where text is proposed that is
not in those pattern instructions, the text is underlined and a footnote is
included per this Court's Order of 5 April 2018 [DE 30] unless the additional
text is providing information requested by the pattern instructions (such as the
names of the videos) or is changing the singular to the plural or a similar
change.

physical pain and suffering, inconvenience or loss of enjoyment in order to award her damages for such harm because such harm is presumed by the law when a defendant publishes a libelous statement with the knowledge that it is false or with reckless disregard of whether it is false.

The determination of the amount of presumed damages is not a task which can be completed with mathematical precision and is one which unavoidably includes an element of speculation. The amount of presumed damages is an estimate, however rough, of the probable extent of actual harm, in the form of loss of reputation or standing in the community, mental or physical pain and suffering, and inconvenience or loss of enjoyment which the plaintiff has suffered or will suffer in the future as a result of the defendant's publication of a libelous statement. However, any amount you allow as future damages must be reduced to its present value, because a sum received now is equal to a larger sum received in the future.

You may award the plaintiff presumed damages, for example, in a nominal amount, which is a trivial amount such as one dollar, that shows that the plaintiff is entitled to recover from the defendant. You may also, in the exercise of your good judgment and common sense, award the plaintiff presumed damages in an amount that will compensate the plaintiff, as far as money can do, for injury that you find is a direct and natural consequence of a libel of the plaintiff by the defendant.

As to this issue, I instruct you that you are to base your decision on the rules of law with respect to presumed damages that I have given you and that you are not required to accept the amount of damages suggested by the parties or their attorneys. You should remember that you are not seeking to punish either party, and you are not awarding or withholding anything on the basis of sympathy or pity.

Finally as to this issue, if you have answered Issue Number 2 in favor of the plaintiff, then you will answer this issue by writing in the blank space provided that amount of presumed damages which you have determined to award the plaintiff under the instructions I have given you.

PUNITIVE DAMAGES--ISSUE OF WHETHER TO MAKE AWARD AND AMOUNT OF AWARD. [25]

The fourth issue reads:

"What amount of punitive damages, if any, does the jury in its discretion award to the plaintiff?"

You are to answer this issue only if you have answered the second issue "Yes" in favor of the plaintiff.

Whether to award punitive damages is a matter within the sound discretion of the jury. Punitive damages are not awarded for the purpose of compensating the plaintiff for her damage, nor are they awarded as a matter of right.

If you decide, in your discretion, to award punitive damages, any amount you award must bear a rational relationship to the sum reasonably needed to punish the defendant for egregiously wrongful acts committed against the plaintiff and to deter the defendant and others from committing similar wrongful acts. In making this determination, you may consider only that evidence which relates to

- the reprehensibility of the defendant's motives and conduct

---

[25] Unless otherwise indicated, this instruction is taken verbatim from N.C.P.I.— Civil 810.98 General Civil Volume; Replacement June 2009. Where text is proposed that is not in those pattern instructions, the text is underlined and a footnote is included per this Court's Order of 5 April 2018 [DE 30] unless the additional text is providing information requested by the pattern instructions (such as the names of the videos) or is changing the singular to the plural or a similar change.

- the likelihood, at the relevant time, of serious harm (to the plaintiff or others similarly situated)

- the degree of the defendants' awareness of the probable consequences of their conduct

- the duration of the defendants' conduct

- the actual damages suffered by the plaintiff

- any concealment by the defendant of the facts or consequences of its conduct

- the existence and frequency of any similar past conduct by the defendants

- whether the defendants profited by the conduct

- the defendants' ability to pay punitive damages, as evidenced by their revenues or net worth.

Finally, if you determine, in your discretion, to award punitive damages, then you may award to the plaintiff an amount which bears a rational relationship to the sum reasonably needed to punish the defendant for egregiously wrongful acts and to deter the defendant and others from committing similar wrongful acts. That amount should be written in the space provided on the verdict sheet.

If, on the other hand, you determine, in your discretion, not to award the plaintiff any amount of punitive damages, then you should write the word "None" in the space provided on the verdict sheet.

If the Court determines that the jury should be instructed (1) on libel per quod and (2) that Ms. Teter is a private figure, then Ms. Teter respectfully requests that the Court use the following set of jury instructions:

DEFAMATION—LIBEL
ACTIONABLE *PER QUOD*
PRIVATE FIGURE—MATTER OF PUBLIC CONCERN.

Instruction on Liability (based on N.C.P.I. 806.61) .................................................27

Instruction on Actual Damages (based on N.C.P.I. 806.84)....................................32

Instruction on Punitive Damages (based on N.C.P.I. 806.85).................................34

Instruction on Punitive Damages (based on N.C.P.I. 806.98).................................37

DEFAMATION—LIBEL ACTIONABLE *PER QUOD*—PRIVATE FIGURE—
MATTER OF PUBLIC CONCERN.[26]

The first issue reads:

"Did the defendant libel the plaintiff?"

A libelous statement is one which tends to subject a person to ridicule, contempt or disgrace.

On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, seven things:

First, that the defendant <u>caused to be communicated in one or both of the videotapes on YouTube</u>[27] the following statement <u>or statements</u> about the plaintiff:

<u>VIDEO I: Rigging the Election - Video I: Clinton Campaign and DNC Incite Violence at Trump Rallies</u>

---

[26] Unless otherwise indicated, this instruction is taken verbatim from N.C.P.I.—Civil 806.61; General Civil Volume; Replacement June 2011. Where text is proposed that is not in those pattern instructions, the text is underlined and a footnote is included per this Court's Order of 5 April 2018 [DE 30] unless the additional text is providing information requested by the pattern instructions (such as the names of the videos) or is changing the singular to the plural or a similar change.

[27] Dan B. Dobbs, <u>The Law of Torts</u> (2d ed. 2011), § 408, p. 1141 ("Libel today includes not only writing but all forms of communication embodied in some physical form such as movie film or video tapes . . . . Most communications by computer are no doubt in the category of libel." (citations omitted) (cited in NCPI – Civil-806.50 n.5).

VIDEO II:  Shirley Teter Changes Her Story After Release of Project Veritas Action Videos

Second, that the defendant published the statement <u>or statements</u>. "Published" means that the defendant knowingly communicated the statement <u>or statements</u> so that it reached one or more persons other than the plaintiff. <u>Communication through use of a web site is a method of communication by which defamatory matter may be published.</u>[28]  Communicating the statement <u>or statements</u> to the plaintiff alone is not sufficient.

Third, that the statement <u>or statements</u> was false.

Fourth, that the defendant intended the statement <u>or statements</u> to subject the plaintiff to ridicule, contempt or disgrace.  <u>In addition to the words of the statements themselves, to determine whether the defendant intended the statement or statements to subject the plaintiff to ridicule, contempt or disgrace, you may consider each statement in connection with innuendo, colloquium and explanatory circumstances surrounding that statement.</u>[29]

---

[28] 50 Am. Jur. 2d., <u>Libel and Slander</u>, § 235, pp. 573-74.

[29] <u>Ellis v. Northern Star Co.</u>, 326 N.C. 219, 223, 388 S.E.2d 127, 130 (1990) (quoting <u>Flake v. Greensboro News Co.</u>, 212 N.C. 780, 785, 195 S.E. 55, 59 (1937)).

Fifth, that the person other than the plaintiff to whom the statement or statements was published reasonably understood the statement or statements to subject the plaintiff to ridicule, contempt or disgrace.

Sixth, that, at the time of the publication, the defendant either knew the statement or statements was false or failed to exercise ordinary care in order to determine whether the statement or statements was false. Ordinary care is that degree of care that a reasonable and prudent person in the same or similar circumstances would have used in order to determine whether the statement or statements was false. Even if you find that the defendant exercised ordinary care at the time of the publication of the videos, if you conclude that the plaintiff subsequently requested a retraction that notified the defendant of the falsity of the publications, that the defendant then failed to confirm the truth of the publications, and that the defendant failed to print an apology and retraction within 10 days of the plaintiff's notification, this failure to retract is, itself, sufficient to satisfy the standard that the defendant failed to exercise ordinary care.[30]

Seventh, that the plaintiff, as a result of the publication, suffered a monetary or economic loss.

---

[30] Araya v. Deep Dive Media, LLC, 966 F. Supp. 2d 582, 601–02 (W.D.N.C. 2013); Clayton v. Branson, 170 N.C. App. 438, 613 S.E.2d 259, 265 (2005); see also N.C. Gen. Stat. § 99-1; N.C. Gen. Stat. § 99-2.

Finally, as to this issue on which the plaintiff has the burden of proof, if you find, by the greater weight of the evidence, that the defendant <u>caused to be communicated in one or both of videotapes on YouTube</u>[31] the following statements about the plaintiff: <u>VIDEO I: Rigging the Election - Video I: Clinton Campaign and DNC Incite Violence at Trump Rallies and VIDEO II: Shirley Teter Changes Her Story After Release of Project Veritas Action Videos</u>, that the defendant published the statement <u>or statements</u>, that the statement <u>or statements</u> was false, that the defendant intended the statement <u>or statements</u> to subject the plaintiff to ridicule, contempt or disgrace, that the person to whom the statement <u>or statements</u> was published reasonably understood the statement <u>or statements</u> to subject the plaintiff to ridicule, contempt or disgrace, that, at the time of the publication, the defendant either knew the statement <u>or statements</u> was false or failed to exercise ordinary care in order to determine whether the statement <u>or statements</u> was false, and that the plaintiff, as a result of the publication, suffered a monetary or economic loss, then it would be your duty to answer this issue "Yes" in favor of the plaintiff.

---

[31] Dan B. Dobbs, <u>The Law of Torts</u> (2d ed. 2011), § 408, p. 1141 ("Libel today includes not only writing but all forms of communication embodied in some physical form such as movie film or video tapes . . . . Most communications by computer are no doubt in the category of libel." (citations omitted) (cited in NCPI – Civil-806.50 n.5).

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the defendant.

DEFAMATION—PRIVATE FIGURE—MATTER OF PUBLIC CONCERN—
ACTUAL DAMAGES[32]

The second issue reads:

"What amount of actual damages is the plaintiff entitled to recover?"

You will answer this issue only if you have answered Issue Number 1 "Yes"
in favor of the plaintiff.

The burden of proof on this issue is on the plaintiff to prove by the greater
weight of the evidence that, as a result of the defendant's publication of a libelous
statement, the plaintiff suffered actual damages. Actual damages include pecuniary
damages and actual harm damages.

Pecuniary damages are tangible monetary losses, such as medical expenses
or the costs of replacing a telephone. You may award pecuniary damages to the
extent you find the plaintiff has suffered such tangible monetary losses. Emotional
distress and mental suffering alone do not prove monetary loss.

Actual harm damages include such things as impairment of reputation and
standing in the community, personal humiliation, and mental anguish and

---

[32] Unless otherwise indicated, this instruction is taken verbatim from N.C.P.I.--
Civil 806.84 General Civil Volume; Replacement June 2008. Where text is
proposed that is not in those pattern instructions, the text is underlined and a
footnote is included per this Court's Order of 5 April 2018 [DE 30] unless the
additional text is providing information requested by the pattern instructions
(such as the names of the videos) or is changing the singular to the plural or a
similar change.

suffering.  You may award actual harm damages to the extent you find the plaintiff has suffered such actual injury.

As to this issue, I instruct you that you are to base your decision on the rules of law with respect to actual damages that I have given you and that you are not required to accept the amount of damages suggested by the parties or their attorneys. You should remember that you are not seeking to punish either party, and you are not awarding or withholding anything on the basis of sympathy or pity.

Finally as to this issue on which the plaintiff has the burden of proof, if you find by the greater weight of the evidence that the plaintiff suffered actual damages as a result of the defendant's publication of a libelous statement, then it would be your duty to answer this issue in favor of the plaintiff and to write in the blank space provided the monetary amount of such actual damages you find the plaintiff has suffered.

If, on the other hand, you do not find that the plaintiff has suffered actual damages, then it would be your duty to answer this issue in favor of the defendant and write a "Zero" in the blank space provided.

DEFAMATION—DEFAMATION ACTIONABLE *PER SE*—PRIVATE FIGURE—MATTER OF PUBLIC CONCERN—PUNITIVE DAMAGES[33]

The third issue reads:

"Did the defendant publish the libelous statement or statements with actual malice?

You will answer this issue only if you have answered the second issue "Yes" in favor of the plaintiff.

On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by clear, strong and convincing evidence, that the defendant published a libelous statement with actual malice.

Clear, strong and convincing evidence is evidence which, in its character and weight, establishes what the plaintiff seeks to prove in a clear, strong and convincing fashion. You shall interpret and apply the words "clear," "strong" and

---

[33] Unless otherwise indicated, this instruction is taken verbatim from N.C.P.I.-- Civil 806.85 General Civil Volume; Replacement June 2008. The title of N.C.P.I.--Civil 806.85 is for defamation actionable per se. According to N.C.P.I. – Civil 80.640, page 7 of 16, this instruction is also used for defamation actionable pro quod. Where text is proposed that is not in those pattern instructions, the text is underlined and a footnote is included per this Court's Order of 5 April 2018 [DE 30] unless the additional text is providing information requested by the pattern instructions (such as the names of the videos) or is changing the singular to the plural or a similar change.

"convincing" in accordance with their commonly understood and accepted meanings in everyday speech.

Actual malice means that, at the time of the publication of a libelous statement, the defendant either knew that the statement was false or acted with reckless disregard of whether the statement was false. Reckless disregard means that, at the time of the publication, the defendant had serious doubts about whether the statement was true. In considering whether the plaintiff acted with reckless disregard, you may consider whether the statement was made in bad faith, without probable cause or without checking for the truth of the statement by the means at hand.[34] You may also consider whether there are obvious reasons to doubt the veracity of the informant or the accuracy of the defendant's reports[35], which might include where the defendant finds apparently reliable information that contradicts its libelous assertions but nonetheless publishes the statements anyway[36]. You may also consider whether the defendant made the statement with a high degree of

---

[34] Ward v. Turcotte, 79 N.C. App. 458, 461, 339 S.E.2d 444, 446-47 (1986).

[35] Fitzgerald v. Penthouse Int'l, Ltd., 691 F.2d 666, 668 (4th Cir. 1982).

[36] Tomblin v. WCHS-TV8, 434 F. App'x 205, 211 (4th Cir. 2011).

35

awareness of its probably falsity[37] and whether the defendant relied on a single source who the defendant understood might not be trustworthy[38].

Finally, as to this issue on which the plaintiff has the burden of proof, if you find by clear, strong and convincing evidence that the defendant published a libelous statement with actual malice, then it would be your duty to answer this issue "Yes" in favor of the plaintiff.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the defendant.

---

[37] Barker v. Kimberly-Clark Corp., 136 N.C. App. 455, 461, 524 S.E.2d 821, 825 (2000).

[38] Wells v. Liddy, 186 F.3d 505 (4th Cir. 1999), cert. denied, 528 U.S. 1118 (2000).

PUNITIVE DAMAGES--ISSUE OF WHETHER TO MAKE AWARD AND AMOUNT OF AWARD.[39]

The fourth issue reads:

"What amount of punitive damages, if any, does the jury in its discretion award to the plaintiff?"

You are to answer this issue only if you have answered the third issue "Yes" in favor of the plaintiff.

Whether to award punitive damages is a matter within the sound discretion of the jury. Punitive damages are not awarded for the purpose of compensating the plaintiff for her damage, nor are they awarded as a matter of right.

If you decide, in your discretion, to award punitive damages, any amount you award must bear a rational relationship to the sum reasonably needed to punish the defendant for egregiously wrongful acts committed against the plaintiff and to deter the defendant and others from committing similar wrongful acts. In making this determination, you may consider only that evidence which relates to

- the reprehensibility of the defendant's motives and conduct

_____

[39] Unless otherwise indicated, this instruction is taken verbatim from N.C.P.I.— Civil 810.98 General Civil Volume; Replacement June 2009. Where text is proposed that is not in those pattern instructions, the text is underlined and a footnote is included per this Court's Order of 5 April 2018 [DE 30] unless the additional text is providing information requested by the pattern instructions (such as the names of the videos) or is changing the singular to the plural or a similar change.

- the likelihood, at the relevant time, of serious harm (to the plaintiff or others similarly situated)

- the degree of the defendants' awareness of the probable consequences of their conduct

- the duration of the defendants' conduct

- the actual damages suffered by the plaintiff

- any concealment by the defendant of the facts or consequences of its conduct

- the existence and frequency of any similar past conduct by the defendants

- whether the defendants profited by the conduct

- the defendants' ability to pay punitive damages, as evidenced by their revenues or net worth.

Finally, if you determine, in your discretion, to award punitive damages, then you may award to the plaintiff an amount which bears a rational relationship to the sum reasonably needed to punish the defendant for egregiously wrongful acts and to deter the defendant and others from committing similar wrongful acts. That amount should be written in the space provided on the verdict sheet.

If, on the other hand, you determine, in your discretion, not to award the plaintiff any amount of punitive damages, then you should write the word "None" in the space provided on the verdict sheet.

If the Court determines that the jury should be instructed (1) on libel per quod and (2) that Ms. Teter is a public figure, then Ms. Teter respectfully requests that the Court use the following set of jury instructions:

DEFAMATION—LIBEL
ACTIONABLE *PER QUOD*
PUBLIC FIGURE OR OFFICIAL.

Instruction on Liability (based on N.C.P.I. 806.62) ...............................................40

Instruction on Actual Malice (based on N.C.P.I. 806.62) .......................................44

Instruction on Actual Damages (based on N.C.P.I. 806.84)...................................47

Instruction on Punitive Damages (based on N.C.P.I. 810.98)................................49

DEFAMATION—LIBEL ACTIONABLE *PER QUOD*--PUBLIC FIGURE OR OFFICIAL (PART ONE AS TO WHETHER THE STATEMENTS ARE LIBELOUS ON THEIR FACE).[40]

The first issue reads:

"Did the defendant libel the plaintiff?"

A libelous statement is one which tends to subject a person to ridicule, contempt or disgrace.

On this issue the burden of proof is on the plaintiff to prove <u>six</u> things. The plaintiff must prove these six things by the greater weight of the evidence. The greater weight of the evidence does not refer to the quantity of the evidence, but rather to the quality and convincing force of the evidence. It means that you must be persuaded, considering all of the evidence, that the necessary facts are more likely than not to exist. These six things are:

First, that the defendant <u>caused to be communicated in one or both of the videotapes on YouTube</u>[41]  the following statement <u>or statements</u> about the plaintiff:

---

[40] Unless otherwise indicated, this instruction is taken verbatim from the portion of N.C.P.I.--Civil 806.62; General Civil Volume; Replacement June 2008 that addresses whether the statement is libelous on its face.  For purposes of clarity, the portion of the instruction that addresses whether there is actual malice is set forth in a separate instruction. Where text is proposed that is not in those pattern instructions, the text is underlined and a footnote is included per this Court's Order of 5 April 2018 [DE 30] unless the additional text is providing information requested by the pattern instructions (such as the names of the videos) or is changing the singular to the plural or a similar change.

VIDEO I:  Rigging the Election - Video I: Clinton Campaign and DNC Incite Violence at Trump Rallies

VIDEO II:  Shirley Teter Changes Her Story After Release of Project Veritas Action Videos

Second, that the defendant published the statement <u>or statements</u>. "Published" means that the defendant knowingly communicated the statement <u>or statements</u> so that it reached one or more persons other than the plaintiff. <u>Communication through use of a web site is a method of communication by which defamatory matter may be published.</u>[42]   Communicating the statement <u>or statements</u> to the plaintiff alone is not sufficient.

Third, that the statement <u>or statements</u> was false.

Fourth, that the defendant intended the statement <u>or statements</u> to subject the plaintiff to ridicule, contempt or disgrace.  <u>In addition to the words of the statement or statements themselves, to determine whether the defendant intended the statement or statements to subject the plaintiff to ridicule, contempt or disgrace,</u>

---

[41] Dan B. Dobbs, <u>The Law of Torts</u> (2d ed. 2011), § 408, p. 1141 ("Libel today includes not only writing but all forms of communication embodied in some physical form such as movie film or video tapes . . . . Most communications by computer are no doubt in the category of libel." (citations omitted).

[42] 50 Am. Jur. 2d., <u>Libel and Slander</u>, § 235, pp. 573-74.

you may consider each statement in connection with innuendo, colloquium and explanatory circumstances surrounding that statement.[43]

Fifth, that the person other than the plaintiff to whom the statement or statements was published reasonably understood the statement or statements to subject the plaintiff to ridicule, contempt or disgrace.

Sixth, that the plaintiff, as a result of the publication, suffered a monetary or economic loss.

As to this issue on which the plaintiff has the burden of proof, if you find, by the greater weight of the evidence, that the defendant caused to be communicated in one or both of the videotapes on YouTube[44] the following statement or statements about the plaintiff: VIDEO I:  Rigging the Election - Video I: Clinton Campaign and DNC Incite Violence at Trump Rallies and VIDEO II:  Shirley Teter Changes Her Story After Release of Project Veritas Action Videos, that the defendant published the statement or statements, that the statement or statements was false, that the defendant intended the statement or statements to subject the plaintiff to ridicule, contempt or disgrace, that the person to whom the statement or

_____

[43] Ellis v. Northern Star Co., 326 N.C. 219, 223, 388 S.E.2d 127, 130 (1990) (quoting Flake v. Greensboro News Co., 212 N.C. 780, 785, 195 S.E. 55, 59 (1937)).

[44] Dan B. Dobbs, The Law of Torts (2d ed. 2011), § 408, p. 1141 ("Libel today includes not only writing but all forms of communication embodied in some physical form such as movie film or video tapes . . . . Most communications by computer are no doubt in the category of libel." (citations omitted) (cited in NCPI – Civil-806.50 n.5).

statements was published reasonably understood the statement or statements to subject the plaintiff to ridicule, contempt or disgrace, and that the plaintiff, as a result of the publication, suffered a monetary or economic loss, then it would be your duty to answer this issue "Yes" in favor of the plaintiff.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the defendant.

DEFAMATION—LIBEL ACTIONABLE *PER QUOD*--PUBLIC FIGURE OR OFFICIAL (PART TWO AS TO WHETHER ACTUAL MALICE IS SHOWN).[45]

The second issue reads:

"Did the defendant publish the libelous statement or statements with actual malice?"

As to this issue, the plaintiff's burden of proof is by clear, strong and convincing evidence. Clear, strong and convincing evidence is evidence which, in its character and weight, establishes what the plaintiff seeks to prove in a clear, strong and convincing fashion. You shall interpret and apply the words "clear," "strong" and "convincing" in accordance with their commonly understood and accepted meanings in everyday speech.

The plaintiff must prove by clear, strong and convincing evidence that, at the time of the publication, the defendant either knew the statement or statements was false or acted with reckless disregard of whether the statement or statements was false. Reckless disregard means that, at the time of the publication, the defendant

---

[45] Unless otherwise indicated, this instruction is taken verbatim from the portion of N.C.P.I.--Civil 806.62; General Civil Volume; Replacement June 2008 that addresses whether actual malice was shown. For purposes of clarity, the portion of the instruction that addresses whether the statement was libelous on its face is set forth separately. Where text is proposed that is not in those pattern instructions, the text is underlined and a footnote is included per this Court's Order of 5 April 2018 [DE 30] unless the additional text is providing information requested by the pattern instructions (such as the names of the videos) or is changing the singular to the plural or a similar change.

had serious doubts about whether the statement <u>or statements</u> was true.  <u>In considering whether the plaintiff acted with reckless disregard, you may consider whether the statement or statements was made in bad faith, without probable cause or without checking for the truth of the statement or statements by the means at hand.</u>[46]  <u>You may also consider whether there are obvious reasons to doubt the veracity of the informant or the accuracy of the defendant's reports</u>[47]<u>, which might include where the defendant finds apparently reliable information that contradicts its libelous assertions but nonetheless publishes the statement or statements anyway</u>[48].  <u>You may also consider whether the defendant made the statement or statements with a high degree of awareness of its probably falsity</u>[49] <u>and whether the defendant relied on a single source who the defendant understood might not be trustworthy</u>[50].

As to this issue on which the plaintiff has the burden of proof, if you find, by clear, strong and convincing evidence that, at the time of the publication, the

---

[46] <u>Ward v. Turcotte</u>, 79 N.C. App. 458, 461, 339 S.E.2d 444, 446-47 (1986).

[47] <u>Fitzgerald v. Penthouse Int'l, Ltd.</u>, 691 F.2d 666, 668 (4th Cir. 1982).

[48] <u>Tomblin v. WCHS-TV8</u>, 434 F. App'x 205, 211 (4th Cir. 2011).

[49] <u>Barker v. Kimberly-Clark Corp.</u>, 136 N.C. App. 455, 461, 524 S.E.2d 821, 825 (2000).

[50] <u>Wells v. Liddy</u>, 186 F.3d 505 (4th Cir. 1999), <u>cert. denied</u>, 528 U.S. 1118 (2000).

45

defendant either knew the statement <u>or statements</u> was false or acted with reckless disregard of whether the statement <u>or statements</u> was false, then it would be your duty to answer this issue "Yes" in favor of the plaintiff.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the defendant.

DEFAMATION—PRIVATE FIGURE—MATTER OF PUBLIC CONCERN—ACTUAL DAMAGES[51]

The third issue reads:

"What amount of actual damages is the plaintiff entitled to recover?"

You will answer this issue only if you have answered Issue Number 2 "Yes" in favor of the plaintiff.

The burden of proof on this issue is on the plaintiff to prove by the greater weight of the evidence that, as a result of the defendant's publication of a libelous statement, the plaintiff suffered actual damages. Actual damages include pecuniary damages and actual harm damages.

Pecuniary damages are tangible monetary losses, such as medical expenses or the costs of replacing a telephone or the costs of neurotherapy. You may award pecuniary damages to the extent you find the plaintiff has suffered such tangible monetary losses. Emotional distress and mental suffering alone do not prove monetary loss.

---

[51] Unless otherwise indicated, this instruction is taken verbatim from N.C.P.I.--Civil 806.84 General Civil Volume; Replacement June 2008. Where text is proposed that is not in those pattern instructions, the text is underlined and a footnote is included per this Court's Order of 5 April 2018 [DE 30] unless the additional text is providing information requested by the pattern instructions (such as the names of the videos) or is changing the singular to the plural or a similar change.

Actual harm damages include such things as impairment of reputation and standing in the community, personal humiliation, and mental anguish and suffering. You may award actual harm damages to the extent you find the plaintiff has suffered such actual injury.

As to this issue, I instruct you that you are to base your decision on the rules of law with respect to actual damages that I have given you and that you are not required to accept the amount of damages suggested by the parties or their attorneys. You should remember that you are not seeking to punish either party, and you are not awarding or withholding anything on the basis of sympathy or pity.

Finally as to this issue on which the plaintiff has the burden of proof, if you find by the greater weight of the evidence that the plaintiff suffered actual damages as a result of the defendant's publication of a libelous statement, then it would be your duty to answer this issue in favor of the plaintiff and to write in the blank space provided the monetary amount of such actual damages you find the plaintiff has suffered.

If, on the other hand, you do not find that the plaintiff has suffered actual damages, then it would be your duty to answer this issue in favor of the defendant and write a "Zero" in the blank space provided.

PUNITIVE DAMAGES--ISSUE OF WHETHER TO MAKE AWARD AND AMOUNT OF AWARD.[52]

The fourth issue reads:

"What amount of punitive damages, if any, does the jury in its discretion award to the plaintiff?"

You are to answer this issue only if you have answered the third issue "Yes" in favor of the plaintiff.

Whether to award punitive damages is a matter within the sound discretion of the jury. Punitive damages are not awarded for the purpose of compensating the plaintiff for her damage, nor are they awarded as a matter of right.

If you decide, in your discretion, to award punitive damages, any amount you award must bear a rational relationship to the sum reasonably needed to punish the defendant for egregiously wrongful acts committed against the plaintiff and to deter the defendant and others from committing similar wrongful acts. In making this determination, you may consider only that evidence which relates to

- the reprehensibility of the defendant's motives and conduct

---

[52] Unless otherwise indicated, this instruction is taken verbatim from N.C.P.I.—Civil 810.98 General Civil Volume; Replacement June 2009. Where text is proposed that is not in those pattern instructions, the text is underlined and a footnote is included per this Court's Order of 5 April 2018 [DE 30] unless the additional text is providing information requested by the pattern instructions (such as the names of the videos) or is changing the singular to the plural or a similar change.

- the likelihood, at the relevant time, of serious harm (to the plaintiff or others similarly situated)

- the degree of the defendants' awareness of the probable consequences of their conduct

- the duration of the defendants' conduct

- the actual damages suffered by the plaintiff

- any concealment by the defendant of the facts or consequences of its conduct

-  the existence and frequency of any similar past conduct by the defendants

- whether the defendants profited by the conduct

- the defendants' ability to pay punitive damages, as evidenced by their revenues or net worth.

Finally, if you determine, in your discretion, to award punitive damages, then you may award to the plaintiff an amount which bears a rational relationship to the sum reasonably needed to punish the defendant for egregiously wrongful acts and to deter the defendant and others from committing similar wrongful acts. That amount should be written in the space provided on the verdict sheet.

If, on the other hand, you determine, in your discretion, not to award the plaintiff any amount of punitive damages, then you should write the word "None" in the space provided on the verdict sheet.

This the     day of May, 2019.

Respectfully submitted,

**ELLIS & WINTERS LLP**

By: /s/ Jonathan D. Sasser
Jonathan D. Sasser
N.C. State Bar No. 10028
Preetha Suresh Rini
N.C. State Bar No. 51022
Post Office Box 33550
Raleigh, North Carolina 27636
Ph: (919) 865-7000
Fax: (919) 865-7010
jon.sasser@elliswinters.com
preetha.sureshrini@elliswinters.com

Dixie T. Wells
N.C. State Bar No. 26816
ELLIS & WINTERS LLP
P.O. Box 2752
Greensboro, North Carolina 27402
Ph: (336) 217-4193
Fax: (336) 217-4198
dixie.wells@elliswinters.com

**CRITCHFIELD, CRITCHFIELD & JOHNSTON, LTD.**

By: /s/ Ralph Streza
Ralph Streza
4996 Foote Road
Medina, Ohio 44256
Ph: (330) 723-6404
Fax: (330) 721-7644
streza@ccj.com

Attorneys for Plaintiff Shirley Teter

51