THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:17-cv-00256-MR

SHIRLEY TETER,                    )
                                  )
            Plaintiff,            )
                                  )         **MEMORANDUM OF**
      vs.                         )         **DECISION AND ORDER**
                                  )
PROJECT VERITAS ACTION FUND,      )
et al.,                           )
                                  )
            Defendants.           )
_____)

**THIS MATTER** is before the Court on the Defendants' Motion for Summary Judgment [Doc. 38] and the Defendants' Motion to Strike and Exclude [Doc. 51].

**I.    PROCEDURAL BACKGROUND**

In this action, the Plaintiff Shirley Teter asserts claims for (1) defamation and (2) unfair and deceptive trade practices based on videos published by the Defendants. The Plaintiff alleges that these videos falsely implicate her involvement in coordinated disruptions and violence carried out in conjunction with the 2016 presidential election.

The Defendants move for summary judgment with respect to both claims asserted by the Plaintiff. [Doc. 38]. They also move to strike certain

evidence submitted by the Plaintiff in support of her opposition to the summary judgment motion. [Doc. 51]. The Court held a hearing on the Defendants' motions on March 19, 2019.

## II. STANDARD OF REVIEW

### A. Motion to Strike Standard

Rule 37(c) of the Federal Rules of Civil Procedure states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). The Court has "broad discretion" to determine whether a nondisclosure of evidence is substantially justified or harmless. United States v. $134,750 U.S. Currency, 535 F. App'x 232, 238 (4th Cir. 2013) (citation omitted).

### B. Summary Judgment Standard

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the case." News and Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010). A "genuine dispute" exists "if the evidence is such that a reasonable jury could return a verdict

for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

A party asserting that a fact cannot be genuinely disputed must support its assertion with citations to the record or by showing that the adverse party cannot produce admissible evidence to support that fact. Fed. R. Civ. P. 56(c)(1). "Regardless of whether he may ultimately be responsible for proof and persuasion, the party seeking summary judgment bears an initial burden of demonstrating the absence of a genuine issue of material fact." Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 522 (4th Cir. 2003). If this showing is made, the burden then shifts to the non-moving party who must convince the court that a triable issue exists. Id. Finally, in considering a party's summary judgment motion, the Court must view the pleadings and materials presented in the light most favorable to the non-moving party, and must draw all reasonable inferences in favor of the non-movant as well. Adams v. Trustees of Univ. of N.C.-Wilmington, 640 F.3d 550, 556 (4th Cir. 2011).

### III. DISCUSSION

#### A. Motion to Strike and Exclude

The Defendants move to strike and exclude the affidavits of Fernando Romero and Joel E. Jacobson, which affidavits were cited in support of the

3

Plaintiff's response to the Defendants' summary judgment motion, on the grounds that the Plaintiff did not previously disclose these individuals as potential witnesses. The Defendants also move to strike any reference by the Plaintiff to any medical treatment received or medical expenses incurred by her, as the Plaintiff never pleaded such special damages in her Complaint per Federal Rule of Civil Procedure 9(g) and never claimed such damages in her Rule 26(a) disclosures or in her responses to the Defendants' interrogatories. [Doc. 51].

For the reasons stated at the motion hearing, the Court will exclude the affidavits of Fernando Romero and Joel E. Jacobson, as these witnesses were never disclosed by the Plaintiff, and the Plaintiff has failed to show that such failure to disclosure was substantially justified or harmless. Further, these witnesses will be precluded from testifying at trial. See Fed. R. Civ. P. 37(c)(1). With respect to the Plaintiff's evidence regarding medical treatment and her claim for medical expenses, these issues were addressed by the Defendants in their Motion in Limine and were addressed at the final pretrial conference of this matter. Accordingly, this portion of the Defendants' motion to strike is moot.

B.  **Motion for Summary Judgment**

In Count I of the Complaint, the Plaintiff asserts a claim for defamation, in the form of both libel and slander, based on the Defendants' written and verbal statements about or concerning the Plaintiff in the two YouTube videos. For the reasons stated at the March 19, 2019 hearing, the Court finds that there are genuine issues of material fact which preclude the granting of summary judgment with respect to the Plaintiff's defamation claim. Accordingly, the Defendant's motion for summary judgment with regard to Count I is denied.

In Count II of the Complaint, the Plaintiff asserts a claim for unfair and deceptive trade practices under N.C. Gen. Stat. 75-1.1 ("Chapter 75") based upon the Defendants' libel *per se.* The North Carolina Supreme Court has recognized that a defamation claim may form a basis for a Chapter 75 claim where the defamatory statement is "of a type impeaching a party in its business activities." Ellis v. N. Star Co., 326 N.C. 219, 226, 388 S.E.2d 127, 131 (1990); see also Boyce & Isley, PLLC v. Cooper, 153 N.C. App. 25, 37, 568 S.E.2d 893, 902 (2002) ("it is well established that a defamatory statement impeaching a business man in his trade or profession may constitute an unfair or deceptive act affecting commerce"). Here, the Plaintiff

has not presented a forecast of any evidence that the Defendants' allegedly defamatory statements impeached her in her trade or profession.

The Plaintiff argues that defamatory statements do not have to affect a party's business interests in order to be actionable under Chapter 75. In support of this argument, the Plaintiff cites <u>Ausley v. Bishop</u>, 133 N.C. App. 210, 515 S.E.2d 72 (1999), for the proposition that a defamatory statement made in the context of a private home purchase supported a Chapter 75 claim. The Plaintiff's characterization of <u>Ausley</u>, however, is inaccurate. In <u>Ausley</u>, the defendant, an appraiser, asserted a Chapter 75 counterclaim against his former employer, who had contacted the defendant's personal mortgage broker and falsely reported that the defendant had submitted false information to obtain the mortgage. <u>Id.</u> at 214, 515 S.E.2d at 75-76. The North Carolina Court of Appeals found that upon the termination of the employer-employee relationship, the parties had become business competitors, and therefore, the former employer's false statements "undoubtedly had the capacity to harm defendant in his trade or profession." <u>Id.</u> at 215, 515 S.E.2d at 76. Thus, <u>Ausley</u> confirms that a defamatory statement is actionable under Chapter 75 only if the statement adversely affects the aggrieved party's business interests. Having failed to present a forecast of evidence of such injury, the Plaintiff's Chapter 75 claim must fail.

While acknowledging that no precedent supports her position, the Plaintiff alternatively contends that "a reasonable jury could find that Defendants have violated Chapter 75" based on "Defendants' prolonged pattern of tortious, mendacious, and illegal activities in North Carolina, includ[ing] defaming its citizens, impersonating its voters, lying to election officials, and filing false statements with the Secretary of State about Mr. O'Keefe's criminal record." [Doc. 43 at 30]. Whether an act violates Chapter 75, however, is not a question for the jury; it is a question of law for the Court. Dalton v. Camp, 353 N.C. 647, 656, 548 S.E.2d 704, 711 (2001). Notably, the Plaintiff did not plead this Chapter 75 theory in her Complaint. [See Doc. 1 at ¶¶ 75-83]. In any event, however, the Plaintiff lacks standing to assert a Chapter 75 claim based on conduct that did not cause her a personal, concrete injury. See Town of Belhaven v. Pantego Creek, LLC, 793 S.E.2d 711, 720 (N.C. Ct. App. 2016) (holding that unfair or deceptive act must have "caused actual injury to the plaintiff or to his business").

For all these reasons, the Plaintiff's claim for unfair and deceptive trade practices under Chapter 75 is dismissed. The Court reserves for ruling at a later time the issue of whether the Defendants may be entitled to an award of attorneys' fees pursuant to N.C. Gen. Stat. 75-16.1(2) (allowing trial court

7

in its discretion to award fees where party asserting Chapter 75 claim "knew, or should have known, the action was frivolous and malicious").

**O R D E R**

**IT IS, THEREFORE, ORDERED** that the Defendants' Motion for Summary Judgment [Doc. 38] is **GRANTED IN PART** and **DENIED IN PART**. Specifically, the Motion is **GRANTED** with respect to the Plaintiff's Chapter 75 claim, and that claim is therefore **DISMISSED WITH PREJUDICE**. The Motion is **DENIED** with respect to the Plaintiff's claim for defamation.

**IT IS FURTHER ORDERED** that the Defendants' Motion to Strike and Exclude [Doc. 51] is **GRANTED IN PART** and **DENIED IN PART**. The Motion is **GRANTED** with respect to the affidavits of Fernando Romero and Joel E. Jacobson, and such affidavits are hereby stricken. Further, Mr. Romero and Mr. Jacobson will not be permitted to testify at trial. The Motion is **DENIED AS MOOT** with respect to the Plaintiff's evidence of medical treatment and her claim for medical expenses.

**IT IS SO ORDERED.**

Signed: May 13, 2019

Martin Reidinger
United States District Judge