IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Case No. 1:17-CV-00256

SHIRLEY TETER,

    Plaintiff,

v.

PROJECT VERITAS ACTION FUND et al.,

    Defendants

**SHIRLEY TETER'S BRIEF IN OPPOSITION TO DEFENDANTS' MOTION FOR DIRECTED VERDICT**

Pursuant to Rule 7.1 of this Court, Plaintiff Shirley Teter submits this brief to supplement her oral argument in opposition to Defendants' Motion for Directed Verdict. Ms. Teter does not seek to reargue those points, but she respectfully requests that the Court consider those arguments along with the argument below.

## ARGUMENT

I.   A Reasonable Factfinder Could Conclude That Ms. Teter Has Shown Actual Malice With Convincing Clarity.

"[E]vidence that a defendant conceived a story line in advance of an investigation and then consciously set out to make the evidence conform to the preconceived story is evidence of actual malice, and may often prove to be quite powerful evidence." Harris v. City of Seattle, 152 F. App'x 565, 567 (9th Cir. 2005) (citing RODNEY A. SMOLLA, 1 LAW OF DEFAMATION § 3:71 (2005);

Suzuki Motor Corp. v. Consumers Union of United States, Inc., 330 F.3d 1110, 1135 (9th Cir.2003)). As the evidence shows, the Defendants had a preconceived story. See Pl. Ex. 25 (draft 3 of what became Video I that does not contain any reference to Shirley Teter); C. Hartsock Dep. 126:19-127:12. They sought to supplement that story with "a handful more creme de la creme soundbites to include . . . elderly lady in NC." Pl. Ex. 26 at 3. Defendants did not learn about Ms. Teter and write the story from what they learned. They wrote the story, and then they conformed information about Ms. Teter to fit that story.

As both Mr. Hartsock and James O'Keefe have testified, Mr. Hartsock never asked Mr. Foval the name of the woman he was referencing. See C. Hartsock Dep. 74:12-18; J. O'Keefe Dep. 95:7-13. Similarly, Mr. Hartsock did not contact Ms. Teter. C. Hartsock Dep. 143:05-144:16. "Failure to investigate will not alone support a finding of actual malice." Harte-Hanks Commc'ns, Inc. v. Connaughton, 491 U.S. 657, 692 (1989) (emphasis added). Here, however, the context is that Defendants had their storyline already and then failed to investigate.

The inquiry does not end, however, with the preconceived storyline and the failure to investigate. "[R]eliance on . . . unreliable sources without further investigation may support an inference of malice." Biro v. Condo Nast, 807 F.3d 541, 546 (2d Cir. 2015). Further, "[r]epetition of another's words does not release one of responsibility if the repeater knows that the words are false or inherently

2

improbable, or there are obvious reasons to doubt the veracity of the person quoted or the accuracy of his reports." Goldwater v. Ginzburg, 414 F.2d 324, 337 (2d Cir. 1969). Mr. Hartsock testified about his "relationship" with Mr. Foval, but that relationship comprised various meetings where Mr. Hartsock was surreptitiously recording Mr. Foval and presenting a false scenario regarding the reason that he was talking with Mr. Foval. See C. Hartsock Dep. 48:6-12; 176:21-25; J. O'Keefe Dep. 77:6-11; 78:14-23. Given that Mr. Hartsock knew that he was presenting a false scenario, it seems unreasonable for Mr. Hartsock to assume that Mr. Foval was a reliable source without any additional verification. See C. Hartsock Dep. 48:6-12; 176:21-25; J. O'Keefe Dep. 77:6-11; 78:14-23.

Where there is a preconceived storyline, a failure to investigate Ms. Teter, reliance on an unreliable source, and obvious reasons to doubt the veracity of Mr. Foval, the jury could determine that Defendants had "a 'subjective awareness of probable falsity' of the publication" as required by Hatfill v. The New York Times Co., 532 F.3d 312, 317 (4th Cir. 2008) (quoting Gertz v. Robert Welch, Inc., 418 U.S. 323, 335 n.6 (1974).

For these reasons in addition to those set forth in oral argument, Ms. Teter has shown that "a reasonable factfinder could conclude . . . that the plaintiff ha[s] shown actual malice with convincing clarity." Anderson v. Liberty Lobby, Inc.,

3

477 U.S. 242, 252 (1986). Defendants' motion for a directed verdict should be denied.

## CONCLUSION

For the reasons stated in oral argument and above, a reasonable factfinder could conclude that Ms. Teter has shown actual malice with convincing clarity. For the reasons stated in oral argument, a reasonable factfinder could conclude that Ms. Teter has presented sufficient evidence to find that James O'Keefe is liable for libel per se and that his employer, Project Veritas, is liable through respondeat superior. Further, the following statements are libel per se: Defendants implied that the Plaintiff is a paid political activist sent to political rallies to provoke violence; and Defendants implied that the Plaintiff is homeless and suffers from mental illness.

This 22nd day of May, 2019.

Respectfully submitted,

**ELLIS & WINTERS LLP**

By: /s/ Dixie T. Wells
Dixie T. Wells
N.C. State Bar 26816
Post Office Box 2752
Greensboro, North Carolina 27402
Telephone: (336) 217-4193
Fax: (336) 217-4198
dixie.wells@elliswinters.com

Jonathan D. Sasser
N.C. State Bar No. 10028
Preetha Suresh Rini
N.C. State Bar No. 51022
Post Office Box 33550
Raleigh, North Carolina 27636
Phone: 919-865-7000
Fax: 919-865-7010
Email: jon.sasser@elliswinters.com
preetha.sureshrini@elliswinters.com

**CRITCHFIELD, CRITCHFIELD & JOHNSTON, LTD.**

Ralph Streza
4996 Foote Road
Medina, Ohio 44256
Phone: 330-723-6404
Fax: 330-721-7644
Email: streza@ccj.com

*Counsel for Plaintiff Shirley Teter*